United States District Court
Southern District of Texas
FILED

NOV 09 1998

Michael N. Milby, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO GUILLERMO SALINAS | § | |
| AND ELISA HERNANDEZ HERRERA | § | |
| SALINAS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. **B - 98 - 162** |
| | § | |
| CITY OF HARLINGEN, TEXAS | § | |
| | § | |
| AND | § | |
| | § | |
| R.D. MOORE AND | § | |
| JIM SHEOPNER | § | |

### COMPLAINT

Come now Plaintiffs who for their complaint state as follows:

### I.

### Preliminary Statement

1.      Plaintiffs Arturo Guillermo Salinas and Elisa Hernandez Herrera Salinas are

United States citizens and are the surviving natural parents of Ricardo Guillermo Salinas

who was subjected to deadly use of force in violation of rights guaranteed to him by the

Fourth Amendment to the United States Constitution, commence this action pursuant to

42 U.S.C.§1983 which provides in relevant part for redress for every person within the

jurisdiction of the United States for the deprivation, under color of state law, of any

rights, privileges, or immunities secured by the Constitution and laws.

2.      Plaintiffs seek compensatory damages and a reasonable attorney's fee as

authorized by 42 U.S.C§1988.

\

## II.

## Jurisdiction

**3.**     Jurisdiction over plaintiffs' constitutional claims for which redress is provided by 42 U.S.C.§1983 and 42 U.S.C.§1988 which are conferred on this Court by 28 U.S.C.§1343(a)(3).  Federal question jurisdiction is conferred on this Court by 28 U.S.C.§1331 because this action arises under the Constitution and laws of the United States.

## III.
## Parties

## Plaintiffs

**4.**     Plaintiffs are and were at all times relevant hereto citizens of the United States and residents of Bexar County, Texas.  Plaintiffs' deceased son Ricardo Guillermo Salinas, was a resident of Cameron County, Texas on July 7, 1998, the date of the shooting resulting in his death.

## Defendants

**5.**     Defendant City of Harlingen, Texas, is a municipality located within the boundaries of the Brownsville Division of the Southern District o f Texas.  It is Defendant, City of Harlingen's responsibility and duty to promulgate and implement policies and procedures regarding deadly weapons disposal, storage and security to prevent their unlawful use against citizens.  It is the responsibility of the Defendant City of Harlingen, Texas to hire, fire, discipline, train, and supervise Defendant, City of Harlingen, Texas Police Department Officers.

**6.**     Defendant Police Officer R.D. Moore is and was at all times relevant hereto a resident of Cameron County, Texas and was at all times relevant hereto a Police Officer

\

employed by Defendant, City of Harlingen, Texas. It is Defendant Moore's responsibility and duty not to improperly possess deadly weapons and to properly secure deadly weapons to prevent their unlawful use against citizens. It is also Defendant Moore's responsibility and duty to comply with minimum constitutional requirements and to comply with the actual policies, procedures, practices and customs of Defendant, City of Harlingen, Texas.

It is Defendant Moore's responsibility and duty to immediately cooperate and assist other police agencies and not to assist the escape of a suspect.

7.    Defendant Police Chief Jim Sheopner is and was at all times relevant hereto a Police chief employed by the city of Harlingen, Texas. It is Defendant Police Chief Sheopner's responsibility and duty to insure that all deadly weapons owned or turned into the Harlingen Police Department are properly stored and secured in the custody of the Harlingen Police Department. It is also Defendant Sheopner's responsibility and duty to comply with minimum constitutional requirements and to comply with actual policies, procedures, practices and customs of Defendant, City of Harlingen, Texas.

## IV.

## Facts

## Background

8.    Plaintiffs Arturo Guillermo Salinas and his wife, Elisa are the natural parents and survivors of Ricardo Guillermo Salinas, now deceased, who was their adult, unmarried son who left no children. Ricardo was 24 years old, a college graduate and had worked

\

CtoPDF - www.fssio.com

for the Border Patrol for 10 months at the time of his death.

9.    Ricardo Guillermo Salinas, deceased, was employed and on duty as a United States Border Patrol agent on July 7, 1998 in Cameron County, Texas.

### What Happened

10.    Ricardo Guillermo Salinas, deceased, was answering a call to assist the City of Harlingen Police Department and went to the home of Defendant, R.D. Moore, a police officer employed by the Defendant, City of Harlingen, Texas who lived on Gamble Road near San Benito, Cameron County, Texas. Ricardo Guillermo Salinas was accompanied by his partner, U.S. Border Patrol Agent Susan Lynn Rodriguez, age 28, who was also killed on July 7, 1998.

11.    Ricardo Guillermo Salinas and his partner, Susan Lynn Rodriguez were leaving Defendant Officer R.D. Moore's home and walking toward their vehicle when a rifle, believed to be an Ar-15 assault rifle, which had been turned in by a citizen to the Defendant, City of Harlingen's Police Department to be destroyed, was instead placed in the possession of Defendant Officer R.D. Moore who took it to his home and stored it in his home. The rifle was taken and used by officer Moore's son Ernest Moore, age 25, a resident of Officer Moore's home, to shoot to death Plaintiff's' son Ricardo Guillermo Salinas and his partner Susan Lynn Rodriguez.

### Municipal Liability

12.    Defendant Harlingen Police Officer R.D. Moore's possession of the rifle used to shoot to death Ricardo Guillermo Salinas, as set out above, was in compliance with actual policies, procedures, practices and customs of Defendant, City of Harlingen, Texas Police Department. Specifically, Defendant, City of Harlingen with deliberate indifference

\

empowered Defendant Officer R.D. Moore with the possession of the Ar-15 assault rifle with unfettered discretion regarding its use, place of storage and security of storage to prevent its' improper use by others and in spite of the citizen owners intent in turning in the rifle to **be destroyed.** These deficient actual policies and procedures of the City of Harlingen, Texas are a proximate cause of the death of Ricardo Guillermo Salinas and Plaintiff's damages.

