IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ARTURO GUILLERMO SALINAS AND ELISA HERNANDEZ HERRRERA SALINAS | § § § § § |
| V. | § § CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, TEXAS | § A JURY IS DEMANDED |
| AND | § § |
| R.D. MOORE AND JIM SCHEOPNER | § § |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants **CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHEOPNER**, and file this their **DEFENDANTS' ORIGINAL ANSWER** to Plaintiffs' Complaint, and would show unto the Court as follows:

I.

### Preliminary Statement

To the extent that the titles and headings inserted by Plaintiffs at various points in the Complaint are intended to be allegations against these Defendants, they are, unless specifically admitted, denied. To the extent that any allegations are not specifically admitted, they are denied.

1. Defendants deny the allegations in ¶ 1 that Ricardo Guillermo Salinas was subjected to deadly use of force in violation of rights guaranteed to him by the Fourth Amendment to the United States Constitution. These Defendants admit that Plaintiffs have asserted an action pursuant to 42 USC, § 1983; however, Defendants deny that Plaintiffs have any claims against them.

2. Defendants admit so much of ¶ 2 which states that Plaintiffs seek compensatory damages and reasonable attorney's fees; however, Defendants deny that Plaintiffs are entitled to compensable damages or attorney's fees.

3. Defendants admit the allegations in ¶ 3 that this Court has jurisdiction over this action; however, Defendants deny any liability to Plaintiffs.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 4, and, therefore, deny the same.

5. Defendants admit so much of the allegations in ¶ 5 that the City of Harlingen, Texas, is a Texas municipality and that it has authority to hire, fire, discipline and train its police officers. The remaining allegations in ¶ 5 concerning the City's duties and responsibilities are so vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶ 5.

6. Defendants admit the allegations in ¶ 6 that Defendant R.D. Moore is a Cameron County resident, a Harlingen Police Officer, and must comply with minimum constitutional requirements. The remaining allegations in ¶ 6 concerning R.D. Moore's duties and responsibilities are so vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶ 6.

7.   Defendants admit the allegations in ¶ 7 that Defendant Police Chief Jim Schoepner is and was at all times hereto a police chief employed by the City of Harlingen, Texas, and must comply with minimum constitutional requirements. The remaining allegations in ¶ 7 concerning his duties and responsibilities are so vague that Defendants cannot reasonably determine to what they refer, and therefore Defendants deny the remaining allegations in ¶ 7.

8.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8, and, therefore, deny the same.

9.   Defendants admit the allegations contained in ¶ 9.

10.   Defendants deny that Ricardo Guillermo Salinas was answering a call to assist the City of Harlingen Police Department; otherwise, Defendants admit the factual allegations contained in ¶ 10.

11.   Defendants deny the allegations contained in ¶ 11 except to the extent described in the following paragraph.

**WHAT HAPPENED**

The AR15 rifle had been turned in by a citizen to the Defendant City of Harlingen Police Department "for disposal." This rifle had been assigned to R.D. Moore by his commanding officer, Capt. Joe Vasquez. Vasquez and Moore, who had received FBI training on this type rifle, were the two HPD Officers Police Chief Schoepner would have called (24-hour basis) to respond to any tactical situation requiring a rifle. This rifle, along with five other semi-automatic rifles owned by Ernest Moore (of the same or larger caliber), was locked in a Remington gun vault. R.D. Moore had both keys to the gun vault. At some unknown time his adult son, Ernest Moore, without permission or authorization, took the key to this vault and in

the middle of the night while R.D. Moore slept opened the safe and again without permission or authorization took the HPD rifle.

Ernest Moore had previously had a problem with cocaine but to his parents' knowledge had overcome his problem and in fact had been a responsible, hard-working full-time employee for several years.

12. Defendants deny the allegations contained in ¶ 12.

13. Defendants deny the allegations contained in ¶ 13.

14. Subject to Defendants' denials of alleged specific acts of conduct; Defendants admit that Defendants Officer R.D. Moore and Police Chief Jim Schoepner were acting under color of State law.

15. Defendants deny the allegations contained in ¶ 15.

16. Defendants also demand a trial by jury.

17. Defendants deny the allegations contained in ¶ 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 18, and, therefore, deny the same.

19. Defendants deny the allegations contained in ¶ 19.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 20, first subparagraph, and, therefore, deny the same.

