IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 14 1998

Michael N. Milby, Clerk of Court

| | |
|---|---|
| ARTURO G. SALINAS, ET AL { | |
| { | CIVIL ACTION NO. B-98-162 |
| V. { | |
| { | **ORAL HEARING IS REQUESTED** |
| CITY OF HARLINGEN, TEXAS, ET AL { | |

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

Respectfully Submitted,

Tom Lockhart (Attorney in Charge)
Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
RHughes@adamsgraham.com

Attorneys for Defendants, CITY OF HARLINGEN; and
R.D. MOORE and JIM SCHOEPNER

Mr. Walter J. Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276

Attorney for Defendant, R.D.MOORE

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CONTENTS | ii |
| INDEX OF AUTHORITIES | iii |
| INDIVIDUAL DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY | 1 |
| I. Statement of the Nature and Stage of These Proceedings | 1 |
| II. Statement of the Issues | 2 |
| III. Plaintiffs' Allegations | 2 |
| IV. Defendants Schoepner and Moore Are Entitled to Qualified Immunity Against § 1983 Claims Raised by Complaint | 3 |
|     A. Standard of Review | 3 |
|     B. Defendants Schoepner and Moore Entitled to Qualified Immunity Unless Clearly Established Law Would Have Informed Them Their Actions Were Unconstitutional | 4 |
|     C. Complaint Fails to Allege Facts Showing "Excessive Force" or "Substantive Due Process" Claims | 5 |
|     D. Constitutional Law Concerning Plaintiffs' Claims Not "Clearly Established in July 1998 | 5 |
|     E. Complaint Fails to State Facts Showing Conduct Unreasonable Under Existing Law | 8 |
| CONCLUSION | 9 |
| CERTIFICATE OF SERVICE | 10 |

# INDEX OF AUTHORITIES

<u>Cite</u> <u>Page</u>

*Alton v. Hopgood*, 994 F.Supp. 827 (S.D.Tex. 1998) . . . . . . . . . . . . . . . . . 5

*Anderson v. Creighton*, 483 U.S. 635,
    107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) . . . . . . . . . . . . . . . . . . . . . . 4

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . 3

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) . . . . . . . . . . . . . . . 5

*Bridges v. City of Dallas*,
    1998 WL 320286 (N.D.Tex., June 8, 1998) . . . . . . . . . . . . . . . . . . . 6

*Callis v. Sellars*, 931 F.Supp. 504 (S.D.Tex. 1996) . . . . . . . . . . . . . . . . . . 6

*Campbell v. City of San Antonio*,
    43 F.3d 973 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*County of Sacramento v. Lewis*, ____ U.S. ____,
    118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) . . . . . . . . . . . . . . . . . . . . 5

*DeShaney v. Winnebago County Dept. of Soc. Serv.*,
    489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) . . . . . . . . . . . . 6

*Doe v. Hillsboro ISD*,
    113 F.3df 1412 (5th Cir. 1997) (en banc) . . . . . . . . . . . . . . . . . . . . 7

*Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996) (en banc) . . . . . . . . . . . . . . 4, 8

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . 3

*Gutierrez v. City of San Antonio*,
    139 F.3d 441 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Johnson v. Dallas ISD*, 38 F.3d 198 (5th Cir. 1994) *cert. denied*
    514 U.S. 1017, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995) . . . . . . . . . . 6

*Johnson v. Morel*, 876 F.2d 477, (5th Cir. 19898) (en banc) . . . . . . . . . . . 8

*Kaiser v. Garrett*, 67 F.3d 1166 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . 4

*Leffall v. Dallas I.S.D.*, 28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Martin v. City of League City*, _____ F.Supp.2d _____,
    1998 WL 692421, (S.D.Tex., Sept. 30, 1998) (Kent, J.) . . . . . . . . . . . . . . . . . 7

*Meadowbriar Home for Children, Inc. v. Gunn*,
    81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Pearce v. Harris*, 141 F.3d 1184,
    1998 WL 166633 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Pearce v. Harris*, 141 F.3d 1184,
    1998 WL 166633 (10th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997)
    cert. denied _____ U.S. _____, 119 S.Ct. 65 (1998) . . . . . . . . . . . . . . . . . . 5, 6

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997)
    cert. denied _____ U.S. _____, 119 S.Ct. 65 (1998) . . . . . . . . . . . . . . . . . . . . *

*Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) . . . . . . . . . . . . . . . . . 3, 4

*Siegert v. Gilley*, 500 U.S. 226,
    111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Summar v. Bennett*, 157 F.3d 1054 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 7

United States Code:

    § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3-6

Federal Rules of Civil Procedure:

    Rule 7(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 9
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 9

United States Constitution:

    Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6
    Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | CIVIL ACTION NO. B-98-162 |
| V. | { | |
| | { | **ORAL HEARING IS REQUESTED** |
| CITY OF HARLINGEN, TEXAS, ET AL | { | |

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants SCHOEPNER and MOORE in their Individual Capacities, and file this their **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY** and would show the Court as follows:

I. Statement of the Nature and Stage of These Proceedings

Plaintiffs Salinas have sued for wrongful death under the (1) 42 USC § 1983; and (2) state tort law. U.S. Border Patrol Agent Ricardo Salinas was shot to death by a private citizen, Ernest Moore, who allegedly used a rifle belonging to Defendant Harlingen and issued to his father, Defendant Det. R.D. Moore.

Plaintiffs filed this suit on November 9, 1998. Defendants Schoepner and Moore move to dismiss under Rule 12(b)(6) the claims against them individually based on qualified immunity; alternatively, they ask the Court to order Plaintiffs reply to their defense of qualified immunity, pursuant to Fed.R.Civ.Pr. 7(a). All Defendants have filed a companion Motion to Dismiss on the merits of the Complaint.

1

## II. Statement of the Issues

1. Whether the Complaint states facts that defeat the defense of qualified immunity against an "excessive force" claim under the Fourth or Fourteenth Amendments, U.S. Constitution, that a private citizen shot Ricardo Salinas using a rifle taken from Defendant Moore's possession or control.

2. Whether the Complaint states facts that defeat the defense of qualified immunity against a Fourteenth Amendment "Substantive Due Process" claim that a private citizen shot Ricardo Salinas using a rifle taken from the possession or control of Defendant Moore.

3. Whether a claim that a private citizen shot Ricardo Salinas using a rifle taken from Defendants' possession or control states an "excessive force" claim under the Fourth or Fourteenth Amendments, U.S. Constitution.

4. Whether a Fourteenth Amendment "Substantive Due Process" claim will lie for injuries caused by a third party if Defendants did not force Salinas to encounter that harm and did not remove his ability to protect himself or avoid the danger.

5. Whether the alleged constitutional rights were "clearly established" in July 1998 for the purposes of qualified immunity.

## III. Plaintiffs' Allegations

Plaintiffs' Complaint, ¶ 10, alleges that U.S. Border Patrol Agent Salinas responded to a call for assistance in the apprehension of Ernest Moore at the residence of his father, Det. Moore. As Agent Salinas left the Moore residence, Ernest Moore shot him using a rifle issued to his father, Det. Moore. Complaint, ¶ 11.

The Complaint, ¶ 13, alleges that Police Chief Schoepner's unconstitutional action was a failure to provide Det. Moore with adequate supervision and training concerning the proper use,

2

storage or security of the rifle. There is no allegation that Det. Moore was incompetent or improper person to whom to entrust a rifle; there is no allegation that the City knew or should have known that Det. Moore or other police officers were in need of training or instruction in the proper storage or security of rifles.

The Complaint, ¶ 19, alleges a state tort law claim of negligence against Det. Moore, i.e., that he was negligent in failing to properly store or secure the rifle. The Complaint, ¶ 17, alleges a legal conclusion that Det. Moore was liable for "excessive force" under the Fourth Amendment, U.S. Constitution. However, ¶¶ 10-11 fail to allege any unconstitutional action by Det. Moore, other than that the rifle was stored at his house in Ernest Moore's room.

The Complaint, ¶ 17, alleges only one legal basis for liability under 42 USC § 1983: an "excessive force" claim under the Fourth Amendment, U.S. Constitution.

### IV. Defendants Schoepner and Moore Are Entitled to Qualified Immunity Against § 1983 Claims Raised by Complaint

A.    Standard of Review

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiffs, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiffs have a heightened burden to plead specific facts defeating Defendants Schoepner and Moore's qualified immunity from § 1983 claims. *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th

3

Cir. 1995) (en banc). The district court may require that the complaint state facts defeating qualified immunity, not mere legal conclusions. *Schultea*, 47 F.3d at 1433. Alternatively, the court may order Plaintiffs to file a reply under Fed.R.Civ.Pr. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434.

