IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, TEXAS, ET AL | { | |

DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE
PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEFENDANTS'
SUPPLEMENT TO MOTIONS TO DISMISS UNDER RULE 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER, and file this their **DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED COMPLAINT AND DEFENDANTS' SUPPLEMENT TO MOTIONS TO DISMISS UNDER RULE 12(b)(6)** and would show the Court as follows:

I. Stage of Proceedings

After Defendants moved to dismiss under Rule 12(b)(6), Plaintiffs filed no response; instead, they asked for a continuance to do discovery. A few days before the Initial Pretrial Conference, Plaintiffs Salinas have sought leave to file a First Amended Complaint.

## II. Statement of the Issues

1.  Whether the Trial Court should grant Plaintiffs leave to file an amended complaint that is futile because (a) it does not cure any of the deficiencies in their claims under 42 U.S.C. § 1983; and (b) it does not state facts that defeat the defense of qualified immunity asserted by the individual Defendants.

2.  If the Court grants leave, whether the Court will impose a condition allowing Defendants' prior motions to dismiss to apply to the Amended Complaint and will permit this response to supplement their grounds for dismissal.

3.  Whether discovery must be abated pending a ruling on the individual Defendant's motion to dismiss based on qualified immunity.

## III. Legal Arguments

Although the Amended Complaint alleges additional details on their § 1983 claims, it asserts the same Fourth Amendment claim and now asserts "state-created danger" claim. Even if amended the Petition is subject to the original defects challenged by Defendants, and still fails to state facts defeating qualified immunity. The Court may refuse leave to amend if the amendment is futile and would be subject to the same motion to dismiss.

Alternatively, the Court may grant leave on the condition that the First Amended Complaint be subject to the two prior motions to dismiss, as well as response supplementing their grounds for dismissal. In any event, the Court still may not permit

discovery until the individual Defendant's objections to the Complaint based on qualified immunity are resolved.

### A. Trial Court May Deny Futile Amendments to Pleadings

Whether to grant leave to amend under Fed.R.Civ.Pr. 15(a) is within the trial court's sound discretion. *Avatar Explor., Inc. v. Chevron, USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). Leave to amend may properly be denied where the pleading or evidence shows that the amendment does not plead any claims or is futile. *Robinson v. State Farm Fire & Cas. Co.*, 11 F.3d 160, 163 (5th Cir. 1994); *Avatar Explor.*, 933 F.2d at 321.

It is not error to deny an amendment, if the amendment does not remedy the deficiencies in the original pleading. *Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995). Leave to amend may be denied if the amendment itself would be subject to dismissal. *Partington*, 56 F.3d at 1162; *Keweenaw Bay Indian Commun. v. State of Mich.*, 11 F.3d 1341, 1348 (6th Cir. 1993).

However, if the court grants leave, it may impose such conditions as it thinks just. Wright, Miller & Kane, *Federal Practice & Procedure*, § 1485, p. 604 (1990).

### B. Amended Complaint Fails to Allege Facts Defeating Qualified Immunity

The first step is to determine whether Plaintiffs have even alleged a constitutional violation. *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The Court must then determine whether Defendants' actions violated "clearly established" constitutional law at the time of the conduct. *Petta*, 143 F.3d at 899-900.

The Supreme Court has held that the state's failure to protect an individual from violence done by another citizen fails to state a Due Process violation. *DeShaney v. Winnebago Co. Dept. of Soc. Serv.*, 489 U.S. 189, 109 S.Ct. 998, 1104 (1989) (where social workers returned child to father's home after two individuals had complained father was abusing child, held no Due Process violation for sending child back into father's home and failing to protect child from father). The Fifth Circuit has consistently declined to adopt a "state-created danger" exception to *DeShaney*. *See, for example, Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997) *cert. denied* ____ U.S. ____, 119 S.Ct. 65 (1998).

Although Plaintiffs' Amended Complaint adds more details, it asserts only two § 1983 theories: (1) a Fourth Amendment claim; and (2) a "state-created danger" claim. Plaintiffs offer no explanation as to how their claim arises under the Fourth Amendment. They point to no clearly established law in July 1998 that the individual Defendants had a constitutional duty to safeguard police property to prevent its unauthorized use by third parties to commit a crime.

Moreover, they allege no facts showing that the conduct was objectively unreasonable at the time.

### C. Amended Complaint Fails to State Facts Showing Claims Under 42 U.S.C. § 1983

The Amended Complaint does not change the operative factual allegations of Plaintiff's § 1983 theory. They still allege that Defendant Moore's storage of the weapon allowed his son to take the rifle without authorization and shoot Agent Salinas.

Plaintiffs offer no briefing as to how these facts create to a Fourth Amendment claim. As argued above at p. 4, neither the Fifth Circuit nor the U.S. Supreme Court has adopted a "state-created danger" exception to *DeShaney*. Even if those courts now recognized that theory, Plaintiffs' Amended Complaint still fails to show how Defendants created the risk of harm, that they knew this would occur, that otherwise Ernest Moore would have had no opportunity to shoot someone, and Defendants put Agent Salinas in a position of harm and stripped him of the ability for self defense.

Moreover, Plaintiffs have still failed to state how a City "policy" adopted with conscious indifference caused the incident. Many of the alleged decisions Plaintiffs call a "policy" did not cause the incident.

Finally, the alleged acts of Police Chief Schoepner, Det. Moore and city policymakers do not rise to the level of such deliberate indifference as to shock the conscience.

## IV. Court Should Deny Discovery Until Qualified Immunity Motion is Resolved

Plaintiffs' motion for leave again asks the Court continue the ruling on the 12(b)(6) motions until they can do discovery. Defendants' Response to Plaintiffs' Motion for Continuance set out the applicable authority as to why the Court may not permit discovery until it rules on the 12(b)(6) motions for qualified immunity.

WHEREFORE, PREMISES CONSIDERED, Defendants pray the Court:

1. deny Plaintiffs' Motion for Leave to File First Amended Complaint; or

2. grant leave on the condition that such Amended Complaint will be subject to the prior Motions to Dismiss Under Rule 12(b)(6) and as supplemented by this Response; and/or

3. dismiss the Original and First Amended Complaints, in whole or in part; and

4. grant such other relief to which Defendants may show themselves entitled.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
    ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER

PASSMORE, WALKER & TWENHAFEL, L.L.P.
Walter J. Passmore
State Bar No. 15560400
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276
Attorney for R.D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 17th day of March 1999, to the following counsel of record and interested parties:

---

Attorney for Plaintiffs ARTURO G. SALINAS, et al:

    Mr. Michael Greenberg                                            HAND DELIVERY
    LAW OFFICES OF RICHARD PENA, P.C.
    Barton Oaks Plaza Two
    901 MoPac, Suite 325
    Austin, TX 78746-5747

    Mr. Broadus A. Spivey                                             HAND DELIVERY
    SPIVEY & AINSWORTH, P.C.
    48 East Avenue
    Austin, TX 78701-4320

Attorney of record for Defendant, R.D. MOORE, in His Individual Capacity:

    Mr. Walter J. Passmore                                         HAND DELIVERY
    PASSMORE, WALKER & TWENHAFEL, L.L.P.
    2424 North 10th St., Suite 201; 78501
    P. O. Drawer 3766
    McAllen, TX 78502-3766

_____
TOM LOCKHART