IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO GUILLERMO SALINAS AND ELISA HERNANDEZ HERRRERA SALINAS | { { { { { | |
| V. | { { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, TEXAS | { { | A JURY IS DEMANDED |
| AND | { { | |
| R.D. MOORE AND JIM SCHEOPNER | { { | |

United States District Court
Southern District of Texas
FILED

AUG 1 1 1999

Michael N. Milby
Clerk of Court

## DEFENDANTS' OBJECTIONS TO AND REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' SECOND SUPPLEMENTAL BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **City of Harlingen, Texas, R. D. Moore, and Jim Schoepner**, Defendants herein and files this their Objections to and Reply to Plaintiffs' Response to Defendants' Second Supplemental Brief and would show the Court as follows:

I.

### CERTIFICATE OF CONFERENCE

Defendants' counsel tried to confer with Plaintiffs' counsel concerning the subject matter of the objections but was unsuccessful.

## II.

## OBJECTIONS TO PLAINTIFFS' EXHIBIT A

Plaintiffs recent Response tenders as Exhibit A the Affidavit of Jose Rubio, Jr. Defendants object to Exhibit A and they ask the Court sustain the objections and strike the affidavit.

First, this is a Motion to Dismiss under Rule 12(b)(6). The only question is the sufficiency of the pleadings. The Court may not consider affidavits or testimony outside the pleadings in order to resolve the motion. Therefore, the affidavit should be disregarded and stricken from the record.

Second, Exhibit A itself is nothing more than the incompetent speculations of Rubio. Shorn of its rhetoric, Rubio admits that he has no firsthand knowledge of the events at the Defendant Moore's residence, how Ernest Moore acquired the rifle, or the assignment of the rifle to Defendant Moore. The affidavit consists chiefly of his suspicions and speculation derived from hearsay. Because the witness has no firsthand knowledge and is essentially reporting his suspicions, it is utterly incompetent to prove anything.

## III.

Plaintiffs' Response, pages 7-10, argues that the City of Harlingen summoned the Border Patrol agents to investigate Ernest Moore's offenses and therefore had a duty to protect the persons they summoned.

First, Plaintiffs have admitted Defendants did not summon the Border Patrol agents. Plaintiffs' Amended Complaint, ¶ 28, specifically pleads that it was *Cameron County* (i.e, the Sheriff) that summoned the agents. Plaintiffs reference Defendants' Letter Brief of May 10, 1999, but this Letter Brief does not state Defendants summoned the Border Patrol. Any

claim the Defendants summoned the Border Patrol agents is contrary to Plaintiffs' own pleadings and therefore should be disregarded.

Plaintiffs' citation to *Schuster v. City of New York*, 154 N.E.2d 534, 537 (1958) is inapposite. *Schuster* involved state common law, nor federal law under 42 U.S.C. § 1983. A promise of protection or a request for assistance will not create a federal constitutional duty actionable under § 1983. See, *Callis v. Sellers*, 931 F.Supp. 504 (S.D. Tex. 1996).

To the extent Plaintiffs are defending their state common law claims, Texas law is against them. Under common law, law enforcement officers had no tort liability for injuries caused by their failure to prevent crimes or maintain the peace. See, e.g., *South v. Maryland*, 59 U.S. 396 (1855). Consequently, an officer has no liability for a failure to protect absent a specific promise of police protection to the victim. See, *Munoz v. Cameron County*, 725 S.W.2d 319, 322 (Tex.Civ.App. - Corpus Christi 1986, no writ); *Crider v. United States*, 885 F.2d 294, 297 (5th Cir. 1989), cert denied, 495 U.S. 956 (1990)(no tort duty for park ranger's failure to arrest drunk driver who subsequently caused accident).

## IV.

Plaintiffs attempt to distinguish *Saenz v. Brooks County*, , _____, F.3d _____, Case No. 98-40902 (July 30, 1999) on the basis that the Deputy Sheriff was not a "final policy maker." This argument misconstrues the Fifth Circuit's holding. The Fifth Circuit stated that Due Process has been limited to situations where the state officer deliberately chooses to deprive a person of life or liberty. Therefore, the Fifth Circuit's ruling turned on whether the official's decision was an intentional decision to deprive a specific person of life or liberty, not whether the official was a "final policy maker."

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that the Court grant their objections, strike the affidavit, and grant their Motions to Dismiss and for any other further relief, in law or in equity, to which they may show themselves entitled.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R. D. MOORE and JIM SCHOEPNER

PASSMORE, WALKER & TWENHAFEL, L.L.P.
Walter J. Passmore
State Bar No. 15560400
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276
Attorney for R. D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 11th day of August 1999, to the following counsel of record and interested parties:

Attorney for Plaintiffs Arturo Guillermo Salinas, et al:

>Mr. Michael Greenberg
>**LAW OFFICES OF RICHARD PENA, P.C.**
>Barton Oaks Plaza Two
>901 MoPac, Suite 325
>Austin, Texas 78746-5747
>Via Regular Mail

>Mr. Broadus A. Spivey
>**SPIVEY & AINSWORTH, P.C.**
>48 East Avenue
>Austin, Texas 78701-4320
>Via Fax No. 512/474-1605

Attorney of record for Defendant, R.D. MOORE, in His Individual Capacity:

>Mr. Walter J. Passmore
>**PASSMORE, WALKER & TWENHAFEL, L.L.P.**
>2424 North 10th St., Suite 201; 78501
>P. O. Drawer 3766
>McAllen, Texas 78502-3766
>Via Fax No. 956/686-1276

_____
TOM LOCKHART