33

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United States District Court**
**Southern District of Texas**
**FILED**

**AUG 12 1999**

**Michael N. Milby, Clerk of Court**

| | | |
|---|---|---|
| ARTURO GUILLERMO SALINAS | § | |
| AND ELISA HERNANDEZ HERRERA | § | |
| SALINAS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-98-162 |
| | § | |
| | § | JURY DEMANDED |
| CITY OF HARLINGEN, TEXAS | § | |
| | § | |
| AND | § | |
| | § | |
| R.D. MOORE AND | § | |
| JIM SHEOPNER | § | |

Amicus Curiae

by Alice Carlson

on behalf of Plaintiff's

ClibPDF - www.fastio.com

## *Saenz* Discussion

" The cornerstone of appellants' claim is that ( defendant ) abused his governmental authority..." Saenz v. Heldenfels Brothers, Inc., et al, No. 98-40902 ( 5th Cir.1999 ).  Since 1992, the U. S. Supreme Court has stated that a 'state created danger ' pleading does not require a governmental abuse of authority component. Collins v.City of Harker Heights, 503 U.S. 115, ( 1992 ).  As noted in Salas v. Carpenter, 980 F. 2d 299 ( 5th Cir. 1992 ) parameters of a 'state created danger 'require three factors:

1. State creates the danger;

2. Played a part in their creation;

3. Made the plaintiff more vulnerable to them.

All such features are present here, for instance, the pivotal one of  producing cause is met due to the failure to destroy the weapon as requested by Dr. Pirtle's family, and in turn leaving it at another residence.  Similarly, the feature of vulnerability is met by, both, the Border Patrol agents and the next door neighbors who were told not to leave the site by law enforcement officers.   This restraint aspect, is enhanced  through defendants lack of notice to victims that Ernest Moore had an AR-15 automatic type weapon with **ample** ammunition.  They created a zone of danger in which they knew Ernest Moore operated, inasmuch as he had a powerful destructive weapon no one else suspected he had.  The latter element satisfies a criteria that defendants have played a part in their creation.

Therefore, Saenz is inappropriate to a state created danger contention, or its certainly not on " all fours " with our case at bar.  In Saenz, there never was a definite *suspect*!  The police never saw the driver's face, they did not disembark from their own vehicle to confront a suspect

in <u>any</u> manner.  What a stark contrast to our facts where the third party is a son who resided with

defendant R. D. Moore, and met with him prior to the present fatalities, and told his father " I'm

in deep shit! " , after " taking care of a couple of drug dealers " , moments before.  Detective

Moore then informed Chief Schoepner that his son was a suspect in two Rio Hondo fatalities.

Those that needed to be told of the AR-15's near proximity to them were the valiant agent's out

at Gamble Rd. .  They were not told.  In this abject failure by the defendants they greatly

increased the vulnerability endured by the plaintiffs. <u>Freeman v. Ferguson</u>, 911 F.2d 52 ( 8th Cir.

1990 ).

      While <u>Ross v. U. S.</u>, 910 F.2d 1422 ( 7th Cir. 1990 ) speaks of a known victim, it does not

address the issue in the context of gender, age, or name.  What it addresses is a categorical victim,

like those in neighboring propinquity to the tragedy which occurred here.  <u>Saenz</u>'s strong reliance

on a subjectively undetermined victim is totally inapposite on these facts.  In this case Defendant

Moore had both an objective and subjective cognizance of whom his affirmative and

nonprofessional behavior was going to impact.  His misgivings were borne out.

      Finally, a case that addresses avenues of self-help is informative here.  In <u>Monfils v. Taylor</u>,

165 F. 3rd 511 (7th Cir.1998) an employee snitched on a fellow employ, who was able to obtain a

tape recording copy of the act. The Court states :

" We also note that the jury could reasonably have concluded that once the tape was released,

Monfils ability to protect himself was severely limited.It's true he could have left the plant (where

employed ) the morning he was killed.  However, unlike the prison guard in <u>Wallace</u>, he would not

necessarily have escaped his murderers by leaving; they, unlike the inmates in <u>Wallace</u>, were not

confined to the location of the injury. Leaving the plant would not have solved Monfils' problem.

It is , in fact hard to see what more Monfils could have done to protect himself. " <u>Monfils</u> § 23.

ClibPDF - www.fastio.com

As noted the Moores' next door neighbors the Carlsons' were told not to depart.

Respectfully,

Ronaldo S. Lozano
TBN: 12648010
360 E. Hwy. 77, Suite 1
San Benito, TX 78586-5214
(956)399-9663
FAX (956)399-8285

ClibPDF - www.fastio.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was

forwarded onAugust 12, 1999, to the following counsel of record and interested parties:


Mr. Walter J. Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
2424 North 10th St, Suite 201
McAllen, Texas 78501
Attorneys for Defendant
Hand Delivery

Mr. Tom Lockhart
Mr. Jim Denison
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
Attorneys for Defendant
Hand Delivery

Mr. Michael Greenberg
Mr. Richard Pena
LAW OFFICES OF RICHARD PENA, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747
Via Regular Mail

Price Ainsworth
SPIVEY & AINSWORTH
48 East Ave.
Austin, TX 78701-4320


Ronaldo S. Lozano