36

United States District Court
Southern District of Texas
FILED

AUG 25 1999

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, TEXAS, ET AL | { | |

DEFENDANT'S POST-SUBMISSION BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendant CITY OF HARLINGEN, and file this its **DEFENDANT'S POST-SUBMISSION BRIEF** and would show the Court as follows:

I.

The Court recently heard oral argument in the above referenced case on Defendant's Motion to Dismiss and requested the parties file briefs on or before August 25, 1999.

II.

The threshold question is whether Plaintiffs have alleged that a public official has violated a provision of the Constitution in such a way as to deprive them of a constitutionally protected right. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 109 S.Ct. 998, (1989); *Saenz v. Heldenfels Bros., Inc.*, _____ F.3d _____, 1999 WL 556440, *2 (5th Cir. 1999) (attached). The Fourteenth Amendment Due Process Clause does not require a state to protect life, liberty or property of its citizens against invasion by other private citizens. *DeShaney*, 489 U.S. at 195, 109 S.Ct. at 103. The Due Process Clause is not offended when the officer's action merely increases the risk of harm to an unidentified person; it must be wilful and targeted

towards specific harm to an identified person. *Saenz, Id.* at *3. The guarantee of Due Process is limited to situations where the officer deliberately chooses to deprive a person of life or liberty. *Id.* at *2.

The issue may be properly resolved by a motion to dismiss under Fed.R.Civ.Pr. 12(b)(6). The first step in the qualified immunity analysis is whether the plaintiff has *alleged* a deprivation of an actual constitutional right. *Conn v. Gabbert*, _____ U.S. _____, 119 S.Ct. 1292, 1295 (1999). This requires the court to decide a purely legal question as to whether the plaintiff has alleged a violation of a constitutional right. *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 1793 (1991). Until this issue is resolved, even limited discovery cannot proceed. *Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996).

If a person has not suffered a constitutional deprivation by the police officer's act, the fact that the governmental entity authorized the action is "beside the point." *Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573 (1966). If the individual officer is exonerated of a constitutional violation, the unit of government has no liability, even if the officer followed its policy or regulation. *Saenz, Id.* at *4. The Fifth Circuit has often upheld dismissals under Rule 12(b)(6) of claims against the government entity under the "state-created danger" theory. *Doe v. Hillsboro ISD*, 113 F.3d 1412 (5th Cir. 1997) (en banc); *Johnson v. Dallas ISD*, 38 F.3d 198 (5th Cir. 1993), *cert. denied*, 514 U.S. 1017 (1995); *Lefall v. Dallas ISD*, 28 F.3d 521 (5th Cir. 1994).

Plaintiffs claim two exceptions exist to *DeShaney*: (1) the existence of a 'special relationship' between the victim; and (2) the injury results from a 'state created' danger. The only exception to *DeShaney* recognized by the Fifth Circuit is the "special relationship," which

is caused only by involuntary custody of the plaintiff. *Walton v. Alexander*, 44 F.3d 1297, 1299 (5th Cir. 1995) (en banc).

The Fifth Circuit has not recognized the "state-created danger" exception to *DeShaney*. *Saenz, Id.* at *4. The Fifth Circuit has stated that, if it ever adopts an exception for 'state-created' dangers, it would require proof that (1) defendant created the risk of harm to the victim that would otherwise not exist; (2) defendant must have known of the risk of harm to the specific victim at the time the defendant acted; and (3) the defendant must have acted affirmatively to strip the victim of self defense and to cut off all avenues of assistance. *Saenz, Id.* at *3; *Randolph v. Cervantes*, 130 F.3d 727, 731 (5th Cir. 1997), *cert. denied*, \_\_\_\_\_ U.S. \_\_\_\_\_, 119 S.Ct. 65 (1998).

Plaintiffs' Complaint conclusively fails to allege the necessary elements of either theory upon which they rely. The Defendants' motions to dismiss, both on liability and on qualified immunity, should be granted.

### III.

Defendants object to Plaintiffs' attempt to reurge admission of Rubio's affidavit and the other exhibits attached to their Supplemental Response. Defendants objected to Rubio's affidavit prior to the hearing on August 12, 1999. Plaintiffs' counsel, in open court, announced that he would stipulate that Rubio's affidavit could not be considered the purposes of the Rule 12(b)(6) motions; based on stipulation by Plaintiffs' counsel, Defendants withdrew their objection.

Defendants reurge their earlier objections and object to the exhibits Plaintiffs offer. These are motions to dismiss under Rule 12(b)(6), not motions for summary judgment under Rule 56. The only question is the sufficiency of the pleadings. The exhibits are rank speculation and/or unauthenticated hearsay. The Court may not consider affidavits, testimony, or arguments outside the pleadings in order to resolve the motion. Plaintiffs' reference to *Celotex*[1] is inapposite because that case deals solely with summary judgment motions. Therefore, Rubio's affidavit and any other exhibits tendered by Plaintiffs ( and any argument about them) should be disregarded and stricken from the record.

WHEREFORE, PREMISES CONSIDERED, Defendants pray their Motions to Dismiss be granted and their objections to the exhibits offered by Plaintiffs be granted.

---

[1] *Celotex Corp. v. Cattret*, 477 U.S. 317 (1986).

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER

WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276
Individual Counsel for Defendant, R.D. MOORE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 25 day of August 1999, to the following counsel of record and interested parties:

Attorney for Plaintiffs ARTURO G. SALINAS, et al:

| | |
|---|---|
| Mr. Michael Greenberg<br>LAW OFFICES OF RICHARD PENA, P.C.<br>Barton Oaks Plaza Two<br>901 MoPac, Suite 325<br>Austin, TX 78746-5747 | CM RRR Z 441 680 213 |
| Mr. Broadus A. Spivey<br>SPIVEY & AINSWORTH, P.C.<br>48 East Avenue<br>Austin, TX 78701-4320 | CM RRR Z 441 680 214 |

Attorney of record for Defendant, R.D. MOORE, in His Individual Capacity:

Mr. Walter J. Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766

_____
ROGER W. HUGHES