United States District Court
Southern District of Texas
FILED

JUL 0 8 2002

Michael N. Milby
Clerk of Court

42

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
**NO. _____**

---

**JON ALAN ASHCRAFT**
**PETITIONER/APPELLEE**
**VS.**
**JANIE COCKRELL**
**RESPONDENT/APPELLEE**

---

**APPEAL FROM THE U.S. DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**
**MISC. NO. B-98-031**

---

**APPLICATION FOR CERTIFICATE OF APPEALABILITY**

**TO THE HONORABLE JUDGE(S) OF SAID COURT:**

COMES NOW, Jon Alan  Ashcraft, Pro Se  , Hereinafter, Appellant presents his "Application For Certificate of Appealability."

Appellant further requests this court consider this Application with the liberal scrutiny in keeping with the provise enunciated in **Haines v. Kerner**, 494 U.S. 519, 92 SCt. 594 (1971), rather than considering this matter under the stringent standards applied to pleadings drafted by skilled counsel.  In support thereof Appellant would show the following:

**I.**

Appellant received notice of the ORDER Docket entry # 39 on July 2, 2002.  Appellant had changed address and sent notice of change of address by U.S. Postage by placing the change of address in the Prison Mail at the Huntsville Unit on June 5, 2002.  The Clerk received this notice and filed

-1-

2

it on June 10, 2002.  The original mailing of the order
returned to the Clerk of the Court whom them mailed said
order to Appellant.  Appellant now having been served the
ORDER on July 2, 2002 (See Exhibit "A" )now timely filed his
Certificate of Appealability.

## II.

### STANDARD OF REVIEW

The standard of review to be applied is for an "abuse of
discretion" as the District Court's findings proved against
the record evidence where the issues involved mixed
questions of law and facts to deny constitutional rights.

Additional guidance is found under "clearly erroneous"
standard of review inasmuch the decision is unreasonable and
completely contrary to the facts that deny Appellant's
constitutional rights.

The Respondent plead for summary judgement,
therefore,summary judgement standards must be included de
novo on issues of fact with deference to non-movant as
Appellant's having constitutional rights denied

Finally, the standard of review must entertain a
miscarriage of justice based upon Appellant's actual
innocence.

## III.

### REASONS FOR CERTIFICATE OF APPEALABILITY

Appellant requests a certificate of appealability
pursuant to 28 USC § 2253 (c)(1), (2) & (3).  Each
particular element of § 2253 rising to the level of
constitutional dimension as to be shown.

3

The U.S. Supreme Court has noted that both state and federal courts must operate in accord with **Lee v. State of Florida**, 392 U.S. 378, 88 SCt. 2096 (1968), where it held:

> "'[t]he decision we reach today is not based upon language and doctrinal symmetry alone. It is buttressed as well by the "imperative of judicial integrity." Elkins v. United States, 364 U.S. 206 @ 222, 80 SCt. 1437 @ 1446, 4 LEd2d 1669. Under our Constitution no court, state or federal, may serve as an accomplice in the willful transgression of "the Laws of the United States," laws by which " the judges in every State [are] bound * * * "19

Id. Hence it is incumbent upon the domain of the Fifth Circuit to fulfill the Supreme Courts edict where both, state and federal district courts have ignored the facts and law, in the "willful transgression of the laws of the United States." In proof that State of Texas is familiar with the preceding except, see **Pearson v. State,** 587 SW2d 394 (TCCA 1979), where quoted.

## A. DISTRICT COURT ERRS IN FINDING UNDER SUMMARY JUDGEMENT STANDARDS

The grant of summary judgement is appropriate only when the pleadings and the evidence show there is 'no genuine issue of material facts and that movant is entitled to judgement as a matter of law." FRCP # 56 (c), **Walker v. Thompson**, 214 F3d 615 @ 624 (CA 5 2000); **St. Paul Mercury Ins.Co. v. Lexington Ins.Co.,** 78 F3rd 202 @ 205 (CA 5 1996); **Shanks v. AlliedSignal, Inc.,** 169 F3rd 988, @ 992 (CA 5 1999); **Cresent Towing & Salvage Co. v. M/V Anax,** 40 F3rd 741 (CA 5 1995).

