51

United States District Court
Southern District of Texas
RECEIVED

MAY 2 2 2000

Michael N. Milby, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALICE CARLSON | § | |
| | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-071, |
| | § | 98-0162, 98-0163, 99-070 |
| | § | |
| CITY OF HARLINGEN, TEXAS | § | JURY DEMANDED |
| | § | |
| AND | § | |
| | § | |
| JIM SCHEOPNER | § | |

## TEMPORARY RESTRAINING ORDER AND
## MOTION TO TAKE DEPOSITION

TO THIS HONORABLE COURT:

Alice Carlson, petitioner in case B-00-071, is a plaintiff in these same fact based consolidated cases, filed prior to her own.   Mr. Broadus Spivey, lead plaintiff counsel in this case has done everything in his power to allow Ronaldo S. Lozano to sit in on these depositions that commenced on May 18, 2000 and are ongoing as you read this document. Ms. Carlson, is represented by her attorney Ronaldo S. Lozano, and due to her own indigency, this Court's regard for comity, efficiency, and economy, we posit that justice would best be served by her attendance at these critical depositions scheduled between 9:00a.m and 5:00p.m. on both May 21st and 22nd, 2000 in the defendants law office in Harlingen, Texas and would further show:

I.

On Thursday May 18, 2000, a Motion to Intervene based on Rule 27 was filed, it was subsequently denied on findings that did not reach the merit of such Motion.  We would re-urge consideration of the merits based on new relevant facts.  Foremost among these is that  the key

1

witness in this case is scheduled for this afternoon.  Mr. Moore is the central figure in this case

and its imperative that he be deposed by Ms. Carlson *forthwith*.  Justice is an elusive concept to

some; particularly, when they themselves don't give something as fundamental as notice, yet

would be vehement if the same quotient were to be administered to them.  The federal rules

provide ample guidance that justice is the final arbiter.   They're not so hidebound by

hypertechnicality, for instance, that once service is effectuated it will not be disturbed regardless

of total conformity therewith. Rule 4(l).

Cases furnished by the defendants or their agents counsel suggest results that have no

relevance now that Ms. Carlson is a party.  Further, any party seeking the benefits of Rule 615 has

the burden to show that Ronaldo S. Lozano has personal knowledge of any facts in this heinous

affair.  Uinta Oil Refining Company v. Continental Oil Company, and Texaco, et al, 36 F.R.D.

176 (1964).

In the meantime, we have good reason to believe the deposition is ongoing.  Also, that this

may create a conflict with Rule 30(a) (2) (A) whereby more than 10 depositions will be taken;

also, its in noncompliance with the tenor of Rule 26 (b) (2).  Any further delay, in this sought for

relief with this Court, is causing irreparable harm to the interests of the Ms. Carlson.  Alice

Carlson took a brief respite from these environs and her departure was prior to any information

about when these depositions were going to transpire.  It should be noted that this Court had

earlier admonished lead defense counsel, Tom Lockhart, to furnish Mr. Lozano with all

documents pertinent to this case and for yet *another* time since this directive was conveyed  to

him, he chose to ignore it. To achieve the ends of justice she should be permitted entry into the

deposition.II.

Neither surprise nor prejudice may be asserted by defendants since they had told or

inferred to Broadus Spivey, lead counsel in this case, that Mr. Lozano could attend the deposition

last week.  Tom Lockhart, also knew, last week that confirmation about this arrangement was

sought  Further, on May 15, 2000 Ronaldo S  Lozano and Tom Lockhart forged the significant

contours forming the basis for Mr  Lozano's attendance at the depositions

Haste is paramount  because after some equivocation, it became clear, that Mr. Lockhart

would welsh on an accord, one in which his desires were the ones primarily satisfied.  Lockhart

wanted to revert to a bygone era when **certain ethnic groups *knew* 'their place ', he would have de-**

legated me to a remote corner of the deponent room, **this was the one desire-- even with humble**

deference -- that could not be acceded too, nor would any ' family 'person ***comply*** **with it and then**

go home

He has further asserted that once his clients were served with a copy of this suit, which they

were, he would have no further objections to my  presence in these depositions.  Under Rule 615,

he recognizes he has no evidence to present to this Court that indicates Ronaldo S. Lozano will be a

witness  Since, our conference efforts are at an **increasingly** relevant discord, the undersigned

avers that despite his best efforts other counsel and he could not resolve this dispute without Court

intervention  Defense and plaintiff attorneys are available for a conference call, if necessary, at

(956)428-7495

**Wherefore,** movants seek an immediate ruling from this Court, this relief we seek is

necessary and immediate  and if we are not permitted to attend the ongoing depositions at Adams &

Graham as direct interrogators we will suffer irreparable harm, we pray this Court grant a

Temporary Restraining Order until further injunctive relief is obtained preventing any further

depositions from taking place.

Ronaldo S. Lozano
Fed  ID 14048
TBN  12648010
360 E. Hwy. 77, Suite 1
San Benito, TX 78586-5214
(956)399-9663
(956)399-8285 FAX

**ATTORNEY-IN-CHARGE**

3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ALICE CARLSON** | § | |
| | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. B-00-071,** |
| | § | **98-0162, 98-0163, 99-070** |
| | § | |
| **CITY OF HARLINGEN, TEXAS** | § | **JURY DEMANDED** |
| | § | |
| **AND** | § | |
| | § | |
| **JIM SCHEOPNER** | § | |

## ORDER

The foregoing Motion to take Deposition permits Alice Carlson and her representative to attend depositions scheduled for May 22 & 23, 2000 at the Adams & Graham Law Offices.

**Be it remembered** that on this the 2_ day of May, 2000, the above Motion having been considered it was in all things GRANTED.

**DONE** on May _____, 2000.

_____

UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ALICE CARLSON** | § | |
| | § | |
| | § | |
| | § | |
| **V.** | § | **CIVIL  ACTION NO. B-00-071,** |
| | § | **98-0162, 98-0163, 99-070** |
| | § | |
| **CITY OF HARLINGEN, TEXAS** | § | **JURY DEMANDED** |
| | § | |
| **AND** | § | |
| | § | |
| **JIM SCHEOPNER** | § | |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

      **Be it remembered** that on this the 2_   day of May, 2000, the above Motion having been considered it was in all things GRANTED.

      **DONE** on May _____, 2000.

                                 _____

                                UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent on this 22ND day of May, 2000, to all counsel of record, *by hand delivery and fax*

*Ronaldo S. Lozano*

Ronaldo S. Lozano

Case 1:98-cv-00162   Document 51   Filed in TXSD on 05/22/2000   Page 7 of 20

UINTA OIL REFINING COMPANY, a Utah
Corporation, and Utah Cooperative
Association, a Utah Corporation, Plaintiffs,

v.

CONTINENTAL OIL COMPANY, and Texaco,
Inc., et al., Defendants.

No. C 5-62.

United States District Court D. Utah, Central
Division.

Nov. 17, 1964.

