IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 10 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTURO GUILLERMO SALINAS AND ELISA HERNANDEZ HERRERA SALINAS | § § § § | |
| V. | § § | |
| CITY OF HARLINGEN, TEXAS | § § | CIVIL ACTION NO. B-98-162 |
| AND | § § | JURY DEMANDED |
| R.D. MOORE AND JIM SHOEPNER | § § | |
| and | § § | |
| GILBERTO M. RODRIGUEZ, INDIVIDUALLY AND ON BEHALF OF HIS MINOR DAUGHTER, MEGAN SUZANNE RODRIGUEZ, AND STEPHEN L. WILLIAMS AND WIFE, ROBYN S. WILLIAMS, SURVIVING BENEFICIARIES OF THE DECEASED | § § § § § § § § | |
| V. | § § | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN, TEXAS | § § | |
| AND R.D. MOORE AND JIM SHOEPNER | § § § | |
| and | § § | |
| RAUL RODRIGUEZ | § § | |
| V. | § § | CIVIL ACTION NO. C-099-070 |
| CITY OF HARLINGEN, R.D. MOORE AND JIM SHEOPNER | § § § | |

**INTERVENORS' MOTION TO INTERVENE
AND MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**

## A. Introduction

1. Intervenors Samuel Montemayor, Heron L. Vidales, Robert Rodriguez, Jesus R. Villanueva, Pedro Vela and Alberto R. Garcia file this motion to intervene as Intervenor-Plaintiffs, as authorized by Federal Rule of Civil Procedure 24.

2. Intervenor-Plaintiffs sued Defendants pursuant to 42 U.S.C. §1983 which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws.

## B. Jurisdiction

3. 42 U.S.C. §1983 and 42 U.S.C. §1988 provide jurisdiction over Intervenor Plaintiffs constitutional claims for redress, which are conferred on this Honorable Court by 28 U.S.C. 1343(a)(3). Federal question jurisdiction is conferred on this Honorable Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States. This Honorable Court has pendant jurisdiction over all claims asserted under the laws of the State of Texas pursuant to 28 U.S.C. §1367(a).

## C. Argument

4. The Court should grant Intervenors' motion to intervene because Intervenors have the right to intervene in this lawsuit under 42 U.S.C. 1983 which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws.

5. The Court should grant Intervenors' motion to intervene because Interenors' claim and the lawsuit have a common question of law or fact. Intervenors' claims and the

claims in the existing lawsuit arise from a shooting incident on July 7, 1998 involving law enforcement officers and the son of a City of Harlingen Police Department detective.

6. The granting of Intervenors' motion will not result in undue delay because the Defendants are already aware of the claims of the Intervenors and such claims will not cause surprise.

7. The granting of Intervenors' motion will not prejudice the parties because the intervenors' claims and the claims of Plaintiffs can be prosecuted and discovery conducted in similar fashion since the claims arise from the same incident. As above, Defendants are already aware of Intervenors' claims.

8. Intervenors' motion is timely in that the suit has only progressed to the initial discovery stages.

9. The Complaint in Intervention is filed contemporaneously with this motion.

10. For the above reasons, Intervenors Samuel Montemayor, Heron L. Vidales, Robert Rodriguez, Jesus R. Villanueva, Pedro Vela and Alberto R. Garcia ask the Court to grant their Motion to Intervene as Intervenor Plaintiffs, and for such other and further relief, at law or in equity, to which they are justly entitled.

Respectfully submitted,

O'NEILL & BALEGA, P.C.
490 Renaissance Plaza
70 N.E. Loop 410
San Antonio, Texas 78216
Telephone: (210) 344-4455
Facsimile: (210) 344-4902

By: _____
SEAN F. O'NEILL
State Bar No. 15288150

ATTORNEY-IN-CHARGE FOR
INTERVENOR PLAINTIFFS, Samuel
Montemayor, Heron L. Vidales, Robert
Rodriguez, Jesus R. Villanueva, Pedro
Vela and Alberto R. Garcia

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copying of the foregoing has been sent by certified mail, return receipt requested mail on this the ____ day of July, 2000.

Broadus A. Spivey
Spivey & Ainsworth, P.C.
48 East Avenue
Austin, Texas 78701

Michael Greenberg
Law Offices of Richard Pena
Barton Oaks Plaza
901 Mopac, Suite 325
Austin, Texas 78746.

Sonia Lopez
Law Offices of Ramon Garcia,
222 West University Drive
Edinburg, Texas 78539

Tom Lockhart
Adams & Graham, L.L.P.
222 East Van Buren
West Tower
Harlingen, Texas 78550

Walter J. Passmore
Passmore, Walker & Twenhafel, L.L.P.
2424 North 10th, Suite 200
McAllen, Texas 78502

_____
SEAN F. O'NEILL

## CERTIFICATE OF CONFERENCE

      This is to certify that I, Sean F. O'Neill, attorney for Intervenors in the above referenced cause have spoken with Broadus Spivey, attorney in charge for Plaintiffs and he is not opposed to Intervenors' Motion to Intervene and the filing of the above Complaint in Intervention. I have attempted to speak with Sonia Lopez, Law Offices of Ramon Garcia, attorneys for Plaintiff Raul Rodriguez and Tom Lockhart, attorney in charge for Defendants and the above counsel were not available to discuss Intervenors' Motion to Intervene and the filing of the above Complaint in Intervention. I will continue to attempt contact with Ms. Lopez and Mr. Lockhart and amend this Certificate of Conference accordingly once I have ascertained their approval or opposition.

_____
SEAN F. O'NEILL