64

United States District Court
Southern District of Texas
FILED

JUL 3 1 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, TEXAS, ET AL | { | JURY DEMANDED |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, ET AL | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, ET AL | { | |

DEFENDANTS' REPLY TO INTERVENORS' MOTION TO INTERVENE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants CITY OF HARLINGEN, R.D. MOORE and JIM SCHEOPNER and file this their **DEFENDANTS' REPLY TO INTERVENORS' MOTION TO INTERVENE** and would show the Court as follows:

I.

Intervenors seek leave for a permissive intervention in a civil rights suit that has been pending almost twenty (20) months. Intervenors seek to raise federal civil rights claims and state tort claims against Defendants Scheopner, Moore and City of Harlingen.

## II. ISSUES PRESENTED

1. Is Intervenors' complaint timely under Fed.R.Civ.P. 24(a)?

2. Whether other court should exercise its discretion to deny intervention under Fed.R.Civ.P. 24(b)(2) or sever it into a separate cause.

## III. FACTUAL BACKGROUND

Plaintiffs Salinas and Rodriguez filed this consolidated action in November, 1998. The events arise out of a shooting on July 7, 1998. The filing of this lawsuit, as well as this Court's rulings on dispositive motions, have been the subject of extensive newspaper and tv coverage throughout South Texas.

Well before Intervenors sought leave to intervene, this Court ruled on disposition motions under Fed.R.Civ.P. 12(b)(6). Among other things, this Court sustained the pleas of qualified immunity asserted by Scheopner and Moore, dismissing the federal claims against them. All Plaintiffs have stipulated to dismiss the remaining claims against Defendants Moore and Scheopner individually.

After the Court's rulings there has been considerable discovery. The remaining Defendant, the City of Harlingen, has filed a substantial and thorough Motion for Summary Judgment which, if granted, will dispose of the remaining claims.

## IV. ARGUMENTS AND AUTHORITIES

Federal Rule 24(a) requires the intervention be timely. This requires the Court to consider (1) length of time Intervenors knew or should have known of their interest in the case, (2) any prejudice to the existing parties for delay, (3) prejudice to intervenors if leave is denied, and (4) any other unusual circumstances. *Ruiz v. Estelle*, 161 F.3d 814, 827 (5th Cir. 1998), *cert. denied*, 526 U.S. 1158 (1999). The determination of timeliness is addressed to the trial court's discretion.

*Ruiz*, 161 F.3d at 827; *Save R Springs Alliance, Inc. v. Babbitt*, 115 F.3d 346, 347 (5th Cir. 1987).

Intervenors urge only a *permissive* intervention under Rule 24(b)(2). Therefore, to be eligible for consideration, they must prove (1) this Court has jurisdiction of their claims, (2) their intervention is timely, and (3) they assert a claim with a common issue of law or fact with the other parties. *EEOC v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998); *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Whether to grant a Rule 24(b)(2) intervention is entirely discretionary; even if all the elements are satisfied, this Court still may decline to grant leave. *EEOC*, 146 F.3d at 1048; *Donnelly*, 159 F.3d at 412.

The Intervenors' complaint is not timely for three reasons. First, Intervenors' complaint seeks relief against Scheopner and Moore individually. This Court has dismissed all federal claims against them and has pending a Joint Motion to Dismiss that will dispose of all remaining state law claims against them. Therefore, granting leave will only retain them in a lawsuit from which they were about to be dismissed.

Second, Intervenors have no excuse for their delay, especially when it comes at a critical point in this suit. The media has published both the origianl filing and the major rulings. Because the Intervenors are employed by the Cameron County Sheriff, they certainly would have known when the suit was filed and of its progress.

Third, the prejudice to Harlingen is obvious. It has filed a dispositive motion for summary judgment; intervention will delay resolution. Intervenors will seek a delay to obtain evidence to oppose it. They will claim under Fed.R.Civ.P. 32(a) the earlier depositions are not admissible against them. This will require the parties redepose Moore, Scheopner and critical eye-witnesses.

*Compare, Save Our Springs Alliance, Inc.*, 115 F.3d at 347. There, a non-profit corporation brought an environmental lawsuit concerning the removal of the salamander from the endangered species list for the Barton Springs area. Both sides filed motions for summary judgment; on the eve of the briefing deadlines, the State of Texas sought leave to intervene, which was denied. The 5th Circuit found the State's delay of three months after it learned of a need to intervene was "untimely" because it would interrupt the summary judgment briefing schedule. 115 F.3d at 347.

There is no prejudice to Intervenors, even though they filed on the eve of limitations. The Court may exercise discretion to treat their intervention as a separate lawsuit. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985), *cert. denied*, 475 U.S. 1011 (1986). Therefore, any possible prejudice to Intervenors can be cured by effecting a severance and placing them in a separate lawsuit.

Finally, the Court's discretion should be exercised against intervention. The timing strongly suggests that Intervenors chose to intervene before the individual Defendants could otherwise be dismissed. Intervention means repeating critical depositions such as the individual Defendants, and the CCSD. It would also delay resolution by summary judgment.

WHEREFORE, PREMISES CONSIDERED, Defendants City of Harlingen, R.D. Moore and Jim Scheopner pray that the Motion for Leave be denied or that it be granted on such terms that it will protect the Defendants from prejudice and delay, and any other such further relief to which they may show themselves entitled.

Respectfully submitted,

By: /s/ Roger Hughes
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER

WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276
Counsel for Defendant, R.D. MOORE and JIM SCHEOPNER, Individually

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 31 day of July, 2000, to the following counsel of record and interested parties:

Attorney for Plaintiffs ARTURO G. SALINAS, et al:

Mr. Richard Pena
LAW OFFICES OF RICHARD PENA, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, TX 78746-5747

Mr. Broadus A. Spivey
SPIVEY & AINSWORTH, P.C.
48 East Avenue
Austin, TX 78701-4320

Attorney for Plaintiff RAUL RODRIGUEZ:

Mr. Ramon Garcia
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University
Edinburg, TX 78539

Attorney for Plaintiffs GILBERTO M. RODRIGUEZ, et al:

Mr. Richard Pena
LAW OFFICES OF RICHARD PENA, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, TX 78746-5747

Attorney of record for Defendants JIM SCHEOPNER and R.D. MOORE, in Their Individual Capacity:

    Mr. Walter J. Passmore
    PASSMORE, WALKER & TWENHAFEL, L.L.P.
    2424 North 10th St., Suite 201; 78501
    P. O. Drawer 3766
    McAllen, TX 78502-3766

Attorney-In-Charge for Intervenor Plaintiffs, SAMUEL MONTEMAYOR, HERON L. VIDALES, ROBERT RODRIGUEZ, JESUS R. VILLANUEVA, PEDRO VELA and ALBERTO R. GARCIA:

    Mr. Sean F. O'Neill        CMRRR No. 7099 3220 0001 0357 9614
    O'NEILL & BALEGA, P.C.
    490 Renaissance Plaza
    70 N.E. Loop 410
    San Antonio, TX 78216

_____
for TOM LOCKHART