66

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 4 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ARTURO G. SALINAS, ET AL § | |
| § | |
| V. § | |
| § | |
| CITY OF HARLINGEN, TEXAS, ET AL; § | |
| § | |
| and § | |
| § | |
| GILBERTO M. RODRIGUEZ, ET AL § | |
| § | CIVIL ACTION NO. B-98-162 |
| V. § | (For Discovery and Pretrial Matter Only) |
| § | |
| CITY OF HARLINGEN, TEXAS, ET AL; § | |
| § | |
| and § | |
| § | |
| RAUL RODRIGUEZ § | |
| § | |
| V. § | |
| § | |
| CITY OF HARLINGEN, TEXAS, ET AL. § | |

**PLAINTIFFS' MOTION TO CONTINUE THE SUBMISSION OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE TAGLE, U.S. DISTRICT COURT:

COME NOW Plaintiffs and, pursuant to Fed. R. Civ. P. 56(f), file this Motion to continue the submission of Defendant's motion for summary judgment.

**I. NATURE AND STAGE OF THE PROCEEDING**

1. On July 7, 1998, Ernest Moore used an AR-15 assault rifle to kill United States Border Patrol Agents Susan Rodriguez and Ricardo Salinas and seriously injured Deputy Sheriff Raul Rodriguez of Cameron County, Texas.

2. The assault rifle had been delivered by a concerned citizen, Mrs. Sylvia Pirtle, to the Harlingen Police Department (HPD) for destruction. (See Exhibit "A"). R. D. Moore, a

HPD police officer, took possession of that assault rifle for HPD, assuring the citizen that it would be destroyed. The rifle is a military assault rifle, which carries a high volume of ammunition and fires ultra high velocity anti-personnel ammunition.

3. However, the assault rifle was not destroyed as requested. Instead, HPD Police Chief Jim Scheopner illegally took possession of the rifle and issued it to R. D. Moore. Chief Scheopner had no legitimate reason whatsoever to keep the rifle and should have destroyed it immediately after it was turned in. (See Harlingen Police Association's Letter to the citizens of this community, a copy of which is attached hereto as Exhibit "B" and incorporated herein for all purposes). This was an abuse of his police power. As a result, Ernest Moore, son of HPD police officer R.D. Moore, had free access to that assault rifle, which he used to kill Susan Rodriguez and Ricardo Salinas and to injure Raul Rodriguez.

4. Beneficiaries of deceased U.S. Border Patrol Agents Susan Rodriguez and Ricardo Salinas, on behalf of themselves and the estates of Susan Rodriguez and Ricardo Salinas, deceased, and Raul Rodriguez, a Deputy Sheriff of Cameron County, Texas, brought suits against the City of Harlingen, Texas, its police chief, Jim Scheopner and officer R.D. Moore pursuant to 42 USC §1983 and the Texas Tort Claims Act (TEX. CIV. PRAC. & REM. CODE ANN., Chap. 101).

5. Defendants filed a Rule 12(b)(6) motion to dismiss Plaintiffs' causes of action and requested a suspension of the discovery during the pendency of the motion. In the March 21, 2000 Orders and the April 11, 2000 Nunc Pro Tunc Order, the Court granted Defendants' motion on most of Plaintiffs' causes of action except for the "state created danger" claims under 42 USC §1983 and negligence claims under state tort law against the city.

6.  On July 28, 2000, the only Defendant, the City of Harlingen, moved for summary judgment to dismiss these two remaining causes of action. The date of submission of the motion is August 17, 2000.

7.  Pursuant to Fed. R. Civ. P. 56(f), Plaintiffs move this Court to continue the submission of Defendant's motion for summary judgment until the completion of the discovery.

## II. ARGUMENT AND AUTHORITIES

8.  Without full discovery, Plaintiffs will not be able to adequately respond to Defendant's Motion.

9.  After this Court's ruling on Defendants' Rule 12(b)(6) motion, Plaintiffs and Defendant agreed to start taking depositions of the following seven witnesses: (1) James Scheopner, HPD Police Chief; (2) R. D. Moore, HPD Detective and father of the killer, Ernest Moore; (3) Orlando Sanchez, U.S. Border Patrol Agent; (4) Michael Riley, U.S. Border Patrol Agent; (5) George Hupp, U.S. Border Patrol Agent; (6) Ronald Saenz, Deputy Sheriff of Cameron County, Texas; and (7) Robert Rodriguez, Deputy Sheriff of Cameron County, Texas. Depositions of the first six witnesses were completed. The deposition of Deputy Sheriff Robert Rodriguez, originally scheduled for May 19, 2000, was cancelled due to a scheduling conflict, with the understanding that it would be taken at a later time. However, it has not yet been taken. According to the information available at the present time, he was the first officer who spotted Ernest Moore's pick-up truck on the highway, gave chase, and lost it. He was the first officer who located Ernest Moore's truck parked in the driveway of his father's house. He was the first officer who spoke to R. D. Moore on the morning of July 7, 1998. His testimony is crucial to this case. He was the last one to see Ernest Moore before Ernest Moore disappeared for

approximately one and half hours prior to the San Benito shootings. His testimony may enable parties to reconstruct the events leading up to the Border Patrol shootings.

