67

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 6 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, TEXAS, ET AL | { | JURY DEMANDED |
| and | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |
| and | { | |
| RAUL RODRIGUEZ | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |

---

### DEFENDANT'S REPLY TO PLAINTIFFS' MOTION TO CONTINUE THE SUBMISSION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **CITY OF HARLINGEN** ("Harlingen"), and files Defendant's Reply to Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment and would show the Court as follows:

I.

The Court should deny Plaintiffs' request under Fed.R.Civ.P. 56(f) to postpone submission pending further discovery. The Motion is a "fishing expedition" to conduct additional unnecessary

discovery. The only evidence identified by Plaintiff does not bear on the grounds of Harlingen's Motion for Summary Judgment.

Guided by the Court's orders on Harlingen's Rule 12(b)(6) Motions, Harlingen's Motion for Summary Judgment focuses on:

1. The law enforcement team at the Moore house and what the team knew or reasonably believed, and;

2. Other equally powerful rifles available to Ernest Moore.

The Cameron County Sheriff's Department ("CCSD") was in charge and the Border Patrol was there to back up. The parties have deposed the CCSD Commanding officer as well as three Border Patrol Agents (two of whom were the partners of the decedents), who conclusively described the law enforcement team and the knowledge of and information available to the law enforcement team. Likewise, the contents of the gun safe and the characteristics of the weapons in it are undisputed. None of the requested discovery will change the status of the law enforcement team or information known to or believed by the team, nor will it remove any of the weapons in the gun safe. None of the requested discovery can create a material issue concerning the bases of the Harlingen Motion for Summary Judgment.

## II. FACTUAL BACKGROUND

By orders dated March 31, 2000 and April 11, 2000, the Court outlined the relevant issues for factual development. The Orders, p. 21, focused on: (1) the law enforcement team and the information available to it; and (2) the characteristics of the HPD rifle. After the Court's rulings and the parties' agreement and motion to consolidate discovery, counsel conferred on scheduling depositions; Tom Lockhart, attorney for Harlingen, told Plaintiffs' counsel, Broadus Spivey, that it was his intent to focus on key liability witnesses to support a Rule 56 Motion for Summary Judgment.[1] Seven depositions were agreed upon and six were taken and concluded on May 23, 2000. Broadus Spivey suggested that it was

---

[1] Tom Lockhart declined Broadus Spivey's offer to make the Border Patrol Agent families available for deposition, because these were damage witnesses.

unnecessary to reschedule Robert Rodriguez for deposition. (See Exhibit A - Letter dated August 8, 2000).

Harlingen filed its Motion for Summary Judgment on July 28, 2000. Between May 23, 2000 and August 2, 2000, Plaintiffs made no further request for depositions.

### III.  OBJECTIONS

Fed.R.Civ.P. 56(f) states "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition,...". Plaintiffs have failed to satisfy this requirement. The affidavits provided are by Plaintiffs' counsel, Mr. Spivey and Ms. Lopez. They are vague and do not state any specific facts. Harlingen objects to the affidavits as vague and conclusory.

### IV.  RULE 56(f) MOTION

#### A.  Standard of Review

A Rule 56(f) motion is addressed to the sound discretion of the trial court. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1395 (5th Cir. 1994). The movant has the burden of proof to show how the requested discovery will create a fact question on a material issue. *Leatherman*, 28 F.3d at 1395; *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997), *reh'g denied*, 111 F.3d 894 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 82 (1997).

Plaintiffs have the burden to demonstrate *specifically* how the proposed discovery will bear on the pending motion. *Witchita Falls Office Associates v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1993). They must show how the discovery will produce facts to rebut the grounds in the motion. *Leatherman*, 28 F.3d at 1396-97. Their burden is to show not only what specific evidence will be uncovered but how it will create a fact question on a material issue. *Becerra*, 105 F.3d at 1048.

The trial court may deny the motion if the movant fails to show how the specific evidence sought will defeat the motion for summary judgment. *Destec Energy, Inc. v. Southern Calif. Gas Co.*, 5 F.Supp. 2d 433, 454 (S.D. Tex. 1997), *aff'd.*, 172 F.3d 866 (5th Cir. 1999). The movant must describe how the

evidence will address the pending motion. *United States v. Bloom*, 112 F.3d 200, 205 (5th Cir. 1997). The plaintiff cannot rely on vague assertions that discovery will produce unspecified facts. *Leatherman*, 28 F.3d at 1395. It is not enough to say that discovery is incomplete. *Id.* at 1396.

