*78*

United States District Court
Southern District of Texas
FILED

AUG 2 9 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO SALINAS, ET AL | { | |
| | { | CIVIL ACTION NO. B-98-162 |
| V. | { | |
| | { | **(ORAL HEARING IS REQUESTED)** |
| CITY OF HARLINGEN, | { | |
| TEXAS, JIM SCHOEPNER | { | |
| AND R.D. MOORE | { | |

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT IN INTERVENTION UNDER
FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

WALTER PASSMORE
Federal No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL,
LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorneys for Defendants,
JIM SCHEOPNER and R.D. MOORE, In
Their Individual Capacity

TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendants,
CITY OF HARLINGEN, R.D. MOORE and
JIM SCHOEPNER

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

I.   Statement of the Nature and Stage of These Proceedings . . . . . . . . . . . . . .   1

II.  Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

III. Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

IV.  Defendants Moore Scheopner Are Entitled to Qualified
     Immunity Against § 1983 Claims Raised by Amended Complaint . . . . . . . . .   4

     A.   Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

     B.   Defendants Scheopner and Moore Entitled Are to Qualified
          Immunity Unless Clearly Established Law Would Have Informed
          Them That Their Alleged Actions Were Unconstitutional . . . . . . . .   5

     C.   Intervenors Have Not Alleged a Constitutional Right . . . . . . . . . . .   6

     D.   Any Alleged Right Not
          "Clearly Established" In July 1998 . . . . . . . . . . . . . . . . . . . .   8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

# INDEX OF AUTHORITIES

Cites:                                                                    Page

*Alton v. Hopgood*, 994 F.Supp. 827 (S.D.Tex. 1998)
    *aff'd* 168 F.3d 197 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Anderson v. Creighton*, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . 5

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . 4

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) . . . . . . . . . . . . . . . . 6

*Bridges v. City of Dallas*,
    1998 WL 320286 (N.D.Tex., June 8, 1998) . . . . . . . . . . . . . . . . . . . . . 8

*Callis v. Sellars*, 931 F.Supp. 504 (S.D.Tex. 1996) . . . . . . . . . . . . . . . . . . 8

*Campbell v. City of San Antonio*,
    43 F.3d 973 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*County of Sacramento v. Lewis*, 523 U.S. 833,
    118 S.Ct. 1708 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*DeShaney v. Winnebago County Dept. of Soc. Serv.*,
    489 U.S. 189 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996) (en banc) . . . . . . . . . . . . . . . . . 5

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . 4

*Gutierrez v. City of San Antonio*,
    139 F.3d 441 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Johnson v. Dallas ISD*, 38 F.3d 198 (5th Cir. 1994) *cert. denied*
    514 U.S. 1017, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995) . . . . . . . . . . . . . 8

*Kaiser v. Garrett*, 67 F.3d 1166 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . 5

*Landol-Rivera v. Cruz*, 906 F.2d 791 (1st Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . 6

*Lassiter v. Alabama A & M Univ. Bd. of Trustees*,
    28 F.3d 1146 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Leffall v. Dallas I.S.D.*, 28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . 8

*Martin v. City of League City*, 23 F.Supp.2d 720
    (S.D.Tex., Sept. 30, 1998) (Kent, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Meadowbriar Home for Children, Inc. v. Gunn*,
    81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997),
    *cert. denied* 525 U.S. 822 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . 8

*Schaefer v. Goch*, 153 F.3d 793 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) . . . . . . . . . . . . . . . 4, 5

*Siegert v. Gilley*, 500 U.S. 226 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Soto v. Flores*, 103 F.3d 1056 (1st Cir. 1997) *cert. denied*,
    522 U.S. 819 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Summar v. Bennett*, 157 F.3d 1054 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . 8

Statutes:

    Rule 7(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5
    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 9

Texas Civil Practices & Remedies Code:

42 USC § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 7

Federal Rules of Civil Procedure:

Fourteenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

CVsPDF - www.fastio.com

78

United States District Court
Southern District of Texas
FILED

AUG 2 9 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ARTURO SALINAS, ET AL                    {

