79

United States District Court
Southern District of Texas
FILED

AUG 2 9 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ARTURO SALINAS, ET AL      {

                                  {

V.                        {

                                  {

CITY OF HARLINGEN,      {

TEXAS, JIM SCHOEPNER      {

AND R.D. MOORE          {

CIVIL ACTION NO. B-98-162

**(ORAL HEARING IS REQUESTED)**

DEFENDANTS' MOTIONS TO DISMISS
FIRST AMENDED COMPLAINT IN INTERVENTION UNDER FRCP 12(b)(6)

WALTER PASSMORE
Federal ID No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendant,
JIM SCHEOPNER and R.D. MOORE, In Their
Individual Capacity

TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, JIM SCHEOPNER,
and R.D. MOORE

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    iv

I.  Statement of Nature and Stage of the Proceedings . . . . . . . . . . . . . . . . .    1

II.  Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

III. Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    2

IV.  Amended Complaint Fails to State Claims Under 4th and 14th Amendments . .    4

    A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

    B.    No Fourth Amendment Claim Absent
       A "Seizure" by Government Officers . . . . . . . . . . . . . . . . . . . . .    5

    C.    Supreme Court and Fifth Circuit Have Not
       Extended Due Process to Require Defendants
       Prevent Harm By A Private Citizen . . . . . . . . . . . . . . . . . . . . .    6

    D.    Amended Complaint Fails to State Facts Showing Defendants
       Put Intervenors In A Dangerous Environment and Stripped
       Them of the Ability to Defend Themselves . . . . . . . . . . . . . . . . .    7

        1.    Defendants Did Not Force Intervenors
           into Harm's Way While Impairing
           Their Ability to Protect Themselves . . . . . . . . . . . . . . . . .    8

        2.    Defendants Did Not Create A Risk Of
           Third Party Crime That Did Not Already Exist . . . . . . . . . .    9

        3.    "State Created" Danger Exception Does Not Extend
           to Persons Who Were Not the Victims of the Crime
           and Suffer Only Emotional Distress . . . . . . . . . . . . . . . . .    10

V.  <u>State Law Claims</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

CERTIFICATE  OF  SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   15

ClibPDF - www.fastio.com

# INDEX OF AUTHORITIES

<u>Cites:</u>                                                                           <u>Page</u>

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brower v. Inyo*, 489 U.S. 593 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Callis v. Sellars*, 931 F.Supp. 504 (S.D.Tex. 1996) . . . . . . . . . . . . . . . . . . . . . 8

*Clifford v. Turk*, 2000 WL 249492, *4
    (D. Ore. Feb. 22, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*County of Sacramento v. Lewis*, 523 U.S. 833,
    118 S.Ct. 1708, 1716 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*DeShaney v. Winnebago County Dept. of Soc. Serv.*,
    489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) . . . . . . . . . . . . . 2, 6, 7

*Doe v. Hillsboro ISD*, 113 F.3d 1412 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . 7, 8

*Estate of Brown v. Barian*, 43 F.Supp.2d 1008 (E.D.Wisc. 1999) . . . . . . . . . . . . 10

*Golden Spread Council, Inc. v. Akins*,
    926 S.W.2d 287 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Graham v. Connor*, 490 U.S. 396 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Greater Houston Transp. Co. v. Phillips*,
    801 S.W.2d 523 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . 4

*Johnson v. Dallas ISD*, 38 F.3d 198
    (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995) . . . . . . . . . . . . . . . . 7-9

CUtePDF - www.tweiss.com

*Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1997) . . . . . . . . . . . . . . . 8

*Kennedy v. Baird*, 682 S.W.2d 377
    (Tex. App.- El Paso 1984, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Landol-Rivera v. Cruz*, 906 F.2d 791 (1st Cir. 1990) . . . . . . . . . . . . . . . . . . . . . 5

*Lefall v. Dallas ISD*, 28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Losinski v. City of Trempealeau*,
    946 F.2d 544 (7th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Mark v. Borough of Hatboro*, 51 F.3d 1137 (3rd Cir. 1995), *cert denied*,
    516 U.S. 858 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996) . . . . . . 4

*Medeiros v. O'Connell*, 150 F.3d 164 (2nd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . 6

*Osborne v. Brown*, 2000 WL 764928, *10
    (E.D. Pa. June 13, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997)
    *cert. denied* 525 U.S. 822 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . 7-9, 11

*Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389 (5th Cir. 1999) . . . . . . . . . . . . . . . 11

