IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 3 0 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ARTURO G. SALINAS, ET AL | § |
| V. | § |
| CITY OF HARLINGEN, TEXAS, ET AL; | § |
| and | § |
| GILBERTO M. RODRIGUEZ, ET AL | § |
| V. | § CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, TEXAS, ET AL; | § (For Discovery and Pretrial Matter Only) |
| and | § |
| RAUL RODRIGUEZ | § |
| V. | § |
| CITY OF HARLINGEN, TEXAS, ET AL. | § |

**PLAINTIFFS' AMENDED RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFFS' MOTION TO CONTINUE THE SUBMISSION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE TAGLE, U.S. DISTRICT COURT:

COME NOW Plaintiffs and file this Amended Response to Defendant's Reply To Plaintiffs' Motion To Continue The Submission Of Defendant's Motion for Summary Judgment and would respectfully show this Court the following:

### I. INTRODUCTION

1. In Defendant's Reply to Plaintiffs' motion to continue the submission of Defendant's Motion for Summary Judgment (Reply), Defendant asserted that Plaintiffs' "Motion is a 'fishing expedition' to conduct additional unnecessary discovery." (See

1

pages 1-2 of Defendant's Reply).

2.  Defendant's assertion is not true. Further discovery is necessary to prove the elements of "state created danger" claims and to substantiate Plaintiffs' state claims.

3.  Plaintiffs filed this Response to respond to Defendant's opposition and supplement to their motion.

## II. ARGUMENT AND AUTHORITIES

4.  In the March 21, 2000 Orders and the April 11, 2000 Nunc Pro Tunc Order, the Court rendered opinion as to the "state-created danger" claims as the following:

> . . . In addition, one can reasonably infer that the police department's final policymaker, Defendant Scheopner, knew that E. Moore posed a real threat to the decedent. Given that Defendant Moore told the first person who walked up to his house that his son was on the verge of killing himself or a third person, had taken his father's missing weapon and had committed a prior crime, it would be reasonable to infer that he conveyed the same information to Defendant Scheopner, a long-time friend, in the telephone conversation they had before the decedent was killed. **If Defendant Scheopner knew of the real threat posed by E. Moore before the decedent was killed, he could have avoided the danger he created by warning the law enforcement team surrounding the house to take necessary precautions to secure their safety.** It is common sense that the decedent would have proceeded very differently if he had known that E. Moore was close by, carrying an assault rifle, and homicidal. Without information on the suspect's location, weapon and state of mind, the decedent had no reason to take special steps such as donning protective gear or staying out of open areas. The decedent was effectively stripped of the ability to defend himself, and became an easy target. **If Defendant Scheopner had the ability to warn the decedent of the very real danger created by his own policies and procedures, and did not, his actions were outrageous and shock the conscience.**
> 
> Based on the liberal notice pleading requirements of the Federal Rules of Civil Procedure and the general reluctance to dismiss novel legal claims at the pleadings stage, the Court finds that the Plaintiffs assert a colorable state-created danger claim against the City of Harlingen. The Plaintiffs plead sufficient facts to allow the Court to outline the elements of their claim, or reach reasonable inferences that the elements exist. . . .

(Emphasis added) (See pp. 21-22 of the Orders and p. 22 of the Nunc Pro Tunc

2

Order).

5. The Court's opinion clearly points out that Police Chief Scheopner's knowledge of the danger at Moore's house and his action in dealing with the danger are the critical evidential points which Plaintiffs need to establish their state-created danger claims. In other words, any communication between Police Chief Scheopner and his Harlingen Police Department (HPD) officers are critically important to Plaintiffs' "state-created danger" claims.

6. In the first stage of discovery, the evidence shows that HPD dispatcher received the information concerning the Rio Hondo shooting at 6:06 a.m. The tapes and transcripts of the 911 calls, the officers' radio traffic, and EMS calls that Defendant produced show only the events that transpired immediately after the San Benito shooting which occurred at approximately 7:13 a.m. and thereafter. Defendant did not produce tapes and transcripts of the 911 calls, the officers' radio traffic, and EMS calls between 6:06 a.m. and 7:13 a.m. When Plaintiffs asked for the original master tape or tapes, Defendant informed Plaintiffs that the original master tape or tapes had been reused. (See Mr. Tom Lockhart's letter to the undersigned attorneys, which is attached hereto as Exhibit "A" and incorporated herein for all purposes).

7. The destruction of the original master tape or tapes has hindered Plaintiffs' ability to make proof of their claims. It leaves Plaintiffs with only one option; to reconstruct the time line of the events that transpired on the morning of July 7, 1998 to prove their claims by taking depositions of the dispatchers and officers involved in both the Rio Hondo and San Benito shootings.

8. Moreover, if the destruction was made in bad faith, Plaintiffs are entitled to

3

the inference of spoliation of evidence. In order to prove Defendant's bad conduct in destroying the critical evidence, Plaintiffs should be allowed to conduct further discovery.

9.   In the present case, Police Chief Scheopner and Detective R. D. Moore denied that they had any knowledge of the dangerous propensities of Ernest Moore. However, the evidence also shows that they may not be telling the truth. Plaintiffs need more discovery to discover the truth behind the shootings. In *International Shortsop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), the court held that when determining whether to grant request for additional discovery before ruling on summary judgment motion, the district court should be generous in its allowance of discovery requests aimed at uncovering evidence of moving party's state of mind, in light of difficulties attendant to rebutting professed state of mind of party-opponent through summary judgment evidence.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Court grant Plaintiffs' Motion to Continue the submission of Defendant's Motion for Summary Judgment until 40 days after the completion of the discovery. Plaintiffs further pray this Court order parties to complete discovery within four (4) months of the date of the order, Defendant to amend its Motion for Summary Judgment within 20 days of the date of the completion of the discovery, and Plaintiffs to file their response to Defendant's motion within 20 days of the date of Defendant's filing of its amendment to its motion.

Respectfully submitted,

BROADUS A. SPIVEY
SPIVEY & AINSWORTH, P.C.
48 East Avenue
Austin, TX 78701
512+474-6061
fax: 512+474-1605

Mr. Richard Pena
Law Offices of Richard Pena, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747

By _____
   Broadus A. Spivey
   State Bar No. 18955000
   Federal Id. No. 11146

ATTORNEYS FOR PLAINTIFFS ARTURO G. SALINAS, ET AL AND GILBERTO M. RODRIGUEZ, ET AL

RAMON GARCIA
SONIA I. LOPEZ
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, TX 78539
956+383-1441
fax: 956+381-0825

By _____
   Sonia I. Lopez
   State Bar No. 24003862
   Federal Id. No. 23501

# VERIFICATION

STATE OF TEXAS §
§
COUNTY OF HIDALGO §

On this day Sonia I. Lopez appeared before me, the undersigned notary public, and after I administered an oath to her, upon her oath, she said she had read Plaintiffs', Amended Response To Defendant's Reply To Plaintiffs' MOTION TO CONTINUE THE SUBMISSION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT exhibits are attached herein and the facts stated in it are within her personal knowledge and are true and correct.

_____
Sonia I. Lopez

SWORN TO and SUBSCRIBED before me by Sonia Lopez on August 30, 2000.

_____
Notary Public in and for the State of Texas


# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded on August 30, 2000, to all counsel of record and interested parties via facsimile and U.S. mail:

Mr. Tom Lockhart
Mr. Jim Denison
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
ATTORNEYS FOR DEFENDANT

_____
Sonia I. Lopez

6