*84*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 3 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| Arturo Guillermo Salinas, et al. | { |
| v. | { |
| City of Harlingen, et al., | { |
| AND | { |
| Gilberto M. Rodriguez, et al. | { |
| v. | { CIVIL ACTION NO. B-98-162 |
| City of Harlingen, et al., | { |
| AND | { |
| Raul Rodriguez | { |
| v. | { |
| City of Harlingen, et al., | { |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

COME NOW, Arturo Guillermo Salinas and Elisa Herrera Salinas, Gilberto M. Rodriguez, Individually and on Behalf of his Minor Daughter, Megan Suzanne Rodriguez; and Stephen L. Williams and Wife, Robyn S. Williams, Surviving Beneficiaries of the Deceased, Raul Rodriguez, Plaintiffs, and City of Harlingen, Defendant, in the above referenced action, filing their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

**ANSWER:** Telephone conference on September 21, 2000, between attorneys of record, Sonia Lopez, Price Ainsworth and Francis Pan of Spivey & Ainsworth, P.C. and Tom Lockhart.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**ANSWER:** Civil Action No. B-00-071; Alice Carlson v. City of Harlingen, et al.; In the United States District Court for the Southern District of Texas, Brownsville Division and the pending Amended Motion to Intervene filed by Samuel Montemayor, Heron L. Vidales, Robert Rodriguez, Jesus R. Villanueva, Pedro Vela and Alberto R. Garcia.

Civil Action No. B-00-104; Dan Morin, Individually and as Representative of the Estate of Margarita Flores, Deceased v. Ralph D. Moore, Joseph Vasquez, Jim Schoepner and City of Harlingen and Donald Morin, Diana Morin, Jennifer May Gwin, Danny Morin, and Ruben Rios, Sr., as Next Friend of Ruben Rios, Jr., a Minor, Maria D. Lopez, as Next Friend of Brian Morin, a Minor v. Ralph D. Moore, Joseph Vasquez, Jim Schoepner and City of Harlingent; In the United States District Court for the Southern District of Texas, Brownsville Division (Rio Hondo shootings).

**3.** Briefly describe what this case is about.

**ANSWER:** This case arises from a shooting that occurred on July 7, 1998, and that resulted in the killing of U.S. Border Patrol Agents, Susan Rodriguez and Ricardo Salinas, and serious injuries to Cameron County Sheriff's Deputy Raul Rodriguez. Raul Rodriguez responded to a call to assist the Rio Hondo Police Department at a murder scene on Catherine Street, Rio Hondo, Cameron County, Texas. After assisting the investigators at the scene of the crime, Raul Rodriguez was advised that they had found the suspect vehicle near the intersection of Resaca and Gamble Road south of San Benito, Cameron County, Texas. Subsequently, several law enforcement agents, including U.S. Border Patrol agents, Susan Rodriguez and Ricardo Salinas, arrived at the Moore residence in an attempt to search for the double homicide suspect, Ernest Moore, son of R.D. Moore. The weapon used to kill the two United States Border Patrol Agents and inflict serious injuries on Raul Rodriguez was an AR-15 semi-automatic rifle.

Plaintiffs believe that the facts will demonstrate the following: the rifle had been delivered by Mrs. Sylvia Pirtle to the Harlingen Police Department for the purpose of being destroyed; however, Chief of Police Scheopner and the City of Harlingen illegally took possession and control of the weapon and issued it to R.D. Moore for use as a service weapon; Chief Scheopner had no legitimate reason whatsoever to keep the rifle and should have destroyed it immediately after it was turned in; this was an abuse of his police power; R.D. Moore was issued the AR-15 semi-automatic rifle although he was not trained, qualified, or proficient in the use of

said weapon; Chief Scheopner and R.D. Moore had knowledge of Ernest Moore's involvement in the Rio Hondo Shootings and R.D. Moore had a conversation with Ernest Moore prior to the shooting of the two Border Patrol Agents, Susan Rodriguez and Ricardo Salinas, and Cameron County Sheriff's Deputy, Raul Rodriguez.

Defendant says that the shootings were the acts of a private citizen for which it has no responsibility under Federal or State law (reference Defendant's pending Motion for Summary Judgment).

4. Specify the allegation of federal jurisdiction.

**ANSWER:** 42 U.S.C. § 1983; 42 U.S.C. § 1988; 28 U.S.C. § 1343(a)(3); 28 U.S.C. § 1331.

5. Name the parties who disagree and the reasons.

**ANSWER:** Not applicable.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**ANSWER:** None.

7. List anticipated interventions.

**ANSWER:** Pending Amended Motion to Intervene by Samuel Montemayor, Heron L. Vidales, Robert Rodriguez, Jesus R. Villanueva, Pedro Vela and Alberto R. Garcia

8.  Describe class-action issues.

**ANSWER:** None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:** Plaintiffs and Defendant agree to make initial disclosures on or before October 24, 2000.

