IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO GUILLERMO SALINAS, AND ELISA HERNANDEZ HERRERA SALINAS | § § § | |
| V. | § | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, TEXAS | § § | |

AND

GILBERTO M. RODRIGUEZ, ET AL

V.

CITY OF HARLINGEN, TEXAS

AND

RAUL RODRIGUEZ

V.

CITY OF HARLINGEN

AND

| | | |
|---|---|---|
| ALICE CARLSON | § § § | |
| V. | § § § | CIVIL ACTION NO. B-00-071 |
| | § | JURY DEMANDED |
| CITY OF HARLINGEN, TEXAS, R.D. MOORE, AND JIM SCHEOPNER | § § § § | |

**MOTION TO CONSOLIDATE**

-1-

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** PLAINTIFF Alice Carlson and moves to consolidate with case B-98-162, styled Salinas, et al v. City of Harlingen, and would further show:

### CERTIFICATE OF CONFERENCE

Lead counsel for Plaintiffs' Broadus Spivey, and (at the time filed by undersigned counsel) Sean O'neill [proposed intervenor] are not opposed to this motion. Defense counsel and plaintiff Raul Rodriguez are opposed to this motion.

### I.

FRCP 42(a) states:
> When actions involving a common question of law *or* fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions;

These two cases involve virtually exact fact patterns, and advance common issues. They're so intertwined that defense counsel Mr. Hughes commented during the scheduling conference that the cases have " essentially the same facts ". One theory common to all parties attempting to affiliate with this cause is the 'state created danger' approach, which is a fact-laden theory whereby in the typical case the defendants are in far greater control of discovery facts; this case is not an exception to the pattern. Due to the foregoing assertions it is requested that for pre-trial and discovery purposes that the *Carlson* case be consolidated with *Salinas, et al*, or for such purposes as this Court desires.

Another similarity that the cases have is that discovery is stayed on both matters, so that should discovery resume any potential disruption will be minimized. Also, unlike the defense contention that a jury could be confused by the difference in parties (or theories) the prayed for

relief here would not infringe on a jury's prerogative.

II.

Defense counsel proffers that " the filing of this lawsuit, ... has been the subject of extensive newspaper and TV coverage throughout South Texas. ", which corroborates the fact that for traditional judicial economy reasons the preferred route to take for preliminary matters would be to combine the two suits. The inconvenience to their own clients by giving plaintiff's a ' two bites at the apple ' opportunity does not seem to help the defense position. Since " the same essential facts " are involved - the same areas of testimony by the same proponents - with likelihood of the same type of " rulings on dispositive motions " many aspects will be retread. The unnecessary waste of time and expense abrogate a judicious result.

Further, plaintiff Carlson is not opposed to having previously taken depositions be used against her, she has merely sought to ask deponents brief supplemental questions to those already posed, thus staying in compliance with FRCP 32( a ). Also, unlike defense counsel has suggested not all the cases that are now consolidated where filed " in November, 1998. " The Law Offices of Ramon Garcia, P.C., did not file their portion of the case until the following year, therefore, a pattern has been set where cases with the " same essential facts " will be consolidated though filed at different times. More telling is that Plaintiff Carlson's name has been on the record from approximately the same point in time as the Garcia case, and that plaintiff Raul Rodriguez has been aware of such involvement.

And, finally as was brought forth in this Court's order of March 31, 2000 " Given that the city extensively briefed its opposition to the Plaintiffs' state-created danger claim, it cannot reasonably contend that it has not received fair notice of the grounds upon which the claim is

-4-

based. " also, " In fact, in some situations, it may be reversible error to dismiss a case based on qualified immunity if a Rule 7 reply is not ordered. "

**WHEREFORE, premises considered**, Plaintiff Alice Carlson prays the Court grant the Motion to Consolidate.

Respectfully,

*[signature]*
Ronaldo S. Lozano
Fed. ID 14048
TBN: 12648010
360 E. Hwy. 77, Suite 1
San Benito, TX 78586-5214
(956)399-9663
FAX (956)399-8285

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing document was forwarded on October 10, 2000, by first class mail to the following counsel of record and interested parties:

Mr. Walter J. Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
2424 North 10th St, Suite 201
McAllen, Texas 78501
Attorneys for Defendant's Schoepner & Moore

Tom Lockhart
Adams & Graham
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
Attorneys for Defendants

Broadus A. Spivey
48 East Avenue
Austin, TX 78701-4320
Attorney-in-Charge Plaintiff's

Ramon Garcia
222 W. University Dr.
Edinburg, TX 78539
Attorney for Raul Rodriguez

Ronaldo S. Lozano

ClibPDF - www.fastio.com