89

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 6 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ARTURO SALINAS, ET AL. § | |
| § | |
| vs. § | CIVIL ACTION NO. B-98-162 |
| § | |
| CITY OF HARLINGEN, TEXAS, ET AL.§ | |

### OBJECTIONS TO, AND MOTION TO QUASH, SUBPOENA DUCES TECUM SERVED OCTOBER 31, 2000, DIRECTED TO CAMERON COUNTY SHERIFF'S DEPARTMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW THE CUSTODIAN OF RECORDS FOR THE CAMERON COUNTY SHERIFF'S DEPARTMENT, by and through their attorney, and files these objections to and motion to quash, subpoena duces tecum served October 31, 2000, directed to the Custodian Of Records for Cameron County Sheriff's Department, and shows this Honorable Court the following:

### INTRODUCTION

1. On or about October 31, 2000, the Respondent ARTURO SALINAS, ET AL. caused to be delivered to the Cameron County Sheriff's Department a Subpoena Duces Tecum directed to the custodian of records for the Cameron County Sheriff's Department. (A true and correct copy of such Subpoena is attached as Exhibit "A" and incorporated herein by reference as through set forth verbatim.) The subpoena sets a date and time of instanter for compliance, and directs the custodian of records to produce and permit inspection and copying of the following: "All records, including but not limited to: 911 tapes, dispatch records, reports, officer's notes, officer's supplemental

1

records, documents or any other tangible item relating to the incident that occurred July 07, 1998 involving the Sheriff's Department, the U. S. Border Patrol and the Brownsville Police Department."

    1.    Movant objects to such subpoena duces tecum and moves that the court quash the subpoena duces tecum, or, alternatively, moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents, for the following reasons.

## The Subpoena fails to Identify With Reasonable Specificity and Particularity The documents Sought

    2.    The party seeking to subpoena the documents has failed to identify with sufficient particularity and specificity the documents sought. As already noted, the subpoena directs the custodian of records to produce and permit inspection and coping of the following: "All records, including but not limited to: 911 tapes, dispatch records, reports, officer's notes, officer's supplemental records, documents or any other tangible item relating to the incident that occurred July 07, 1998 involving the Sheriff's Department, the U. S. Border Patrol and the Brownsville Police Department." Such an overbroad request constitutes and impermissible fishing expedition. See, e.g., Phillips vs. Automated Telephone Management Systems, Inc., 160F.R.D. 561, 563 (N.D. Tex. 1994) ("The discovery requested from Coppers and Bailey amounts to no more than a "fishing expedition' in an attempt to discover unknown wrongs.") Miller v. Adelson, 4 F.R.D. 176, 176-77 (W.D. Pa. 1944) (court sustained objection to production of entire file on on ground no particular paper designated). Compare United States v. King, 164 F.R.D. 542, 546 (D. Kan. 1996) ("Requesting entire files instead of specific documents indicates

a fishing expedition.")

3. The Fifth Circuit has held that a subpoena duces tecum "must also properly identify or describe the documents requested" and 'the request must be sufficiently definite to provide guidance as to what is to be produced by standards or criteria that make clear the duty of the person subpoenaed." In re grand Jury Proceedings, 601 F.2d 162, 168 (5th Cir. 1979).

**The Records Sought Are Privileged Confidential and Protected From Disclosure**

4. Federal rule 45 (c) (3) (A) (iii) provides that "[o] n timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it . . . requires disclosure of privileged or other protected matter and no exception or wavier applies." The documents sought by Respondents are privileged, confidential and protected from disclosure.

5. The Texas Open Records Act, Tex. Gov't Code Ann. Ch. 552 (Vernon 1994 & Supp. 1998), excepts from disclosure certain information relating to litigation to which the state is a party, certain law enforcement and prosecutor records, and information considered to be confidential by law. Id. At §§ 552. 101, .103, .108. See Holmes vs. Morales, 924 S.W. 2d 920, 923 (Tex. 1996). The above-cited provisions of the Texas Open Records Act specifically except from disclosure:

> "information considered to be confidential by law, either constitutional, statutory or by judicial decision."

Tex. Gov't Code Ann. § 552.101 (Vernon 1994 & Supp. 1998).
> "[information] relating to litigation of civil or criminal nature or settlement negotiations, to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's officer or employment, is or may be a party; and

3

that the attorney general or the attorney of the political subdivision has determined should be withheld from public inspection.

For purposes of this section, the state or political subdivision is considered to be a party to litigation of a criminal nature until the applicable statute of limitations has expired or until the defendant has exhausted all appellate and post conviction remedies in state and federal court."

