93

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**FEB 2 6 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Arturo Guillermo Salinas, et al, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL CAUSE NO. 98-162 |
| | § | (consolidated) |
| City of Harlingen, et al, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

BE IT REMEMBERED, that on February 22, 2001, the Court **DENIED** Intervenor's First Amended Motion to Intervene and Memorandum in Support of Motion to Intervene [Dkt. No. 68]. Since the Court has denied intervention, the Individual Defendants' Motion to Dismiss First Amended Complaint in Intervention under FRCP 12(b)(6) [Dkt. No. 78] based on qualified immunity and the Individual Defendants' Motion to Dismiss First Amended Complaint in Intervention under FRCP 12(b)(6) [Dkt. No. 79] for failure to state a claim are **MOOT**.

Samuel Montemayor, Heron L. Vidales, Robert Rodriguez, Jesus Villanueva, Pedro Vela, and Alberto Garcia ("the intervenors") seek to intervene in this lawsuit pursuant to Federal Rule of Civil Procedure 24. The intervenors do not specify whether they seek intervention as of right under Rule 24(a) or permissive intervention under Rule 24(b). The Court interprets the intervenors' motion to request permissive intervention because the intervenors do not argue, nor can the Court discern, that they have "an interest in the litigation that [they] cannot fully protect without joining the litigation," a necessary predicate to intervention as of right. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 381 (1987) (concurring opinion).

The Court finds that the intervenors' motion for permissive intervention should be denied because the intervenors have not met most of the requirements of Rule 24(b). Permissive intervention is appropriate under Rule 24(b) when: (1) the intervenors make a

1

timely motion to intervene; (2) the proposed intervenors' claims and the main action have a common question of law or fact; and, (3) the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. See FED. R. CIV. P. 24(b).

The Court finds that the intervenors motion for permissive intervention is not timely. In considering whether a motion to intervene is timely a court should consider: "(1) the length of time during which the proposed intervenors actually knew or reasonably should have known of their interest in the case; (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed intervenors' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the case; (3) the extent of the prejudice that the proposed intervenors may suffer if the motion is denied; and, (4) the existence of unusual circumstances militating for or against the determination that the motion is timely." Lucas v. McKeithen, 102 F.3d 171, 173 (5th Cir. 1996). This lawsuit was filed in November 1998 and intervention was first sought almost two years later in July of 2000 [Dkt. No. 58]. The intervenors reasonably should have known of this lawsuit when it was filed or shortly thereafter. The intervenors were present at the shoot-out that gave rise to this lawsuit and there has been extensive media coverage on both the shoot-out and the claims made in this case. Moreover, both the intervenors and the Plaintiffs are local law enforcement officers or their survivors, and, therefore, the intervenors were presumably aware of this lawsuit through their employment. The intervenors have made no attempt to explain why they waited almost two years before seeking intervention.

Moreover, the Parties in this lawsuit would suffer significant prejudice if intervention were allowed at this juncture, and the intervenors will not suffer significant prejudice from the denial of their motion. The existing Parties would suffer prejudice because the intervenors' complaint [Dkt. No. 69] would reinsert Parties and claims that have been dismissed from this lawsuit and would most probably delay discovery and resolution of a

2

pending summary judgment motion. The intervenors, on the other hand, will not suffer significant prejudice because they can file a separate lawsuit.[1]

The Court further finds that intervention should be denied because although there are common issues of law and fact – the intervenors are law enforcement officers who were present at the shoot-out with the murder suspect – the intervenors' claims are significantly different from those of the Plaintiffs. The Plaintiffs were shot by the murder suspect in the shoot-out and the intervenors were not. As such, this "case involves claims of harm that are quantitatively and qualitatively very different" from the claims of the intervenors, and intervention would therefore prejudice the existing parties and delay the progress of this lawsuit. See In re Norplant Contraceptive Products Liability Litigation, 907 F.Supp. 243, 244 (E.D. Tex.1995); U.S. v. Texas Educ. Agency (Lubbock Independent School Dist.), 138 F.R.D. 503, 507 (N.D. Tex. 1991).

DONE at Brownsville, Texas, this the _____ day of February 2001.

_____
Hilda G. Tagle
United States District Court Judge

---

[1] If the intervenors file a separate lawsuit the defendants may raise a statute of limitations defense; however, the intervenors can make a convincing argument that any applicable limitations period was tolled while their motion to intervene was pending. Moreover, the possibility of a statute of limitations defense in an independent lawsuit was a risk the intervenors should have considered when they sought to intervene in this lawsuit instead of filing an independent action.