IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 0 6 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Arturo Guillermo Salinas, et al, | § | |
| Plaintiffs, | § § § | |
| v. | § § § | CIVIL ACTION NO. B-98-162 (consolidated with B-98-163 and B-99-70) |
| City of Harlingen, et al, | § § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on March 5, 2001, the Court **GRANTED** the Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment [Dkt. No. 66], **GRANTED IN PART** and **DENIED IN PART** Plaintiffs' Motion to Compel Disclosures and Depositions [Dkt. No. 80], **DENIED WITHOUT PREJUDICE** the City of Harlingen's Motion for Summary Judgment [Dkt. No. 59], and **DENIED** the Objections to, and Motion to Quash, Subpoena Duces Tecum Served October 31, 2000, Directed to Cameron County Sheriff's Department [Dkt. No. 89].

I.  **Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment [Dkt. No. 66] and Motion to Compel Disclosures and Depositions [Dkt. No. 80]**

The Plaintiffs argue in their Motion to Continue the Submission of Defendant's Motion for Summary Judgment [Dkt. Nos. 66, 70 and 81] that they cannot prepare a proper response to the City of Harlingen's ("the City") summary judgment motion because they have not had the opportunity to take the deposition of material witnesses or obtain important documents. In response, the City argues that the Plaintiffs have not identified how additional discovery will lead to information that could raise a material issue of fact on summary judgment [Dkt. Nos. 67 and 71]. After the Plaintiffs filed their motion to continue submission of the City's summary judgment motion, they also submitted a Motion to

1

Compel Disclosures and Depositions [Dkt. No. 80] that argues that defense counsel made material misrepresentations in a motion to quash that was granted by the Court. Defense counsel has acknowledged that he made misrepresentations in the motion to quash, but argues that the Plaintiffs' motion to compel should be denied because of a pending motion to intervene [Dkt. No. 82]. The Court finds that the Defendant's summary judgment motion was filed before the Plaintiffs had an opportunity to complete discovery on material issues of fact, and, therefore, grants the Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment [Dkt. No. 66]. Moreover, the Court grants the Plaintiffs' motion to compel the Defendant's initial disclosures and depositions of Patsy Moore, Larry Moore and Melody Matlock [Dkt. No. 80] because the Court mistakenly quashed and stayed discovery based on defense counsel's misrepresentations. However, the Court denies the Plaintiffs' motion to compel unidentified depositions and records over which the Defendant does not have control.

A.  Procedural history

Discovery in this case has proceeded haltingly. The Court initially stayed discovery until it ruled on March 31, 2000 that the individual Defendants are entitled to qualified immunity [Dkt. No. 43]. After the Court consolidated three separate lawsuits arising out of the same incident in May 2000, the Parties began to complete some discovery by agreement [Dkt. No. 66]. On July 28, 2000, after only six depositions were taken, the remaining Defendant, the City of Harlingen, filed a motion for summary judgment [Dkt. No. 59]. The Plaintiffs filed a Federal Rule of Civil Procedure 56(f) motion to continue submission of the City's motion for summary judgment on August 14, 2000 [Dkt. No. 66].

The Plaintiffs attempted to complete additional discovery while their motion to continue submission of the City's summary judgment motion was pending to no avail. When the Plaintiffs noticed an additional deposition, the City filed a motion to quash [Dkt. No. 74]. The motion to quash was granted on August 25, 2000 and an order was entered staying all discovery [Dkt. No. 85]. A few days later, the Plaintiffs filed a motion to compel discovery because defense counsel made material misrepresentations in his motion to quash [Dkt. No. 80]. In response, defense counsel admitted that he misrepresented to the

2

Court both the Plaintiffs' attempts to confer with him regarding dates for the quashed deposition and whether Federal Rule of Civil Procedure 26(f) discovery meetings had taken place before consolidation [Dkt. No. 82]. The Court would not have granted the motion to quash or stayed discovery if defense counsel had not misrepresented these facts. Nevertheless, the Defendant argued that the Plaintiffs' motion to compel discovery should be denied because the Court had not ruled on a pending motion to intervene filed on August 17, 2000 [Dkt. No. 68], and if the Court were to grant leave to intervene, individual Defendants who had been dismissed from the lawsuit [Dkt. No. 61] would be brought back in as parties and the Court would have to resolve issues of qualified immunity.

The Court thereafter ordered the Parties to hold a discovery meeting and submit a new Joint Discovery/Case Management Plan. While the Parties had submitted a Joint Discovery/Case Management Plan for each individual lawsuit, no discovery plan had been submitted after consolidation. The Parties submitted a discovery plan for the consolidated lawsuit on October 3, 2000 [Dkt. No. 84], and the Court entered a scheduling order for the first time on February 14, 2001 [Dkt. No. 91]. The Court denied the intervenors' motion shortly thereafter [Dkt. No. 93].

