108

United States District Court
Southern District of Texas
ENTERED

JUL 11 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Arturo Guillermo Salinas, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-98-162 |
| | § | (consolidated with B-98-163 and B-99-70) |
| City of Harlingen, et al, | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED, that on July 11, 2001, the Court **ORDERED** the Parties to properly authenticate their summary judgment evidence by July 16, 2001 at 4:00 p.m. in accordance with this order. Both the Defendant and the Plaintiffs have submitted summary judgment evidence that is not correctly authenticated under the Federal Rules of Evidence and Procedure.

The Defendant's summary judgment evidence is deficient because Exhibit G [Dkt. No. 100] is labeled as an exhibit used during Jim Scheopner's deposition; however, no portion of Jim Scheopner's deposition provided to the Court authenticates the exhibit.

Several of the exhibits included in Plaintiffs' Response to Defendant's Second Motion for Summary Judgment [Dkt. No. 106] are not properly authenticated as summary judgment evidence:

(1) Exhibits A, C, F, H, M, Y, and BB are deposition excerpts. The signature pages for the depositions are not included;

(2) Exhibit AA is the deposition of Natalie Flores Prim. The exhibit includes the signature of the deposition reporter, but does not include the signature of Natalie Flores Prim;

(3) Exhibit B is labeled as an exhibit used during Jim Scheopner's deposition; however, no portion of Jim Scheopner's deposition provided by the Plaintiffs authenticates the exhibit. Several other exhibits are labeled as deposition

1

exhibits. It is incumbent on the Plaintiffs to assure that each of those exhibits correlates to a deposition excerpt that authenticates the exhibit.

(4) Exhibits D, E, O, and W are not properly authenticated;

(5) The author of Exhibit R does not state that he has personal knowledge and is competent to testify as required by Federal Rule of Civil Procedure 56(e); and,

(6) It is clear that the verification sheet included in Exhibit T was meant to be included in Exhibit U, and vice versa. Additionally, neither verification sheet is signed or notarized.

DONE at Brownsville, Texas, this 11th day of July 2001.

Hilda G. Tagle
United States District Judge

2