116

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 1 8 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Arturo Guillermo Salinas, et al, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-98-162 (consolidated with B-98-163 and B-99-70) |
| City of Harlingen, et al, | § § | |
| Defendants. | § § | |

ORDER

BE IT REMEMBERED, that on July 18, 2001, the Court **GRANTED** the Plaintiffs' Motion to Compel Defendant City of Harlingen to Produce the James Roberson [sic] Report [Dkt. No. 101] because the Court finds that James Robenson was not retained or specially employed in anticipation of litigation or preparation of trial.

Natalie Prim, the City Manager of Harlingen, Texas, conducted an internal review of the Harlingen Police Department's role in the July 7, 1998 shooting that forms the basis of this lawsuit. Thereafter, Ms. Prim wrote a report to the City Commission that reached the following conclusions:

(1) "Management has concerns whether [the City of Harlingen Police Department's] policies, procedures and practices are in conformance with professional 'best practices'";

(2) "In addition, there may be a range of actions required to ascertain the appropriate 'policy, procedure and practices' standards required to maintain and support the City of Harlingen Police Department";

(3) "Finally, because of the highly specialized nature of law enforcement, management concludes the need for expert assistance in evaluating and reviewing the above" [Dkt. No. 105, Exh. F].

Ms. Prim then hired James Robenson as an independent, outside expert consultant to conduct a review of "the chain of custody and circumstances surrounding a Harlingen

1

Police Department rifle used in a shooting incident on July 7, 1998 in San Benito" [Dkt. No. 105, Exh. C-1]. Mr. Robenson wrote a report ("the Robenson Report") describing his review. The Defendant has stated that it will not call Mr. Robenson as a witness at trial [Dkt. No. 105, p.3].

Whether the Plaintiffs are entitled to production of the Robenson Report depends on whether Mr. Robenson was hired "in anticipation of litigation or preparation for trial." FED. R. CIV. P. 26(b)(4)(B). If Mr. Robenson *was* hired in anticipation of or in preparation for trial, the Plaintiffs may only obtain the Robenson Report "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Id. However, if Mr. Robenson *was not* hired in anticipation of or in preparation for trial, discovery of the Report is not limited by Federal Rule of Civil Procedure 26(b)(4)(B). See 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2033 (2d ed. 1994).

The Defendant recognizes that it has the burden of demonstrating that Mr. Robenson was retained in anticipation of litigation or in preparation for trial in order to obtain the protection of Rule 26(b)(4)(B)'s exceptional circumstances requirement [Dkt. No. 105, p.3]. See Binks Manufacturing Company v. National Presto Industries, Inc., 709 F.2d 1109, 1119 (7th Cir.1983); Ager v. Jane C. Stormont Hospital & Training School for Nursing, 622 F.2d 496, 502 (10th Cir. 1980); Santos v. Rando Mach. Corp., 151 F.R.D. 19, 21 (D.R.I. 1993); Taroli v. General Elec. Co., 114 F.R.D. 97, 98 (N.D. Ind.1987). "For purposes of Rule 26(b)(4)(B), 'the relevant distinction is . . . between witnesses whose information was obtained in the normal course of business and those who were hired to make an evaluation in connection with expected litigation.'" Bank Brussels Lambert v. Chase Manhattan Bank, 175 F.R.D. 34, 43 (S.D.N.Y. 1997) (citing Chiquita Int'l Ltd. v. M/V Bolero Reefer, 1994 WL 177785, *1 (S.D.N.Y. 1994)). See Industrial Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1444-45 (11th Cir. 1998); Disidore v. Mail Contractors of America, Inc., 196 F.R.D. 410, 415 (D. Kan. 2000); Industrial Maritime Carriers, Inc. v. PT (Persero) Inka, 179 F.R.D. 153, 154 (E.D. Pa. 1998). The determination of whether an expert was retained in anticipation of litigation or in the regular course of business requires a case-by-case analysis of all of the relevant facts. See Bank

2

Brussels Lambert, 175 F.R.D. at 43; Perry v. U.S., 1997 WL 53136, *2 (N.D. Tex. 1997); Santos, 151 F.R.D. at 21-22. The foremost purpose of Rule 26(b)(4)(B) is "to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation." Durflinger v. Artiles, 727 F.2d 888, 891 (10th Cir.1984).

The Defendant has failed to meet its burden of showing that Mr. Robenson was retained as an expert in anticipation of litigation or in preparation for trial. The Defendant argues that the Robenson Report was created in anticipation of litigation because Mr. Robenson was hired after the City received notice of the Plaintiffs' claims [Dkt. No. 105, Exh. A and Exh. B], defense counsel-of-record signed the agreement to retain Mr. Robenson's services [Dkt. No. 105, Exh. C-1], and a copy of the Report was delivered to defense counsel [Dkt. No. 105, Exh. E, 18:17-19:21]. The Court finds these facts unpersuasive because they only indicate that defense counsel was interested in the Robenson Report since it relates to the subject matter of this lawsuit.[1] The fact that the Robenson Report is relevant to this litigation and was created after Defendant had received notice of litigation, does not *ipso facto* mean that the Report was created in anticipation of or in preparation for trial. See In re Painted Aluminum Products Antitrust Litigation, 1996 WL 397472, *1 (E.D. Pa. 1996).

