IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 8 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | JURY DEMANDED |
| and | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |
| and | { | |
| RAUL RODRIGUEZ | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |

---

**DEFENDANT'S UNOPPOSED MOTION FOR PERMISSION TO CONDUCT
VOIR DIRE QUESTIONING BY COUNSEL AND TO CONDUCT INDIVIDUAL
QUESTIONING OF MEMBERS OUTSIDE THE PRESENCE OF THE REMAINDER
OF THE PANEL ON MEDIA COVERAGE OF SHOOTINGS AND LITIGATION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant **CITY OF HARLINGEN** and files Defendant's Unoppposed Motion for Permission to Conduct Voir Dire Questioning by Counsel and to Conduct Individual Questioning of Members Outside the Presence of the Remainder of the Panel on Media Coverage of Shootings and Litigation and in support thereof would show the Court as follows:

I.

There has been extensive Rio Grande Valley media coverage of the Ernest Moore shootings and this litigation on tv, radio and in the newspapers, primarily the Harlingen Valley Morning Star. By way of example, Defendant encloses a Valley Morning Star article dated June 30, 2001, six Valley Morning Star articles contained in the front section of the Valley Morning Star Sunday, July 8, 2001 edition, and Valley Morning Star article dated July 18, 2001.

II.

Venire members who cannot lay aside their preconceptions and render a verdict based on the evidence presented in court must be excluded from the jury. *Irvin v. Dowd*, 81 S.Ct. 1639, 1643 (1961).[1] The district court has broad discretion in determining how best to conduct voir dire and in deciding whether to excuse a juror. *Rosales-Lopez v. United States*, 101 S.Ct. 1629, 1634 (1981). Even while acknowledging this broad discretion, the U.S. Supreme Court and Fifth Circuit Court of Appeals have provided some guidance and standards for the conduct of voir dire and selection of jurors.

The juror's assurance of his or her own impartiality cannot be dispositive. *Murphy v. Florida*, 95 S.Ct. 2031, 2036 (1975). Particularly when the effect of pretrial publicity is substantial, a juror's statement of impartiality can be given little weight. *Irvin*, 81 S.Ct. at 1645; see also NEWTON N. MINNOW AND FRED H. CATE, *Who is an Impartial Juror in an Age of Mass Media?*, 40 AM. U. L.R. 631, 650-53 (Winter, 1991) (describing empirical studies

---

[1] Although the law regarding impartial jurors in criminal cases is based in part on the Constitutional rights of the criminal defendant which are not equally shared by civil defendants, civil cases in the Fifth Circuit concerning juror bias repeatedly cite criminal cases as authority. *See, e.g., Cimino v. Raymark Indus.*, 151 F.3d 297, 323 (5th Cir. 1998); *Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 257-58 (5th Cir. 1985). Certainly criminal cases are, at a minimum, indications of how the higher courts believe voir dire should be conducted, whether or not those practices are a matter of Constitutional right.

calling into doubt the reliability of venire answers during voir dire). Under such circumstances, the trial court should determine what in particular each juror has heard or read and how it affected his or her attitude toward the trial. *United States v. Beckner*, 69 F.3d 1290, 1293 (5th Cir. 1995); *United States v. Davis,* 583 F.2d 190, 196 (5th Cir. 1978). Ultimately the trial court must make its own determination of whether the venire members have the requisite impartiality. *Beckner*, 69 F.3d at 1294; *Davis*, 583 F.2d at 196..

The trial court must provide for sufficient questioning of the venire to create a reasonable assurance that juror prejudice would be discovered if present, *United States v. Saimiento-Rozo*, 676 F.2d 146, 148 (5th Cir. 1982), and to ensure an opportunity to make intelligent use of peremptory challenges. *United States v. Greer*, 968 F.2d 433, 435 (5th Cir. 1992). Under appropriate circumstances, examining each venire member outside the presence of the others is preferable. *Beckner*, 69 F.3d at 1292, *see also Greer*, 968 F.2d at 437 (individual questioning assisted in sufficiently removing prejudiced venire).

When venire are questioned together peer pressures are heightened and those questioned later learn what the "right" answers are, such that they are influenced to discount the effects of pre-trial publicity. MINNOW AND CATE, 40 AM. U. L. R. at 650-51. The Fifth Circuit has endorsed permitting counsel to conduct at least part of the voir dire rather than relying solely on general examination by the trial court. *United States v. Ible*, 630 F.2d 389, 395 (5th Cir. 1980).

### III.

Defendant respectfully suggests that to ensure the selection of a fair and impartial jury, it is necessary to allow counsel to question each member of the panel personally and outside the presence of the other members of the panel on the effects of media coverage.

## IV.

## CERTIFICATE OF CONFERENCE

Tom Lockhart has spoken with Price Ainsworth and Sonia Lopez and they do not oppose this Motion.

Respectfully submitted,

By: _____
Tom Lockhart
Admissions ID No. 2257
Texas State Bar No. 12473500
Roger W. Hughes
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant,
CITY OF HARLINGEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 18th day of July, 2001, to the following counsel of record and interested parties:

Attorneys-in-Charge for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and ARTURO GUILLERMO SALINAS, et al:

    Mr. Broadus A. Spivey        **Via CMRRR# 700 1670 0013 4635 2289**
    **SPIVEY & AINSWORTH, P.C.**
    48 East Avenue
    Austin, Texas  78701-4320

Attorney-in-Charge for Plaintiff, RAUL RODRIGUEZ:

    Ms. Sonia Lopez        **Via CMRRR# 7000 1670 0013 4635 2272**
    **LAW OFFICES OF RAMON GARCIA, P.C.**
    222 West University Drive
    Edinburg, Texas  78539

TOM LOCKHART