119

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 8 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ARTURO G. SALINAS, ET AL | § |
| V. | § |
| CITY OF HARLINGEN, TEXAS, ET AL; | § |
| and | § |
| GILBERTO M. RODRIGUEZ, ET AL | § |
| V. | § CIVIL ACTION NO. B-98-162 |
| | § (For Discovery and Pretrial Matter Only) |
| CITY OF HARLINGEN, TEXAS, ET AL; | § |
| and | § |
| RAUL RODRIGUEZ | § |
| V. | § |
| CITY OF HARLINGEN, TEXAS, ET AL. | § |

## PLAINTIFFS' MOTION IN LIMINE

Before the voir dire examination of the jury panel, Plaintiffs make this motion in limine. Plaintiffs seek to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. If Defendant injects these matters into the trial of this case through a party, an attorney, or a witness, Defendant will cause irreparable harm to Plaintiffs' case, which no jury instruction would cure. If any of these matters are directly or indirectly brought to the attention of the jury, Plaintiffs would be compelled to move for a mistrial. In an effort to avoid prejudice and possible mistrial, Plaintiffs urges this motion in limine. Plaintiffs ask the Court to prohibit Defendant from offering any of this evidence without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the evidence.

3163P.035 Motion in Limine

1.      That Plaintiffs have been entitled to receive, or will become entitled to receive, benefits of any kind or character from a collateral source, including, but not limited to, such collateral source benefits as the following:

- a. Benefits under insurance policies generally or that there is or is not any insurance available to any party, as same is totally irrelevant. <u>Allen v. Avery</u>, 537 S.W.2d 789 (Tex. Civ. App.--Texarkana 1976, no writ);

- b. Benefits from collateral insurance coverage. <u>Chapman v. Evans</u>, 186 S.W.2d 827 (Fort Worth 1945, n.r.e.);

- c. Services furnished without charge. <u>City of Fort Worth v. Barlow</u>, 313 S.W.2d 906 (Fort Worth 1958, writ ref'd n.r.e.); <u>Montandon v. Colehour</u>, 469 S.W.2d 222 (Tex. Civ. App.--Fort Worth, no writ);

- d. Compensation for time not actually worked, including voluntary payment of wages by employer, paid absences, or accumulated sick leave. <u>Mikell v. LaBeth</u>, 344 S.W.2d 702 (Houston 1961, n.r.e.); <u>Graves v. Poe</u>, 118 S.W.2d 969 (El Paso 1938);

- e. Benefits from pensions. <u>Traders & General Insurance Co. v. Reed</u>, 376 S.W.2d 591 (Tex. Civ. App.--Corpus Christi 1964, writ ref'd n.r.e.);

- f. Benefits from voluntary contribution by any employer of any Plaintiff or any other charitable entity. <u>Green v. Rudsenske</u>, 320 S.W.2d 228 (Tex. Civ. App.--San Antonio 1959, no writ);

- g. Benefits from the Federal Government, Social Security, Veteran's Administration, tax exemption, military medical benefits, Medicare, Medicaid, or other government benefits. <u>Azar Nut Co. v. Caille</u>, 720 S.W.2d 685 (Tex. App.--El Paso 1986), aff'd, 734 S.W.2d 667 (Tex. 1987);

- h. Unemployment benefits, welfare, or charity;

- i. Workers' compensation benefits. <u>Myers v. Thomas</u>, 186 S.W.2d 811 (1945);

2.      That Plaintiffs brought suit against (and later dismissed) individual Defendants Harlingen Police Detective R.D. Moore and Harlingen Police Chief Jim Schoepner.

3.      Plaintiffs ask the Court to instruct Defendant and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly,

any of these matters without first obtaining the permission of the Court, outside the presence and hearing of the jury, and to instruct the Defendants and all counsel to warn and caution each of their witnesses to follow the same instructions.

Respectfully submitted,

SPIVEY & AINSWORTH, P.C.
48 EAST AVENUE
AUSTIN, TEXAS 78701
512/474-6061
512/474-1605 fax

By_____
Broadus Spivey
State Bar No. 18955000
Price Ainsworth
State Bar No. 00950300

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded on July _17th_, 2001, to all counsel of record and interested parties via Certified mail return receipt requested:

Mr. Tom Lockhart
Mr. Jim Denison
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
ATTORNEYS FOR DEFENDANT

_____
Price Ainsworth

3163P.035 Motion in Limine