120

United States District Court
Southern District of Texas
FILED

JUL 1 8 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | JURY DEMANDED |
| and | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |
| and | { | |
| RAUL RODRIGUEZ | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |

---

### MOTION IN LIMINE OF DEFENDANT CITY OF HARLINGEN

---

TO THE HONORABLE JUDGE OF SAID COURT:

**CITY OF HARLINGEN**, Defendant in this case, and hereinafter called "Movant", files this Motion in Limine, requesting the entry of an Order, prior to the voir dire examination of the jury panel, that opposing counsel and all witnesses to be called in this case be instructed to refrain from any mention, or any interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence concerning the specific matters hereinafter set forth in this Motion. In this connection, Movant requests the Court to instruct opposing counsel

and all witnesses that, before making any such mention, interrogation, or offer of proof or evidence concerning such matters, opposing counsel must first request a ruling from the Court outside the presence and hearing of all prospective jurors, or jurors ultimately selected in this case, concerning the propriety and admissibility of such matters. It is further requested that opposing counsel be instructed to apprise each of the witnesses called as to the contents of this Motion and the Court's subsequent Order so that such Order will not be inadvertently violated by a witness. In support of this Motion, Movant represents the following:

### I.

The matters set out would be inadmissible in evidence for any purpose, on proper and timely objection, because they have no bearing on any issue in this case or the rights of the parties to this suit but, rather, would only tend to prejudice or confuse the jury.

### II.

Permitting interrogation of witnesses, comments to jurors, or prospective jurors, or offers of evidence concerning any of the matters set forth herein would confuse and prejudice the jury, and sustaining objections to such questions, statements, or evidence introduced or attempted to be introduced by counsel or witnesses will not prevent such prejudice, but will reinforce the development of such questionable and improper evidence. In this connection, Movant must emphasize that, due to the nature and circumstances of this case, if such questions, statements or evidence are even attempted to be introduced or otherwise brought to the attention of the jurors, thereby forcing Movant to assert proper objections to such matters in the presence of the jurors, Movant will be irreparably prejudiced as these improper and/or inadmissible matters will be reinforced to the jurors and give them the erroneous impression that Movant is attempting to withhold matters from them.

## III.

The following matters would not be admissible for any purpose in this case and Movant respectfully requests an Order prohibiting the same:

1. Any mention of, reference to or insinuation that the Defendant has, or may be covered by any policy liability insurance.

SUSTAINED: _____ OVERRULED: _____ MODIFIED AS FOLLOWS:

2. Attempting to call any expert witness who is not designated and report provided in accordance with Rule 26(a)(2) FRCP or any attempt to offer any opinions or the basis and reasons therefore which are not contained in Plaintiffs' expert reports.

SUSTAINED: _____ OVERRULED: _____ MODIFIED AS FOLLOWS:

3. Attempting to call any witness that was not timely disclosed by the discovery deadline of May 31, 2001.

SUSTAINED: _____ OVERRULED: _____ MODIFIED AS FOLLOWS:

4. Attempting to offer any document that was not timely designated by the discovery deadline of May 31, 2001.

SUSTAINED: _____ OVERRULED: _____ MODIFIED AS FOLLOWS:

5. R.D. Moore's refusal to take or not taking a polygraph.

SUSTAINED: _____ OVERRULED: _____ MODIFIED AS FOLLOWS:

6. The HPD dispatcher master tapes in use on July 7, 1998 were reused or recorded over.

SUSTAINED: _____ OVERRULED: _____ MODIFIED AS FOLLOWS:

7. Harlingen hired the consultant James Robenson and he did an investigation and prepared a report.

SUSTAINED: _____ OVERRULED: _____ MODIFIED AS FOLLOWS:

8.   Any demands or requests in the presence of the jury for matters found or contained in Defendants' files or papers, which would include statements, pleadings, photographs, or other documents.

SUSTAINED: _____   OVERRULED: _____   MODIFIED AS FOLLOWS:

9.   That Plaintiffs be prohibited from making any argument or statement concerning the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause.

SUSTAINED: _____   OVERRULED: _____   MODIFIED AS FOLLOWS:

10.   That Plaintiffs be prohibited from arguing or stating to the jury to follow the "Golden Rule," i.e., to ask the members of the jury to put themselves into Plaintiffs' place and to give Plaintiffs what they would want if they were injured similarly to plaintiffs.

SUSTAINED: _____   OVERRULED: _____   MODIFIED AS FOLLOWS:

11.   That Plaintiffs refrain from making any mention, request or solicitation of an agreement or stipulation from Defendant, its counsel or any of its witnesses.  Any such request for an agreement or stipulation can only have the effect of placing Defendant in an awkward and embarrassing situation, and Defendant or its counsel's refusal to enter into agreements or stipulations could only serve to prejudice Defendant.  Any such matters proposed by Plaintiffs should only be made outside the presence of the jury.

SUSTAINED: _____   OVERRULED: _____   MODIFIED AS FOLLOWS:

12.   That Plaintiffs refrain from making any comment or reference which suggests or infers to the jury that this motion has been filed, or that Defendant has moved to exclude and/or withhold any evidence.

SUSTAINED: _____   OVERRULED: _____   MODIFIED AS FOLLOWS:

## IV.

That each of the above matters set forth in individual paragraphs are generally inadmissible, irrelevant, and immaterial to Movant's rights to a fair and impartial trial. That should any matter set forth above become material, relevant, or admissible, Plaintiffs or their attorneys herein can bring such matter to the Court's attention, receive a favorable ruling thereon, and thus preserve each and every one of Plaintiffs' rights. That failure of the Court to grant this Motion in Limine will be to grant opposing counsel and their clients a free hand to inject such inadmissible and prejudicial matters as listed above before the Jury and even though upon objection, the Court sustains the same and instructs the Jury to disregard the same, harm is already accomplished.

Therefore, to prevent a miscarriage of justice, Movant prays that this Motion in Limine be granted in its entirety.

**WHEREFORE, PREMISES CONSIDERED,** Movant requests that the Court enter an Order that the counsel for the Plaintiffs and through them any and all witnesses on behalf of Plaintiffs be and are hereby instructed to refrain from any mention or interrogation, directly or indirectly, to any matter whatsoever regarding any matters set forth in the Motion, including the offering of any documentary evidence, without first requesting and obtaining a ruling for the Court outside the presence and hearing of all prospective jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters.

Respectfully submitted,

By: _____
Tom Lockhart
Admissions ID No. 2257
Texas State Bar No. 12473500
Roger W. Hughes
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant,
CITY OF HARLINGEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of July, 2001, a true and correct copy of the above and foregoing instrument was delivered to counsel of record for all parties, as indicated below.

---

Attorneys-in-Charge for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and
ARTURO GUILLERMO SALINAS, et al:

| | |
|---|---|
| Mr. Broadus A. Spivey<br>**SPIVEY & AINSWORTH, P.C.**<br>48 East Avenue<br>Austin, Texas 78701-4320 | <u>Via CMRRR# 7000 1670 0013 4635 2289</u> |

Attorney-in-Charge for Plaintiff, RAUL RODRIGUEZ:

| | |
|---|---|
| Ms. Sonia Lopez<br>**LAW OFFICES OF RAMON GARCIA, P.C.**<br>222 West University Drive<br>Edinburg, Texas 78539 | <u>Via CMRRR# 7000 1670 0013 4635 2272</u> |

_____
TOM LOCKHART