U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
FILED

01 JUL 31 PM 2:49

MICHAEL N. MILBY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | JURY DEMANDED |
| and | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |
| and | { | |
| RAUL RODRIGUEZ | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN, ET AL | { | |

## DEFENDANT'S UNOPPOSED MOTION
## TO SUPPLEMENT THE JOINT PRETRIAL ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant **CITY OF HARLINGEN ("HARLINGEN")** and files this Unopposed Motion to Supplement the Joint Pretrial Order and in support thereof would show the Court as follows:

## I.

Defendant seeks to supplement Defendant's Contested Proposition of Law by including the attached Exhibit "A".

## II.

## CERTIFICATE OF CONFERENCE

Defendant's counsel has conferred with Plaintiffs' counsel and they do not oppose this Motion.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that the Court grant this Motion and allow supplementation of the Joint Pretrial Order with the attachment "A".

Respectfully submitted,

By: _____
Tom Lockhart
Admissions ID No. 2257
Texas State Bar No. 12473500
Roger W. Hughes
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas  78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant,
CITY OF HARLINGEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 31st day of July, 2001, to the following counsel of record and interested parties:

Attorneys-in-Charge for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and
ARTURO GUILLERMO SALINAS, et al:

    Mr. Broadus A. Spivey      **Via CMRRR# 7099 3400 0018 1886 4419**
    **SPIVEY & AINSWORTH, P.C.**
    48 East Avenue
    Austin, Texas 78701-4320

Attorney-in-Charge for Plaintiff, RAUL RODRIGUEZ:

    Ms. Sonia Lopez      **Via CMRRR# 7099 3400 0018 1886 4402**
    **LAW OFFICES OF RAMON GARCIA, P.C.**
    222 West University Drive
    Edinburg, Texas 78539

_____
TOM LOCKHART

# EXHIBIT "A"

## DEFENDANT'S CONTESTED PROPOSITIONS OF LAW ¶ n.

Plaintiffs are not entitled to an instruction on the spoilation with regard to the dispatch tapes, nor are they entitled to offer evidence that the tapes were taped over. First, the instruction on the spoilation inference requires proof that the City destroyed the tapes in bad faith. *United States v. Wise,* 221 F.3d 140, 156 (5th Cir. 2000). The inference is predicated on bad conduct. *Vick v. Texas Empl. Comm'n,* 514 F.2d 734, 737 (5th Cir. 1975). Mere negligence or adherence to routine retention practices is insufficient. *Vick,* 514 F.2d at 737. Second, to be admissible, evidence concerning the inadvertent loss of evidence must be relevant and that relevancy must not be outweighed by the danger of unfair prejudice and confusions of issues. FED. R. EVID. 402, 403; *Caparotta v. Entergy Corp.,* 168 F.3d 755, 756, 758 (5th Cir. 1999). Here, there is no bad faith conduct. The City provided the Texas Rangers with the copies it requested. There is a widespread practice to reuse tapes after thirty days. Next, relevancy is questionable. Plaintiffs have not been able to identify what would have been on the tape that was in fact helpful to their case. Finally, any probative value is minuscule compared with the substantial danger of confusing the issues and unfair prejudice.