United States District Court
Southern District of Texas
FILED

AUG 0 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| Vs. | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| And | § | |
| GILBERTO M. RODRIGUEZ, ET AL | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN, TEXAS; | § | (Consolidated with B-98-162) |
| And | § | |
| RAUL RODRIGUEZ | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| CITY OF HARLINGEN, TEXAS. | § | (Consolidated with B-98-162) |

### PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, and file this Response to Defendant's Motion to Transfer Venue Under 28 U.S.C. §1404(a) and in support thereof would show the Court as follows:

**I.**

28 U.S.C. § 1404 (a) provides, "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Of the three factors spelled out in this "balancing test," the first two -- i.e., the convenience of the parties and witnesses -- weigh heavily in favor of the current venue. Moreover, it is well-established that the plaintiff's

choice of forum is to be given considerable weight in these matters. Thus, only by showing that "interest of justice" concerns outweigh the factors considered above, could Defendant meet the threshold established by section 1404(a).

## II.

Under 28 U.S.C. § 1404(a), the burden of establishing that an action should be transferred is on the moving party. *Barton v. Young*, 144 F.Supp.2d 685, 687 (5th Cir. 2001). In regard to "interest of justice" considerations, it is not enough for the movant simply to provide examples of adverse publicity in the district prior to the trial. To carry the burden under section 1404(a), the movant must show "extreme and virulent pretrial publicity…coupled with *demonstrated* effects on prospective jurors." *Los Angeles Coliseum Committee v. National Football League*, 899 F.R.D. 497, 503 (C.D. Cal. 1981); *see also Nebraska Press Assoc. v. Stuart*, 427 U.S. 539, 555, 96 S.Ct. 2791 (1976). In the case at bar, the movant, Defendant Harlingen, has failed to carry this burden.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that this Court deny Defendant's Motion to Transfer Venue Under U.S.C. § 1404(a) and that venue remain in the United States District Court for the Southern District of Texas, Brownsville Division.

                Respectfully submitted,

                **SPIVEY & AINSWORTH, P.C.**
                48 East Avenue
                Austin, TX  78701
                512+474-6061
                512+474-1605 (fax)

                By _____
                Broadus Spivey
                State Bar No. 00000076
                Federal I.D. No. 11146
                Price Ainsworth
                State Bar No. 00950300
                Federal I.D. No. 8065
                Francis Pan
                State Bar No. 15443300
                Federal I.D. No. 26385

                Richard Pena
                Law Offices of Richard Pena, P.C.
                Barton Oaks Plaza Two
                901 MoPac, Suite 325
                Austin, Texas 7746-5747
                512+327-6884
                512+327-8354 (fax)

                **ATTORNEYS FOR PLAINTIFFS**
                **Arturo G. Salinas, et al and**
                **Gilberto M. Rodriguez, et al**

3163P.042-Response to Venue Transfer