/41

United States District Court
Southern District of Texas

AUG 1 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| Vs. | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| And | § | |
| GILBERTO M. RODRIGUEZ, ET AL | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN, TEXAS; | § | (Consolidated with B-98-162) |
| And | § | |
| RAUL RODRIGUEZ | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| CITY OF HARLINGEN, TEXAS. | § | (Consolidated with B-98-162) |

---

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF PARTIAL
SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF**

---

Plaintiffs Gilberto M. Rodriguez, Individually and on Behalf of his minor Daughter, Megan Suzanne Rodriguez and the Estate of his Wife Susan Lynn Rodriguez, deceased; Stephen L. Williams and Robyn S. Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, Individually and on Behalf of the Estate of their Son Ricardo Guillermo Salinas, deceased; and Raul Rodriguez request the Court to reconsider the summary judgment granted on the Plaintiffs' 42 U.S.C. § 1983 Fourteenth Amendment substantive due process cause of action.

## I.  INTRODUCTION

On August 2, 2001, this Court granted in part the Defendant's Motion for Summary Judgment as to Plaintiffs' 42 U.S.C. § 1983 Fourteenth Amendment substantive due process cause of action under the state created danger theory on the ground that the Defendant City of Harlingen did not legally cause the Plaintiffs' injuries. The partial summary judgment is based on the following two findings:

1. There is no evidence to indicate that it was anything but happenstance that Ernest Moore selected a City-owned weapon instead of one of his own weapons in the gun safe in his bedroom; and

2. The Defendant City of Harlingen did not strip Agents Rodriguez and Salinas and Deputy Rodriguez of their ability to defend themselves or cut off potential source of private aid.

(Opinion at 29).

Pursuant to Fed. R. Civ. P. 59(e), Plaintiffs file this motion for reconsideration and ask the Court to withdraw the partial summary judgment set forth above and to deny Defendant's Motion for Summary Judgment in all respects.

While Plaintiffs are mindful of this Court's admonition against filing a motion for reconsideration, this motion is based on newly discovered evidence which is so central to the case that it shows that entry of the partial summary judgment would be manifestly unjust. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

## II.  ARGUMENT AND AUTHORITIES

The purpose of a Rule 59(e) motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

Plaintiffs have discovered new evidence, not available at the time of the granting of the partial summary judgment. The newly discovered evidence is Ms. Julie Cox's testimony.

Plaintiffs had diligently attempted to interrogate Ms. Cox numerous occasions but were unable to do so, and were, in fact, unable to even locate her for interrogation.

After media coverage of the Court's ruling on the motion, Julie Cox came to the office of Sonia Lopez, attorney for Plaintiff Raul Rodriguez, for an interview on August 6, 2001. In the interview, Ms Cox told Ms. Lopez the following facts:

   a. She was Ernest Moore's girlfriend for at least a year prior to the shootings;

   b. She lived with Ernest Moore in R.D. Moore's house in San Benito, Texas;

   c. The AR-15 semi-automatic gun that was used to kill the two Border Patrol Agents and seriously injure a Cameron County Sheriff's Deputy on the morning of July 7, 1998, had been utilized by Ernest Moore many times before;

   d. Ernest Moore liked that gun;

   e. Ernest Moore had in my presence shot the gun in front of his house;

   f. Ernest Moore had in my presence shot the gun at my father's gun range;

   g. R. D. Moore allowed his son to use this gun on many occasions; and

   h. Ernest Moore carried this gun in a brown bag in his truck.

Ms. Cox's testimony is in affidavit form and is attached hereto as Exhibit "A" and incorporated herein for all purposes.

The Court should consider the new evidence and grant the relief requested by this motion because the newly discovered evidence rebuts the Defendant's assertion that Ernest Moore randomly selected the gun in question from the gun cabinet in his room on the day of the shootings. The testimony of Ms. Cox clearly shows that the gun in question was the gun Ernest Moore intended to use for the killings. The evidence also shows that had the rifle in question not been in Ernest Moore's possession, Border Patrol Agents Rodriguez and Salinas and Deputy Sheriff Rodriguez may not have had to face the same level of danger that they faced on the morning of the shooting because Ernest Moore may not have had access to a gun to kill Agents Rodriguez and Salinas and injure Deputy Rodriguez. The Court will recall that the City has offered no evidence that indicates that a witness observed Ernest Moore going to the gun cabinet on the morning of the shooting. Certainly Ms. Cox's testimony raises genuine issues of material fact concerning the proximate cause determination that was the fulcrum of the Court's pretrial summary judgment.

Plaintiffs made diligent efforts to locate Ms. Cox before filing their responses to the summary judgment. The evidence of Plaintiffs' effort to locate Ms. Cox is set forth in the affidavit of Sonia I. Lopez, which is attached hereto as Exhibit "B" and incorporated herein for all purposes. Ms. Cox did not make herself available to be interviewed until after the media reported the Court's summary judgment decision of August 2001.

The Court should grant Plaintiffs' motion for reconsideration of the partial summary judgment for the reasons set forth above because the newly discovered evidence raises genuine issues of material fact regarding whether or not the City's failure to maintain a state weapons handling policy was a proximate cause of the wrongful deaths and injuries made the basis of this suit.

