*144*

United States District Court
Southern District of Texas
FILED

**AUG 2 9 2001**

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, ET AL | { | JURY DEMANDED |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, ET AL | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, ET AL | { | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant CITY OF HARLINGEN ("CITY"), and files this Response

to Plaintiffs' Motion for Reconsideration of Partial Summary Judgment and Brief in Support

Thereof and would show the Court as follows:

I.

## COX AFFIDAVIT DOES NOT CHANGE THE RESULT

Plaintiffs have been on notice that Julie Cox was a central figure in the events leading up to the shootings and that she claimed to have some knowledge of Ernest Moore's fire power. In Cameron County Sheriff Department Investigator Javier Reyna's report (Dkt. No. 100 Exh. L, p. 3), he states he interviewed Julie Cox in Rio Hondo on July 7, 1998 (between the time of the Rio Hondo and San Benito shootings) and she said Ernest Moore "has an arsenal of guns and machine guns at his house". The conduct of Plaintiffs' counsel, who have vigorously prosecuted this case, indicates that they did not believe this is important new evidence. They did not subpoena Cox for deposition although apparently she was within subpoena range and they did not file a FED. R. CIV. P. 56(f) motion. Moreover, Plaintiffs offered evidence and argued in their Responses to the Second Motion for Summary Judgment that Ernest Moore had used the HPD rifle before and had a propensity to use this gun.

Julie Cox's affidavit provides no evidence to change the result. The court found the evidence negated two elements of the "state created danger" claim, i.e.:

a)      The City did not create an opportunity that otherwise would not have existed for Ernest Moore to commit the crimes; and

b)      The City did not strip agents Rodriguez and Salinas and Deputy Rodriguez of their ability to defend themselves or cut off potential sources of private aid.

Based on those conclusions, the court found Plaintiffs failed to meet the heightened standards for causation. Plaintiffs seize on the statement that Ernest's choice among the weapons was

"happenstance," but that is not the basis for the Court's conclusions.  Ms. Cox's affidavit does not require a different result on either of the two key conclusions.

## II.  OBJECTIONS TO AFFIDAVITS

### A.  Julie Cox Affidavit

The City objects and moves to strike Julie Cox's Affidavit on the basis of hearsay and incompetency.  She does not affirmatively show that she has personal knowledge and is competent to testify about:

a)   which AR 15 Ernest Moore used in the shootings; and

b)   which AR 15 Ernest Moore had used on prior occasions.

### B.   Sonia Lopez Affidavit

The City objects and moves to strike Sonia Lopez's Affidavit to the extent and on the basis of hearsay, incompetency and speculation.  Sonia Lopez's Affidavit globally asserts that "all the factual allegations that form the basis of Plaintiffs' Motion for Reconsideration of Partial Summary Judgment and Memorandum in Support Thereof are true and correct." However, Sonia Lopez's Affidavit does not affirmatively show that she has personal knowledge and is competent to testify about any factual allegations other than those specifically contained in ¶¶ 3 and 4 of her Affidavit.

## III.  ARGUMENT AND AUTHORITIES

### A.   Standard of Review

A 'motion to reconsider' the granting of summary judgment filed within ten days after judgment is rendered falls under FED. R. CIV. P. 59(e). *Lavespere v. Niagara Mach. & Tool*

---

*Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied,* 510 U.S. 859 (1993).  Under Rule 59(e), the essential task is to strike the proper balance between the need to bring the litigation to an end and the need to render just decisions on the basis of the facts. *Lavespere,* 910 F.2d at 174; *Internat'l Marine Carriers v. Oil Spill Liability Trust Fund,* 914 F.Supp. 149, 151 (S.D.Tex. 1995).

Even in the context of a summary judgment, the decision under Rule 59 is addressed to the district court's discretion. *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1052 (5th Cir. 1996); *Lavespere,* 910 F.2d at 173; *Waltman v. Internat'l Paper Co.,* 875 F.2d 468, 473-74 (5th Cir. 1989).  However, that considerable discretion is not limitless. *Lavespere,* 910 F.2d at 174.  Rule 59 should not become a device for never-ending cycles of reconsidering a summary judgment, thereby defeating its features of securing a just and inexpensive determination to the litigation. *Calpetco 1981 v. Marshall Explor., Inc.,* 989 F.2d 1408, 1415 (5th Cir. 1993).  It should not be employed to introduce new evidence that could have been adduced during the pendency of the summary judgment motion. *Publishers Resource, Inc. v. Walker-Davis Pub., Inc.,* 762 F.2d 557, 561 (7th Cir. 1985).

Plaintiffs urge only one ground: newly discovered evidence.  Under Rule 59, this grounds requires they allege and prove:

    a.    The newly discovered evidence existed at the time of trial;

    b.    The moving party must have been excusably ignorant of evidence despite using due diligence to learn about it;

    c.    The evidence must be admissible; and

d.    The evidence would probably be effective to change the result and not be merely cumulative.

