

. . .  . . . . . . . . District Court
. . . . . . . . . . . . . ct of Texas
. . . . D

JAN 0 3 2002

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| | § | |
| vs. | § | |
| | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| GILBERTO M. RODRIGUEZ, ET AL | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-98-163 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| RAUL RODRIGUEZ, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-99-70 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS; | § | |

---

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) AND MEMORANDUM IN SUPPORT THEREOF

---

Plaintiffs Gilberto M. Rodriguez, Individually and on Behalf of his minor Daughter, Megan Suzanne Rodriguez and the Estate of his Wife Susan Lynn Rodriguez, deceased; Stephen L. Williams and Robyn S. Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, Individually and on Behalf of the Estate of their Son Ricardo Guillermo Salinas, deceased; and Raul Rodriguez file this response to Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a) and Memorandum in Support thereof.

## I.  NATURE AND STAGE OF THE PROCEEDINGS

On December 14, 2001, Defendant filed Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a) by arguing:

> The issue presented is whether the media coverage concerning this case, particularly concerning inadmissible matters and reasonable probability will preclude the selection of a fair and impartial jury, thereby requiring a transfer under 28 U.S.C. § 1404(a) in the interest of justice.

(at page 2).  The attempt of the transfer of venue should fail.

## II. ARGUMENT AND AUTHORITIES

28 U.S.C. § 1404(a) provides, "[F]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Of the three factors spelled out in this "balancing test," the first two -- i.e., the convenience of the parties and witnesses -- weigh heavily in favor of the current venue.  Moreover, it is well-established that the plaintiff's choice of forum is to be given considerable weight in these matters.  Thus, only by showing that "interest of justice" concerns outweigh the factors considered above, could Defendant meet the threshold established by section 1404(a).

Under 28 U.S.C. § 1404(a), the burden of establishing that an action should be transferred is on the moving party.  *Barton v. Young*, 144 F.Supp.2d 685, 687 (5th Cir. 2001); *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.*, 436 F.2d 1180, 1187 (7th Cir. 1971), cert. dism'd, 403 U.S. 942; *Hanning v. New England Mutual Life Insurance Company*, 710 F.Supp. 213, 215 (S.D. Ohio 1989); *Byron v. Rajneesh Foundation International*, 634 F.Supp. 489, 494 (D. Or. 1985).  In regard to "interest of justice" considerations, it is not enough for the movant simply to provide examples of adverse publicity in the district prior to the trial.  To carry the burden under section 1404(a), the

movant must show "extreme and virulent pretrial publicity...coupled with *demonstrated* effects on prospective jurors." *Los Angeles Coliseum Committee v. National Football League*, 899 F.R.D. 497, 503 (C.D. Cal. 1981); *see also Nebraska Press Assoc. v. Stuart*, 427 U.S. 539, 555, 96 S.Ct. 2791 (1976). In the case at bar, the movant, Defendant Harlingen, has failed to carry this burden.

In the motion, Defendant only has allegation without proof. Defendant asserts that "[s]ubstantial and prejudicial media coverage of this litigation has occurred as evidenced by the Exhibits to Defendant's Unopposed Motion for Permission to Conduct Voir Dire Questioning by Counsel." (at page 2). The exhibits are newspaper articles, which are factual news reports and do not exhibit bias toward either side of the case. Nowhere in the motion, does Defendant ever point out to the Court which media coverage caused prejudice to Defendant or show the Court how the media coverage caused prejudice to Defendant. In *Northern Indiana Public Service Co. v. Envirotech Corporation*, 566 F.Supp. 362 (N.D. Indv. 1963), Defendant Envirotech (EVT) filed a motion to transfer the action from the Northern District of Indiana to the Southern District of Indiana on the grounds of prospective jurors bias due to a possible pecuniary interest in the outcome of the case. 566 F.Supp. at 365. The motion was denied on the holding that "[s]ince EVT has submitted no statistical evidence or opinion poll results, and since the newspaper articles submitted thus far do not compel a conclusion that a fair and impartial jury cannot be empaneled in this district, [FN3] the motion for a change of venue must be denied." 566 F.Supp. at 366.

Pretrial publicity in the district where a suit is pending does not prevent the district from retaining the suit. In *Andrade v. Chojnacki*, 934 F.Supp. 817 (S.D. Tex. 1996), following finding that the Western District was the only proper venue for a

majority of plaintiffs' claims, the Southern District Court transferred the suit to that District although the Southern District Court shared concern that the community in which assault occurred might be hostile to survivors and those who were killed by agents of the Bureau of Alcohol, Tobacco and Firearms (ATF) on the holding that pretrial publicity received in the division of the Western District of Texas which was location of an assault on a church did not prevent the transfer to that District. 934 F.Supp. at 834-35.

If an impartial jury could not be selected, that fact would have become evident at the voir dire.  Pretrial publicity does not require a transfer of suit when the examination of prospective jurors during voir dire demonstrates that they have not been prejudiced. *Byron*, 634 F.Supp. at 494.  In *Hanning*, 710 F.Supp. at 215, the court held that "a court may properly defer ruling on the motion for change of venue until the effect of any adverse publicity can be determined at voir dire of the potential jurors."

## III. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court deny Defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a), and order to retain venue in the United States District Court for the Southern District of Texas,k Brownsville Division; and in the alternative, defer ruling on the motion until the completion of the voir dire of potential jurors, and grant any and all further relief that justice requires.

Respectfully submitted,

SPIVEY & AINSWORTH, P.C.
48 East Avenue
Austin, Texas 78701-4320
512-474-6061
512-474-1605 (fax)

By:    _____
BROADUS SPIVEY
State Bar No. 00000076
Federal I.D. No. 11146
PRICE AINSWORTH
State Bar No. 00950300
Federal I.D. No. 8065
FRANCIS PAN
State Bar No. 15443300
Federal I.D. No. 26385

RICHARD PENA
Law Offices of Richard Pena, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 78746-5747
512-327-6884
512-327-8354 (fax)

**ATTORNEYS    FOR    PLAINTIFFS
ARTURO  G.  SALINAS,  ET  AL  and
GILBERTO  M.  RODRIGUEZ,  ET  AL**

LAW OFFICE OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, TX 78539
956-383-7441
956-381-0825 (fax)

By:    _____
RAMON GARCIA
State Bar No. 07641800
Federal I.D. No. 3936
SONIA I. LOPEZ
State Bar No. 24003862
Federal I.D. No. 23501

**ATTORNEYS  FOR  PLAINTIFF  RAUL
RODRIGUEZ**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded on January 3, 2002, to counsel of record for Defendant via facsimile and U.S. Mail:

Mr. Tom Lockhart                          FACSIMILE: (956) 428-2954
Adams & Graham, L.L.P.                     CM R/R/R 7001 1140 0002 5107 5682
P.O. Drawer 1429
Harlingen, Texas 78551-1429
*ATTORNEYS FOR DEFENDANT CITY OF HARLINGEN*


BROADUS A. SPIVEY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| | § | |
| vs. | § | |
| | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| GILBERTO M. RODRIGUEZ, ET AL | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-98-163 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| RAUL RODRIGUEZ, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-99-70 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS; | § | |

## ORDER

BE IT REMEMBERED, THAT ON _____, 2002, the Court

considered Defendant's Motion to Transfer Venue in the above-referenced causes.

After considering the motion and the response, the Court DENIES the motion in all

respects.

DONE at Brownsville, Texas, this _____ day of _____, 2002.


_____
Hilda G. Tagle
United States District Judge