

United States District Court
Southern District of Texas
FILED

FEB 0 5 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | JURY DEMANDED |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-163 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-99-70 |
| | { | |
| CITY OF HARLINGEN | { | |

## MOTION TO QUASH TRIAL SUBPOENA BY DEFENDANT HARLINGEN AND THIRD PARTY ROBENSON

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **CITY OF HARLINGEN** ("City"), and Third Party **JAMES ROBENSON** ("Robenson") and file this their Motion to Quash Trial Subpoena by Defendant Harlingen and Third Party Robenson and would respectfully show the Court as follows:

**I.**

The undersigned has conferred with counsel for Plaintiffs and no resolution could be reached concerning this motion.

## II.

The City and Robenson move to quash a trial subpoena served by Plaintiffs Salinas and Rodriguez on Robenson. FED. R. CIV. PROC. 45(c). The City and Robenson pray the Court enter an order that:

a.   Quashes trial subpoena served on Robenson entirely, or

b.   Protects Robenson from the undue burden and expense of appearing.

## III.

## FACTUAL BACKGROUND

Mr. Robenson was a consulting expert retained by the City to advise the City Manager. See Dkt. #s 105 and 116. The City has not designated him as either a fact witnesses or expert witness in the case. The Court noted that Robenson's report covered the same subject matter, observations and conclusions as contained in the reports of City Manager Prim and Assistant City Manager Le Beau. Dkt. # 116.

On January 24, 2002, Mr. Robenson was served in Floresville, Texas with a subpoena to attend trial. See Exh. 1, Affidavit of Robenson. Mr. Robenson resides and works in Floresville, Wilson County, Texas, which is more than 200 miles distance from the Brownsville Federal Courthouse. Exh. 1. He was tendered only the sum of $112.00 as witness fees.

If he is required to attend, Robenson will have to incur plane fare, car rental fees, and hotels. Given the returned date of his subpoena and the need to review his report before testifying, he will lose almost three days away from other work. See Exh. 1. At his regular rates of compensation, his lost income could be as much as $3,600.00.

All of Mr. Robenson's opinions are contained in the report. See Exh. 1. Plaintiffs already have his report and Defendant is willing to stipulate to its authenticity.

## IV.

## LEGAL ANALYSIS

FED. R. CIV. PROC. 45(c)(3)(A)(ii) provides that the Court shall quash or modify a subpoena if it requires a nonpart witness to travel more than 100 miles from his residence or business except that it may command such witness in order to attend trial to travel from any such place within the state in which trial is held, subject to the Court's power to quash or modify the subpoena as provided in Rule 45(c)(3)(B)(iii).

Rule 45(c)(3)(B)(iii) provides that if a non-party witness is required to incur substantial expense to travel more than 100 miles to attend trial, the Court may either (1) quash the subpoena or (2) if the party seeking the subpoena shows a substantial need for the testimony that cannot be met without undue hardship and assures the non-party witness will be reasonably compensated, the Court may order attendance on specific conditions. The burden is on the attorney issuing the subpoena to avoid causing undue burden or expense to the witness. *FDIC v. Garner*, 126 F.3d 1138, 1145-46 (9th Cir. 1997). Rule 45(c)(3)(B) puts the burden on the party serving the subpoena to show "substantial need" for the testimony.

First, Mr. Robenson is a non-party witness who was served outside the Southern District and more than 100 miles from the courthouse; he must travel over 200 miles to the courthouse, incurring substantial airfare, car rental, and hotel bills, not to mention the loss of nearly three days income.

Second, Plaintiffs have no substantial need for his testimony. The Court has already noted that his report is virtually identical to those of Prim and LaBeau. Mr. Robenson has no first hand knowledge. The witnesses and documents which he reviewed for his opinions are either (1) within the subpoena power of the court or (2) have been deposed by Plaintiffs. Mr. Robenson's testimony can have, at best, limited value. Plaintiffs can ask him only factual questions about his first hand

observations. *Young v. United States*, 181 F.R.D. 344, 346 (W.D. Tex. 1997). Otherwise, absent a statute or contract, a professional witness may not be compelled to testify as an expert at the request of a private litigant. *Young*, 181 F.R.D. at 346; *Karp v. Cooley*, 349 F.Supp. 827, 836 (S.D. Tex.). The rationale is that a professional witness cannot be compelled to testify as an expert witness absent their consent or contract. *Young,* 181 F.R.D. at 346; *Karp*, 349 F.Supp. at 836. Therefore, even if Robenson should be compelled to testify, he may not be compelled to answer hypothetical questions about the shootings. Plaintiffs have no substantial need to ask him hypothetical questions because they have named their own retained expert, Mr. George Kirkham, on the subject of police procedures.

