*17*

# Civil  Courtroom  Minutes



| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Roberts    ■ Lehrman |

United States District Court
Southern District of Texas
**FILED**

**FEB 07 2002**

Michael N. Milby, Clerk of ⸻

**DATE** *02* — *07* — *02*

**TIME**

| | a.m. | | | a.m. |
|---|---|---|---|---|
| 2:45 | p.m. | | 3:30 | p.m. |

**CIVIL ACTION**  B — 98 — 162

**STYLE**

Salinas, et al

*versus*

City of Harlingen

DOCKET ENTRY

(HGT)  ■ Final Pre-Trial Hearing;        (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):     Broadus Spivey

Price Ainsworth

Lucy Williamson for Mr.Garcia & Ms. Lopez


Attorney(s) for Defendant(s):   Tom Lockhart, Roger Hughes


☑    All parties (except Lopez & Garcia) appeared and announced ready for trial.

Jury Selection set for: 2/11/02 at 9am.

☑    Plaintiff intends to call 34 witnesses

Defendant will probably not call more than that.


☑    Rulings orally rendered on:

1. Plaintiff's motion in Limine [Dkt. No. 163] is **GRANTED.**

2. Defendant's Motion in Limine [Dkt. No. 152]

     a. Objection to #6 is **OVERRULED IN PART** in that a spoilation instruction will not be allowed.

     b. Objection to #7 is **OVERRULED.**

   c. Objection to #14 is **OVERRULED** in that the Court said if Cox has testified to something that

   Plaintiffs want to bring out, the Court will allow that.

3. Motion to Conduct Voir Dire  [Dkt. No. 151] is **DENIED**.

4. Defendant's Motion to Strike the Newly designated witness [Dkt. No 149] is **MOOT**.

5. The motion to quash the Deposition [Dkt. No.168] is **MOOT**.

COMMENTS:

1.      The Court told Ms. Williamson that she would not consider anything Mr. Garcia had to say

unless he was here.

2.      The Court asked Mr. Ainsworth about the motion to strike the newly designated witness.  Mr.

Ainsworth they are not going to call him, so the Court declared that the motion is **MOOT** [Dkt. No.

149].

3.      On Plaintiffs motion in limine, all items are agreed.  Plaintiff's Motion in limine [Dkt. No.

163] is **GRANTED**.

4.      On Defendant's motion in limine [Dkt. No. 152]:

a.      Mr. Lockhart argued item #6: regarding a master tape used by Harlingen Police Department

reused sometime later. The item is **OVERRULED IN PART** in that the Court will not allow a

spoilation argument.

b.      Mr. Lockhart argued item #7 in his motion regarding Nazi paraphernalia. Mr. Ainsworth

responded.  The item is **OVERRULED**.

c.      Mr. Lockhart argued item #14 in Defendant's motion regarding the testimony of Julie Cox.

Mr. Ainsworth responded.  The Court **OVERRULED** the item.

5.      Mr. Lockhart raised the issue of taint of the jury pool. The Court stated that the jury will be

instructed not to read any news accounts or have anyone discuss it in their presence.  The Court said

she will be adamant about asking them if they've heard anything before the start of the questioning.

6.      Jury selection will be on February 11th. Trial is set for February 19th.

7.      Mr. Lockhart raised the issue of the jury's knowledge of the City's insurance? The Court

acknowledged that concern.

8.      The Court heard argument on the pending Motion to Quash Trial Subpoena of Mr. Robenson

[Dkt. No. 168]. Mr. Ainsworth argued against quashing. Mr. Ainsworth said that the report is not

going to be objected to, he will just use that, and will not need to call Robenson himself.  Mr. Lockhart

agreed that he will not object to use of the report. The Court declared the Motion **MOOT**.