*175*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | JURY DEMANDED |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |

---

**DEFENDANT'S MOTION FOR COURT TO CONDUCT INDIVIDUAL
QUESTIONING OF MEMBERS OUTSIDE THE PRESENCE OF THE REMAINDER
OF THE PANEL ON MEDIA COVERAGE OF SHOOTINGS AND LITIGATION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant **CITY OF HARLINGEN** and files Defendant's Motion for

Court to Conduct Individual Questioning of Members Outside the Presence of the

Remainder of the Panel on Media Coverage of Shootings and Litigation and in support

thereof would show the Court as follows:

---

## I. Relief Requested

Defendant's Proposed Voir Dire Questions Nos. 20 and 21 ask the members to raise their hands if they have been exposed to TV, radio, or newspaper coverage of the shootings or this litigation. On January 7, 2002, the Court denied the City's request that its counsel be permitted to conduct individual voir dire of those members. In light of the continued media attention, the City requests the Court conduct individual voir dire of each member that responds affirmatively and ask those members (outside the presence of the remainder of the panel) the following questions:

21.A. Describe when you read each article, heard each radio broadcast, and/or viewed each TV broadcast.

21.B. Describe what you remember each article or broadcast said or what information it contained.

## II. Factual Background

There has been extensive Rio Grande Valley media coverage of the Ernest Moore shootings and this litigation on tv, radio and in the newspapers, primarily the Harlingen Valley Morning Star. See exhibits attached to Defendant's Unopposed Motion for Permission to Conduct Voir Dire Questions and First Supplement to Defendant's Motion to Transfer Venue.

During the last week, there has been extensive media coverage concerning the City's insurance, the failure of this case to settle during mediation, and this Court's rulings on the City's motion in limine. Articles have appeared in two local papers and on their websites; the local TV station reported the same subject; the local radio station even

conducted a poll on whether the case should be settled out of court. See exhibits attached to Supplement to Motion to Transfer Venue.

## III. Legal Argument

Defendant believes the facts show that the public (and the jury pool) have been subjected to a steady stream of reports from TV, radio, newspapers and the internet not just about the facts of this case, but about settlement negations, insurance, the motion in limine rulings, etc. In order for the parties to obtain a fair trial, it is imperative that the Court individually voir dire jurors who have been exposed to these reports. Otherwise the Court cannot intelligently rule on any challenges or the pending motion to transfer venue; likewise the parties cannot intelligently determine how to exercise objections or strikes.

Venire members who cannot lay aside their preconceptions and render a verdict based on the evidence presented in court must be excluded from the jury. *Irvin v. Dowd*, 81 S.Ct. 1639, 1643 (1961).[1] The district court has broad discretion in determining how best to conduct voir dire and in deciding whether to excuse a juror. *Rosales-Lopez v. United States*, 101 S.Ct. 1629, 1634 (1981). Even while acknowledging this broad discretion, the U.S. Supreme Court and Fifth Circuit Court of Appeals have provided some guidance and standards for the conduct of voir dire and selection of jurors.

---

[1] Although the law regarding impartial jurors in criminal cases is based in part on the Constitutional rights of the criminal defendant which are not equally shared by civil defendants, civil cases in the Fifth Circuit concerning juror bias repeatedly cite criminal cases as authority. *See, e.g., Cimino v. Raymark Indus.*, 151 F.3d 297, 323 (5th Cir. 1998); *Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 257-58 (5th Cir. 1985). Certainly criminal cases are, at a minimum, indications of how the higher courts believe voir dire should be conducted, whether or not those practices are a matter of Constitutional right.

The juror's assurance of his or her own impartiality cannot be dispositive. *Murphy v. Florida*, 95 S.Ct. 2031, 2036 (1975). Particularly when the effect of pretrial publicity is substantial, a juror's statement of impartiality can be given little weight. *Irvin*, 81 S.Ct. at 1645; *see also* NEWTON N. MINNOW AND FRED H. CATE, *Who is an Impartial Juror in an Age of Mass Media?*, 40 AM. U. L.R. 631, 650-53 (Winter, 1991) (describing empirical studies calling into doubt the reliability of venire answers during voir dire). Under such circumstances, the trial court should determine what in particular each juror has heard or read and how it affected his or her attitude toward the trial. *United States v. Beckner*, 69 F.3d 1290, 1293 (5th Cir. 1995); *United States v. Davis*, 583 F.2d 190, 196 (5th Cir. 1978). Ultimately the trial court must make its own determination of whether the venire members have the requisite impartiality. *Beckner*, 69 F.3d at 1294; *Davis*, 583 F.2d at 196..

The trial court must provide for sufficient questioning of the venire to create a reasonable assurance that juror prejudice would be discovered if present, *United States v. Saimiento-Rozo*, 676 F.2d 146, 148 (5th Cir. 1982), and to ensure an opportunity to make intelligent use of peremptory challenges. *United States v. Greer*, 968 F.2d 433, 435 (5th Cir. 1992). Under appropriate circumstances, examining each venire member outside the presence of the others is preferable. *Beckner*, 69 F.3d at 1292, *see also Greer*, 968 F.2d at 437 (individual questioning assisted in sufficiently removing prejudiced venire).

When venire are questioned together peer pressures are heightened and those questioned later learn what the "right" answers are, such that they are influenced to discount the effects of pre-trial publicity. MINNOW AND CATE, 40 AM. U. L. R. at 650-51. The Fifth Circuit has endorsed permitting counsel to conduct at least part of the voir dire rather

than relying solely on general examination by the trial court. *United States v. Ible*, 630 F.2d 389, 395 (5th Cir. 1980).

## IV.

Defendant respectfully suggests that to ensure the selection of a fair and impartial jury, it is necessary for the Court to question each member of the panel personally and outside the presence of the other members of the panel on the effects of media coverage.

## V.

## CERTIFICATE OF CONFERENCE

Defense counsel has conferred with Plaintiffs' counsel but no agreement has been reached on this Motion.

WHEREFORE, PREMISES CONSIDERED, Defendant City prays that the Court grant this Motion and for all other relief in law or equity which the Court deems proper.

Respectfully submitted,

By: _____

**Tom Lockhart**
Admissions ID No. 2257
Texas State Bar No. 12473500
**Roger W. Hughes**
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant,
CITY OF HARLINGEN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 11th day of February, 2002, to the following counsel of record and interested parties:

Attorneys-in-Charge for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and ARTURO GUILLERMO SALINAS, et al:

Mr. Broadus A. Spivey                          **Via Hand Delivery**
**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, Texas  78701-4320

Attorney-in-Charge for Plaintiff, RAUL RODRIGUEZ:

Ms. Sonia Lopez                                **Via Hand Delivery**
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, Texas  78539

_____
TOM LOCKHART