13.     Defendants, City of Harlingen, Texas and Defendant, Police Chief Jim Sheopner with deliberate indifference breached its duty to provide Defendant Officer R.D. Moore with adequate supervision and training regarding possession, use, storage and security of the Ar-15 assault rifle in question which are proximate causes of the death of Ricardo Guillermo Salinas and Plaintiffs' damages.

14.     Defendants Officer R.D. Moore and Police Chief Jim Sheopner were acting under color of state law at all times relevant hereto.

**Damages**

15.     Defendants acts and omissions, as set out above, are proximate causes of Plaintiffs Arturo Guillermo Salinas and his wife, Elisa Hernandez Herrera Salinas' damages, including loss of love, loss of companionship, advice, comfort, support, both emotional and financial and mental anguish as result of the death of their only son, Ricardo Guillermo Salinas.

**V.**

**Jury Demand**

16.     Plaintiffs demand a trial by jury.

\

## VI.

### Causes of Action

### Federal Cause of Action

17.     The facts set out above amount to the use of objectively unreasonable and excessive force against Plaintiffs son and the unlawful taking of the life of Plaintiffs son in violation of the Fourth Amendment to the United States Constitution made applicable to defendants by the Fourteenth Amendment to the United States Constitution for which redress is provided by 42 U.S.C. §1983 and for which Defendants, City of Harlingen, Texas, Officer R.D. Moore and Jim Sheopner are liable.

## VII.

### State Cause of Action

### Wrongful Death

### Survival

### Parties

18.     Plaintiffs are all  the beneficiaries entitled to bring this action pursuant to Section 71.004 and 71.021 of the Texas Civil Practices and Remedies Code respectively the Texas Wrongful Death Statute and the Texas Survival Statute.  Their names and relationship to Ricardo Guillermo Salinas, deceased (hereinafter referred to as "Decedent") are:

| NAME | RELATIONSHIP TO DECEDENT |
|---|---|
| ARTURO GUILLERMO SALINAS | FATHER |
| ELISA HERNANDEZ HERRERA SALINAS | MOTHER |

\

**Municipal Liability**

19.     Defendants, City of Harlingen and R.D. Moore and Jim Sheopner were negligent in the following respects each of which singularly or in any combination proximately caused the death of Decedent, Ricardo Guillermo Salinas and the resulting injuries and damages made the basis of this suit:

    1.     Failing to destroy the rifle in question;

    2.     Failing to properly train Officer Moore in the proper possession of the rifle in question;

    3.     Failing to properly store the rifle in question; and

    4.     Failing to properly secure the rifle in question.

20.     As a proximate result of the occurrence made the basis of this suit, Ricardo Guillermo Salinas sustained severe bodily injuries, consisting of a bullet wound to the head. Ricardo Guillermo Salinas suffered conscious pain and suffering.

By reason of all of the above and foregoing, Ricardo Guillermo Salinas has been damaged in an amount in excess of the minimum jurisdictional limits of the Court for which his surviving beneficiaries now sue.

Ricardo Guillermo Salinas died on July 7, 1998, as a proximate result of the occurrence in question and the injuries inflicted upon him by the negligence and carelessness of the Defendants as described above.

**Damages**

21.     Ricardo Guillermo Salinas was twenty-four years of age at the time of his death. He was in good health, with a reasonable life expectancy of 48.2 years. He was earning a salary in excess of $50,000 annually. Decedent had a reasonable work life expectancy of

\

37.4 years.  (Each life expectancy listed according to United States Department of Labor Bureau of Statistics.)

**22.**    Decedent provided his Mother, Elisa Hernandez Herrera Salinas, Plaintiff, with care, attention and counsel in her day-to-day affairs.  In all reasonable probability, Decedent would have continued to so provide for his Mother including financial support in her old age, until her death.  Plaintiff, Elisa Hernandez Herrera Salinas was forty-nine years of age at the time of Decedent's death, and has a reasonable life expectancy of 31.6 years.

**23.**    Decedent provided his Father, Arturo Guillermo Salinas, Plaintiff, with care, attention and counsel in his day-to-day affairs.  In all reasonable probability, Decedent would have continued to so provide for his Father including financial support in his old age, until his death.  Plaintiff, Arturo Guillermo Salinas was forty-seven years of age at the time of Decedent's death, and has a reasonable life expectancy of 27.5 years.

WHEREFORE  Plaintiffs pray that this Honorable Court:

a.    Enter judgment against both defendants, jointly and severally, on behalf of Plaintiffs for compensatory damages in the amount of five million dollars on Plaintiffs excessive force claim;

b.    Enter judgment against both defendants, jointly and severally, on behalf of Plaintiffs for damages on Plaintiffs Wrongful Death Claim and Survival in the amount of five million dollars.

c.    Grant a trial by jury on all issues so triable; and

d.    Grant Plaintiffs any and all additional relief to which they may appear to be entitled including statutory attorney fees, pre-judgment interest, and their costs herein expended.

\

**ARTURO GUILLERMO SALINAS et al**
**COMPLAINT**

Respectfully Submitted,

MICHAEL GREENBERG
Attorney  for Plaintiffs Arturo Guillermo
Salinas and Elisa Salinas
Texas Bar No. 08388000

Law Offices of Richard Pena
Barton Oaks Plaza
901 Mopac, Suite 325
Austin, Texas  78746
(512)327-6884
(512)327-8354 – Fax