Defendants deny the allegations contained in ¶ 20, second and third subparagraphs.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21, and, therefore, deny the same.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 22, and, therefore, deny the same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 23, and, therefore, deny the same.

24. Defendants deny that Plaintiffs are entitled to their claims for relief contained in their Prayer.

## II.

Defendants deny that Plaintiffs' allegations raise any claims under the Fourth or Fourteenth Amendments, U.S. Constitution. The actions of Ernest Moore were independent of Defendants. None of the Defendants acted with deliberate indifference nor were their actions done with such malice or disregard as to be conscious shocking. Defendants deny that they created any danger, that they put Ricardo Guillermo Salinas in a dangerous environment, or that they limited Ricardo Guillermo Salinas's ability to avoid the danger.

## III.

### Qualified Immunity

Defendants R.D. Moore and Jim Schoepner incorporate the averments in ¶¶ 1-24 as if set out verbatim in this paragraph. Defendants R.D. Moore and Jim Schoepner are entitled to qualified immunity against the federal claims made against them individually. The allegations fail to state a violation of any Constitutional right. Even if their conduct did violate some Constitutional right, that right was not clearly established under the law existing at that time; their actions were reasonable under the then existing law.

Defendant Jim Schoepner had no knowledge or information that Harlingen Police Officers were in need of additional training or supervision in the handling or safeguarding of weapons entrusted to them. He had no notice or knowledge that, unless Harlingen Police Officers received additional training or supervision in the handling and safeguarding of weapons, a deprivation of Constitutional rights could occur.

Defendants R.D. Moore was not deliberately indifferent to any need to properly handle and secure the rifle issued to him. He was not malicious or reckless in the care and safeguarding of the rifle in question, and his actions do not rise to the level of conscience shocking behavior.

## IV.

### Official Immunity

Defendants R.D. Moore and Jim Schoepner are immune from the state law claims under the doctrine of official immunity. Their personal liability will be barred under Tex.Civ.Prac.& Rem. Code, § 101.106.

## V.

### Sovereign Immunity

Defendant City of Harlingen is immune from Plaintiffs' state law claims under the doctrine of sovereign immunity, except to the extent Plaintiffs prove a waiver of that immunity under Texas Tort Claims Act, Tex.Civ.Prac. & Rem. Code, Chap. 101.

Defendant City of Harlingen denies that immunity has been waived under Tex.Civ.Prac. & Rem. Code, § 101.021. Liability is further excluded under Tex.Civ.Prac. & Rem. Code, §§ 101.055 and 101.057.

## VI.

## Damage Cap

Defendant City of Harlingen's liability, if any, is limited by Tex.Civ.Prac. & Rem. Code, § 101.023. Defendants R.D. Moore and Jim Schoepner's liability, if any, is limited by Tex.Civ.Prac. & Rem. Code, § 108.002.

## VII.

## Third Party and Causation

The occurrence in question was caused in whole or in part by the actions of a third party over whom Defendants had no control. Such acts are an independent, superseding cause of harm; alternatively, they are the sole proximate cause of the occurrence and any alleged injuries.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants **CITY OF HARLINGEN, TEXAS**; **R.D. MOORE** and **JIM SCHOEPNER** pray that upon final hearing that they be discharged without liability and be granted all other relief, either in law or in equity, which the Court deems proper.

Respectfully Submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)
ATTORNEY-IN-CHARGE FOR
DEFENDANTS, CITY OF
HARLINGEN, TEXAS; R.D.
MOORE and JIM SCHOEPNER

OF COUNSEL:

**ADAMS & GRAHAM, L.L.P.**
Roger W. Hughes
Texas State Bar No. 10229500

**PASSMORE, WALKER & TWENHAFEL, L.L.P.**
Walter J. Passmore
State Bar No. 15560400
P. O. Drawer 3766
McAllen, TX 78502-3766
Telephone: 956/687-6225
Telecopier: 956/686-1276
Attorney for R.D. Moore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 14th day of December 1998, to the following counsel of record and interested parties:

Mr. Michael Greenberg
LAW OFFICES OF RICHARD PENA, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, TX 78746-5747
Via Fax No. 512/327-8354 and
CMRRR# Z 348 018 992
Attorney for Plaintiffs

Mr. Walter J. Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
Via Regular Mail

_____
TOM LOCKHART