B. Defendants Schoepner and Moore Entitled to Qualified Immunity Unless Clearly Established Law Would Have Informed Them Their Alleged Actions Were Unconstitutional

Qualified immunity protects an officer from claims under 42 USC § 1983 if a reasonably prudent police officer would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The officer will have qualified immunity if the conduct was objectively reasonable under the existing law. *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc).

Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231, 111 S.Ct. at 1792-93; *Petta*, 143 F.3d at 899-900.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined narrowly enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998). To determine what law was "clearly

4

established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998). If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995).

  C. Complaint Fails to Allege Facts Showing
    "Excessive Force" or "Substantive Due Process" Claims

Defendants' companion Motion to Dismiss Under Rule 12(b)(6), pp. 3-11, provides the argument and authorities showing that Plaintiffs Salinas have failed to allege a § 1983 complaint of either (1) "excessive force" under the Fourth or Fourteenth Amendments; or (2) a Fourteenth Amendment "Substantive Due Process" claim. These arguments are incorporated by reference.

If the Complaint fails to allege facts showing the violation of a constitutional right, the analysis ends and Defendants are entitled to qualified immunity. *County of Sacramento v. Lewis*, ____ U.S. ____, 118 S.Ct. 1708, 1714, 140 L.Ed.2d 1043 (1998).

  D. Constitutional Law Concerning Plaintiffs'
    Claims Not "Clearly Established in July 1998

The law today stands where it did in July 1998. The Fifth Circuit has declined to recognize a § 1983 claim for failing to prevent one private citizen from harming another. *Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997) *cert. denied* ____ U.S. ____, 119 S.Ct. 65 (1998). Though invited to adopt it several times since 1990, it has declined, expressing doubt that such a theory even holds water. Assuming *arguendo* the Fifth Circuit does find such a theory is valid, the constitutional law concerning Defendants' alleged conduct was not "clearly established" in July 1998.

5

Regardless of the label on Plaintiffs' § 1983 theory, Agent Salinas' death was caused by a private citizen, not a public official. Under either theory, the law concerning § 1983 liability for injuries inflicted by third parties was, at best, highly unsettled in July 1998.

The state's failure to protect an individual against violence caused by another citizen generally does not state a claim under the Fourteenth Amendment's "Due Process" Clause. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Fourteenth Amendment "Due Process" is triggered only by affirmative government acts and puts no duty on government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197, 109 S.Ct. at 1004. The Supreme Court did not approve or disapprove of a rule imposing liability if the state created a risk of harm which it forced the claimant to suffer, i.e., "state-created danger." *Id.*

While the Supreme Court may have left this question open, the Fifth Circuit has consistently declined to adopt such a "state-created danger" exception to *DeShaney*. *Randolph*, 130 F.3d at 731; *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994) *cert. denied* 514 U.S. 1017, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995). In *Johnson*, the court indicated that it was not inclined to recognize such an exception. 38 F.3d at 201. The Fifth Circuit has expressed extreme skepticism that the doctrine will ever be recognized. *Leffall v. Dallas I.S.D.*, 28 F.3d 521, 530 (5th Cir. 1994).

Precisely because the Fifth Circuit has declined to adopt the "state-created danger" doctrine, it and courts within its circuit have found qualified immunity against such claims. *Salas v. Carpenter*, 980 F.2d 299, 308-309 (5th Cir. 1992); *Callis v. Sellars*, 931 F.Supp. 504, 519-520 (S.D.Tex. 1996) (Atlas, Jr.); *Bridges v. City of Dallas*, 1998 WL 320286, *4 (N.D.Tex., June 8, 1998). The unsettled nature of the doctrine has led other circuits to uphold qualified immunity

6

against such claims. *Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998); *Pearce v. Harris*, 141 F.3d 1184, 1998 WL 166633 (10th Cir. 1998) [a copy is attached as Exh. 1].

In *Salas*, the sheriff surrounded the building where a husband had taken his estranged wife hostage. After negotiations broke down, the husband shot his wife and committed suicide. Her survivors sued, claiming the sheriff failed to allow a more experienced city police SWAT team either to conduct negotiations or to assault the building. The Fifth Circuit sustained summary judgment, noting that in 1989 the law in that area was not well defined and reasonable officials could disagree over when a duty to protect private citizens arises. 980 F.2d at 310.