4

The applicable substance law identifies those facts will
preclude that the material, and only disputes about those
facts will preclude the grant of summary judgement motion.
**Fields v. City of South Houston**, 922 F2d 1183, @ 1187 (CA 5
1991); citing **Anderson v. Liberty Lobby, Inc.** 477 U.S. 242,
@ 248, 106 SCt. 2502, @ 2510, 91 LEd2d 202 (1986).

In sum, the United States Supreme Court proposes that,
". .. in considering a motion for summary judgement, the
court **[will not "weight the evidence"]** and determine the
truth of the matter." (Emphasis added). Instead the court
is to draw any permissible inferences from the underlying
facts in light most favorable to the non-moving party
(Emphasis added)    **Matushita Elec.Ind.Co.Ltd. v. Zenith
Radio Corp.**, 475 U.S. 547, 587-88, 10 SCt. 1348, 1356-57,
89 LEd2d 538 (1986).

To begin with, the District Court issues a Report and
Recommendation on January 7, 2002 and on March 13, 2002 an
Amended Report and Recommendation signed with a single
addition of "not" before guilty on the first page. However,
this does not cure one of many  factual errors made by the
District Court because the first sentence of the Factual
History, p.2, it is asserted ," Before the Petitioner
pleaded guilty" is a misnomer of facts that was the sole
purpose for the amended heading. By the same token, on p.3,
the facts allege, "... Ashcraft then told the officers where
drugs and stolen property were . . ." is far from the
proven facts because neither were drugs submitted to a lab
for analysis or admitted into the trial evidence, nor was

5

there a single item admitted for exhibit into trial
evidence.

    In similar fashion, on p.4 the Report and Recommendation
alleges , in she and her common law husband, Augustine Pena,
drove up in a yellow Nissian truck and stayed at Ashcraft's
place long enough to buy two syringes of heroin." In order
to obtain an illegal warrant the Detectives stated by
affidavit that they observed what 'looked like a drug deal."
The detectives were well over 500 yards from Appellant and
the couple (also alleged informants), thus they have no idea
what exchanged hands between Appellant and Augustine Pena.
This is an inference that is to be viewed favorable to
Appellant, who merely loaned the couple $ 20 which they
obviously used to purchase heroin at the park, a high drug
trafficked area, where it was injected by the couple.

    The Detective's searched  the couple's truck and located
five or six used syringes containing heroin residue.  Not an
iota of record evidence was elicited where the syringes
originated.  It was only surmised and felt as speculation to
hang the air that the couple obtained any of the syringes
from the Appellant.  The Supreme Court requires that the
state in its burden to prove "every element" of the offense
charged.  Appellant was not charged with drugs because no
drugs were found in his premises.  Hence, drugs were used as
a pretext derived from the innocent act of loaning a couple
$ 20.  Furthermore, seventy percent of the trial evidence
consumed testimony regarding a alleged drug transaction that

6

did not occur, if it had occurred it was extraneous to the
offense charged of burglary.  Under this notion the Supreme
Court holds that summary judgement standards that,
"...non-movants evidence is to be believed, and all
justifiable inferences are to be drawn in his favor."
**Eastman Kodak Co. v Image Technical Service Inc.,** 504
U.S. 451, 112 SCt 2072, 11 LED2d 25 (1992).

Appellant submitted affidavits with post-conviction
habeas application  and his federal § 2254 habeas petition
as well as in some of the motions and objections he has
filed.  However, contrary to Supreme Court summary judgement
dictated that "...non-movant evidence is to be believed, and
all justifiable inferences are to be drawn in his favor."
**Eastman Kodak supra** is evidently being held in utter
disregard by the District Court.

The Fifth Circuit in **Harrison v. Byrd**, 765 F2d 501 @
504 (CA 5th 1985)  decided that a prisoner's affidavit
"allegations are sufficient to raise an issue of fact" as to
the material facts to be decided on a summary judgement.
The Third Circuit provides from **Sheebran v Beyer**, 51 F3d
1170 (CA 3rd 1996), that prison officials affidavits were
insufficient on which to decide summary judgement because
the district court had incorrectly failed to assume that the
prisoner's affidavit was credible.  This is similarily a
finding employed by the District Court in this proceeding.