Action by oil refining company and its sole
stockholder against major oil companies for alleged
conspiracy, monopoly, and price discrimination,
wherein one of the major oil companies sought to
require an officer of an independent oil company not
a party to the action to answer certain questions at
his deposition and to produce certain documents and
motions and amended motions to quash subpoenas
duces tecum were made. The District Court,
Christensen, J., held that reasonable inquiry
concerning circumstances which might tend to prove
that damages if any sustained by plaintiffs were not
result of activity of one of defendants in violation of
antitrust laws or that only a part of the damages
resulted therefrom was permissible for discovery
purposes, and information concerning competitive
position of independent oil companies with reference
to injuries to competition, impact, and
monopolization was relevant.

Order in accordance with opinion.

[1] FEDERAL CIVIL PROCEDURE ⬤⟳1273

170Ak1273

Reasonable inquiry concerning circumstances which
might indicate that damages sustained by oil refining
company and its sole stockholder suing major oil
companies for alleged conspiracy, monopoly, and
price discrimination were not result of or only partly
resulted from violation of antitrust laws was
permissible for discovery purposes. Sherman Anti-
Trust Act, §§ 1, 2, 15 U.S.C.A. §§ 1, 2; Clayton
Act, § 2(a, d, e) as amended by Robinson-Patman
Price Discrimination Act, 15 U.S.C.A. § 13(a, d,
e); Fed.Rules Civ.Proc. rules 30(a, b), 37(a), 45(b),
28 U.S.C.A.

[2] FEDERAL CIVIL PROCEDURE ⬤⟳1273

170Ak1273

Concerning major oil companies' affirmative
defense to claim of oil refining company and its sole
stockholder based on alleged violation of Robinson-
Patman Act, information of nonparty independent oil
companies reasonably throwing light upon
contention that any discriminations by major oil
companies were result of good faith meeting of
competition was proper and relevant subject of
discovery. Clayton Act, § 2(a, d, e) as amended by
Robinson-Patman Price Discrimination Act and § 4,
15 U.S.C.A. §§ 13(a, d, e), 15; Fed.Rules
Civ.Proc. rules 26(b), 30(a, b), 37(a), 45(b), 28
U.S.C.A.

[3] FEDERAL CIVIL PROCEDURE ⬤⟳1274

170Ak1274

Major oil companies sued by oil refining company
and its sole stockholder for alleged conspiracy,
monopoly, and price discrimination were entitled to
have nonparty independent oil companies required to
produce for discovery purposes pricing data on
ground that it was relevant to defense that major oil
companies were merely meeting competition.
Sherman Anti-Trust Act, §§ 1, 2, 15 U.S.C.A. §§
1, 2; Clayton Act, § 2(a, d, e) as amended by
Robinson- Patman Price Discrimination Act, 15
U.S.C.A. § 13(a, d, e); Fed.Rules Civ.Proc. rules
26(b), 30(a, b), 37(a), 45(b), 28 U.S.C.A.

[4] FEDERAL CIVIL PROCEDURE ⬤⟳1354

170Ak1354

Arguments of independent oil companies not party
to action against major oil companies for alleged
conspiracy, monopoly, and price discrimination that
some documents sought to be subpoenaed by major
company for discovery purposes were already
available and that market, pricing, and income data
were trade secrets did not justify quashing of
subpoena insofar as it sought documents concerning
price for which independents purchased gasoline and
number and location of independents' service
stations. Sherman Anti-Trust Act, §§ 1, 2, 15
U.S.C.A. §§ 1, 2; Clayton Act, § 2(a, d, e) as
amended by Robinson- Patman Price Discrimination
Act, 15 U.S.C.A. § 13(a, d, e); Fed.Rules
Civ.Proc. rules 26(b), 30(a, b), 37(a), 45(b), 28
U.S.C.A.

[5] FEDERAL CIVIL PROCEDURE ⬤⟳1354

170Ak1354

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

Major oil companies sued for alleged conspiracy, monopoly, and price discrimination would not be permitted to obtain for discovery purposes profit and loss statements of each nonparty independent oil company and underlying data since negation of damages might be indicated significantly only from other figures and profit and income are ordinarily confidential. Sherman Anti- Trust Act, §§ 1, 2, 15 U.S.C.A. §§ 1, 2; Clayton Act, § 2(a, d, e) as amended by Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13(a, d, e); Fed.Rules Civ.Proc. rules 26(b), 30(a, b), 37(a), 45(b), 28 U.S.C.A.

[6] FEDERAL CIVIL PROCEDURE ☞1432.1
170Ak1432.1
Formerly 170Ak1432

In view of problems already existing in necessary discovery by major oil companies, sued by oil refinery and its sole stockholder for damages for alleged conspiracy, monopoly, and price discrimination, of information in hands of nonparty independent oil companies, the information discovered by deposition would not be made indiscriminately available to numerous other deponents who were not parties to any pending suit and as to whom no necessity for disclosure appeared. Sherman Anti-Trust Act, §§ 1, 2, 15 U.S.C.A. §§ 1, 2; Clayton Act, § 2(a, d, e) as amended by Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13(a, d, e); Fed.Rules Civ.Proc. rules 26(b), 30(a, b), 37(a), 45(b), 28 U.S.C.A.

[7] FEDERAL CIVIL PROCEDURE ☞1381
170Ak1381

Oil refining company's competitor which was not party to action by company and its sole stockholder for alleged conspiracy, monopoly, and price discrimination would not be permitted to attend taking of all depositions of nonparty independent oil companies nor be afforded access to all information produced through discovery without regard to protective orders although competitor was suing one of the defendants in another case. Sherman Anti-Trust Act, §§ 1, 2, 15 U.S.C.A. §§ 1, 2; Clayton Act, § 2(a, d, e) as amended by Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13(a, d, e); Fed.Rules Civ.Proc. rules 26(b), 30(a, b), 37(a), 45(b), 28 U.S.C.A.

[7] FEDERAL CIVIL PROCEDURE ☞1432.1

170Ak1432.1
Formerly 170Ak1432

Oil refining company's competitor which was not party to action by company and its sole stockholder for alleged conspiracy, monopoly, and price discrimination would not be permitted to attend taking of all depositions of nonparty independent oil companies nor be afforded access to all information produced through discovery without regard to protective orders although competitor was suing one of the defendants in another case. Sherman Anti-Trust Act, §§ 1, 2, 15 U.S.C.A. §§ 1, 2; Clayton Act, § 2(a, d, e) as amended by Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13(a, d, e); Fed.Rules Civ.Proc. rules 26(b), 30(a, b), 37(a), 45(b), 28 U.S.C.A.

*177 Daniel L. Berman, Salt Lake City, Utah, Joseph L. Alioto, San Francisco, Cal., C. E. Henderson, Donald B. Holbrook, and Wallace R. Bennett, Salt Lake City, Utah, for plaintiffs.

Dean F. Brayton, John W. Lowe, Salt Lake City, Utah, A. T. Smith, Alan I. Rothenberg, and Everett B. Clary, Los Angeles, Cal., for defendant Continental Oil Co.

Brigham E. Roberts, Salt Lake City, Utah, and George W. Jansen, Los Angeles, Cal., for defendant Texaco, Inc.

Fred L. Finlinson, Salt Lake City, Utah, for Arthur William Chipman and Chipman Oil Co.