10.     Based on the information revealed in the depositions already taken and documents produced, further discovery is necessary and warranted. During the depositions, Defendant provided Plaintiffs with an incomplete tape recording and transcripts of the 911 calls, the officers' radio traffic calls, and EMS calls. Defendant also informed Plaintiffs that the original master tape or tapes in use on July 7, 1998 had been re-used. Because the master tape or tapes have been destroyed in this fashion, it becomes necessary to take the depositions of the dispatchers and officers heard on the incomplete recording to reconstruct the time line of the events that transpired on the morning of July 7, 1998.

11.     On August 2 and 3, 2000, Plaintiffs, by letters, requested initial disclosures from Defendant under Fed. R. Civ. P. 26(a) and informed Defendant of Plaintiffs' intention to take depositions from other witnesses. Copies of the letters are attached hereto as Exhibit "C" and "D" and incorporated herein for all purposes.

12.     By being guided by the prima facie evidence Plaintiffs presented in the responses to Defendant's Rule 12(b)(6) Motion to Dismiss, Plaintiffs believe that the completion of the discovery will provide information to substantiate the prima facie evidence and ultimately, to enable Plaintiffs to prove their "state created danger" claims under 42 USC § 1983 and negligence claims under the state tort law.

13.     The purpose of Fed. R. Civ. P. 56(f) is to provide a non-movant with a much needed tool to keep open the doors of discovery in order that the non-movant can adequately combat a summary judgment motion. *Wichita Falls Office Associates v. Banc One Corporation,*

978 F.2d 915, 919 (5th Cir. 1993).  In *Celotex Corporation v. Catett*, 106 S.Ct. 2548, 2554, 477 U.S. 317, 326 (1986), the Supreme Court held:

> Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), [FN6] which allows a summary judgment motion to be denied, or the hearing on the motion to be continued if the nonmoving party has not had an opportunity to make full discovery.

13.　Under Fed. R. Civ. P. 56(f) and the law set forth above, it is just and warranted to grant a continuance of Defendant's Motion for Summary Judgment until the completion of the discovery.

14.　Plaintiffs believe that the discovery in these causes can be completed within four (4) months.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Court grant Plaintiffs' Motion to Continue the submission of Defendant's Motion for Summary Judgment until 40 days after the completion of the discovery.  Plaintiffs further pray this Court order parties to complete discovery within four (4) months of the date of the order, Defendant to amend its Motion for Summary Judgment within 20 days of the date of the completion of the discovery, and Plaintiffs to file their response to Defendant's motion within 20 days of the date of Defendant's filing of its amendment to its motion.

Respectfully submitted,

BROADUS A. SPIVEY
SPIVEY & AINSWORTH, P.C.
48 East Avenue
Austin, TX 78701
512+474-6061
fax: 512+474-1605

Mr. Richard Pena
Law Offices of Richard Pena, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747

By /s/ Broadus A. Spivey
Broadus A. Spivey
State Bar No. 18955000
Fed. ID. ~~31470~~ 11146

ATTORNEYS FOR PLAINTIFFS ARTURO G. SALINAS, ET AL AND GILBERTO M. RODRIGUEZ, ET AL

RAMON GARCIA
SONJA LOPEZ
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinbury, TX 78539
956+383-7441
fax: 956+381-0825

By /s/ Sonja Lopez
Sonja Lopez
State Bar No. 24003862
23501

## CERTIFICATE OF CONFERENCE

I certify that on August 8, 2000, I conferred with opposing counsel, Tom Lockhart, and that he opposes Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment.

/s/ Broadus A. Spivey
Broadus A. Spivey

# VERIFICATION

STATE OF TEXAS           §
                         §
COUNTY OF TRAVIS         §

On this day Broadus Spivey appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said he had read Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment, and the facts stated in it are within his personal knowledge and are true and correct.

_____
Broadus A. Spivey

SWORN TO and SUBSCRIBED before me by Broadus A. Spivey on August 11, 2000.



_____
Donna Huffman
Notary Public in and for the State of Texas

STATE OF TEXAS           §
                         §
COUNTY OF HIDALGO        §

On this day Sonja Lopez appeared before me, the undersigned notary public, and after I administered an oath to her, upon her oath, she said she had read Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment, and the facts stated in it are within her personal knowledge and are true and correct.

_____
Sonja Lopez

SWORN TO and SUBSCRIBED before me by Sonja Lopez on August 17, 2000.

_____
Notary Public in and for the State of Texas

PLAINTIFFS' MOTION TO CONTINUE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                                      PAGE 7
3163P.026

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded on August 14, 2000, to all counsel of record and interested parties via facsimile and U.S. mail:

Mr. Tom Lockhart
Mr. Jim Denison
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
ATTORNEYS FOR DEFENDANT

Sonia Lopez