  B. <u>Proposed Discovery Cannot Defeat Grounds Urged in Motion for Summary Judgment</u>

Plaintiffs' Rule 56(f) motion should be denied because it does not describe the grounds urged by Harlingen and it does not describe any specific discovery aimed at the operative factual bases of Harlingen's Motion.

Harlingen's Motion is based on:

1. The law enforcement team and the information known to or believed by the team, and;

2. The other high powered rifles readily available to Ernest Moore at the time he took the HPD rifle from the safe.

None of Plaintiffs' proposed discovery relates to these matters.

Plaintiffs claim that CCSD Deputy Robert Rodriguez has testimony that is crucial to the case, but they do not explain how it relates to or affects the bases for the summary judgment. At best, Deputy Robert Rodriguez may help reconstruct a timeline, but this will not change what the law enforcement team knew or reasonably believed.

Plaintiffs also claim that because there are incomplete or none existent recordings and transcripts of 911 calls, officer radio traffic calls, and EMS calls, they need to do additional discovery to "reconstruct the timeline of the events that transpired on the morning of July 7, 1998." None of this will bear upon, affect, or change the operative fact bases of Harlignen's Motion for Summary Judgment.

### V. SUMMARY

This Court, in its orders on Harlingen's Rule 12(b)(6) Motions, stated its reluctance to dispose of a novel theory at the pleadings stage and provided a road map for factual discovery to determine if Plaintiffs' federal state created danger claims could survive an evidentiary challenge. They cannot, and neither can their state law claims. No additional discovery will change that.

**WHEREFORE, PREMISES CONSIDERED,** Defendant City of Harlingen prays this Court deny Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment or grant such other and further relief to which Defendant may show itself entitled to receive.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHOEPNER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 16 day of August, 2000, to the following counsel of record and interested parties:

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and
ARTURO GUILLERMO SALINAS, et al:

| | |
|---|---|
| Mr. Broadus A. Spivey<br>**SPIVEY & AINSWORTH, P.C.**<br>48 East Avenue<br>Austin, Texas 78701-4320 | VIA FACSIMILE: 512-474-1605 |
| Mr. Richard Pena<br>**LAW OFFICES OF RICHARD PENA, P.C.**<br>Barton Oaks Plaza Two<br>901 MoPac, Suite 325<br>Austin, Texas 78746-5747 | VIA FACSIMILE: 512-327-8354 |

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

Mr. Ramon Garcia  
**LAW OFFICES OF RAMON GARCIA, P.C.**  
222 West University Drive  
Edinburg, Texas 78539

VIA FACSIMILE: <u>956-381-0825</u>

Attorney of record for Defendants, R.D. Moore and Jim Scheopner, in Their Individual Capacities:

Mr. Walter J. Passmore  
**PASSMORE, WALKER & TWENHAFEL, L.L.P.**  
2424 North 10th St., Suite 201; 78501  
P. O. Drawer 3766  
McAllen, Texas 78502-3766

VIA FACSIMILE: <u>956-686-1276</u>

_____  
TOM LOCKHART

## AFFIDAVIT OF TOM LOCKHART

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day personally appeared TOM LOCKHART, known to me to be the person whose name is subscribed hereto, who being first duly sworn in the manner provided by law, on oath stated as follows:

1. My name is TOM LOCKHART. I am over the age of 21 years and am in all respects competent to testify;

2. I am the attorney in charge for Defendant City of Harlingen in Civil Action No. B-98-162.

3. I have personal knowledge of the factual allegations contained in ¶ II of Defendant's Reply to Plaintiffs' Motion to Continue the Submission of Defendants' Motion for Summary Judgment and such factual allegations are true and correct.

FURTHER, AFFIANT SAYETH NOT.

_____
TOM LOCKHART

SWORN TO AND SUBSCRIBED before me, the undersigned authority, by the said Affiant, on the 16th day of August, 2000, to certify which witness my hand and seal of office.

RITA BALLI
MY COMMISSION EXPIRES
February 11, 2001

_____
Notary Public, State of Texas
Printed Name: Rita Balli
My Commission Expires: 02-11-01

LAW OFFICES OF

# ADAMS & GRAHAM, L.L.P.

AFFILIATED WITH HILL GILSTRAP ADAMS & GRAHAM, L.L.P.