V.                                        {          CIVIL ACTION NO. B-98-162
                                          {
                                          {   **(ORAL HEARING IS REQUESTED)**
CITY OF HARLINGEN,                        {
TEXAS, JIM SCHOEPNER                      {
AND R.D. MOORE                            {

INDIVIDUAL DEFENDANTS' MOTION TO DISMISS
FIRST AMENDED COMPLAINT IN INTERVENTION UNDER
FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants JIM SCHEOPNER and R.D. MOORE and, subject to their Reply to the Amended Motion to Intervene file this their **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT IN INTERVENTION UNDER FRCP 12(b)(6) BASED ON QUALIFIED IMMUNITY** and would show the Court as follows:

I. Statement of the Nature and Stage of These Proceedings

Intervenors have sued for injury under the (1) 42 USC § 1983; and (2) state tort law. Intervenors claim to have suffered chiefly emotional distress when a private citizen, Ernest Moore, allegedly used a rifle belonging to Defendant Harlingen and issued to his father, Det. R.D. Moore, to shoot Border Patrol Agents. Subject to their opposition to intervention, Defendants Scheopner and Moore move to dismiss under Rule 12(b)(6)

1

Intervenors' claims against them individually based on qualified immunity; they also ask the Court to order Intervenors reply to their defense of qualified immunity, pursuant to Fed.R.Civ.Pr. 7(a).

## II.  Statement of the Issues

1.      Whether Intervenors' Amended Complaint alleges facts that defeat qualified immunity to a Fourth Amendment claim they were injured when a private citizen shot and injured someone else.

2.      Whether Intervenors' Amended Complaint states facts that defeat the defense of qualified immunity against a Fourteenth Amendment Due Process claim that Intervenors suffered emotional distress and/or bodily injury when a private citizen used a rifle taken from the possession or control of a City employee to injure a third party.

3.      Whether a Fourteenth Amendment "state created" danger claim will lie for injuries caused by a third party if Defendants did not force Intervenors to encounter that harm and did not remove their ability to protect themselves or avoid the danger.

4.      Whether the alleged constitutional rights were "clearly established" in July 1998 for the purposes of qualified immunity.

## III.  Plaintiff's Allegations

Intervenors allege that the Harlingen Police Department ("HPD") acquired the rifle in 1996.  Am. Complaint, ¶ 14.  They allege Chief Scheopner issued or permitted the issuance of the rifle to Det. R.D. Moore.  Am. Complaint, ¶ 17.  They allege Moore was

2

unqualified to receive the rifle because he was not proficient in using it and his job did not require that he possess one.  Am. Complaint, ¶¶ 18-20.

The Intervenors allege Moore did not keep the rifle in his vehicle as he should have.  Complaint, ¶ 21.  They allege that he stored it in a rifle safe located at his residence in his son's bedroom, giving his son access to the HPD rifle.  Am. Complaint, ¶¶ 22, 24.  They allege Ernest Moore ("Ernest") was unstable, using psychological drugs, and a cocaine abuser.  Am. Complaint, ¶ 23.

Intervenors are Cameron County Sheriff's Department Deputies.  Am. Complaint, ¶¶ 27, 31.  On July 7, 1998, Det. Moore's son, Ernest Moore, was suspected in a violent double homicide occurring in San Benito.  Am. Complaint, ¶¶ 28, 32.  Intervenors were part of a law enforcement team directed to the Moore residence to search the house and the surrounding area for Ernest Moore. Am. Complaint,  ¶¶ 29, 31-32.  Intervenors claim that Defendant Moore failed to tell them that Ernest Moore was violent, a good shot, and in the area.  Am.Complaint, ¶ 30.

As the Border Patrol officers left the Moore residence, Ernest Moore stepped out of a nearby field and began shooting at law enforcement officers.  Am. Complaint, ¶ 34. Intervenors claim that Ernest shot two Border Patrol Agents and another Sheriff's deputy. Am. Complaint, ¶ 35.