*Sanchez v. Figueroa*, 996 F.Supp. 143 (D.C.Puerto Rico 1998) . . . . . . . . . . . . . . 6

*Schaefer v. Goch*, 153 F.3d 793 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Standard Fruit & Veg. Co. v. Johnson*,
    985 S.W.2d 62 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Story Serv., Inc. v. Ramirez*, 863 S.W.2d 491
    (Tex. App.- El Paso 1993, writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Statutes:

42 USC § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

Texas Civil Practices & Remedies Code:

Chap. 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure:

Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

United States Constitution:

14th Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6
Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

CMsPDF - www.texisa.com

79

United States District Court
Southern District of Texas
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

AUG 2 9 2000

Michael N. Milby
Clerk of Court

ARTURO SALINAS, ET AL     {

                           {        CIVIL ACTION NO. B-98-162

V.                      {

                           {     **(ORAL HEARING IS REQUESTED)**

CITY OF HARLINGEN,     {

TEXAS, JIM SCHOEPNER    {

AND R.D. MOORE          {

## DEFENDANTS' MOTION TO DISMISS
## FIRST AMENDED COMPLAINT IN INTERVENTION UNDER FRCP 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

     COME NOW, Defendants CITY OF HARLINGEN, TEXAS, R.D. MOORE and

JIM SCHEOPNER, and subject to their Reply to Amended Motion to Intervene, file this

their **DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT IN**

**INTERVENTION UNDER FRCP 12(b)(6)** and would show the Court as follows:

               I.  Statement of Nature and Stage of the Proceedings

     Intervenors sue for injuries under the (1) Texas Tort Claims Act (Tex. Civ. Prac.

& Rem. Code, Chap. 101); and (2) 42 USC § 1983.  They allegedly suffered chiefly

emotional distress when a private citizen, Ernest Moore, shot a Border Patrol agent.  The

Court struck the first intervention, and granted leave to file an amended motion.

     Defendants Harlingen, Scheopner and Moore oppose intervention.  Subject to that

opposition they move to dismiss all claims under Fed.R.Civ.P. 12(b)(6).

1

## II.   Statement of the Issues

1.      Whether the Amended Complaint alleges Intervenors were "seized" so as to allege a Fourth Amendment claim.

2.      Whether the Amended Complaint pleads any exception to the holding in *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189  (1989), that the 14th Amendment's Due Process Clause does not impose a duty on public officials to prevent a third party from injuring Intervenors.

3.      Whether an exception exists to *DeShaney* for a risk of harm of criminal violence by a private citizen allegedly created by the Defendants if (1) they did not force Intervenors to encounter the danger, (2) Defendants did not remove their ability to protect themselves or escape the risk, (3) Intervenors were not the shooting victims of the third party's crime, or (4) their primary injury is fright from a crime committed on another person.

Whether Defendants had a duty under state law to safeguard City property in order to prevent a third party from taking it and negligently using it in a manner that causes emotional distress or other injury.

## III.   Background

Intervenors allege that the Harlingen Police Department ("HPD") acquired the rifle in 1996.  Am. Complaint, ¶ 14.  They allege Chief Scheopner issued or permitted the issuance of the rifle to Det. R.D. Moore.  Am. Complaint, ¶ 17.  They allege Moore was

unqualified to receive the rifle because he was not proficient in using it and his job did not require that he possess one. Am. Complaint, ¶¶ 18-20.

The Intervenors allege Moore did not keep the rifle in his vehicle as he should have. Complaint, ¶ 21. They allege that he stored it in a rifle safe located at his residence in his son's bedroom, giving his son access to the HPD rifle. Am. Complaint, ¶¶ 22, 24. They allege Ernest Moore ("Ernest") was unstable, using psychological drugs, and a cocaine abuser. Am. Complaint, ¶ 23.

Intervenors are Cameron County Sheriff's Department Deputies. Am. Complaint, ¶¶ 27, 31. On July 7, 1998, Det. Moore's son, Ernest Moore, was suspected in a violent double homicide occurring in San Benito. Am. Complaint, ¶¶ 28, 32. Intervenors were part of a law enforcement team directed to the Moore residence to search the house and the surrounding area for Ernest Moore. Am. Complaint, ¶¶ 29, 31-32. Intervenors claim that Defendant Moore failed to tell them that Ernest Moore was violent, a good shot, and in the area. Am.Complaint, ¶ 30.