10. Describe the proposed agreed discovery plan, including:

   A.  Responses to all the matters raised in Rule 26(f).

   B.  When and to whom the plaintiff anticipates it may send interrogatories.

   C.  When and to whom the defendant anticipates it may send interrogatories.

   D.  Of whom and by when the plaintiff anticipates taking oral depositions.

   E.  Of whom and by when the defendant anticipates taking oral depositions.

   F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

   G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**ANSWER:**   A.   Discussed elsewhere.

B.   Plaintiffs anticipate sending Interrogatories to Defendant on or before November 21, 2000.

C.   Defendant anticipates sending Interrogatories to the Plaintiffs on or before November 21, 2000.

D.   Plaintiffs anticipate taking the following oral depositions:

1.  Robert Rodriguez;
2.  Larry Moore;
3.  Patsy Moore;
4.  Melody Matlock;
5.  Chris, Dispatcher of the Cameron County Sheriff's Department;
6.  Sgt. Mike Garcia;
7.  Officer Gilbert Gonzalez;
8.  Capt. Joey Vasquez;
9.  Lt. E. Leal;
10. Robert Carbido, FBI Agent;
11. Tony Vargas, ATF Agent;
12. Danny Carpenter, ATF Agent;
13. Joe Cisneros, DPS Trooper; and
14. Gail Jones.

Plaintiffs will take any depositions exceeding 10, by agreement or will seek leave of the Court.

E.   Defendant anticipates taking the following oral depositions:

1.  Arturo Guillermo Salinas;
2.  Gilberto M. Rodriguez; and
3.  Raul Rodriguez.

    If Defendant takes other depositions and the total number exceeds 10 then such will be taken by agreement or Defendant will seek leave of the Court.

  F. Plaintiffs will designate experts and provide reports by February 28, 2001 and Defendant will designate experts and provide reports within thirty (30) days of the depositions of the Plaintiffs' experts.

  G. Plaintiffs will depose all testifying experts designated by Defendant on or before April 30, 2001.

  H. Defendant will depose all testifying experts designated by Plaintiff on or before March 15, 2001.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER:** Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER:** There have been six depositions taken. Plaintiffs took the depositions of Jim Scheopner and R.D. Moore. Defendant took the depositions of George Hupp, Michael Riley, Orlando Sanchez and Ronald K. Saenz.

13. State the date the planned discovery can reasonably be completed.

**ANSWER:** April 30, 2001.

---

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**ANSWER:** On December 18, 1998, an unsuccessful mediation was conducted on the claims of Arturo Guillermo Salinas and Elisa Herrera Salinas, Gilberto M. Rodriguez, Individually and on Behalf of his Minor Daughter, Megan Suzanne Rodriguez; and Stephen L. Williams and Wife, Robyn S. Williams, Surviving Beneficiaries of the Deceased. The parties will consider additional mediation efforts, if appropriate.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**ANSWER:** On December 18, 1998, an unsuccessful mediation was conducted on the claims of Arturo Guillermo Salinas and Elisa Herrera Salinas, Gilberto M. Rodriguez, Individually and on Behalf of his Minor Daughter, Megan Suzanne Rodriguez; and Stephen L. Williams and Wife, Robyn S. Williams, Surviving Beneficiaries of the Deceased. The parties will consider additional mediation efforts, if appropriate.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**ANSWER:** On December 18, 1998, an unsuccessful mediation was conducted on the claims of Arturo Guillermo Salinas and Elisa Herrera Salinas, Gilberto M. Rodriguez, Individually and on Behalf of his Minor Daughter, Megan Suzanne Rodriguez; and

Stephen L. Williams and Wife, Robyn S. Williams, Surviving Beneficiaries of the Deceased. The parties will consider additional mediation efforts, if appropriate.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**ANSWER:** At this time the parties have not agreed to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

**ANSWER:** Yes and made timely.

19. Specify the number of hours it will take to present the evidence in this case.

**ANSWER:** Seven to ten 8-hour days of evidence.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER:**
1. Defendant's Motion for Summary Judgment;
2. Plaintiffs' Motion to Continue The Submission of Defendant's Motion for Summary Judgment;
3. Plaintiffs' Motion to Compel Disclosures and Depositions; and
4. Intervenors' Amended Motion to Intervene.

(The parties agree that Civil Action No. B-99-070 may also be consolidated under Civil Action No. B-98-162 for trial and will file a motion if necessary.)