<u>Tex. Gov't Code Ann.</u> § 552.103 (Vernon 1994 & Supp. 1998).

"Information held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of crime is excepted from the requirements of Section 552.021 if:

> release of the information would interfere with the detection, investigation, or prosecution of crime;
>
> it is information that deals with the detection, investigation, or prosecution of crime only in relation to an investigation that did not result in conviction or deferred adjudication; or
> it is information that:
> is prepared by an attorney representing the state in anticipation of or in the course of preparing for criminal litigation; or
>
> reflects the mental impressions or legal reasoning of an attorney representing the state.

An internal record or notation of a law enforcement agency or prosecutor That is maintained for internal use in matters relating to law enforcement Or prosecution is expected from the requirements of Section 552.021 if:

> Release of the internal record or notation Would interfere with law enforcement or Prosecution;
>
> The internal record or notation relates to

4

>   Law enforcement only in relation to an
>   Investigation that did not result in
>   Conviction or deferred adjudication; or
>   The internal record or notation;
>
>>   Is prepared by an attorney representing
>>   The state in anticipation of or in the
>>   Course of preparing for criminal
>>   Litigation; or reflects the mental
>>   Impressions or legal reasoning
>>   Of an attorney representing the state.
>
>   This section does not except from the requirements of section 552.021 information that is basic information about an arrested person, an arrest, or a crime."

Tex. Gov't Code Ann. § 552.108 (Vernon 1994 & Supp. 1998), as amended by H.B. No. 951, § 1, 75th Leg. (amendment effective September 1, 1997).

   6.   The exception to disclosure provided by § 552.101 of the Open Records Act for documents considered to be confidential by law, either constitutional, statutory or by judicial decision, is applicable in this case. Therefore, pursuant to § 552.101 and the applicable privileges set out in paragraphs 12-14 below, the documents in question are privileged and confidential, and not subject to disclosure.

   7.   The exception to disclosure provided by § 552.103 of the Texas Open Records Act is also applicable in this case. The documents relate to litigation of a criminal nature to which the state is party, and the Cameron County District Attorney has determined that the records should be withheld from public inspection. The applicable statue or limitations has not expired in this case.

   8.   The exception to disclosure provided by § 552.108 of the Texas Open Records Act is also applicable in this case. The records deal with the detection, investigation and prosecution of crime, in relation to an investigation that did not

result in a conviction or deferred adjudication. Further, the records are information prepared by an attorney representing the state in anticipation of, or in the course of preparing for criminal litigation, and reflect the mental impressions and legal reasoning of an attorney representing the state. The records constitute the work product of the state's attorney which is protected from disclosure.

10. There is no distinction between "open" and "closed" files in the above-quoted exemptions, and these exemptions protect the Cameron County District Attorney's prosecution files from disclosure. See Holmes v. Morales, 924 S. W. 2d at 925.

**Work Product**

11. As noted above, the Texas Open records Act protects the work product of the state's attorney from disclosure. Other sources for protection of work-product in the criminal context include the Texas common law and article 39.14 of the Texas Code of Criminal Procedure. In Wood v. McCown, 784 S.W.2d 126 (Tex.App.—Austin, 1990, no writ), the court held that the criminal work-product doctrine recognized through the common law continues after the criminal case had concluded, and protects the material from disclosure when it is sought in a subsequent civil case. Id. At 128-29.

12. Article 39.14 of the Texas Code of Criminal Procedure excepts from discovery "the work product of counsel in the case and their investigators and their notes or report." Tex. Code Crim. P. art 39.14 (Vernon 1979 & Supp. 1998). The criminal work-product doctrine recognized in article 39.14 of the Texas Code of Criminal Procedure "extends to prosecution files and papers." Brem v. State, 571 S.W.2d 314, 322

(Tex. Crim. App. [Panel Op.] 1978).

> The [work-product] privilege has thus been extended
> To offense or investigative reports prepared by the
> Police, ... internal prosecution files or papers, ... and
> reports on the analyses of narcotics ... It has also been
> extended to statements prepared by law enforcement officers
> after interviewing prospective witnesses.

Quinones v. State, 592 S.W.2e 933, 940 (Tex. Crim App. 1980) (en banc). The Texas Court of Criminal Appeals has also held that article 39.14 exempts witness statements from discovery as work product. Hoffman v. State, 514 S.W.2d 248, 252 (Tex. Crim. App. 1974).