B.  <u>Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment [Dkt. No. 66]</u>

The purpose of Federal Rule of Civil Procedure 56(f) is to provide a safeguard against a premature grant of summary judgment. Rule 56(f) states that "[s]hould it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." FED. R. CIV. P. 56(f). The rule is liberally construed and a continuance should normally be granted unless the non-movant has not diligently pursued discovery or it appears that additional discovery will be futile. See <u>Stearns Airport Equipment Co., Inc. v. FMC Corp.</u>, 170 F.3d 518, 534 (5th Cir. 1999); <u>Wichita Falls Office</u>

3

Assocs. v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir.1992); Cormier v. Pennzoil Exploration & Prod. Co., 969 F.2d 1559, 1561 (5th Cir. 1992)

A Rule 56(f) motion must meet three general requirements: "(1) request[] extended discovery prior to the court's ruling on summary judgment; (2) put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought; and, (3) demonstrate to the trial court specifically how the requested discovery pertains to the pending motion." Wichita Falls Office Assocs., 978 F.2d at 919 (citing International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1268 (5th Cir.1991). While vague or speculative requests for additional discovery are disfavored, a Rule 56(f) motion need not always allege that discovery will reveal specific facts that will defeat summary judgment. When a summary judgment motion is filed shortly after discovery commences in a factually complex case, a Rule 56(f) motion that contains a statement of what discovery is sought and how it is relevant to issues of fact addressed by the summary judgment motion will usually be sufficient. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 326 (1986); U.S. v. Bloom, 112 F.3d 200, 205 (5th Cir. 1997); Fano v. O'Neill, 806 F.2d 1262, 1266 (5th Cir. 1987); WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2740 (1998).

The Plaintiffs in this case argue that the City's summary judgment motion should not be considered until they have had the opportunity to conduct additional discovery. The City's motion asserts that there are no material issues of fact on the Plaintiffs' 42 U.S.C. § 1983 Fourteenth Amendment state-created danger claim because, among other reasons, the law enforcement team at the scene of the shooting was aware of the danger posed by Ernest Moore and Ernest Moore had access to privately-owned weapons. The Plaintiffs assert that they cannot properly respond to these arguments without additional discovery because the City has not filed its initial disclosures and the Plaintiffs have not been able to depose important witnesses or obtain crucial documents and sound recordings. For example, the Plaintiffs have not had the opportunity to: (1) depose Deputy Sheriff Robert Rodriguez, the first law enforcement officer to spot Ernest Moore's vehicle at R.D. Moore's home and to talk to R.D. Moore on the morning of the shoot-out; (2) depose R.D. Moore's wife and surviving son; or, (3) obtain documents, recordings, or depositions that provide information on the 911 calls, law enforcement radio traffic, and Emergency Medical

4

ClibPDF - www.fastio.com

Services calls on the morning of the shoot-out. Without an opportunity to conduct such discovery the Plaintiffs cannot test the credibility of R.D. Moore's and Jim Scheopner's statements, which form the primary basis for the City's motion, or rebut the City's version of the events that led up to the shoot-out. The credibility of these two witnesses and the sequence of events before the shoot-out are central to proof of the Plaintiffs' state-created danger claim. The Plaintiffs' cause of action is extremely fact-specific and without additional discovery the Plaintiffs will not have a fair opportunity to present their case.

While a summary judgment motion can be filed at any time, Rule 56(f) motions are more appropriate when a plaintiff has not had time to conduct discovery and has diligently pursued discovery while his or her Rule 56(f) motion is pending. See Transamerica Ins. Co. v. Avenell, 66 F.3d 715, 721 (5th Cir. 1995); Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir.1990); Fano, 806 F.2d at 1266. The City filed its summary judgment motion approximately three months after discovery commenced and before filing its initial disclosures. Since then, the Plaintiffs have diligently attempted to conduct discovery. However, no discovery has been completed because the Court entered an order staying all discovery based on defense counsel's misrepresentations. The timing of the City's motion for summary judgment and the Plaintiffs' diligence in pursuing discovery provide additional support for the Court's decision to grant the Plaintiffs' Rule 56(f) motion.