The Plaintiffs have presented persuasive and uncontradicted evidence that the purpose of hiring Mr. Robenson was to help the City of Harlingen determine whether it needed to make changes to improve the practices of its Police Department. Ms. Prim repeatedly states in her deposition that Mr. Robenson was hired because her staff did not have the necessary expertise to conduct such an internal review [Dkt. No. 101, 15:12-

---

[1] The Defendant seems to argue that an Attorney General opinion concluding that the Texas Open Records Act did not require the Defendant to provide a reporter with a copy of the Robenson Report is persuasive, although not binding, authority. See TEX. GOV'T CODE § 552.103. The Court finds that the language of the Texas Open Records Act differs significantly from Rule 26(b)(4)(B) and that the Attorney General's decision is therefore not pertinent. Under the Texas Open Records Act, a governmental entity is not required to disclose information "relating to litigation." TEX. GOV'T CODE § 552.103(a)(1). However, information may be related to litigation, thereby falling under the exception to the Texas Open Records Acts, and still fail to meet the Rule 26(b)(4)(B) requirement that it was generated by "an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial." FED. R. CIV. P. 26(b)(4)(B).

3

21:25, 85:2-90:24].[2]  Assistant City Manager Joseph D. LaBeau, the individual who conducted the initial investigation into the shooting, deferred to Ms. Prim's explanation of the reasons for hiring Mr. Robenson as an expert in his deposition [Dkt. No. 105, Exh. H, 69:13-14]. Ms. Prim and Mr. LaBeau never state that one of the reasons for hiring Mr. Robenson was to assist in this litigation. Moreover, Ms. Prim and Mr. LaBeau conducted an internal review on the same subject matter as the Robenson Report. Reports containing Ms. Prim's and Mr. LaBeau's observations and conclusions have been produced through discovery [Dkt. No. 105, Exh. F and Exh. I]. The only discernable difference between the reports that have been produced and the Robenson Report is that Mr. Robenson has greater experience in the area of law enforcement practices and procedures.

Additionally, Rule 26(b)(4)(B) would not apply to the Robenson Report even if this Court were to find that the Defendant was tangentially motivated by the instant litigation in hiring Mr. Robenson. There are two different approaches to whether Rule 26(b)(4)(B) applies to experts hired for more than one purpose. Some courts look to the primary purpose for hiring the expert[3] and others hold that Rule 26(b)(4)(B) applies if any part of the reason for hiring the expert was in anticipation of litigation.[4] This Court finds the primary

---

[2] For example, the following exchange occurred during Ms. Prim's deposition:
"Q. You felt like you needed professional expertise in the area of deciding what are the standards for police procedures in this area and whether or not Harlingen was complying with those standards or needed improvement?
A. Yes.
Q. And really that didn't relate to whether or not the city was going to be sued or wasn't going to be sued. You wanted the practices themselves to be brought up to best practices if they were deficient or at least to satisfy yourself that the practices were as good as they could be?
A. I wanted to know, yes, from an expert.
Q. And after some review, you fell upon Mr. Robinson [sic] as that person; is that right?
A. Yes" [Dkt. No. 101, 89:11-25].

[3] See e.g. U. S. v. Davis, 636 F.2d 1028, 1040 (5th Cir. 1981); In re Painted Aluminum Products Antitrust Litigation, 1996 WL 397472 at *2 n.2; U.S. v. Bell, 1994 WL 665295 (N.D. Cal. 1994); U.S. v. Hooker Chemicals & Plastics Corp., 112 F.R.D. 333, 338 (W.D.N.Y. 1986).

[4] See e.g. Santos, 151 F.R.D. at 21; In re Shell Oil Refinery, 134 F.R.D. 148, 150 (E.D. La.1990); Villari v. Termnix, 1988 WL 35905 (E.D. Pa 1988); Grindell v. American Motors Corp., 108 F.R.D. 94, 95 (W.D. N.Y.1985).

4

purpose approach more persuasive. The evidence discussed above conclusively indicates that the predominant purpose of hiring Mr. Robenson was to obtain an expert who could competently examine, and, if needed, make recommendations to improve the policies and practices of the Harlingen Police Department. Since Mr. Robenson was not primarily hired in anticipation of this litigation, Rule 26(b)(4)(B) does not apply.

Although the Court has granted the Plaintiffs' motion to compel the Robenson Report, it will not consider the Report in ruling on the Defendant's Second Motion for Summary Judgment [Dkt. No. 100] unless it is submitted as authenticated summary judgment evidence. The Report was submitted for in camera review in conjunction with the Defendant's Response to Plaintiff's Motion to Compel Defendant City of Harlingen to Produce the James Roberson [sic] Report [Dkt. No. 105], and, therefore, is not part of the summary judgment record.

DONE at Brownsville, Texas, this 18th day of July 2001.

Hilda G. Tagle
United States District Judge

5