### III. Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court:

- A. Grant this Motion for Reconsideration of the Court's Partial Summary Judgment as to Plaintiffs' 42 U.S.C. § 1983 Fourteenth Amendment substantive due process cause of action;

- B. Withdraw the partial summary judgment as to Plaintiffs' 42 U.S.C. § 1983 Fourteenth Amendment substantive due process cause of action;

- C. Deny the partial summary judgment as to Plaintiffs' 42 U.S.C. § 1983 Fourteenth Amendment substantive due process cause of action; and

- D. Grant any and all further relief that justice required.

Respectfully submitted,

SPIVEY & AINSWORTH
48 East Avenue
Austin, Texas 78701-4320
512-474-6061
512-474-1605 (fax)

By: _/s/ Broadus Spivey_

BROADUS SPIVEY
State Bar No. 00000076
Federal I.D. No. 11146
PRICE AINSWORTH
State Bar No. 00950300
Federal I.D. No. 8065
FRANCIS PAN
State Bar No. 15443300
Federal I.D. No. 26385

RICHARD PENA
Law Offices of Richard Pena, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747
512-327-6884
512-327-8354 (fax)

**ATTORNEYS–IN-CHARGE FOR PLAINTIFFS ARTURO G. SALINAS, ET AL AND GILBERTO M. RODRIGUEZ, ET AL**

LAW OFFICE OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, TX 78539
956-383-7441
956-381-0825 (Fax)

By: _/s/ Ramon Garcia_

RAMON GARCIA
State Bar No. 07641800
Federal I.D. No. 3936
SONIA I. LOPEZ
State Bar No. 24003862
Federal I.D. No. 23501

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF RAUL RODRIGUEZ**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded on August 16, 2001, to counsel of record for Defendant via facsimile and U.S. mail:

Mr. Tom Lockhart
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429

ATTORNEYS FOR DEFENDANT CITY OF HARLINGEN

SONIA I. LOPEZ

STATE OF TEXAS § 
§
COUNTY OF HIDALGO §

## AFFIDAVIT

Before me, the undersigned notary, on this day personally came and appeared SONIA I. LOPEZ, to me well known, and who, after being by me duly sworn did say:

"My name is Julie Lynn Cox. I am over the age of 21 years, and am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

On July 7, 1998, I was at 311 Catherine Street in Rio Hondo, Texas, with the Morin family. On that date, Ernest Moore appeared at the residence and shot and killed Delia Morin and Margarita Flores.

I was Ernest Moore's girlfriend for at least a year prior to the shooting and had lived with him at his parents home in San Benito, Texas. The AR-15 semi-automatic gun that was used to kill the two Border Patrol Agents and seriously injure a Cameron County Sheriff's Deputy on the morning of July 7, 1998, had been utilized by Ernest Moore many times before. He liked that gun and had in my presence shot the gun in front of his house and at my father's gun range. R.D. Moore allowed his son to use this gun on many occasions. Ernest would also carry this gun in a brown bag in his truck.

Further, Affiant sayeth not.

_Julie Cox_
JULIE LYNN COX

Sworn to and subscribed before me by Julie Lynn Cox on this the 15th day of August, 2001.

ADELITA GOMEZ
Notary Public
STATE OF TEXAS
My Comm Exp Apr 28, 2002

_Adelita Gomez_
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS



| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HIDALGO | § |

# AFFIDAVIT

BEFORE ME, the undersigned authority, this day personally came and appeared SONIA I. LOPEZ, to me well known, and who, after being by me duly sworn did say:

"My name is Sonia I. Lopez. I am over the age of 21 years, and am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

"All the factual allegations that form the basis of Plaintiffs' Motion for Reconsideration of Partial Summary Judgement and Memorandum in Support Thereof are true and correct."

" Our office attempted to locate Ms. Julie Lynn Cox on numerous occasions. For several months prior to filing Plaintiffs' Response to Defendants' Second Motion for Summary Judgment, our office attempted to interview Ms. Cox. Unfortunately, we were not able to locate or meet Ms. Cox until after the Court's ruling on August 2, 2001.

On August 3, 2001, Ms. Cox called me and scheduled a visit to our office for August 6. On said date, Ms. Cox relayed to me the information that is delineated in Exhibit "A". "

Further, Affiant sayeth not.

_____
SONIA I. LOPEZ

Sworn to and subscribed before me by Sonia I. Lopez on this the 16th day of August, 2001.

ADELITA GOMEZ
Notary Public
STATE OF TEXAS
My Comm Exp Apr 28, 2002

_____
Notary Public in and for the
State of Texas

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| Vs. | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| And | § | |
| GILBERTO M. RODRIGUEZ, ET AL | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN, TEXAS; | § | (Consolidated with B-98-162) |
| And | § | |
| RAUL RODRIGUEZ | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| CITY OF HARLINGEN, TEXAS. | § | (Consolidated with B-98-162) |

## ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT

BE IT REMEMBERED, that on this date the Court considered PLAINTIFFS' MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT in the above-referenced causes. After considering the motion and the response, the Court GRANTS the motion in all respects.

DONE at Brownsville, Texas, This _____ day of August, 2001.

_____
Hilda G. Tagle
United States District Judge