*Diaz v. Methodist Hosp.*, 46 F.3d 492, 495 (5ᵗʰ Cir. 1995); Wright, Miller & Kane, FED. PRAC. & PROC., § 2808 (1995).    The court may consider the reasons for the movant's default, the importance of the omitted evidence, whether the evidence was unavailable, and the likelihood of unfair prejudice.  *Lavespere,* 910 F.2d at 174; *Internat'l Marine,* 914 F.Supp. at 151.  Even if the court grants the motion to consider "newly discovered" evidence, it may nonetheless conclude it will not change the result.  *Lavespere,* 910 F.2d at 183-84.

The evidence must effectively require a different result.  *United States v. 41 Cases,* 420 F.2d 1126, 1132 (5ᵗʰ Cir. 1970).  There is no error to deny the motion if the evidence is merely cumulative.  *Joseph v. Terminex Internat'l Co.,* 17 F.3d 1282, 1286 (10ᵗʰ Cir. 1994).

The court should not vacate a summary judgment unless the movant has a valid excuse for failing to produce the evidence before the summary judgment ruling.  *Wallace,* 80 F.3d at 1052.  The movant has the burden to prove that, even with due diligence to locate the evidence, it was unavailable.  *Diaz,* 46 F.3d at 496.  The court may consider whether vigorous pursuit of discovery would have uncovered it or similar evidence.  *Id.*  The court may consider whether the movant could have sought a continuance of the summary judgment hearing under FED. R. CIV. P. 56(f) to obtain the evidence.  *Waltman,* 875 F.2d at 874.

B.    <u>Cox's Affidavit Is Not Admissible</u>

Rule 56(e) requires that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Although Ms. Cox's affidavit

---

states that the facts stated therein are within her personal knowledge, such a declaration does

not conclusively establish that the assertions of the affidavit are, in fact, based on personal

knowledge. *See Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (objection to affidavit

properly sustained where, although affidavit was purportedly made on personal knowledge,

opposing party demonstrated affiant's lack of personal knowledge). Much of Ms. Cox's

affidavit states matters that obviously are not within her personal knowledge, and the

affidavit fails to affirmatively show her competency to testify about the matters stated in the

affidavit. FED. R. EVID. 602.

Ms. Cox states that the rifle used by Ernest Moore in the incident giving rise to this

lawsuit is the same rifle she observed him possessing and shooting on previous occasions.

However, there were two AR-15 rifles in the Moore household, one of which was privately

owned by the Moores. (Dkt. No. 100 Exh. F, 211: 2 - 212: 5; Exh. I, 137:. 21 - 138:2, 142:

2-24). She obviously was not present during the shooting at Moore's residence to observe

which weapon Ernest Moore used. First, Ms. Cox's affidavit does not state how she can

distinguish this AR-15 model rifle from the SKS, AK-47, or M-1 privately owned rifles.

Second, her affidavit does not establish her basis or competency to distinguish between the

HPD AR-15 and Ernest Moore's personal AR-15. In particular, her affidavit does not

establish her competency to distinguish which AR-15 she observed in Ernest's possession

on earlier occasions. Her affidavit gives no basis to negate the equally likely probability that

the AR-15 she earlier observed in Ernest's possession was the one *not* used in the incident

giving rise to this lawsuit. Third, her affidavit does not give any basis to show her

knowledge of which rifle Ernest used during the shooting at the Moore residence.

Furthermore, any knowledge she might have had regarding which AR-15 she observed in Ernest's possession would necessarily be based on hearsay, *i.e.,* Ernest or someone else telling her which AR-15 it was. Affidavits based on hearsay do not satisfy rule 56(e). *Scosche Indus., Inc. v. Visor Gear Inc.,* 121 F.3d 675, 681 (5th Cir. 1997). Her affidavit shows no basis for any personal knowledge of which AR-15 was from the Harlingen Police Department and which was the private property of the Moores. *Compare Memorial Hosp. Sys. v. John Hancock Mut. Life Ins. Co.,* 952 F.Supp. 449, 452 (S.D. Tex. 1996) (portion of affidavit describing actions of others rejected as outside personal knowledge; portion describing standard of care in health care industry rejected for failure to show competence to testify about standard of care).

Nor does her affidavit show she has any basis for personal knowledge of which AR-15 was used in the incident giving rise to this lawsuit. Here again, her statement is implicitly based on hearsay, *i.e.*, what she has come to believe based on what others have told her. The foundation for her purported knowledge of which rifle was used in the incident giving rise to this lawsuit is akin to the foundation of an affidavit based on "information and belief," which has repeatedly been held to be improper. *See, e.g., Richardson v. Oldham,* 12 F.3d 1373, 1378 (5th Cir. 1994).

Affidavits not based on personal knowledge, or based on "information and belief" are not entitled to any weight. *Harris County Wrecker Owners for an Equal Opportunity v. City of Houston,* 943 F.Supp. 711, 719 (S.D. Tex. 1996). Rule 56(e) imposes the burden on the affiant to "show affirmatively" the affiant's competence to testify to the matters stated in the affidavit. Ms. Cox's affidavit fails to make that showing, and relies on matters outside her

ClibPDF - www.fastio.com

personal knowledge, of which her only knowledge is necessarily based on hearsay. Therefore her affidavit is inadmissible and should be stricken.