Third, even if the Plaintiffs can establish substantial need for his testimony, they must nevertheless provide adequate compensation to alleviate the burden. First, this should include at least adequate expenses or reimbursement for airfare, car rental, and hotel bills, and meal. The reasonable costs for airfare, car rental, hotel, and food exceed the amount tendered him.

Most courts have agreed that the professional witness should also be awarded compensation for his time to prepare for and give testimony. *Coleman v. Dydula*, 190 F.3d 320, 323-24 (W.D.N.Y., 1999); *In re "Agent Orange" Product Liability Litigation*, 105 F.R.D. 577, 582 (E.D.N.Y., 1985). Robenson establishes that he will lose two and probably three days from his consulting work with a resulting loss of income. Therefore, it would be appropriate to require Plaintiffs to advance the equivalent of 2½ - 3 days of fees ($3,000-$3,600) as additional compensation above travel expenses.

**WHEREFORE, PREMISES CONSIDERED**, Defendant City of Harlingen and Third Party James Robenson move the Court take this motion under submission immediately and upon consideration of the argument in evidence either quash the subpoena altogether, condition attendance

upon Robenson being advanced compensation for lost income, reimbursement for actual travel costs and other such other and further relief for law and equity to which they may show themselves entitled.

Respectfully submitted,

By: _____

TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant, CITY OF HARLINGEN, TEXAS and Third Party JAMES ROBENSON

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was

forwarded on this __5th__ day of February, 202, to the following counsel of record and interested

parties:

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and
ARTURO GUILLERMO SALINAS, et al:

Mr. Broadus A. Spivey                                   Via Facsimile: (512) 474-1605
**SPIVEY & AINSWORTH, P.C.**                                 and Ordinary Mail
48 East Avenue
Austin, Texas  78701-4320

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

Mr. Ramon Garcia                                        Via Facsimile: (956) 381-0825
Ms. Sonia Lopez                                               and Ordinary Mail
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, Texas  78539

TOM LOCKHART

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | JURY DEMANDED |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |

STATE OF TEXAS      §
                    §
COUNTY OF WILSON    §

**BEFORE ME,** the undersigned Notary Public, on this the _5th_ day of February, 2002

personally appeared **JAMES ROBENSON,** who, upon his oath, duly stated as follows:

Case 1:98-cv-00162  Document 168  Filed in TXSD on 02/05/2002  Page 8 of 9

"My name is **JAMES ROBENSON**. I am over the age of 18 years, am competent and able to make this Affidavit, and have personal knowledge of the facts contained herein and they are true and correct:

On January 24, 2002, I was served with a subpoena attached as Exh. "A" to my affidavit. Attached as Exh. "B" is a check for $112.00 tender as a witness fee to attend. I was served at my residence in Floresville, Wilson County, Texas. I reside in Floresville and I work out of my home there. To my knowledge, it is approximately 278 miles to the United States District courthouse in Brownsville, Texas.

My business is as a professional consultant on the various aspects of police systems. Currently my usual and customary fees for consulting services is $150.00 an hour or $1200.00 a day, plus expenses for traveling. If I were compelled to attend trial, I would have to travel to Brownsville, Texas. Traveling there by car would take 5-6 hours driving time each way, so the most efficient way to travel would be by commercial air travel to Harlingen. I would have to leave the day before, which would require me to stay in a local hotel and rent a car to travel from the airport to the hotel and to the courthouse. It is unclear whether I would finish testifying in time to return to Harlingen to catch a flight the day back that I testify. Moreover, I believe it is reasonable and necessary for my to retrieve the report I prepared for the City of Harlingen and review it before testifying; obtaining it from storage and reviewing it could take several hours.

Moreover I have other current projects and professional assignments which I would have to put aside on those days to appear. Therefore I believe it reasonably would take up nearly three days of my time just to appear. This is time I could and would devote to current assignments for which I am being compensated.

My written report entitled "Confidential Investigation" contained all of my relevant factual observations, opinions and conclusions on the consulting work I provided for the City of Harlingen."

FURTHER, Affiant sayeth not.

_James Robenson_

JAMES ROBENSON

Case 1:98-cv-00162   Document 168   Filed in TXSD on 02/05/2002   Page 9 of 9

**SUBSCRIBED AND SWORN TO** before me, the undersigned Notary Public, by the

said JAMES ROBENSON on this the ___5th___ day of February, 2002, to which witness my

hand and seal of office.



CHRISTINA FARIAS
Notary Public, State of Texas
My Comm. Exp. 08/17/02

_Christina Farias_

Notary Public in and for
THE STATE OF TEXAS

PRINT OR TYPE NAME: _Christina Farias_

MY COMMISSION EXPIRES: _8-17-02_