After *Salas*, the Fifth Circuit did not move towards adopting the doctrine. The entire Court recently noted that it had never sustained liability under that doctrine. *Doe v. Hillsboro ISD*, 113 F.3d 1412, 1415 (5th Cir. 1997) (en banc). Only a few months after this incident, a court in the Southern District echoed that no Fifth Circuit cases had upheld the "state-created danger" theory. *Martin v. City of League City*, ____ F.Supp.2d ____, 1998 WL 692421, *3 (S.D.Tex., Sept. 30, 1998) (Kent, J.).

Closely in point is *Pearce*, 141 F.3d 1184, 1998 WL 166633 (10th Cir. 1998) (table; unpublished decision).[1/] [Copy attached as Exh. 1.] In *Pearce*, the court upheld summary judgment on qualified immunity for a police officer and the police chief for a shooting involving the officer's "off-duty" revolver. The officer kept the revolver in his car; he loaned the car to a third party who shot the plaintiff. The Tenth Circuit affirmed summary judgment on the "state-created danger" doctrine, finding individual defendants were entitled to qualified immunity because plaintiff failed to show clearly established law governing defendants' conduct. *Id.* at *2.

---

[1/] 10th Cir. Rule 36.3 provides that unpublished 10th Circuit opinions are not precedent but may be cited for the persuasive value.

7

A comparison to recent qualified immunity decisions about "excessive force" proves the point. Prior to 1990, the Fifth Circuit had questioned *in a footnote* whether "significate injury" in an "excessive force" claim could include purely psychological injuries. *Johnson v. Morel*, 876 F.2d 477, 480, n. 1 (5th Cir. 19898) (en banc). Precisely because of this footnote, the Court recently concluded the law was not "clearly established" and upheld qualified immunity against pre-1990 "excessive force" claims for purely emotional distress. *Petta*, 143 F.3d at 911; *Dunn*, 79 F.3d at 403. Applying the same analysis shows why Defendants Schoepner and Moore are entitled to qualified immunity. If a question raised in a footnote makes the law unclear, then several prior decisions expressly declining to adopt "state-created danger" puts it beyond dispute Plaintiffs' alleged rights are not clearly established.

  E. Complaint Fails to State Facts Showing
    <u>Conduct Unreasonable Under Existing Law</u>

Moreover, the Complaint is wholly devoid of factual allegations showing why the conduct of Defendants Schoepner and Moore were unreasonable in light of existing law. Plaintiffs allege only a "failure to train" claim against Schoepner. On the face of the Complaint, there is no reason asserted why Police Chief Schoepner would know that a failure to train experienced police officers in the means of safeguarding weapons would certainly result in an alleged violation of the Constitution.

Other than a conclusory allegation of negligence, Plaintiffs state no facts showing what Defendant Moore did or failed to do. Therefore, there are no facts alleged that show his conduct was objectively unreasonable.

8

## CONCLUSION

Because Defendants Schoepner and Moore asserted qualified immunity against the individual liability claims, Plaintiffs are obligated to state facts showing the existence of a violation of the Constitution, that Defendants' conduct violated clearly established constitutional law in July 1998, and their conduct was objectively unreasonable. Plaintiffs' Complaint wholly fails to allege such facts. As a matter of law, it alleges no constitutional violations; the law was not clearly established in July 1998. Therefore, the Court should either dismiss under Rule 12(b)(6) or order a reply under Rule 7.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER

OF COUNSEL:

ADAMS & GRAHAM, L.L.P.
Roger W. Hughes
Texas State Bar No. 10229500

PASSMORE, WALKER & TWENHAFEL, L.L.P.
Walter J. Passmore
State Bar No. 15560400
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276
Attorney for R.D. MOORE

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 14th day of December 1998, to the following counsel of record and interested parties:

---

Attorney for Plaintiffs ARTURO G. SALINAS, et al:

| | |
|---|---|
| Mr. Michael Greenberg | FAX: 512/327-8354 |
| LAW OFFICES OF RICHARD PENA, P.C. | CM RRR Z 348 018 992 |
| Barton Oaks Plaza Two | |
| 901 MoPac, Suite 325 | |
| Austin, TX 78746-5747 | |

Attorney of record for Defendant, R.D. MOORE, in His Individual Capacity:

Mr. Walter J. Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766

_____
TOM LOCKHART

Copr. © West 1998 No Claim to Orig. U.S. Govt. Works

141 F.3d 1184 (Table)
98 CJ C.A.R. 1649
**Unpublished Disposition**
(Cite as: 141 F.3d 1184, 1998 WL 166633 (10th Cir.(Okla.)))

NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.

(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)

The Estate of Amory Joe PEARCE, by and through the executrix Sydney Gonzales;
Sydney Gonzales, an individual, Plaintiffs-Appellants,
v.
Benjamin HARRIS, an individual, Defendant,
and
Edward KLEIN, an individual; Lonnie Sappington, an individual; Gary Coburn,
an individual; The City of New Cordell, a municipality, Defendants-Appellees.
No. 97-6176.

United States Court of Appeals, Tenth Circuit.

April 6, 1998.

Before BRORBY, BARRETT, and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT [FN*]

**1 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiffs appeal from the district court's grant of summary judgment in favor of defendants on their civil rights claims under 42 U.S.C. § 1983 and refusal to retain federal jurisdiction over their state wrongful death claims. We affirm.

The parties are familiar with the facts in this case, and we provide only a very brief summary here. Benjamin Harris shot and killed Amory Joe Pierce with a revolver owned by defendant Edward Klein, [FN1] who was a police officer for defendant City of New Cordell. Harris is the nephew of Klein and the son of defendant Chief of Police Gary Coburn. The shooting occurred while Harris and Pierce were in a vehicle owned by Klein. Klein kept the revolver in the vehicle, which Harris had permission to use.

After the shooting, plaintiff Sydney Gonzales, Pearce's mother and personal representative of his estate, brought suit under § 1983 alleging that defendants violated her constitutional right to familial association and the estate's constitutional right to substantive due process. The district court granted defendants' motion for summary judgment. The district court determined that defendants did not violate Gonzales' constitutional right to familial association because she failed to show that defendants intended to interfere with her relationship with Pearce.

The district court granted summary judgment on the substantive due process claim first on the ground that as a matter

IND. DEFS' MOTION TO DISMISS
~~BA~~SED ON QUALIFIED IMMUNITY
EXHIBIT 1

of law no defendant's conduct was conscience shocking. Without conscience shocking conduct, the district court necessarily rejected plaintiffs' allegations of **a state created danger**. Also, the district court concluded there was no evidence showing Coburn or the City endorsed selective law enforcement or that they failed to provide adequate training with regard to off-duty weapons. Finally, the district court determined that the individual defendants were entitled to qualified immunity because plaintiffs failed to show clearly established law governing their conduct. In a later order, the district court exercised its discretion and dismissed plaintiffs' state wrongful death claims without prejudice to refiling in state court.

On appeal, plaintiffs argue the district court erred in granting summary judgment because (1) the City and Coburn are liable for their deliberate indifference in failing to train and supervise police officers in the use and securing of off-duty weapons and for their custom of selective law enforcement; (2) the individual defendants violated plaintiffs' clearly established constitutional rights and are not entitled to qualified immunity; (3) defendants' actions were conscience shocking; (4) there was a **state created danger**; and (5) defendants intended to interfere with Gonzales' relationship with her son.

**\*\*2** We review the grant ... of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir.1996) (quotation omitted). After examining the briefs on appeal, plaintiffs' appendix, and the relevant case law in light of this standard, we conclude the district court thoroughly and correctly addressed the issues. Accordingly, we affirm the district court's grant of summary judgment for substantially the reasons stated by the district court in its order of April 10, 1997.

Plaintiffs also argue the district court abused its discretion in failing to retain jurisdiction over their state claims. They maintain that if they are unsuccessful in this appeal and this appeal is decided more than one year after the district court's decision, they will be forced to file an action in state court while this appeal is pending or risk not having their state claims heard. We agree with the district court's determination in its order of April 28, 1997, that there would be no unfairness in requiring plaintiffs to pursue their state claims in state court. We, therefore, conclude the district court did not abuse its discretion in refusing to retain supplemental jurisdiction over the state claims. See Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir.1995) (reviewing for abuse of discretion); see also 28 U.S.C. § 1367(c)(3) (stating that when all federal claims are dismissed, district court may decline to exercise jurisdiction over remaining state claims).

AFFIRMED.

> FN\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

> FN1. We refer only to those defendants who are appellees as defendants.

END OF DOCUMENT