Reasoning further, it stands that the movant can only
discharge its burden under summary judgement by "showing

7

. . . that there is an absence of evidence to support the
non-moving party's case.", Cf. **Celotex Corp. v. Catrett**,
477 U.S. 317, @ 325, 106 SCt. 2548, @ 2554, 91 LEd2d 265
(1986). To reiterate, the record evidence is replete with a
purported drug deal that never occurred between Appellant
and the couple alleged as informants. The evidence was
pretext and conjecture to support obtaining a warrant to
illegally search Appellant's premises.

The elements of the offense of burglary of a habitation
as set out in the Texas Penal Code, art. 30.01, requires
four specific elements to be proven for the state to meet
its burden on proof to the offence charged. In this case,
the elements involve:

    1. A person;
    2. Lacking consent of owner;
    3. Enters a habitation or building;
    4. With intent to commit a felony or theft.

The states evidence relied upon coerced (drug induced)
informants never shown to be proven credible or reliable
from instances as informants. Also it should be noted that
the couple **never** even entered Appellant's house and that the
detectives told the couple the information they were seeking
and then coerced them to make a statement to the effect to
corroborate what they (the detectives) assumed had
happened. All this as a pretext to enter Appellant's
home. .

On the other hand, where burglary victims did testify
there details were not supported with stolen property
admitted into trial evidence as corroboration. In fact, not

8

one item of the seventy-seven items of alleged to be stolen
property was ever admitted into evidence against Appellant.
Any individual, including illegal aliens, can declare a
crime committed against their property, but the allegation
must be corroborated with proof of a crime being committed.

In a genuine thorough review of the trial evidence,
Respondent fails on the whole to meet the burden of proof.
Therefore, the burden shifts to the non-moving party to
"[go] beyond the pleadings and designate 'specific fact[s]
showing that there is a genuine issue for trial." (Emphasis
added) Id. **Celotex, supra.** This was fulfilled by Appellant
with affidavits submitted to fill in the blanks from the
trial record and explain facts that were otherwise non
exist.

In addition, the state relied on a confession made by
Appellant. The record evidence irrefutable contains
Appellant's use of heroin and other drugs during the initial
two days of arrest as well as the undeniable fact that
Appellant was influenced by the repeated threats by
detectives to "Cooperate or your mother will be arrested"
statement which in combination with all the facts at hand
caused Appellant to give a non-voluntary statement
(confession). The Supreme Court in adamant that under such
conditions the accused "will is overborne" when interrogated
under the influence of powerful drugs, and thus any
statement made under coercion and prove illegally obtained.
Without Appellant's confession there is not a shred of

evidence to support a burglary offense. The state in the case of **Garner v. State,** 939 SW2d 802, 805 maintains that, "in absent evidence of tampering or commingling, theoretical breaches in the chain of custody do not effect the admissibility of evidence."

Contrary, to the state's assertion Appellant as alleged "tampering and commingling" throughout the proceedings from direct appeal into present. Therefore, by law, because the purported seventy-seven items of alleged stolen property allegedly retrieved from Appellant's home was not ever inventoried before leaving Appellant's house as required by law and as well was  commingled with countless items in the Detective's office instead of being logged in to the evidence room.  Aside from that, no evidence was admitted into trial evidence and identified by the burglary victims testimony.  By reference, see original federal § 2254 petition at p.25, where this claim was alleged by Appellant. Numerous items taken from Appellant's residence were returned to his mother.

Regarding the circumstances surrounding Appellant the three preliminary elements of the offense were proved by record evidence but it was never proved the three elements could be applied to Appellant except by use of an illegally obtained confession.  However, the fourth element of the offense is of greatest concern where it is required to show Appellant committed a felony or theft on entering either habitation.  This is not a given and must be proved like either of the previous elements, it was not.