Arthur H. Nielsen, Salt Lake City, Utah, for Richard E. Harris, James E. *178 Ashton, M. H. Robineau, and Frontier Refining Co.

Lynn S. Richards and Richard L. Bird, Jr., Salt Lake City, Utah, for Covey Oil Co., Valley Oil Co. and Herman Bruggemann.

Louis H. Callister, Sr., and Louis H. Callister, Jr., Salt Lake City, Utah, for Premium Oil Co., Quality Oil Co., and Pyramid Oil Co.

George K. Fadel, Bountiful, Utah, for Slim Olson, Inc.

Jack Wiles, pro se.

CHRISTENSEN, District Judge.

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

This is a suit for damages for alleged conspiracy and monopoly under Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1 and 2, and alleged price discrimination under Section 2(a)(d) and (e) of the Clayton Act as amended by the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13(a)(d) and (e). The plaintiffs are Uinta Oil Refining Company, which owns and operates a crude oil refinery located at Rangely, Colorado, and markets petroleum and its products in the States of Utah and Colorado, and Utah Cooperative Association, which owns all of the outstanding stock of Uinta, and is engaged in the marketing of refined petroleum and related products in Utah. The defendants are major oil companies doing business throughout the country.

The case is set for trial for early 1965. Extensive discovery [FN1] has been largely completed. The principal pretrial problem remaining relates to Continental's attempted examination of the officers of various independent oil companies, not parties to this action, which are objecting to disclosure of business information on the claim that it is privileged or confidential, or that no necessity for its disclosure has been established.

> FN1. See Uinta Oil Refining Company v. Continental Oil Company, D.C.Utah, 226 F.Supp. 495 (1964).

The problem first came to the attention of the court upon Continental's motion for an order pursuant to Rule 37(a), Fed.R.Civ.P., to require an officer of Chipman Oil Company to answer certain questions at his deposition, and to produce the documents specified in a subpoena duces tecum pursuant to Rule 45(b) Fed.R.Civ.P. At an informal hearing in chambers where the deponent, as well as the parties to the action, was represented, it was determined by the court that the necessities of the action acquired responses subject to protective provisions. Upon suggestions as to form from Continental and counsel for the deponent, the following order was entered.

'* * * Ordered, that deponent shall answer, as to matters within his knowledge, questions relating to the matters as set forth in Exhibit 'A' [FN2] attached to the subpoena duces tecum, a copy of which is attached hereto and by reference made a part hereof, and shall produce documents of Chipman Oil Company relating to the matters as set forth in said Exhibit 'A' for the period 1958 through 1963.

> FN2. In subsequent proceedings Exhibit A has been limited in scope and detail, the modified demand to be set out hereafter.

'The deposition shall recommence on November 12, 1964 at 10:00 A.M. at the office of Chipman Oil Company, 2188 Highland Drive, Salt Lake City, Utah, or at such other time or place as may be agreed upon between counsel. It is further 'ORDERED, that the testimony of and documents shall not be used by Continental Oil Company or by any other party for business or competitive purposes, including business or competitive purposes against deponent, or Chipman Oil Company or its customers, or its suppliers.'

Thereafter Quality Oil Company and Premium Oil Company moved for an extension *179 of time to produce books and records demanded in similar subpoenas in connection with the deposing of their officers; and Covey Oil Company and Valley Oil Company moved to quash subpoenas served upon their officers, as did Pyramid Oil Company.

Richard E. Harris, Esquire, a member of the Utah State Bar, represented by Arthur H. Nielsen, Esquire, (who is counsel for Frontier Oil Refining Company in its action against Continental and others pending in the other division of this court--C 160-64, Frontier Refining Company v. Continental Oil Company) moved for an order 'directing and requiring the taking of depositions * * * to be done in public so as to permit the attendance of the said Richard E. Harris, or any other member of the Bar or officer of this court, unless and until this court, on motion of either party or on motion of a witness to be interrogated, shall by order otherwise limit the persons who may attend at such depositions.'

Arguments were heard on these motions on October 12 and 13, 1964.

It was ruled on the Harris motion that attorneys for non-parties should not be excluded from the taking of depositions unless a protective order is made 'that the examination shall be held with no one present except the parties to the action and their officers or counsel', or such other restriction is imposed as may be deemed in the interest of justice or necessary to meet the practicalities of space or good order. Rule 30(b) Fed.R.Civ.P.

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

36 F.R.D. 176                                                    **Page 4**
(Cite as: 36 F.R.D. 176, *179)

The motions to quash the subpoenas duces tecum were taken under advisement by the court with the requirement that Continental make further showing by affidavit of the necessity of the demanded disclosures. Since the ruling on pending motions in principle might affect their situations, the court upon its own motion ordered that notice be sent to all unrepresented witnesses who had been served with subpoenas of the same nature, and with whom there had been no agreement, to afford them opportunity within a ten day period to present their positions by letter or memorandum. The court's previous order concerning Chipman Oil Company was vacated, so that the conclusion of that matter could abide the disposition of the other motions to quash.

Amended motions to quash the subpoenas duces tecum have been filed by Pyramid Oil Co., Quality Oil Company, Covey Oil Company, Premium Oil Company, and Valley Oil Company. James E. Ashton of Frontier, Vernon Eldredge, Jack Wiles, and officers of Slim Olson, Inc., by memoranda filed herein with the leave of court mentioned above, have asked to be allowed the benefit of any order made upon the motions of the others. Frontier also has asked that it be afforded access to all the data procured by depositions or discovery for use in another suit against the defendants irrespective of any protective orders which may be entered. Slim Olson, Inc., has created another dimension to our problems by suggesting that it would have no objection to furnishing most of the information requested by Continental if other independent companies likewise are required to furnish similar information, all of it to be made available to all of the non-party independents as well as to the parties herein.

Continental has filed a proposed modification of Exhibit 'A' attached to its subpoenas duces tecum [FN3] reading:

> FN3. The document filed October 14, 1964, states that it is a 'proposed Modification of Exhibit 'A' to Subpoena Duces Tecum served upon officers of Valley, Covey, Quality, Premium and Pyramid Oil Companies'. If the subpoena is so limited as to these, the Court can see no reason why it should not be so limited as to all those in similar circumstance seeking the benefits of the proceedings here. It therefore will be assumed that Continental's demands beyond data called for by the modification have been withdrawn.

*180  'Defendant Continental Oil Company proposes that the Exhibit 'A' to the Subpoena duces tecum served upon Valley, Covey, Quality, Premium and Pyramid Oil Company be limited to documents showing the following, for the period 1958 through 1963 for the State of Utah:

'1.  Actual purchase price of all gasoline purchased.

'2.  Actual sales price of all gasoline sold other than at retail.

'3.  Volume in gallons of gasoline sold each month segregated according to City, with separate figures for regular and premium.

'4.  Number and location of service stations owned, operated or leased.

'5.  The profit and loss statements of each company and the underlying data used to prepare these statements to determine the profitability of each company's gasoline business.'

The questions before me have last been presented in relation to motions to quash the subpoenas duces tecum. However, the same problems arose at the taking of the initial Chipman deposition in view of his refusals to answer. This decision now will guide both the conduct of the oral depositions in question and the supplying of the subpoenaed information. It should also be understood that what is said is not intended to preclude the practical arrangements proposed by Continental, upon agreement, to obtain discoverable data through an independent certified public accountant, so that the material made available to Continental would be by way of summaries of the records. These practicalities may be worked out among the persons and companies concerned within the established guidelines.