222 E. VAN BUREN, WEST TOWER
P.O. DRAWER 1429
HARLINGEN, TEXAS 78551
TEL (956) 428-7495    FAX (956) 428-2954
www.adamsgraham.com

TOM LOCKHART
Partner

AFFILIATE OFFICES
AUSTIN
CHICAGO
DALLAS/FORT WORTH
LITTLE ROCK

August 8, 2000

Mr. Broadus Spivey
SPIVEY & AINSWORTH, P.C.
48 East Avenue
Austin, Texas 78701-4320

<u>Via Fax No. 512/474-1605</u>

Re:   Civil Action No. B-98-162
      Arturo Guillermo Salinas, et al. v. City of Harlingen, et al.
      Civil Action No. B-98-163
      Gilberto Rodriguez, et al. v. City of Harlingen, et al.
      Civil Action No. B-99-070
      Raul Rodriguez v. City of Harlingen, et al.
      Our File No.    :    H-1023

Dear Broadus:

Upon my return to the office from a short vacation (and I mean very short) I tried to reach you by telephone on Monday, August 7, 2000, but was unsuccessful. I was calling to respond to your August 2, 2000, letter. First, I don't know why you would be surprised about our Motion for Summary Judgment since I told you when we were scheduling the first round depositions that it was our intent to focus on key liability witness depositions for purposes of proceeding on a Rule 56 Motion. We actually have taken six depositions. When you and I discussed the rescheduling of Robert Rodriguez's deposition you suggested that it was not necessary.

Since the conclusion of the depositions on May 23, 2000, there has been no further request for depositions until your letter of August 2 and Sonia Lopez's letter of August 3. We have responded to the only discovery requests that have made since those depositions. We will continue to cooperate in discovery and will promptly respond to the discovery requests made in your and Sonia's letters and participate in the scheduling of the referenced depositions. However, the discovery sought by you and Sonia is not relevant to the operative factual bases of our Motion for Summary Judgment. Accordingly, we cannot agree to move for a postponement of the submission of our Motion for Summary Judgment and your response until the completion of discovery.

<u>EXHIBIT A</u>

Mr. Broadus Spivey
Re:   Gilberto Rodriguez, et al. v. City of Harlingen, et al.
      Guillermo Salinas, et al. v. City of Harlingen, et al.
      Raul Rodriguez, et al. v. City of Harlingen, et al.
August 8, 2000
Page 2


Sincerely yours,

**ADAMS & GRAHAM, L.L.P.**

TOM LOCKHART

TL/mm

cc:   Ms. Sonia Lopez                                    Via Fax No. 956/381-0825
      **LAW OFFICES OF RAMON GARCIA, P.C.**
      222 West University Drive
      Edinburg, Texas  78539

      Mr. Richard Pena                                   Via Fax No. 512/327-8354
      **LAW OFFICES OF RICHARD PENA, P.C.**
      Barton Oaks Plaza Two
      901 MoPac, Suite 325
      Austin, Texas  78746-5747

      Mr. Walter J. Passmore                             Via Fax No. 956/686-1276
      **PASSMORE, WALKER & TWENHAFEL, L.L.P.**
      P. O. Drawer 3766
      McAllen, Texas  78502-3766

[8]: C:\files\H1023\Spivey.021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, TEXAS, ET AL | { | JURY DEMANDED |
| and | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |
| and | { | |
| RAUL RODRIGUEZ | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |

## ORDER DENYING PLAINTIFFS' MOTION TO CONTINUE THE SUBMISSION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WHEREAS, the Court has considered Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment and is of the opinion that such motion should be denied;

It is so ORDERED.

SIGNED on this _____ day of _____, 2000, at Brownsville, Texas.

_____
JUDGE PRESIDING

cc:

Mr. Broadus A. Spivey
**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, Texas  78701-4320

Mr. Richard Pena
**LAW OFFICES OF RICHARD PENA, P.C.**
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas  78746-5747

Mr. Ramon Garcia
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, Texas  78539

Mr. Walter J. Passmore
**PASSMORE, WALKER & TWENHAFEL, L.L.P.**
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, Texas  78502-3766

Mr. Tom Lockhart
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551