None of the Intervenors were wounded by gunfire.  Intervenor Pedro Vela alleges he injured his knee while jumping into a ditch to take cover.  Am. Complaint, ¶ 56. Intervenor Jesus Villanueva assisted in subduing and handcuffing Ernest Moore during the

shooting. Am. Complaint, ¶ 55. Officer Villanueva claims that then became weak and collapsed; he was taken to the hospital where he claims he was treated for anxiety and dehydration. Am. Complaint, ¶ 55. Intervenors Samuel Montemayor, Heron Vidales, Robert Rodriguez, and Alberto Garcia allege they suffered emotional distress from seeing the Border Patrol Agents Plaintiff Raul Rodriguez shot. Am. Complaint, ¶¶ 52-54, 57.

Intervenors allege that Defendants' actions violated the Fourth and Fourteenth Amendment, U.S. Constitution. Am. Complaint, ¶ 44.

### IV. Defendants Moore Scheopner Are Entitled to Qualified Immunity Against § 1983 Claims Raised by Amended Complaint

#### A. Standard of Review

If the Court grants leave to intervene, Defendants Scheopner and Moore move to dismiss the federal claims based on qualified immunity.

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Intervenors have a heightened burden to plead specific facts defeating Defendants Moore and Scheopner's qualified immunity from § 1983 claims. *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). The complaint must state facts defeating qualified immunity, not mere legal conclusions. *Schultea*, 47 F.3d at 1433.

The court may order them to file a reply under Fed.R.Civ.Pr. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434.

B.   Defendants Scheopner and Moore Entitled Are to Qualified
     Immunity Unless Clearly Established Law Would Have Informed
     Them That Their Alleged Actions Were Unconstitutional

Qualified immunity protects an officer from claims under 42 USC § 1983 if a reasonably prudent police officer would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The officer will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc).

Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900.

5

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined narrowly enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999). If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). If caselaw has not staked out a bright line, qualified immunity almost always protects; public officers have no duty to draw creative analogies from prior cases. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (5th Cir. 1994).

C.  Intervenors Have Not Alleged a Constitutional Right

Intervenors have failed to allege specific facts showing they were "seized" for Fourth Amendment purposes. *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 1716 (1998). A 'seizure' occurs only when government agents deliberately cause an individual's freedom to be terminated through means intentionally applied to that individual. *Lewis*, 118 S.Ct. at 1715-1716. Therefore, unintended injuries to bystanders during an arrest do not amount to a 'seizure' for Fourth Amendment purposes. *Lewis*, 118

6

S.Ct. at 1715; *Landol-Rivera v. Cruz*, 906 F.2d 791, 795 (1st Cir. 1990); *Schaefer v. Goch*, 153 F.3d 793, 796 (7th Cir. 1998). There is no Fourth Amendment claim if the government agent did not deliberately direct the force at the plaintiff. *Petta v. Rivera*, 143 F.3d 895, 901 (5th Cir. 1998).

With respect to the "state created" danger theory, the law today stands where it did in July 1998. The Fifth Circuit has declined to recognize a § 1983 claim for failing to protect one citizen from the violent acts of another. *Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997), *cert. denied*, 525 U.S. 822 (1998). Though invited to adopt it several times since 1990, it has declined, expressing doubt that such a theory is viable. Assuming *arguendo* the Fifth Circuit does find such a theory is valid, the constitutional law concerning Defendants' alleged conduct was not "clearly established" in July 1998.

Regardless of the label on Intervenors' § 1983 theory, Intervenors' claimed injuries were caused by a private citizen, not a public official. The law concerning § 1983 liability for failing to prevent injuries inflicted by third parties was, at best, highly unsettled in July 1998.

The state's failure to protect an individual against violence caused by another citizen generally does not state a claim under the Fourteenth Amendment's "Due Process" Clause. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189 (1989). Fourteenth Amendment "Due Process" is triggered only by affirmative government acts and puts no duty on government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197. The Supreme Court did not approve or disapprove of a

rule imposing liability if the state created a risk of harm which it forced the claimant to suffer, i.e., "state created" danger. *Id.*

While the Supreme Court may have left this question open, the Fifth Circuit has consistently declined to adopt such a "state created" danger exception to *DeShaney*. *Randolph*, 130 F.3d at 731; *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995). In *Johnson*, the court indicated that it was not inclined to recognize such an exception. 38 F.3d at 201. The Fifth Circuit has expressed extreme skepticism that the exception will ever be recognized. *Leffall v. Dallas I.S.D.*, 28 F.3d 521, 530 (5th Cir. 1994).