As the Border Patrol officers left the Moore residence, Ernest Moore stepped out of a nearby field and began shooting at law enforcement officers. Am. Complaint, ¶ 34. Intervenors claim that Ernest shot two Border Patrol Agents and another Sheriff's deputy. Am. Complaint, ¶ 35.

None of the Intervenors were wounded by gunfire. Intervenor Pedro Vela alleges he injured his knee while jumping into a ditch to take cover. Am. Complaint, ¶ 56. Intervenor Jesus Villanueva assisted in subduing and handcuffing Ernest Moore during the

3

shooting. Am. Complaint, ¶ 55. Officer Villanueva claims that then became weak and collapsed; he was taken to the hospital where he claims he was treated for anxiety and dehydration. Am. Complaint, ¶ 55. Intervenors Samuel Montemayor, Heron Vidales, Robert Rodriguez, and Alberto Garcia allege they suffered emotional distress from seeing the Border Patrol Agents Plaintiff Raul Rodriguez shot. Am. Complaint, ¶¶ 52-54, 57.

Intervenors allege that Defendants' actions violated the Fourth and Fourteenth Amendment, U.S. Constitution. Am. Complaint, ¶ 44.

IV.  Amended Complaint Fails to State Claims Under 4th and 14th Amendments

A.  Standard of Review

If the Court allows the intervention or severs Intervenors into another suit, Defendants move to dismiss the First Amended Complaint in Intervention under Rule 12(b)(6).

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to Intervenors, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

4

B.    No Fourth Amendment Claim Absent
      A "Seizure" by Government Officers

42 USC § 1983 is not itself a source of substantive rights. *Graham v. Connor*, 490

U.S. 396, 393 (1989).  The first inquiry is to isolate the precise provision of the federal

Constitution that is allegedly infringed.   *Graham*, 490 U.S. at 394.    The Fourth

Amendment applies when the alleged use of excessive force arises from a search or

seizure of the person. *Graham*, 490 U.S. at 394; *County of Sacramento v. Lewis*, 523

U.S. 833, 118 S.Ct. 1708, 1716 (1998).  A "seizure" occurs only when government agents

deliberately cause the termination of an individual's freedom through means intentionally

applied to that individual. *Lewis, Id.* at 115; *Brower v. Inyo*, 489 U.S. 593, 596-597

(1989).  If the Complaint does not show a "seizure" under the Fourth Amendment, then

their claims can be sustained only under a 14th Amendment "Substantive  Due Process"

analysis. *Lewis*, 118 S.Ct. at 1715-1716; *Petta v. Rivera*, 143 F.3d 895, 910-911 (5th Cir.

1998).

In *Lewis*, the Supreme Court made it clear that a Fourth Amendment "seizure"

occurred only when the government caused an intended termination of freedom of

movement through means intentionally applied to that individual.   118 S.Ct. at 1715

(instigating chase of motorcycle on which plaintiff was a passenger was not a Fourth

Amendment "seizure").    Consequently, unintended injuries to bystanders or hostages

during an arrest are not a "seizure" under the Fourth Amendment. *Lewis*, 118 S.Ct. at

1715; *Landol-Rivera v. Cruz*, 906 F.2d 791, 795-96 (1st Cir. 1990) (police officer who

5

inadvertently shot hostages while aiming to hit the kidnapper did not "seize" hostage for Fourth Amendment purposes); *Schaefer v. Goch*, 153 F.3d 793, 796 (7th Cir. 1998) (accidental shooting of wife held hostage by husband was not a "seizure" under Fourth Amendment, even though police officers had surrounded their house and instructed the wife to "get down"). Likewise, there is no Fourth Amendment claim when the force is not directed deliberately at the plaintiff. *Petta*, 143 F.3d at 901; *Medeiros v. O'Connell*, 150 F.3d 164, 168 (2nd Cir. 1998); *Sanchez v. Figueroa*, 996 F.Supp. 143, 1476 (D.C.Puerto Rico 1998).

Here, Intervenors allege no Fourth Amendment claim against Defendants, because the First Amended Complaint does not allege Intervenors were "seized". Unintended injuries to bystanders do not constitute a "seizure" under the Fourth Amendment. *Lewis*, 118 S.Ct. at 1715. There is no "seizure" when the defendant does not deliberately direct any force at the plaintiff. *Petta*, 143 F.3d at 901; *Medeiros*, 150 F.3d at 168.