21. List other motions pending.

**ANSWER:** None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**ANSWER:** None.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

**ANSWER:**

Mr. Broadus Spivey
State Bar No. 1895500
Federal I.D. No. 11146
**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, Texas 78701
Telephone: (512) 474-6061
Telecopier: (512) 474-1605
Attorneys for Plaintiffs,
Arturo G. Salinas, et al. and
Gilberto M. Rodriguez, et al.

Mr. Ramon Garcia
State Bar No. 07641800
Federal I.D. No. 3936
Ms. Sonia I. Lopez
State Bar No. 24003862
Federal I.D. No. 23501
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University
Edinburg, Texas 78539
Telephone: (956) 383-7441
Telecopier: (956) 381-0825
Attorneys for Plaintiff,
Raul Rodriguez

---

Tom Lockhart
State Bar No. 12473500
Federal I.D. No. 2257
Roger W. Hughes
State Bar No. 10229500
Federal I.D. No. 5950
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Telephone:     (956) 428-7495
Telecopier:    (956) 428-2954

Attorneys for Defendant,
City of Harlingen

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendant,
CITY OF HARLINGEN

# JOINT DISCOVERY/CASE MANAGEMENT PLAN

Respectfully submitted,

**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, Texas 78539

By: _____
Ramon Garcia
State Bar No. 07641800
Federal I.D. No. 3936
Ms. Sonia I. Lopez
State Bar No. 24003862
Federal I.D. No. 23501

Attorney for Plaintiff Raul Rodriguez

10/02/00 13:18 FAX 5124741605   SPIVEY & AINSWORTH, PC   5124741605   ☐002
OCT 02 '00 10:57AM ADAMS GRAHAM, LLP ATTORNEYS   OCT 02 '00 01:18PM

Case 1:98-cv-00162   Document 84   Filed in TXSD on 10/03/2000   Page 13 of 17

# JOINT DISCOVERY/CASE MANAGEMENT PLAN

Respectfully submitted,

**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, Texas 78701
Telephone: (512) 474-6061
Telecopier: (512) 474-1605

By: /s/ Broadus Spivey
Broadus Spivey
State Bar No. 1895500
Federal I.D. No. 11146

Attorneys for Plaintiffs, Arturo G. Salinas, et al. and Gilberto M. Rodriguez, et al.

**UNITED STATES DISTRICT COURT**      **SOUTHERN DISTRICT OF TEXAS**

Arturo Guillermo Salinas, et al. §
Gilberto M. Rodriguez, et al. §
*versus* Raul Rodriguez            §     CIVIL ACTION B- 98-162
City of Harlingen, et al. §
§

## Scheduling Order

1. Trial: Estimated time to try: <u>7-10</u> days.     ☐ Bench     ☒ Jury

2. New parties must be joined by:     <u>12/01/00</u>

   *Furnish a copy of this scheduling order to new parties.*

3. The plaintiff's experts will be named with a report furnished by:     <u>02/28/01</u>

4. The defendant's experts must be named with a report furnished within 30 days of the deposition of the plaintiff's expert.

5. Discovery must be completed by:     <u>04/30/01</u>

   Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the court. No continuance will be granted because of information acquired in post-deadline discovery.

************************* The court will provide these dates. *************************

6. Dispositive Motions will be filed by:     _____

7. Joint pretrial order is due:     _____

   *The plaintiff is responsible for filing the pretrial order on time.*

8. Docket Call and final pretrial conference is set for 1:30 p.m. on:     _____

9. Jury Selection is set for 9:00 a.m. on:     _____

The case will remain on standby until tried.

     Signed _____, 2000, at Brownsville, Texas.

                                                    Hilda G. Tagle
                                          United States District Judge

*Counsel, please sign on the back.*

_____               ___Tom Rockchot_____
Counsel for _____               Fed. I.D. No. 2257
                                        Counsel for _Defendant City_
                                                    _of Harlingen_

_____               _____
Counsel for _____               Counsel for _____

_____               _____
Counsel for _____               Counsel for _____

Scheduling Order—Page Two

_Broaddus & Spivey_ by Francis Pan by permission
Federal I.D. No. 71146
Counsel for Plaintiffs Arturo G      Counsel for _____
Salinas, et al. and Gilberto
M. Rodriguez, et al.

Counsel for _____    Counsel for _____

Counsel for _____    Counsel for _____

Case 1:98-cv-00162  Document 84  Filed in TXSD on 10/03/2000  Page 16 of 17

ClibPDF - www.fastio.com

*Scheduling Order—Page Two*

_____[signature]_____ Fed I.D. NO. 3936

Counsel for **PLAINTIFF PAUL RODRIGUEZ**

Counsel for _____

Counsel for _____

Counsel for _____

Counsel for _____

Counsel for _____

ClibPDF - www.fastio.com