**Witness Statements**

13.  Article 39.14 of the Texas Code of Criminal Procedure excepts "written statements of witnesses" in the possession of the state from discovery in criminal cases. Tex. Code Crim. P. art. 39.14 (Vernon 1979 & Supp. 1998). Such statements are privileged and not subject to disclosure if the witness does not testify and the statement is not exculpatory. Nelson v. State, 511 S.W.2d 18,20 (Tex. Crim. App. 1974); see State ex rel. Simmons v. Moore, 774 S.W.2d 711, 714 (Tex. App.—El Paso 1989, no pet.). In the instant case, the underlying criminal cases did not go to trial, and the witnesses did not testify. Nor are the statements exculpatory. Therefore, the statements remain protected form disclosure.

**Rule 501 of the Federal Rules of Evidence**

14.  In determining the applicability of the state law privileges asserted herein, it should be borne in mind that the Movant is not a party to this litigation and has been involuntarily drawn into federal court pursuant to a subpoena. Movant should not be

denied its state law privileges because of such fortuitous circumstances. To the extent, if at all, that Rule 501 of the Federal Rules of Evidence would require the application of "the principals of the common law as they may be interpreted by the courts of the United States in light of reason and experience," Movant asks the Court to recognize the wisdom of the state law privileges asserted herein and to apply them as a matter of federal common law." Fed.R.Evide. 501 advisory committee notes. Movant further asserts that, in any event, federal common law is consistent with state law with respect to the asserted privileges. See, e.g., United States v. Nobles, 422 U.S. 225, 236 95 S.Ct. 2160, 2169, 45 L.Ed.2d 141 (1975) (recognizing work product privileged in federal criminal case); R.T.C. v. Grolier, Inc., 462 U.S. 19, 26, 103 S. Ct. 2209, ___, 76 L.Ed 2d 387, 393-94 (1983) (work product privileged does not terminate upon conclusion of the particular case in which it was generated but continues thereafter); In Re Grand Jury Proceedings, 43 F.3d 966, 971 (5th Cir. 1994) (work product privilege applies in subsequent litigation); Fed.R.Crim.P. 16(B) (2) (establishing work-product protection in pretrial criminal context); U.S. v Thomas, 766 R.Supp. 372, 375 (W.D.Pa. 1991) (statements in possession of government are not subject to disclosure if the witness does not testify and the statements are not exculpatory); U.S. v. Cherry, 876 F.Supp. 547, 551 (S.D.N.Y. 1995) (reports and investigations of state law enforcement are protected as work product). Compare F.R.C.P. 26 (b) (3) (protecting work-product and witness statements in civil context). Movant further asserts that the documents are protected by the required reports privilege recognized by both Texas and federal law, the prosecutorial and deliberative process privilege recognized at federal common law, the official information privilege recognized at federal common law, and the law enforcement

8

privilege recognized at federal common law.

15. Movant, hereby seeks an order quashing the subpoena duces tecum attached hereto as Exhibit "A." Alternatively, Movant moves for a protective order limiting the documents, if any, to be produced to non-privileged, non-confidential documents. Furthermore, prior to any ordered disclosure, if at all, of any materials sought through the notice and subpoena duces tecum, which Movant asserts are confidential or privileged, Movant requests that the Court examine in camera those materials asserted by Movant as being confidential and/or privileged. Movant prays for such additional orders of the Court as are consistent with the assertions of Movant in this motion; that Movant not be required to divulge any information as to matters that are confidential or privileged and that the Court grant Movant such other further relief, general or special to which Movant may be entitled at law or in equity.

        Respectfully submitted,

        YOLANDA DE LEON
        COUNTY (CRIMINAL DISTRICT) ATTORNEY

        Cameron Coutny Courthouse
        974 E. Harrison Street
        Brownsville, Texas 78520
        Telephone: 956/544-0849
        Fax No.: 956/544-0869

BY: _____
        Francisco J. Martinez
        Assistant County Attorney
        Texas State Bar No. 13141900
        Federal Admission No. 17477
        ATTORNEY FOR MOVANT

## CERTIFICATE OF CONFERENCE

This is to certify that efforts to resolve this discovery dispute have been attempted by telephone discussion with the attorney for the party seeking to subpoena the documents in question, without resolution.

_____
Francisco J. Martinez

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing motion, and proposed order accompanying the same has been served upon Sonia I. Lopez attorney for respondent forwarding same by "fax" transmission, and by mailing a copy of same by United States mail, certified mail, return receipt requested, on the _6th_ day of ___November___, 2000.

_____
Francisco J. Martinez

Sonia I. Lopez
Attorney at Law
222 W. University
Edingburg, Texas 78539