C.  Plaintiffs' Motion to Compel Disclosures and Depositions [Dkt. No. 80]

The Plaintiffs ask the Court to compel the City's initial disclosures, the depositions of Patsy Moore, Larry Moore, and Melody Matlock, a deposition on written questions directed to the custodian of records for the Cameron County Sheriff's Department, and additional unspecified discovery. The Plaintiffs argue that the depositions of Patsy Moore, Larry Moore, and Melody Matlock should be compelled because they were quashed by the Court based on misrepresentations of defense counsel. In response, defense counsel acknowledges his misrepresentations, but argues that the Plaintiffs' motion should not be granted because of a pending motion to intervene [Dkt. No. 82]. The Court grants in part and denies in part the Plaintiffs' motion to compel.

5

The Court grants the Plaintiffs' motion to compel the City's initial disclosures because the Parties agreed to exchange initial disclosures by October 24, 2000 [Dkt. No. 84]. The Court also grants the Plaintiffs' motion to compel the depositions of Patsy Moore, Larry Moore, and Melody Matlock because the depositions were quashed based on the misrepresentations of defense counsel. Moreover, the Court granted the Plaintiffs' motion to continue submission of the City's summary judgment motion, in part, based on the need for these three depositions, and the Court denied the motion to intervene that was pending when the City filed its response to the Plaintiffs' motion to compel [Dkt. No. 93]. If the City has not made its initial disclosures, it is ordered to do so immediately, and the Parties are ordered to confer in good faith to agree on dates for the depositions of Patsy Moore, Larry Moore, and Melody Matlock.

The Court denies the Plaintiffs' motion to compel the City to provide the deposition of the custodian of records of the Cameron County Sheriff's Department because the City is a separate entity from, and does not have control over, the Cameron County Sheriff's Department.[1] Additionally, the Court cannot grant the Plaintiffs' request to compel unspecified discovery because it is too vague. The Court, however, vacates its prior order staying all discovery [Dkt. No. 75] and orders the City to confer with the Plaintiffs in good faith to schedule discovery that is necessary for the Plaintiffs to prepare a response to the City's summary judgment motion.

D. <u>Amendment of the Court's scheduling order, general discovery rulings, and denial of the Defendant's Motion for Summary Judgment without prejudice</u>

The Court amends its current scheduling order [Dkt. No. 91] to take into account its rulings on the Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment [Dkt. No. 66] and Motion to Compel Disclosures and Depositions [Dkt. No. 80]. The current discovery deadline is extended until May 31, 2001. The Court denies the City's Motion for Summary Judgment [Dkt. No. 59] without prejudice, and grants the

---

[1] The deposition on written questions submitted to the Cameron County Sheriff's Department is addressed <u>infra</u> in Section II of this order in the context of the Cameron County Sheriff's Department's motion to quash.

City leave to refile its motion by June 20, 2001. If the Plaintiffs wish to file a response, they must do so by July 10, 2001. The dispositive motion deadline is extended until June 20, 2001. The Court will strictly enforce these deadlines. The Parties are ordered to confer in good faith to attempt to resolve any discovery disputes.

II. **Objections to, and Motion to Quash, Subpoena Duces Tecum Served October 31, 2000, Directed to Cameron County Sheriff's Department** [Dkt. No. 89]

The custodian of records of the Cameron County Sheriff's Department seeks to quash a subpoena duces tecum directing him or her to permit inspection of "[a]ll records, including but not limited to: 911 tapes, dispatch records, reports, officer's notes, officer's supplemental records, documents or any other tangible item relating to the incident that occurred July 07, 1998 involving the Sheriff's Department, the US Border Patrol and the Brownsville Police Department." The custodian of records argues that the Plaintiffs' subpoena is overbroad and that the requested items are privileged under Texas statutes. The Court finds that the motion to quash should be denied because it makes blanket assertions of privilege without any particularized argument applicable to the discovery sought by the Plaintiffs and because the Plaintiffs' request is sufficiently specific.

The Court cannot engage in the inquiry necessary to determine whether the custodian of records of Cameron County Sheriff's Department is entitled to the protection of the asserted state law privileges based on the general assertions made in his or her motion to quash. Federal Rule of Evidence 501 governs the issue of whether the records requested by the Plaintiffs are privileged. Rule 501 states that the Court's inquiry in determining whether a privilege applies in a federal question case is to be guided by "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." FED. R. EVID. 501. The privileges asserted by the custodian of records of Cameron County Sheriff's Department are based on state law. "When a litigant seeks to assert a privilege 'not existent in the common law but enacted by the (state) legislature based on unique considerations of government policy,' this Court, like other courts, has tested it by balancing the policies behind the privilege against the policies favoring disclosure." American Civil Liberties Union of Mississippi, Inc. v. Finch, 638 F.2d