C.      Cox Affidavit Does Not Change the Result

Plaintiffs Motion, p. 3, argues Ms. Cox's affidavit raises a question of "proximate cause."   However, the order identified other elements of Plaintiffs' "state created danger" claim that the City negated.  Ms. Cox's affidavit does not change the result of any ground supporting the court's order.

First, her affidavit does not touch on, much less negate, the first ground about Ernest's other opportunities to commit these crimes.  Even if Ernest Moore had some fondness for the HPD rifle, this does not remove the other semi-automatic rifles from the gun vault, nor does it deprive the victims of their ability of self defense.  There is nothing in Cox's affidavit to support Plaintiffs' claim that, if Ernest lacked his allegedly "favorite" rifle, Ernest would have had no access to another semi-automatic rifle or that the Agents and Dep. Rodriguez would not have faced the same level of danger.

Rather Plaintiffs reverse their earlier position, arguing that the summary judgment evidence does not show Ernest ever went to the gun safe that morning.  Under Rule 59(e), the movant cannot urge legal arguments or interpretations of the evidence it could have urged in his response to the summary judgment. *Internat'l Marine*, 914 F.Supp. 151-52.   In Plaintiffs' Response to Defendant's Second Motion for Summary Judgment, they submit evidence and  argue that Ernest lost his AK-47 at the Morin residence, drove to his father's house, talked to his father, and then left with the AR-15. (Dkt. No. 106, p. 14; Dkt. No. 110, pp. 12 & 13).  In the Joint Pre-Trial Order (Dkt. No. 117), ¶ 7, Plaintiffs Contested Fact

Issues, (¶¶ w, x, tt, vv, and ww), urged the HPD rifle was stored in a gun vault in Ernest's bedroom, Ernest had the key to vault, he returned home the morning of the shooting, he talked to R.D. Moore, and then he took the AR-15. Defendant's undisputed evidence showed R.D. Moore and his wife heard the door slam, they got up to investigate, and found the gun vault open and Ernest's damaged pick-up outside. (Dkt. No. 134, p. 6).

The evidence conclusively proves Ernest entered the house and took the HPD rifle from the gun safe; it is a fantasy to urge Ernest had the HPD rifle all the time and he entered his house just to chat with his father during a desperate flight from arrest. Given Plaintiffs' responses to the summary judgment and their statements in the Joint Pre-Trial Order, it is ludicrous to argue that the court had no basis to conclude Ernest accessed the gun safe that morning. In any event, Plaintiffs still urge that Ernest entered the house to talk to his father and that he had a key to the gun vault. That gave him access to the other powerful semi-automatic rifles, which negates the elements of Plaintiffs' theory.

Second, Ms. Cox's affidavit does not negate proximate cause. It was Plaintiffs' burden to prove at a minimum that, but for access to the HPD rifle, Ernest would not (or could not) have shot the officers. Plaintiffs still claim that Ernest had a key to the gun vault, that he came home, and that he entered the house. Once he was pursued for arrest for homicide, he had reason to want to arm himself. Once he was home, he had access to the other semi-automatic rifles.

Third, this evidence is cumulative of Plaintiffs earlier summary judgment evidence. Plaintiffs argued Ernest had used the rifle before, which gave him a preference for it. (Dkt. No. 106, p. 29; Dkt. No. 110, p. 26).

---

[8]; C:\FILES\H1023\REPLY TO PLAINTIFFS' MOTION FOR RECONSIDERATION                    PAGE 9

## PRAYER

Wherefore, premises considered, Defendant CITY OF HARLINGEN prays the court

sustain its objections to the affidavits and deny the Plaintiffs' motion, affirm its earlier ruling,

and grant Defendant all other relief, either in law or equity, which the Court deems

appropriate.

Respectfully submitted,

By: _____

**TOM LOCKHART**
Admissions ID No. 2257
Texas State Bar No. 12473500
**ROGER W. HUGHES**
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas  78551-1429
Telephone:   956/428-7495
Telecopier:   956/428-2954

Attorney-in-Charge for Defendant,
CITY OF HARLINGEN

---

[8]; C:\FILES\H1023\REPLY TO PLAINTIFFS' MOTION FOR RECONSIDERATION            PAGE 10

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this _29_ day of August, 2001, to the following counsel of record and interested parties:

Attorneys-in-Charge for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and ARTURO GUILLERMO SALINAS, et al:

Mr. Broadus A. Spivey         <u>**Via Facsimile: (512) 474-1605**</u>
**SPIVEY & AINSWORTH, P.C.**    <u>**Via CMRRR # 7000 1530 0006 3370 3448**</u>
48 East Avenue
Austin, Texas 78701-4320

Attorney-in-Charge for Plaintiff, RAUL RODRIGUEZ:

Ms. Sonia Lopez          <u>**Via Facsimile: (956) 381-0825**</u>
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive    <u>**Via CMRRR # 7000 1530 0006 3370 3455**</u>
Edinburg, Texas 78539

**TOM LOCKHART**

[8]; C:\FILES\H1023\REPLY TO PLAINTIFFS' MOTION FOR RECONSIDERATION      PAGE 11

ClibPDF - www.fastio.com