10

The District Court draws no inferences in favor of Appellant as non-movant nor has it been shown that facts that Appellant's affidavit evidence has been believed as required under Supreme Court precedent for summary judgement. Because the state has relied on the confession as Appellant's strongest evidence throughout the course of these adversarial proceedings to support its case, the state in turn has relieved itself of proving every element of the offense. The Supreme Court has charged where the state shifts the burden of persuasion to Appellant to prove each element of the offense;

> ".....[i]t has long been settled that when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside.'

**Sandstrom v. Montana**, 442 U.S. 510, 99 SCt. 2450, 61 LEd2d 39 (1979); **Mullaney v. Wilbur**, 421 U.S. 684, 95 SCt 1881, 44 LEd2d 505 (1975).

Foremost, Appellant realizes that he is required to make substantial showing of being denied a constitutional right. Although this section touched on the District Court's disregard for correct application of summary judgement standards, it no less includes a recitation of factual disregard for constitutional rights utterly denied as follows:

> (1) Appellant was denied due process under the 14th Amendment:
> (a) By illegal arrest based on the pretext of an imaginary drug deal;
> (b) In accord with **Napue v. Illinois**, false information was used to obtain an illegal warrant void of an affidavit;

11

    (c)  The 4th Amendment requires a search warrant to be supported with an affidavit containing probable cause, there was no probable cause.

    (d)  The 4th Amendment requires a search warrant to describe the person, place and thing to be searched, the warrant as served on its face failed to meet this standard.

    (e)  Appellant's confession was extracted under duress and by coercion because he had injected drugs the day of the arrest as well as police administered the narcotic codeine to him the day of arrest and interrogation. In addition detectives repeatedly threatened the arrest of Appellant's mother each time he mentioned that he wanted an attorney present.

    (f)  Additionally, the couple labeled informants were never proved credible , having never previously served as informants. They were given the information the police were seeking prior to being coerced into a statement having used drugs before headed to the police station.

(2) Appellant's 4th Amendment rights were obscurred lacking a full and fair hearing:

    (a)  It began with an illegal warrant lacking probable cause stated by an affidavit.

    (b)  It failed to meet the minimum requirements of having person, place and things to be searched on the face of the warrant as served.

    (c)  An illegal arrest was prompted under an illegal search warrant;

    (d)  An illegal arrest occurred under false pretenses.

Hence, the entirety of Appellant's adversaral proceedings from arrest to present has violated the constitutionality of **Napue v. Illinois**, 360 U.S. 264, 79 SCt 1173 (1959).

**B.  DISTRICT COURT IGNORES NAPUE V. ILLINOIS**

Appellant since the submission of a State Petition for Discretionary Review unto his response to summary judgement by Respondent/Appellee has clearly outlined a continuous chain of being denied constitutional rights based on false evidence being admitted at trial. **Napue v. Illinois**, 360 U.S. 264 @ 269, 79 SCt. 1173 @ 1177, 3 LEd2d 1217 (1959), the Supreme Court therein held:

12

> "first,it is established that a conviction
> obtained through use of false evidence known
> to be such by representatives of the state,
> must fall under the Fourteenth Amendment.
> ( Citations omitted ). The same results
> obtains when the state although not
> soliciting false evidence, allows it to go
> uncorrected when it appeals."

Id. @ 269. 79 SCt. @ 1177.    This finding applies moreover

to the circumstances of Appellant from the initiation of the

adversail proceeding where Appellant was placed under

surveillance.

Based on two detectives observing Appellant and two

acquaintances from a distance the detectives assumed a drug

transaction occurred. Note, the affidavit prepared after

the warrant was obtained stated, "...the three appeared to

be in the process of making a drug deal.." was an

allegation full of surmise and speculation, which is why the

detectives used the term "what appeared to be" because

there was uncertainty in what exchanged hands from Appellant

to Augustine Pena. Trial testimony never detailed two

exchanges one of drugs, and a second of money. That's

because a single exchange occurred that of Appellant giving

(a loan) of $ 20. This speculative act was used as pretext

for an illegal warrant served on Appellant and his mother

void of an affidavit containing probable cause.