It is manifest that most of the subpoenaed data are relevant to the subject matter of this action, and particularly to the defenses of defendant Continental.

[1][2] Section 4 of the Clayton Act, 15 U.S.C.A. § 15, enables any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws to sue for damages sustained by him. Reasonable inquiry concerning circumstances which might tend to prove that the damages, if any, sustained by plaintiff were not the result of activity of the defendant Continental Oil Company violative of the antitrust laws, or that only a part of such claimed damages were, seems permissible, and information concerning the competitive position of independent oil companies with reference to injuries

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

to competition, impact and monopolization appears not irrelevant. Moreover, concerning defendants' affirmative defense to plaintiffs' claim based upon alleged violation of the Robinson-Patman Act, information from independent oil companies reasonably throwing light upon the contention that any discriminations by defendants were the result of a good faith meeting of competition is a proper and relevant subject of discovery.

I am fully mindful of the appropriate wishes of independent oil companies to keep competitive information to themselves insofar as is practical and permissible, and of their apprehensions that information disclosed by the processes of litigation might be used against them. Yet I must also be mindful of the necessity that judicial inquiry be not unduly hampered, especially if restrictions would make impossible the meaningful and lawful disposition of cases that must be tried with fairness to all parties. It would be anomalous, indeed, if the court, as it has during pre-trial conferences, should recognize the issues raised by the allegations of the amended complaint, the denials thereof, and the affirmative defenses interposed, and yet should preclude reasonable discovery from non-party witnesses as well as the parties. The Federal Rules of Civil Procedure permit the examination of 'any person' rather than merely of parties, Rule *181 30(a), and subpoenas may direct witnesses to appear with their documents, whether parties or non-parties to the litigation, Rule 45.

Apart from the point that defendant has the right to make reasonable discovery concerning the issues of the case, irrespective of whether the discovered facts would or would not be admissible (Rule 26(b) Fed.R.Civ.P.), it is unavoidable that some of the data in each category called for may be subject to offer as a matter of right at the trial. The timing of the inquiry with reference to the trial involves also proper judicial administration. If no previous discovery within reasonable limits is permitted, continuances would be necessitated for such discovery and production during the course of the trial, with all of the attendant delay and expense, and with the probability that the revelations would have even greater impact upon the independent companies.

[3] There seems at this stage little merit to the deponents' argument that no further inquiry of independent oil companies should be permitted

because Continental did not have all of the specific pricing information from independents which it seeks here while it claims to have been meeting competition in its own price adjustments, and that therefore it should be precluded from finding out in retrospect what the actual pricing facts were. It may well be that the meeting of competitive defense does not require a competitor to have actual knowledge of the identity and price of the competitor whose price is being met. Probably all that is required is that a seller show the existence of facts which would lead a reasonable and prudent person to believe that the granting of a lower price would in fact meet the equally low price of a competitor. Forster Mfg. Co. Inc. v. F. T. C., 1st Cir., 335 F.2d 47 (1964). However, it is unnecessary for me to now decide the exact dimensions and applications of this defense for, in any view, as far as discovery is concerned the pricing data sought are clearly relevant.

[4] The other arguments of the protestants, running the gamut between the suggestion that some of the requested information is already available through the defendants' market surveys or otherwise, to the rigid contention that the market, pricing and income data of non-party independents are trade secrets that under no condition should be pierced, have been carefully considered. In my opinion they do not justify the motions to quash as to categories 1 to 4 of the modified Exhibit A of the subpoenas, and justification has been shown for the discovery of documents and records concerning these categories under the conditions hereinafter indicated. See United States v. Lever Brothers Company, S.D.N.Y., 193 F.Supp. 254 (1961); Julius M. Ames Co. v. Bostitch, Inc., S.D.N.Y., 235 F.Supp. 856. The recent case of Olympic Refining Company v. Carter, 9th Cir., 332 F.2d 260 (1964), cert. den. 85 S.Ct. 186 (1964), answers these and some of the other questions raised concerning the propriety of discovery of relevant trade secrets or confidential information when necessary for the purposes of pending or other cases, so long as suitable protective orders are considered in each case.

[5] Category 5 of Exhibit A would call for records showing 'The profit and loss statements of each company and the underlying data used to prepare these statements to determine the profitability of each company's gasoline business'.

With respect to detailed income data of non-parties the necessity has not been as adequately shown, and

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

Case 1:98-cv-00162  Document 51  Filed in TXSD on 05/22/2000  Page 12 of 20

the consequences of withholding foundational records, at least until further exploration by deposition or trial, do not appear so serious. The negation of damages from any conspiracy or discrimination, or the question of monopoly might be lighted up significantly only by comprehensive figures well beyond those relating to the deponents' businesses. It has been represented *182 that figures by some of the protestants with respect to profits do not break down the relevant activities from other business, and at least one of the deponents has offered to testify generally as to the profitable nature of his relevant operations. The materiality of precise figures is questionable; [FN4] and the information to the extent necessary may be generally provided by deposition or readily provable from income tax or profit and loss statements at the trial. The matters of profit and income in the depth sought ordinarily are treated as confidential, and the ramifications of such disclosures are difficult to evaluate at this time. The foundational data sought would almost completely reveal the operational experiences of the companies and, as now appears, perhaps for other than compelling reasons.

> FN4. 'The Court: Well, now, you're going to make a qualitative or quantitative analysis of profits? In other words, if you find an aggregate profit among independents, you are going to say that because that profit is two percent or five percent * * * that that's different than if it were a little more or a little less?
> 'Mr. Lowe: Showing—in the first place, your Honor, the number of people in the business—the fact, if it's so, which we haven't found out yet one way or the other, that they are making money and selling gasoline in a volume that may exceed our own volume is relevant in the case, in the first place, to show there has been no impact. * * * The significance that I see to it, your Honor is that they haven't lost money. The amount of the profit is perhaps not so significant. * * *
> 'The Court: Well, it seems to me that that problem involved so many difficulties in balancing its value in the overall, that there would be considerable question. That's your only justification in wanting the profit and loss statement? 'Mr. Lowe: That's true, your Honor.' (October 12, 1964 hearing.)

Hence, to avoid complete audits or explorations of profit figures at least at this stage, category five in Exhibit A will be quashed, without prejudice to reasonable inquiry of witnesses on deposition as to the nature of profit records and whether relevant operations produce substantial profits or losses, and

without prejudice to a motion for re-examination should the context of developing proceedings indicate that specific figures are important or that an earlier exploration in greater depth has justification. Cf. United States v. Serta Associates, Inc., D.C.Ill., 29 F.R.D. 136 (1961).

[6] With reference to the suggestion of Slim Olson Inc., that information produced from all deponents on deposition should be made available to all other deponents, I need only observe that there are enough problems in necessary discovery in the pending case before the court, even in view of protective orders, without making the information indiscriminately available to numerous other persons and companies who are not parties to any pending suit and as to whom no necessity for the disclosure appears.