Defendants' Motion to Dismiss Amended Complaint Under Rule 12(b)(6) sets out the reasons why the Complaint in Intervention fails to plead any claim under the Fourth and Fourteenth Amendment.

> D.    Any Alleged Right Not
>       <u>"Clearly Established" In July 1998</u>

Precisely because the Fifth Circuit has declined to adopt the "state created" danger exception, it and courts within its circuit have found qualified immunity against such claims. *Salas v. Carpenter*, 980 F.2d 299, 308-309 (5th Cir. 1992); *Callis v. Sellars*, 931 F.Supp. 504, 519-520 (S.D.Tex. 1996) (Atlas, Jr.); *Bridges v. City of Dallas*, 1998 WL 320286, *4 (N.D.Tex., June 8, 1998). Even in those circuits recognizing the exception, its unsettled nature has led them to uphold qualified immunity against such claims. *Soto v. Flores*, 103 F.3d 1056, 1065 (1st Cir. 1997), *cert. denied*, 522 U.S. 819 (1997);

8

*Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998). Only a few months after this incident, a court in the Southern District echoed that no Fifth Circuit cases had upheld the "state created" danger theory. *Martin v. City of League City*, 23 F.Supp.2d 720 (S.D.Tex., Sept. 30, 1998) (Kent, J.).

## CONCLUSION

Because Defendants Schoepner and Moore asserted qualified immunity against the individual liability claims, Intervenors are obligated to state facts showing the existence of a violation of the Constitution, that Defendants' conduct violated clearly established constitutional law in July 1998. The Amended Complaint in Intervention wholly fails to allege such facts. As a matter of law, it alleges no constitutional violations; the law was not clearly established in July 1998. Therefore, the Court should dismiss under Rule 12(b)(6) if it does not dismiss the intervention.

WHEREFORE, PREMISES CONSIDERED, Defendants, Jim Scheopner and R.D. Moore, pray the Court grant the relief requested, and any other such further relief to which they may show themselves entitled.

9

Respectfully submitted,

By: _____

TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, JIM SCHEOPNER,
and R.D. MOORE

WALTER PASSMORE
Federal No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants,
JIM SCHEOPNER and R.D. MOORE, In Their
Individual Capacity

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 29 day of August, 2000, to the following counsel of record and interested parties:

Attorney for Plaintiffs ARTURO G. SALINAS, et al and GILBERTO M. RODRIGUEZ, et al:

    Mr. Broadus A. Spivey
    SPIVEY & AINSWORTH, P.C.
    48 East Avenue
    Austin, TX 78701-4320

    Mr. Richard Pena
    LAW OFFICES OF RICHARD PENA, P.C.
    Barton Oaks Plaza Two
    901 MoPac, Suite 325
    Austin, TX 78746-5747

Attorney for Plaintiff RAUL RODRIGUEZ:

    Mr. Ramon Garcia
    LAW OFFICES OF RAMON GARCIA, P.C.
    222 West University
    Edinburg, TX 78539

Attorney of record for Defendants JIM SCHEOPNER and R.D. MOORE, in their Individual Capacity:

    Mr. Walter J. Passmore
    PASSMORE, WALKER & TWENHAFEL, L.L.P.
    P. O. Drawer 3766
    McAllen, TX 78502-3766

11

Attorney-In-Charge for Intervenor Plaintiffs, SAMUEL MONTEMAYOR, HERON L. VIDALES, ROBERT RODRIGUEZ, JESUS R. VILLANUEVA, PEDRO VELA and ALBERTO R. GARCIA:

     Mr. Sean F. O'Neill           <u>CMRRR No. 7099 3400 0014 6896 6570</u>
     O'NEILL & BALEGA, P.C.
     490 Renaissance Plaza
     70 N.E. Loop 410
     San Antonio, TX 78216

ROGER W. HUGHES

12