    C.    Supreme Court and Fifth Circuit Have Not
           Extended Due Process to Require Defendants
           <u>Prevent Harm By A Private Citizen</u>

Intervenors apparently rely upon the "state created" danger exception. Neither the U.S. Supreme Court nor the Fifth Circuit has recognized this as a valid exception to *DeShaney*; the Supreme Court has strongly indicated it will not recognize the exception. Even if the exception became law later, Intervenors' claims do not fit within it.

In *DeShaney*, the Supreme Court plainly stated that the 14th Amendment's Due Process Clause was triggered only by affirmative government action and put no duty on

government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197, 109 S.Ct. at 1004. The court neither approved nor disapproved of a rule imposing liability if the State created the risk of harm to which it forced the claimant to suffer, i.e., an exception for "stated-created" danger. *Id.*

Though often asked to do so, the Fifth Circuit has consistently declined to adopt the "state created" danger rule. *Randolph v. Cervantes*, 130 F.3d 727, 731 (5th Cir. 1997), *cert. denied,* 525 U.S. 822 (1998); *Doe v. Hillsboro ISD*, 113 F.3d 1412, 1415 (5th Cir. 1997) (en banc); *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995). The Fifth Circuit has cast doubt on whether it is a viable exception to *DeShaney*. *Lefall v. Dallas ISD*, 28 F.3d 521, 530 (5th Cir. 1994). The Supreme Court stated that the rationale for any exception is that the state exercises its authority to restrain the individual's liberty so as to render him unable to protect himself. *DeShaney*, 489 U.S. at 200. In *Johnson*, the Court questioned whether it could ever meet the "demanding standard for constitutional liability." 38 F.3d at 201.

> D.   Amended Complaint Fails to State Facts Showing Defendants
>       Put Intervenors In A Dangerous Environment and Stripped
>       Them of the Ability to Defend Themselves

Though the Fifth Circuit has declined to adopt the "state created" danger rule, it has described its elements as:

> 1.   The government officials must create the dangerous situation;
>
> 2.   They must know the situation is dangerous;

7

3.    The danger must create an opportunity for a third party to commit a crime which would not otherwise exist; and

4.    They must affirmatively place the plaintiff in a position of danger in such a way as to strip the plaintiff of his ability for self defense.

*Randolph*, 130 F.3d at 731; *Johnson*, 38 F.3d at 201.   The officials' actions must place the plaintiff at a specific risk, as opposed to a risk that affects only the public generally. *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1997); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1153 (3rd Cir. 1995), *cert denied*, 516 U.S. 858 (1995).   The official must have actual knowledge that the risk of harm exists.   *Doe*, 113 F.3d at 1415.

1.    Defendants Did Not Force Intervenors into Harm's Way While Impairing Their Ability to Protect Themselves

Here, the allegations conclusively acknowledge that Defendants did not put Intervenors into a dangerous situation nor did they strip them of the ability of self defense. The Am. Complaint, ¶¶ 27-29, alleges the Sheriff's deputies were employed by and on duty for the Cameron County Sheriff's department on July 7, 1998, and were involved in the search for Ernest at the house.   This conclusively negates any claim these Defendants put them in harm's way.   *See, for example, Randolph*, 130 F.3d at 731; *Callis v. Sellars*, 931 F.Supp. 504, 513, 520 (S.D.Tex. 1996).

Intervenor Deputies were not stripped of the means to defend themselves.   They affirmatively allege that they were present to search the Moore the residence and surrounding areas for Ernest Moore, a suspect in a violent double homicide.   Because they were there to perform a manhunt for a suspected killer, they were certainly on notice that

danger was around them. Intervenors Robert Rodriguez and Villanueva had weapons and returned fire on Ernest Moore. Am. Complaint, ¶¶ 54-55. Intervenor Villanueva actually helped subdue Ernest Moore and handcuff him. Am. Complaint, ¶ 55. Therefore, they were not stripped of the means to defend themselves.

> 2. Defendants Did Not Create A Risk Of
>    Third Party Crime That Did Not Already Exist

Here, the alleged risk of harm must be that Intervenors would receive some injury or suffer emotional distress because Ernest Moore seized an HPD rifle and shot Border Patrol Agents trying to capture him. The pleadings must show Defendants had created the opportunity for a third party's crime that otherwise would not have existed. *Randolph*, 130 F.3d at 731; *Johnson*, 38 F.3d at 201. Therefore, Intervenors must plead facts showing that Defendants were actually aware they had created an extreme risk that a private citizen would use the rifle to shoot someone else in a way that somehow harmed others, which risk did not otherwise exist. *Johnson*, 38 F.3d at 201-2; *Lefall*, 28 F.3d at 531.