7

1336, 1342 (5th Cir. 1981) (citing <u>Fears v. Burris Mfg. Co.</u>, 436 F.2d 1357, 1362 (5th Cir. 1971)). "Privileges are strongly disfavored in federal practice," and "[o]nly strong countervailing public policies should be permitted to prevent disclosure when, as here, a suit is brought to redress a claim for violation of civil rights under the Constitution." <u>American Civil Liberties Union of Miss., Inc.</u>, 638 F.2d at 1342, 1343 (citing <u>Lora v. Bd. of Educ.</u>, 74 F.R.D. 565, 579 (E.D. N.Y.1977)). See <u>Jaffee v. Redmond</u>, 518 U.S. 1, 9 (1996); <u>Denver Policemen's Protective Ass'n v. Lichtenstein</u>, 660 F.2d 432, 436 (10th Cir. 1981); <u>Woodard v. City of New York</u>, 2000 WL 516890, *5 (E.D. N.Y. 2000); <u>Kelly v. San Jose</u>, 114 F.R.D. 653, 660-61 (N.D. Cal. 1987); <u>Tyner v. City of Jackson, Miss.</u>, 105 F.R.D. 564, 566 (D.C. Miss. 1985); <u>Elliot v. Webb</u>, 98 F.R.D. 293, 296 (D. Idaho 1983) ("In the context of discovery of police investigation files in a civil rights action, it has been recognized that only strong public policy should be permitted to prevent disclosure, since enforcement of 42 U.S.C. § 1983 is placed solely in the hands of individual citizens acting in the capacity of private attorneys-general."); <u>Diamond v. City of Mobile</u>, 86 F.R.D. 324, 329 (S.D. Ala. 1978); <u>Wood v. Breier</u>, 54 F.R.D. 7, 10 (E.D. Wis. 1972). If the custodian of records wishes the Court to consider a renewed motion to quash, he or she must file one by March 15, 2001. The motion must specify how each asserted state law privilege outweighs the Plaintiffs' interest in discovery of a specific record in light of the special public interest in disclosure invoked by 42 U.S.C. § 1983 litigation. Moreover, a log of records as to which the custodian of records asserts a privilege must be attached to the motion and *in camera* inspection of records may be ordered if necessary.

III. **Conclusion**

In summary, the Court made the following rulings in this order:

8

(1) the Plaintiffs' Motion to Continue the Submission of Defendant's Motion for Summary Judgment [Dkt. No. 66] is **GRANTED**;

(2) the Plaintiffs' Motion to Compel Disclosures and Depositions [Dkt. No. 80] is **GRANTED IN PART** and **DENIED IN PART**. The Court granted the Plaintiffs' motion to compel the City of Harlingen's initial disclosures and the depositions of Patsy Moore, Larry Moore, and Melody Matlock. The Court denied the Plaintiffs' motion to compel the City of Harlingen to provide the deposition of the custodian of records of the Cameron County Sheriff's Department and additional unspecified discovery;

(3) the Court **VACATES** its prior order staying all discovery [Dkt. No. 75] and **ORDERS** the City to confer with the Plaintiffs in good faith to schedule discovery that is necessary for the Plaintiffs to prepare a response to the City's summary judgment motion;

(4) the City of Harlingen's Motion for Summary Judgment [Dkt. No. 59] is **DENIED WITHOUT PREJUDICE**;

(5) the Court **AMENDS** its current scheduling order [Dkt. No. 91] as follows: (a) the current discovery deadline is extended until May 31, 2001; (b) the City of Harlingen is granted leave to refile its summary judgment motion by June 20, 2001; (c) if the Plaintiffs wish the Court to consider a response to the Defendant's summary judgment motion, they must file it by July 10, 2001; and, (d) the dispositive motion deadline is extended until June 20, 2001. The Court will strictly enforce these deadlines;

(6) The Parties are **ORDERED** to confer in good faith to attempt to resolve any discovery disputes; and,

(7) the Objections to, and Motion to Quash, Subpoena Duces Tecum Served October 31, 2000, Directed to Cameron County Sheriff's Department [Dkt. No. 89] is **DENIED**. If the custodian of records wishes the Court to consider a renewed motion to quash, he or she must file one by March 15, 2001. The motion must specify how each asserted state law privilege outweighs the Plaintiffs' interest in discovery of a specific record in light of the special public

9

interest in disclosure invoked by 42 U.S.C. § 1983 litigation. Moreover, a log of records as to which the custodian of records asserts a privilege must be attached to the motion and *in camera* inspection of records may be ordered if necessary.

DONE at Brownsville, Texas, this _____ day of March 2001.

Hilda G. Tagle
United States District Judge

10