Thus, the purported drug deal was false information

asserted as factual evidence at trial. In turn, the same

falsehood was used to obtain a warrant which lacked an

attached affidavit which contained the description of

13

person, place and things to be searched as required by the
4th Amendment to the United States Constitution. By the
same token, it was not until trial that the detectives
produced a copy of the affidavit for review of Appellant and
his trial counsel. Yet, Appellant was arrested based on an
open ended illegal warrant. This violated Appellant's 4th
Amendment right under the requirement that a warrant detail
probable cause by affidavit. This was not done at the time
of arrest.

By the same token, the falsehood of a drug deal was used
to obtain an illegal warrant, illegally served on Appellant
and used as a legal authority to search the premises for
drugs and stolen items. Another violation of the
Appellant's 4th Amendment right under illegal search and
seizure. The United States Supreme Court has stated that an
affidavit is to be considered under the "totality of the
circumstances" test to determine its validity. The record
demonstrates the detectives admission at trial that the
affidavit was not served with the warrant at the arrest of
Appellant because it was not available. This point from the
trial record provides that the warrant lacked the requisite
probable cause to meet the 4th Amendment mandate.

Additionally , under the pretext of the false
information of a drug deal the detectives searched
Appellant's home under illegal authority and claimed to have
obtained drugs and seventy-seven items of stolen property.
No drugs were submitted to a lab for analysis or at trial
nor was Appellant charged with a drug offense. Similarity,

14

of the seventy-seven items of stolen property not one item
was presented into evidence as an exhibit for corroboration
of theft occurring in a burglary.  Neither was an inventory
of the purported stolen items made by the detectives and
left with Mrs. Ashcraft.  This fact creates a questionable
"chain of custody", aside from the facts the property was
observed being commingled with various items already present
in the detectives office.

### C. DISTRICT COURT FAILS TO RECOGNIZE APPELLANT DENIED A FAIR TRIBUNAL

The Supreme Court of the United States **Aetna Life
Ins. Co. v. Lavoie**, 475 U.S. 813, 828, 106 SCt. 1580,
1588-90, 89 LEd2d 823 (1986) has established that Due
Process requires a "fair trial and fair tribunal."  In the
case of Appellant this 14th Amendment right to a fair
tribunal was denied by a conflict of interest.  Appellant
asserts this constitutional right prevailed  from the fact
that his trial attorney  was former partners with the
Justice Melchor Chavez of the 13th Court of Appeals whom
penned the adverse opinion against Appellant when
Appellant's case was reviewed by the 13th Court of Appeals
on direct appeal..

The Professional and Judicial Rules of Ethics for the
State and American Bar forbid  litigation in matters where a
conflict of interest could potentially lead to a partial and
unfair forum to prejudice Appellant's opportunity for
fairness.  This violates Appellant's 5th and 14th Amendment
rights under the United States Constitution.

15

### D.   APPELLANT WAS DENIED 14TH AMENDMENT
### RIGHTS UNDER INSUFFICIENT EVIDENCE

The state is held to the standard of proof of each
element of the offense charged as reasoned from both,
**Jackson v. Virgina**, 443 U.S. 307, 99 SCt. 2781, 61 LEd2d 560
(1979); and **In Re Winship**, 397 U.S. 358, 90 SCt 1068 (1970).
Herein, the state charged Appellant with burglary of a
habitation under the Texas Penal Code, art. 30,01 with four
elements to be proved.

The State never proved either aspect of the four
elements could be applied to Appellant because no evidence
was submitted into evidence at trial as corroboration that a
theft of felony occurred.  Witnesses took the stand to
assert property missing from their houses.  However, not one
witness observed Appellant enter the premises.  A thorough
review of the record and the argument outlined  by Appellant
habeas corpus petition further details how he has been
denied his 14th Amendment right lacking proof of each
element of the offense charged.