[7] Counsel for Frontier insists that, despite any protective orders entered in this case, it should have the right to attend the taking of all depositions and should be afforded access to all information produced through discovery herein. While it argues that the witnesses for the independent oil companies, including the officers of Frontier who have been subpoenaed, should not be required to produce the information sought by Continental, it says that if all, or any portion of the information sought, is relevant in this case, such information would likewise be equally relevant and should be made available in No. C 160-64, Frontier Refining Company v. Continental Oil Company, now pending before Judge Ritter. Frontier's counsel also asks that the parties defendant to this action be restrained from concealing, withdrawing, or destroying information which in the past has been produced or made available or may be in the future, so that Frontier will be assured access thereto. Texaco objects to any such order beyond the purposes of this particular *183 action, pointing out that it is not a party to the case in the other division of the court.

I have already expressed my view that evidence in one case should be available by appropriate proceedings, and after proper notice, for the purposes of other cases [FN5]. See also Olympic Refining Company v. Carter, supra. The trouble now is that Frontier, without an order or stipulation for consolidation or any opportunity for the court having responsibility for its case to consider what protective provisions it would wish to apply as to it, would accomplish unified fragmentary discovery without notice to the other independents concerned.

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

FN5. 'The Court: [W]e should avoid duplicative effort; merely because a case is in one division and one in the other it would be most unfortunate in my judgment if any mechanism should obstruct at all discovery in either case, and joint discovery so far as it can be worked out either by order or by stipulation. * * * They (Continental) will have to respond, of course, to any direction that Judge Ritter makes as far as Continental's interest is concerned. * * * Any protective order, it may be understood as far as Continental is concerned, certainly isn't intended to bind the other division of the court. I am concerned with knowing, when I make a protective order for the protection of third parties, that there isn't a disclosure of that information to the prejudice of third parties, without proper consideration being given to them and an opportunity for the court to rule upon the matter.' (October 13, 1964 hearing.)

Manifestly, Frontier will be represented at the examination of its own officers and has no further direct interest in the case before me, and if an order is made protecting the confidentiality of information furnished by other witnesses, it should be precluded over the objection of these other witnesses from violating such confidentiality without in some appropriate manner bringing them into the other case as witnesses. It would be presumptuous, if not improper, for me to say that everything produced here should be made available to Frontier for use there under protective provisions applied for the purposes of that case by me. Moreover, it would be inappropriate for me to assume to preclude the other division from making such orders in the case before it as may be deemed appropriate, including protective provisions upon notice to those who have been assured that, absent notice and opportunity to be heard, the matters I am requiring them to produce will not be used over their objection for purposes other than the case before me.

On similar principle, it would be improper to tell Texaco in this case that it may not, upon the conclusion of this case, under any condition, withdraw or withhold confidential information furnished in this case merely because the company, not a party here, may wish to discover the same information in a case in which Texaco is not a party, particularly in view of protective orders entered heretofore in connection with compelled discovery against Texaco. However, the other division of the court has full authority over the case before it, both as to Texaco officers as witnesses and over

Continental as a party. Suffice it for me to direct that any information produced as a result of discovery in the case before me shall not be destroyed or otherwise placed beyond the control of any party now possessed of it, to the end that as long as this case is pending it will be subject to all appropriate orders and directions of any competent court. To accomplish something further in the particular case before me would require a formal order of consolidation, which I am not inclined to consider at this time, or a stipulation on the part of the parties to the respective actions that discovery in one case could be used in both—a stipulation that I have been told is under consideration, but which I cannot compel.

*184 In view of the foregoing considerations and for the foregoing reasons it is hereby ordered:

1. That the motions to strike the subpoenas duces tecum as to paragraph 5 of modified Exhibit A be granted without prejudice as above indicated.

2. That the motions as to all other categories of modified Exhibit A be, and they are, hereby denied.

3. That inquiries and depositions may reasonably proceed, and that answers shall be responsive within the general areas which have been indicated by the court, in harmony with this memorandum. That in the interest of expedition, and to encourage responsible demands and responses, the court will not entertain any further general motions or arguments on the matters covered by this opinion in the absence of compelling reasons, but will remand the parties and witnesses in the event objections are made to questions on deposition, or production under subpoenas, to the remedies provided in Rules 37(a) and 45(f) Fed.R.Civ.P. Costs and attorneys fees on the present motions and applications will not be allowed.

4. Any documents, books, records and accounts furnished or produced by the witnesses on said pending subpoenas or depositions in this case shall be delivered or made available only to counsel for the parties hereto, or an independent certified public accountant designated by them, and shall be used solely for the purposes of the above entitled case, unless, after notice to or with the consent of the witness and the company he represents, the court otherwise orders. Any summaries or notes prepared by counsel or the independent certified public

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

accountants shall be furnished only to counsel or to personnel of the parties, shall be so furnished only to the extent essential to the preparation of the case, and notice shall be filed of the names of those furnished such summaries or notes. None of the said material, summaries, depositions or transcripts of depositions shall be used for business or competitive purposes, including business or competitive purposes against the witness or the company he represents or its suppliers. Nothing contained herein shall limit access to material or information actually received in evidence at the trial, subject to such protective orders as the court may make at that time, nor shall it prevent the voluntary furnishing of information to others by the witnesses.

5. The examination of said witnesses on deposition, unless the court otherwise orders, shall be held with no one present except the reporter, the witness and such counsel or representatives of the witness as he may desire to be present, counsel for the parties and not more than one officer or other representative of each party, unless the witness consents that other persons may be present, in which latter event such other person or persons may be present.

6. Any documents, answers to interrogatories, and transcripts of depositions subject to this order shall upon being filed with the clerk of this court be retained under seal by said clerk, and shall not be made available to anyone other than the persons authorized hereby to have access to them, except upon order of a judge of this court after notice to, and opportunity to be heard by, the witness in question.

7. In making this order the court does not assume to rule with finality that any specific document, item or deposition actually constitutes or contains confidential information; and nothing herein shall prevent any party hereto or any witness affected from applying to the court for such relief from this order or such further or additional protective order as to the court may seem appropriate.

8. The parties, their counsel, accountants or other representatives, and all other persons afforded access hereto, are hereby enjoined from utilizing said documents, books and records, data, depositions and transcripts thus produced *185 other than for the purposes of the trial of this action, unless and until, and to the extent that the same are received as evidence in open court without restriction, or unless a judge of this court, with reference to the purposes of this or another case upon notice otherwise orders. Upon the stipulation by the parties to this and any other case pending in this court that discovery in each case shall be available for purposes of the other, the material may be used for the purposes of both cases, subject to the other restrictions herein provided.

9. This order shall have reference only to the depositions of and subpoenas to officers and agents of non-party oil companies in proceedings now pending, unless hereafter extended by the court to cover other witnesses.

END OF DOCUMENT

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

Case 1:98-cv-00162   Document 51   Filed in TXSD on 05/22/2000   Page 15 of 20

In re ONE MOORE FORD, INC.
Richard COX, Trustee, Plaintiff,
v.
FORD MOTOR CREDIT COMPANY and Ford
Motor Company, Defendants.

Bankruptcy No. 91-40078 S.
No. AP 92-4054.