The First Amended Complaint alleges nothing to show that Defendants incited Ernest Moore to take Det. Moore's rifle or fire on the law enforcement officers. The pleading states no facts showing that, unless Ernest Moore seized an HPD rifle, no gunfire would have erupted. There are no allegations that Ernest Moore had no weapon to shoot absent access to the HPD rifle. Not issuing the rifle to Det. Moore might have prevented Ernest from having that particular rifle. However, this is not the same thing as creating

an opportunity to shot people which Ernest would not have had otherwise. Failing to prevent a crime is not the same thing as causing it. *Estate of Brown v. Barian*, 43 F.Supp.2d 1008, 1019 (E.D.Wisc. 1999).

Any alleged knowledge that Ernest Moore might be dangerous or likely to harm people does not create the risk of harm. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir. 1990); *Losinski v. City of Trempealeau*, 946 F.2d 544, 551 (7th Cir. 1991). Intervenors must state facts showing failure to warn created the opportunity for Ernest Moore to cause Intervenors injury, which chance he would not have had without the HPD rifle. Intervenors were there to search for Ernest Moore, a homicide suspect. Because it was a manhunt for a homicide suspect, they are certainly looking for a violent man where they think he is. Therefore, they would have been there with the belief he was nearby and dangerous, regardless of what Defendants could have told them.

3.  "State Created" Danger Exception Does Not Extend to Persons Who Were Not the Victims of the Crime and Suffer Only Emotional Distress

Intervenors do not allege that Ernest Moore shot them. They do not allege facts indicating that they could be considered the victim of any crime Ernest Moore committed. The only crime they describe is Ernest Moore shooting the Border Patrol Agents and another Sheriff's deputy.

Virtually every case that has recognized or discussed the "state created" danger exception to *DeShaney* has applied it to the *victim* of the third party's crime. The Fifth Circuit has said it can apply only when the harm is the creation of the chance for a private

10

citizen to commit a crime.  *Randolph*, 130 F.3d at 731.  The officer must know that the victim is in immediate danger.  *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392 (5th Cir. 1999).  None of these elements would mean anything if the state must protect not only the direct victims, but also those who are in the area of the crime, including the officers it has sent to arrest the criminal.

The only injury allged by five Intervenors is  emotional distress from witnessing the crimes.  In those jurisdiction that recognized the "state created" danger exception, it has been applied only to claims that involve substantial deprivations of liberty interests; it has not been found when the primary injury is emotional distress.  *See, e.g.*, *Osborne v. Brown*, 2000 WL 764928, *10 (E.D. Pa. June 13, 2000)(no deprivation of 'liberty' to support a "state created" danger claim that police failed to protect plaintiff from verbal harassment of demonstrators); *Clifford v. Turk*, 2000 WL 249492, *4 (D. Ore. Feb. 22, 2000)(no "state created" danger liability for officer that spread rumor that decedent had turned in his friends in to the police, even though resulting ridicule and harassment from schoolmates drove him to suicide).

The Court should dismiss all the emotional distress claims.  Officer Vela's alleged knee injury does not save his claim.   Although he alleges a substantial knee injury resulting from diving into a ditch, Ernest Moore did not inflict that injury on him.  Where it has been recognized, the "state created" danger doctrine has been allowed only as a remedy to the immediate victims of the criminal's acts.  One element is that the state actor knowingly create the specific risk of criminal violence.  It has not been extended to

11

anyone in the vicinity of the crimes who injure themselves while reacting to the crimes perpetrated on others.

## V.  State Law Claims

Intervenors allege only a negligence claim against Defendants.  They do not allege that Defendants entrusted the rifle to Ernest Moore.  Rather, they rely on a theory that he took it without Det. Moore's consent.  The alleged negligence focused solely on the inadequate security for the rifle, not a conscious entrustment to Ernest Moore.

All six Intervenors allege an injury for emotional distress from witnessing the crimes,  with consequential physical systems of that distress.  If the primary injury was emotional distress, there is no general duty in Texas not to negligently inflict emotional distress.  *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993).  A claim of intentional infliction can lie only if defendant intended that plaintiff suffered emotional distress. *Standard Fruit & Veg. Co. v. Johnson*, 985 S.W.2d 62, 66-67 (Tex. 1998).  "We hold that intentional infliction of emotional distress is not available as an independent cause of action unless the actor intends to cause severe emotional distress or severe emotional distress is the primary risk created by the actor's reckless conduct," 985 S.W.2d at 63. Intervenors do not allege Defendants intended any action to cause Intervenors' emotional distress.