### E.   APPELLANT CONFESSION WAS INVOLUNTARY AND UNCONSTITUTIONAL

The Supreme Court has announced that a confession is
involuntary where the accused is drugged, or his/her "will
is overborne", or the accused lacks capacity for conscious
choice.  See **Townsend v Sain**, 372 U.S. 293, 83 SCt. 745,
9 LEd2d 770 (1963); **Schneckloth v. Bustamonte**, 412 U.S. 216,
93 SCt. 2041, 36 LEd2d 854 (1973); **Jackson v. Denno**, 84
SCt. 1771  (1964);  **Blackburn v. Alabama**,  361  U.S.  199,
80 SCt. 274 (1960).

16

Hence, the Supreme Court goes further in sustaining the
suggestiveness of coercion on an involuntary admission to
show, it is:

> ".... made clear that a finding of coercion
> need not depend upon actual violence by a
> government agent; a credible threat is
> sufficient. As we have said, ".coercion can
> be mental as well as physical."

**Arizona v. Fulminante**, 499 U.S. 279, 111 SCt. 1246, 113
LEd2d 302 (1991). Each detective admits knowing Appellant
had used drugs (injected heroin) on the day of arrest, aside
from the fact the detective's gave Appellant a number of
Tylenol # 3, a schedule III narcotic taken the day of arrest
and the following day.

Further, the trial record evidenced that the detective's
admitted when Appellant requested an opportunity to secure
his right to an attorney, each time he was threatened with
his mother being arrested. Duress was the sole means by
which the interrogating detective's induced coercion from
Appellant to confess involuntarily.

Herein, both Appellant's "will and ability to make
self-determined choice were overborne" with illicit threats
by the detectives and moreover Appellant's use of drugs
throughout the day of arrest to by both detectives.

Because Appellant statements were compelled under
coercion and duress then used as evidence in trial
demonstrates a 5th Amendment privilege that has been
denied. **Lefkowitz v. Turley**, 414 U.S. 70, 94 SCt. 316
(1973). Appellant had adequately supplied support hereunder
with portions of the trial record submitted as exhibits See

17

(Original Petition Exhibit's "A", "B", "D" & "E" from original habeas corpus)

### F. APPELLANT DENIED SIXTH AMENDMENT RIGHTS TO CHOICE OF COUNSEL AND EFFECTIVE COUNSEL

Appellant proceeded through three trials represented by Glen Barnard being retained counsel of record. The third trial resulted in an acquittal and was not contested by the state. Each trial was based on the same evidence being presented except different testimony regarding the individual burglary occurring at a specific location.

Appellant had spoken with potential replacement of counsel and both Appellant and attorney Glen Barnard expressed their displeasure with one another and requested he withdraw before open court, however the judge denied his request. The right to counsel of choice is expressed by the Supreme Court in **Glasser v. U.S.**, 315 U.S. 60 @ 75, 62 SCt. 457 @ 467,(1942). Where the client can afford counsel he is entitled to the counsel of his choice. Hence, Appellant request that Glen Barnard withdraw was not a tactical strategy for delay, it was merely to secure his right to an effective advocate who would adequately protect his right to an effective advocate who would adequately protect his rights under the 6th Amendment. **See Mickens v. Taylor**, ___ U.S. ___, 122 SCt. 1237 (2002).

The Supreme Court in **Mickens** decision examines the scope of the clients entitlement to representation by both, appointed counsel and retained counsel is unequivocably expected to serve the same purpose and obtain the same

18

results by either source of representation.  Further, the
court determines that when counsel is retained the client is
" . . . entitled to no less protection than defendants for
when the state appoints  counsel." Id. @ 1242,n.2.  Both,
Appellant and retained counsel, Glen Barbard, expressed
displeasure with Mr. Barnard's representation before open
court, yet the judge denied the request to replace counsel
creating a distinct conflict of interest between the two
which affected counsel's performance and resulting outcome
of the proceedings adversely to Applicant's interest.

Additionally, attorney Glen Barnard submitted an
affidavit where he declares his representation of Appellant
ineffective and a denial of Appellant's right to counsel.