United States Bankruptcy Court,
E.D. Arkansas,

Little Rock Division.

Oct. 7, 1992.

Chapter 7 trustee filed adversary proceeding against lenders to recover alleged preferential and fraudulent transfers. Trustee filed motion to compel discovery. One lender filed motion for protective order. The Bankruptcy Court, Mary D. Scott, J., held that: (1) employees of another lender were "witnesses" subject to exclusion under Federal Evidence Rule on exclusion of witnesses; (2) trustee made insufficient showing that it was essential that employees attend depositions as persons essential to preparation of case and therefore that employees would fall within exception of general exclusion of witnesses; and (3) production of lender's operation manuals would not be relevant or lead to discovery of relevant evidence, and thus protective order would be granted.

Trustee's motion denied; lender's motion granted.

[1] FEDERAL CIVIL PROCEDURE ⬳1341

170Ak1341
Rule regarding sequestration of witnesses is applicable in depositions. Fed.Rules Evid.Rule 615, 28 U.S.C.A.

[2] FEDERAL CIVIL PROCEDURE ⬳1341
170Ak1341
Nonparty witnesses generally permitted to attend trial and depositions are those in nature of experts hired for purposes of assisting counsel and giving opinion evidence. Fed.Rules Evid.Rule 615, 28 U.S.C.A.

[2] FEDERAL CIVIL PROCEDURE ⬳1951

170Ak1951
Nonparty witnesses generally permitted to attend trial and depositions are those in nature of experts hired for purposes of assisting counsel and giving opinion evidence. Fed.Rules Evid.Rule 615, 28 U.S.C.A.

[3] FEDERAL CIVIL PROCEDURE ⬳1341
170Ak1341
Experts are not the only witnesses that fall within provision of rule allowing person to be present during discovery and fact-finding process when person's presence is shown by party to be essential to presentation of party's cause; rather, experts are simply the type of witnesses most often excepted from sequestration. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

[4] FEDERAL CIVIL PROCEDURE ⬳1951
170Ak1951
Mere fact that trial counsel has not determined which persons will be called to testify at trial, that certain persons have not been told they are witnesses, or that those persons have not been listed in formal witness list submitted to court does not mean that those persons are not "witnesses," within the meaning of rule providing that, at request of party, court shall order "witnesses" excluded so that they cannot hear testimony of other witnesses, except under certain circumstances. Fed.Rules Evid.Rule 615, 28 U.S.C.A.
See publication Words and Phrases for other judicial constructions and definitions.

[5] FEDERAL CIVIL PROCEDURE ⬳1951
170Ak1951
In Chapter 7 trustee's adversary proceeding against lender to recover alleged preferences and fraudulent transfers, another lender's employees were subject to exclusion at depositions pursuant to federal rule on exclusion of "witnesses," even though trustee had not yet decided which persons would be called to testify at trial, employees had not been told that they were witnesses, and employees had not been listed in formal witness list, where other lender had manifested great interest in proceedings, and its employees had knowledge of facts of case. Fed.Rules Evid.Rule 615, 28 U.S.C.A.

[6] FEDERAL CIVIL PROCEDURE ⬳1951
170Ak1951
Provision of rule permitting party who is natural

Case 1:98-cv-00162  Document 51  Filed in TXSD on 05/22/2000  Page 16 of 20
NO. 899    004

person to attend trial does not permit designation of others to attend in that person's place. Fed.Rules Evid.Rule 615(1), 28 U.S.C.A.

**[7] FEDERAL CIVIL PROCEDURE ☞1951**
170Ak1951
Party which is not a natural person may designate officer or employee to attend trial or deposition on its behalf. Fed.Rules Evid.Rule 615(2), 28 U.S.C.A.

**[8] FEDERAL CIVIL PROCEDURE ☞1951**
170Ak1951
In adversary proceeding brought by Chapter 7 trustee against lender to recover alleged preferences and fraudulent transfers, neither trustee nor another lender could designate any person to attend deposition on other lender's behalf, where other lender was not party to adversary proceeding. Fed.Rules Evid.Rule 615(2), 28 U.S.C.A.

**[9] FEDERAL CIVIL PROCEDURE ☞1341**
170Ak1341
Burden of demonstrating that witnesses are essential to preparation of case, and thus that witnesses may not be excluded from trial or deposition, is upon party seeking to invoke exception to exclusion of witnesses. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

**[9] FEDERAL CIVIL PROCEDURE ☞1951**
170Ak1951
Burden of demonstrating that witnesses are essential to preparation of case, and thus that witnesses may not be excluded from trial or deposition, is upon party seeking to invoke exception to exclusion of witnesses. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

**[10] FEDERAL CIVIL PROCEDURE ☞1951**
170Ak1951
In order to invoke exception under rule on exclusion of witnesses, and thus allow presence of witness who is essential to preparation of case, opponent must show that trial counsel needs attendance to effectively function during trial or during deposition. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

**[11] FEDERAL CIVIL PROCEDURE ☞1341**
170Ak1341
In determining whether witness' presence is essential to preparation of case, and thus whether witness' presence will be permissible, court should

examine whether permitting witnesses to attend trial or deposition would be contrary to purpose of rule, in other words, whether it would allow witness to shape his testimony or directly refute or corroborate other witnesses' testimony. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

**[11] FEDERAL CIVIL PROCEDURE ☞1951**
170Ak1951
In determining whether witness' presence is essential to preparation of case, and thus whether witness' presence will be permissible, court should examine whether permitting witnesses to attend trial or deposition would be contrary to purpose of rule, in other words, whether it would allow witness to shape his testimony or directly refute or corroborate other witnesses' testimony. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

**[12] FEDERAL CIVIL PROCEDURE ☞1341**
170Ak1341
In deciding whether to permit presence of witness during trial or deposition, only those witnesses whose presence is necessary in order for attorney to effectively prepare and conduct deposition or trial, as opposed to those witnesses whose testimony may be essential to proving case, fall within provision of rule permitting attendance by persons whose presence is shown to be essential to presentation of cause. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

**[12] FEDERAL CIVIL PROCEDURE ☞1951**
170Ak1951
In deciding whether to permit presence of witness during trial or deposition, only those witnesses whose presence is necessary in order for attorney to effectively prepare and conduct deposition or trial, as opposed to those witnesses whose testimony may be essential to proving case, fall within provision of rule permitting attendance by persons whose presence is shown to be essential to presentation of cause. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

**[13] FEDERAL CIVIL PROCEDURE ☞1341**
170Ak1341
Chapter 7 trustee made insufficient showing that it was essential that any employees of bank attend deposition as persons essential to preparation of case against another lender, to which debtor had allegedly made preferential and fraudulent transfers, and therefore bank employees would be excluded from deposition, where trustee merely asserted that bank employees' presence was necessary given their

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

knowledge of way in which debtors financed vehicles with lender, use of sight drafts to collect funds, and operations of lender's case management accounts. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

## [14] BANKRUPTCY ☞2702.1
51k2702.1
Formerly 51k2702
Causes of action to recover alleged preferential and fraudulent transfers belong solely to trustee, and may not be brought by creditor, even an interested creditor.