Second, Intervenors' claims (even Intervenor Vela who alleges injury to his knee) fail because there is no legal duty to exercise reasonable care to prevent unauthorized access to rifles.  Texas cases have held that negligent entrustment of a firearm to an

12

incompetent user may be actionable. *Kennedy v. Baird*, 682 S.W.2d 377, 388 (Tex. App.-El Paso 1984, no writ). However, *Kennedy* does not state that there can be liability for failing to prevent the weapon from being taken without permission. By analogy, Texas does not impose a duty to safeguard car keys to prevent a thief from stealing the car and hitting a third party. *See discussion, Story Serv., Inc. v. Ramirez*, 863 S.W.2d 491, 497-98 (Tex. App.- El Paso 1993, writ denied). The same rational should apply to rifle. Otherwise, every gun owner is exposed to potential liability to victims of violence perpetrated by gun thieves.

To the extent that the complaint alleges Defendants negligently failed to destroy the rifle, it fails to state facts raising state law tort duty. Whether the facts arise to a legal duty to exercise ordinary care is a law question for the court. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). The court weighs the nature of the risk, the foreseeability of the risk of harm, and the probability of injury against the utility of the defendant's conduct, imposing a burden on the defendant to guard against that injury, and the magnitude of that burden. *Golden Spread Council, Inc. v. Akins*, 926 S.W.2d 287, 289-90 (Tex. 1996). The foreseeability of harm is not alone sufficient to create a duty to exercise care. *Golden Spread Counsel*, 926 S.W.2d at 290-291. Generally, a person has no duty to protect another from the criminal acts of the third party or otherwise control the third party to prevent harm. *Walker v. Harris*, 924 S.W.2d 375, 377 (1986).

13

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants CITY OF HARLINGEN,

TEXAS, R.D. MOORE and JIM SCHEOPNER pray the above and foregoing be taken

under submission and upon hearing same, the Court grant the relief requested, dismiss the

Complaint in Intervention, dismiss all or part of the claims alleged, or grant any other

such further relief to which they may show themselves entitled.

Respectfully submitted,

By: _____
TOM LOCKHART
Federal ID No. 2257
State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, R.D. MOORE and
JIM SCHEOPNER

WALTER PASSMORE
Federal ID No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE and
JIM SCHEOPNER, In Their Individual Capacity

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 29 day of August, 2000, to the following counsel of record and interested parties:

Attorney for Plaintiffs ARTURO G. SALINAS:

    Mr. Richard Pena
    LAW OFFICES OF RICHARD PENA, P.C.
    Barton Oaks Plaza Two
    901 MoPac, Suite 325
    Austin, TX 78746-5747

    Mr. Broadus A. Spivey
    SPIVEY & AINSWORTH, P.C.
    48 East Avenue
    Austin, TX 78701-4320

Attorney for Plaintiff RAUL RODRIGUEZ:

    Mr. Ramon Garcia
    LAW OFFICES OF RAMON GARCIA, P.C.
    222 West University
    Edinburg, TX 78539

Attorney for Plaintiffs GILBERTO M. RODRIGUEZ, et al:

    Mr. Richard Pena
    LAW OFFICES OF RICHARD PENA, P.C.
    Barton Oaks Plaza Two
    901 MoPac, Suite 325
    Austin, TX 78746-5747

15

Attorney of record for Defendant JIM SCHEOEPNER and R.D. MOORE, in their
Individual Capacity:

> Mr. Walter J. Passmore
> PASSMORE, WALKER & TWENHAFEL, L.L.P.
> 2424 North 10th St., Suite 201; 78501
> P. O. Drawer 3766
> McAllen, TX 78502-3766

Attorney-In-Charge for Intervenor Plaintiffs, SAMUEL MONTEMAYOR, HERON L.
VIDALES, ROBERT RODRIGUEZ, JESUS R. VILLANUEVA, PEDRO VELA and
ALBERTO R. GARCIA:

> Mr. Sean F. O'Neill          <u>CMRRR No. 7099 3400 0014 6896 6570</u>
> O'NEILL & BALEGA, P.C.
> 490 Renaissance Plaza
> 70 N.E. Loop 410
> San Antonio, TX 78216

ROGER W. HUGHES