Therefore, the preceding leads directly into **Strickland
v. Washington**, 46 U.S. 668, 104 SCt. 2052 , 80 LEd2d 674
(1984), in support of counsel's defective performance
Mr. Barnard states he was unprepared for trial and he made
no pre-trial preparations by investigating various facts
contained in the state's case.  When Mr. Barnard requested
a continuance to make preparations, the trial judge denied
his request.  (S.O.F. Vol. V. p.3).

Accordingly, the first and second prong of the
Strickland test  were met in Appellant's argument on habeas
corpus and response to Respondent summary judgement
dismissal and the District Court Objections to Report and
Recommendations.  Counsel failed to show the trial was
repeated with an extraneous drug deal which did not occur

19

and that false information was used to taint the trial and
proceedings as well to obtain an illegal warrant void of
probable cause in violation of the 4th Amendment.
Appellant was deprived of a fair tribunal to a performance
which fell below the standard of professional assistance
required by the 6th Amendment.

In conclusion, Appellant has outlined being denied his
4th Amendment rights under an illegal warrant lacking
probable cause contained by affidavit at the time of arrest,
leading to an illegal search and seizure and an illegal
arrest of Appellant.  Further Appellant has never been
afforded a full and fair (evidentiary) hearing to
intricately detail his being denied 4th Amendment rights
under the Constitution.

Further Appellant has been denied his 5th Amendment
right where his will was overborne and he was compelled into
self-incrimination for a criminal act for which he is
innocent.  Being under the influence of heavy drugs at the
time further induced the abdication of this privilege due
Appellant.

Appellant's 14th Amendment right has been denied in a
number of ways where as Due Process of law has not been met
by the state.  The state relied on false information to
obtain an illegal warrant.  The same false information was
used as evidence at trial to prejudice the jurors.  The
falsehoods furthered an illegal search and the illegal
arrest of Appellant under the pretext of a drug deal.

20

Additionally, Due Process requires proof of each element of offense charged. The trial evidence focused on a purported and speculative drug deal evading the actual charge of burglary and thereby failing on proof of each element of the offense to deny Appellant 14th Amendment rights to due process.

The 6th Amendment was denied when Appellant's request for counsel of choice was rejected by the trial judge. In turn, retained counsel admitted before open court he was unprepared, had done no investigation and requested continuance to do so. It was all rejected as well. Therein, counsel proved the lack effective assistance of counsel failing to provide Appellant with adequate advocacy for defense.

Appellant furthers that a thorough review of the record evidence and pleadings will substantially support his claims asserted being denied constitutional rights. In turn, Appellant requests the Honorable 5th Circuit Court of Appeals issue a Certificate of Appealibility and remand this matter to the District Court for an evidentiary hearing on the merits of each alleged crime.

Or in the alternative, grant Appellant's right to appeal.

RESPECTFULLY SUBMITTED THIS 4TH DAY OF JULY 2002.

JON ALAN ASHCRAFT

21

## CERTIFICATE OF SERVICE

I, Jon Alan Ashcraft, hereby certify that a true and correct copy of the above and foregoing document has been served on the State's Prosecuting Attorney by placing a copy in a prepaid U.S. Mail sent to P.O.Box 12548, Capitol Station, Austin, Texas 78711-2548 on this date July 8, 2002.

Jon Alan Ashcraft

## VERIFICATION

I, Jon Alan Ashcraft, Appellant declare under penalty of perjury that the above and foregoing is true and correct to the best of my knowledge.

Executed this date:  July 8, 2002

Jon Alan Ashcraft

22

**EXHIBIT "A"**

**COPY OF THE ENVELOPES**

**FROM THE FEDERAL CLERK OF COURT'S SERVICE OF THE ORDER**

EXHIBIT "A"



CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
POST OFFICE BOX 61010
HOUSTON, TEXAS 77208

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

United States District Court
Southern District of Texas
RECEIVED
JUN 2 6 2002
Michael N. Milby, Clerk

RETURN TO SENDER
INVALID TDCJ #
NAME & NUMBER DO NOT MATCH
RELEASED
UNKNOWN

EXH 011 A



CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS 78522

OFFICIAL BUSINESS

Jon Alan Ashcraft
Prisoner #638807
1710 South Parkwood
Harlingen, Tx 78550-8033