## [15] BANKRUPTCY ☞3200
51k3200
If trustee has surrendered plaintiff status to creditor, payment of counsel's fee by estate may be denied because of conflict of interest, and court may direct that any fees already paid to counsel be disgorged.

## [16] ATTORNEY AND CLIENT ☞32(7)
45k32(7)
Absent order to contrary, nothing in federal civil, evidentiary, or ethical rules prevents either bankruptcy trustee or his counsel from discussing case with third persons.

## [16] BANKRUPTCY ☞3008.1
51k3008.1
Formerly 51k3008
Absent order to contrary, nothing in federal civil, evidentiary, or ethical rules prevents either bankruptcy trustee or his counsel from discussing case with third persons.

## [17] BANKRUPTCY ☞3029.1
51k3029.1
Formerly 51k3029
If nature of alleged preferential and fraudulent transactions is so complex that trustee and his counsel need expert advice, trustee can seek to hire disinterested expert of his choosing.

## [18] FEDERAL CIVIL PROCEDURE ☞1951
170Ak1951
In adversary proceeding brought by Chapter 7 trustee against lender to recover alleged preferential and fraudulent transfers, any employee of another lender was not appropriate person to be excepted from witness sequestration rule, where employees were fact witness in case, and other lender had interests that were admittedly adverse to defendant lender. Fed.Rules Evid.Rule 615(3), 28 U.S.C.A.

## [19] FEDERAL CIVIL PROCEDURE ☞1341
170Ak1341
Even if witness sequestration rule was inapplicable to depositions in adversary proceeding brought by Chapter 7 trustee against lender to recover alleged preferential and fraudulent transfers, lender demonstrated cause for excluding personnel of another lender from depositions, where interests between lender and other lender were adverse. Fed.Rules Evid.Rule 615, 28 U.S.C.A.

## [20] WITNESSES ☞196.4
410k196.4
Formerly 157k196
There is no specific trade secret privilege.

## [21] FEDERAL CIVIL PROCEDURE ☞1617
170Ak1617
In adversary proceeding brought by Chapter 7 trustee against lender to recover alleged preferential and fraudulent transfers, trustee failed to show that lender's operation manuals were relevant or likely to lead to discovery of admissible evidence, and therefore lender would be granted protective order from production of those manuals, where that lender had not raised affirmative defense of ordinary course of business exception to avoidance of preferential transfers, and trustee merely asserted that manuals were relevant to ordinary course of business defense. Bankr.Code, 11 U.S.C.A. § 547(c)(2), 11 U.S.C.A.

*802 Herbert C. Rule, Little Rock, Ark., for trustee.

Richard Cox, Hot Springs, Ark., trustee.

Griffin Smith, Little Rock, Ark., for defendant Ford Motor Credit Co.

Charles Schlumberger, Little Rock, Ark., for Ford Motor Co.

ORDER DENYING MOTION TO COMPEL
DISCOVERY
AND
ORDER GRANTING MOTION FOR
PROTECTIVE ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

Case 1:98-cv-00162 Document 51 Filed in TXSD on 05/22/2000 Page 18 of 20

146 B.R. 800
(Cite as: 146 B.R. 800, *802)

plaintiff's Motion to Compel discovery filed on August 26, 1992, and the defendant Ford Motor Credit Company's Motion for Protective Order filed on August 24, 1992. The complaint in this matter was filed on April 30, 1992, by the trustee seeking recovery of alleged preferences and fraudulent transfers. Hearing on the motions was held on September 10, 1992.

The Motion for Protective Order, filed by Ford Motor Credit Company ("Ford Credit"), requests that two discovery tactics be prohibited. First, Ford Credit asks that representatives of a non-party, Twin City Bank ("the Bank"), be excluded from depositions. Ford Credit does not assert that the trustee may not attend the depositions, but requests that the "designated representatives," not be permitted to attend. Secondly, Ford Credit requests that plaintiff not be permitted to copy Ford Credit's procedure manuals. In a later brief, and at the hearing held on September 10, 1992, Ford Credit stated that it would permit inspection and copying of the policy manuals if the manuals were protected from disclosure. Specifically, Ford Credit requests that only the trustee as the named *803 plaintiff and his attorneys be permitted access to the manuals, and that disclosure to the Bank be prohibited. The trustee's Motion to Compel requests that he or his "designated representatives" be permitted to attend the deposition on the grounds that they are essential to the preparation of his case.

### A. Attendance of the "Designated Representatives" at Depositions

The trustee in bankruptcy has signed a letter indicating that he designated four persons to attend depositions in his stead. The trustee testified that he has no intentions of attending the depositions, but would probably attend the trial. The designated representatives are all employees of the Bank. It appears that the trustee wishes a relay team of the Bank's officers and employees to assist the attorney in conducting the depositions.

The trustee essentially asserts three arguments for attendance by his team of "designated representatives" at the depositions. First, trustee flatly asserts that he is entitled to have representatives appear for him at the depositions of the defendants. Second, the trustee argues that the representatives may not be excluded because they have not been named as witnesses in this

proceeding. Paradoxically, the trustee also asserts that the designated representatives are essential to the preparation of his case because of their knowledge of the facts, citing Rule 615(3), Federal Rules of Evidence.

[1] Rule 615, Federal Rules of Evidence [FN1] provides as follows:

> FN1. Rule 615 is applicable in depositions. Marks v. Powell, 135 B.R. 344 (Bankr.E.D.Ark.1991).

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order on its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.

[2][3] Rule 615 sets forth a general rule under which trials and depositions should be conducted. The rule was established for the specific purpose of protecting the integrity of the discovery and fact-finding process. The exceptions permit the parties to attend virtually all stages of this process pursuant to concepts of fundamental fairness. See Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). The exceptions also permit other persons for very limited purposes. Non-party witnesses generally permitted to attend trials and depositions are those in the nature of experts hired for the purpose of assisting counsel and giving opinion evidence. See, e.g., United States v. Connors, 894 F.2d 987, 991 (8th Cir.1990). Indeed, in the case of expert witnesses it is often essential that the expert be present during trial in order to effectively testify. See id. [FN2]

> FN2. Of course, experts are not the only witnesses to whom Rule 615(3) may be applied; they are simply the type of witnesses most often excepted from sequestration.

The trustee argues that depositions, like trials, are public proceedings such that non-witnesses may not be excluded. At the hearing, the trustee testified that it was "unknown" whether the Bank employees would be called as witnesses. The trustee's response to the motion to compel asserts that he "has not

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

146 B.R. 800
(Cite as: 146 B.R. 800, *803)

determined who will testify on his behalf." However, from the testimony of all parties, it is clear that the Bank is interested in this proceeding and some of the officers and employees have knowledge of the facts. Indeed, the trustee's motion asserted their knowledge of the facts:

> The Twin City Bank is familiar with the operations and financial affairs of Debtors and the Defendants by reason of its pre-petition and post-petition financing.

Motion to Compel Discovery and Brief at 1. Ford Credit also stated in its motion for protective order that at least one of the named representatives is a fact witness in *804 the case whom it intends to call as a witness.

[4][5] The mere fact that trial counsel has not determined which persons will be called to testify at trial, that the Bank employees have not been told they are witnesses, or that the employees have not been listed in a formal witness list submitted to the Court does not mean that these persons are not "witnesses" within the meaning of Rule 615. The failure to "decide" that Bank officials are witnesses in this case, does not negate the fact that the Bank officials are fact witnesses. Twin City Bank has manifested a great interest in the proceedings and its employees have knowledge of the facts of this case such that its employees are subject to exclusion under Rule 615 at the depositions in this case.

[6][7][8] The question for the Court thus becomes whether any of the three exceptions permit attendance of Bank employees at the deposition. The employees are not excepted from exclusion under the plain meaning of sentences (1) and (2) of Rule 615. Rule 615(1) permits the party who is a natural person to attend trial. Thus, the trustee, is permitted to attend. No construction of the rule permits a designation of others to attend in his place. The plain meaning of Rule 615(2) is that a party which is not a natural person may designate an officer or employee to attend trial (or deposition) on its behalf. Since the Bank is not a party, neither the trustee nor the bank may designate any person to attend on the Bank's behalf.

The trustee's final argument is that the Bank officers and employees are essential to the preparation of his case. At the hearing, the trustee expressly declined to take the position that the Bank employees were expert witnesses: they were essential to the case because of their "knowledge of the way in which debtors financed vehicles with Ford Motor Credit, the use of sight drafts to collect funds, the operations of Ford Motor Credit cash management accounts."

[9][10][11] The burden of demonstrating that witnesses are essential to the preparation of a case is upon the party seeking to invoke the exception to the exclusion. Government of the Virgin Islands v. Edinborough, 625 F.2d 472, 475 (3d Cir.1980). Thus, it is for the trustee to demonstrate that the witnesses are essential to the preparation of his case. In order to invoke the exception, the proponent need show that trial counsel needs the attendance to effectively function during trial, or, in this instance, during the deposition. See United States v. Burger, 773 F.Supp. 1430, 1440 (D.Kan.1991). Further, the Court should examine whether permitting the witnesses to attend the trial or deposition would be contrary to the purpose of the rule: i.e., would it allow the witness to shape his testimony or directly refute or corroborate witnesses' testimony. See id.

The trustee asserts that the Bank's employees presence is necessary given their
> knowledge of the way in which debtors financed vehicles with Ford Motor Credit, the use of sight drafts to collect funds, the operations of Ford Motor Credit case management accounts which are complex and difficult to understand.

Motion to Compel Discovery and Brief at 2.

[12][13][14][15] In this instance, the trustee seeks to have several persons who have general knowledge of some of the transactions and some expertise regarding the type of transactions present during the depositions. In deciding this issue, the Court makes the distinction between witnesses whose testimony may be essential to proving a case, and witnesses whose presence is necessary in order for the attorney to effectively prepare and conduct the deposition or trial. Only the latter witnesses fall within the exception of Rule 615(3). In this case, while it may be necessary for the trustee's case that these persons testify at trial, there is insufficient showing that it is essential that any of these Bank employees attend the deposition as persons essential to the preparation of the case. Rather, the evidence before the Court is that the trustee is not particularly interested in the case and is merely deferring the conduct of the *805 litigation to the Bank. [FN3]

FN3. Currently, the attorney for the trustee is even

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works

being paid by Twin City Bank. There is a significant question in this case as to who is directing the litigation. From the testimony at the hearing, it appears to the Court that the trustee has little real interest in the case and that the creditor, Twin City Bank, may in fact be directing this litigation. The trustee testified that he relied on the Bank in filing the lawsuit, and it appears that he continues to rely upon them in the conduct of the litigation to the extent of designating them to attend the depositions in his stead.

The causes of action being asserted in this adversary proceeding belong solely to the trustee; they may not be brought by a creditor, albeit an interested creditor. In this instance, the testimony and conduct of the trustee and his witness indicate that the trustee may have abdicated this statutory role in favor of the Bank. Inasmuch as such an alteration has not been presented to the Court in any motion to proceed ex rel the trustee, any surrender of plaintiff status to a creditor raises concerns regarding the propriety of the conduct of the action and the role of the attorney in this litigation. These issues can and often do surface during contested hearings on fee applications. Payment by the estate may be denied because of a conflict of interest. In re Wilde Horse Enterprises, Inc., 136 B.R. 830, 843 (Bankr.C.D.Cal.1991). Further, the Court may direct that any fees already paid to counsel be disgorged. See id.

In presentation of its motion, the trustee made no showing of why the particular persons were necessary: the relay team in toto was presented as the essential person. There was no showing of particular knowledge or expertise of any of the four persons designated as representatives. The trustee merely asserted that some employees and officers have knowledge of transactions and other facts relating to the debtor and perhaps to this particular case. There was also testimony that some of the transactions were complex financial matters with respect to which the trustee was unfamiliar, although the members of the relay team were expressly not going to be called as expert witnesses.

In this case, the trustee is essentially arguing that since these persons have knowledge of the facts, some of them complex, they should be permitted to assist trial counsel at the deposition. The problem with this argument is that it expands the exception to overwhelm the rule: virtually any important fact witness would be very helpful to trial counsel during deposition and trial. The fact that the Bank's employees may have extensive knowledge of some of the facts and procedures does not take them out of

the realm of being an important witness for testimony purposes and convert them into "essential to the preparation of the case." To permit fact witnesses to act in this manner would defeat the rule granting the right to sequestration. [FN4]

FN4. Even were the Court to permit an employee of the Bank to attend the depositions, there has been no showing that a four-member team is appropriate. Were the Bank proceeding as party plaintiff in this case, ex rel the trustee, a four-member relay team operating as the designated representative of the Bank would appear to be inappropriate. Cf. Marks v. Powell, 135 B.R. 344 (Bankr.E.D.Ark.1991).

[16] The Court recognizes that the trustee's position is somewhat different in that he, at first, approaches all matters relating to the debtor and its transactions as a stranger. Accordingly, the trustee does need to discuss matters with witnesses and perhaps may need to obtain expert assistance. Absent an order to the contrary, nothing in the federal civil, evidentiary, or ethical rules prevents either the trustee or his counsel from discussing the case with third persons. Indeed, it may be prudent to do so. This does not mean, however, that the exception to Rule 615 should be expanded. While the trustee may at first be unfamiliar with the transactions, he has a statutory duty to become familiar with the debtor's transactions. In the instant case, the testimony, the actions, and demeanor of the witnesses demonstrated that the trustee has made little to no effort to closely examine and master the particular transactions at issue. He appears to have left such duties to the creditor, Twin City Bank. Inasmuch as the trustee has made little, if any, effort to actually master the situation, much less this particular litigation, the Court cannot find that the transactions are truly so complex that he needs assistance or that the attendance of the Bank's employees is essential to the preparation of his case.

*806 [17][18] If, indeed, the nature of the transactions is so complex that trustee and his counsel need expert advice, the trustee can seek permission to hire a disinterested expert of his choosing. The Court finds that any employee of the Bank, who is a fact witness in the case and employed by an entity whose interests are admittedly adverse to the defendants, is not an appropriate person to be excepted from the sequestration rule.

Copr. © West 2000 No Claim to Orig. U.S. Govt. Works