19 C

United States District Court
Southern District of Texas
FILED

FEB 2 1 2002 8 :20A

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| V. | { | |
| | { | |
| CITY OF HARLINGEN | { | JURY DEMANDED |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |

---

## DEFENDANT'S MOTION FOR LEAVE TO
## SUPPLEMENT JOINT PRETRIAL ORDER

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant in this case and moves the Court for leave to supplement

Joint Pretrial Order and in support thereof would show the Court as follows:

# I.

That by inadvertence Defendant failed to include the attached Defendant's Requested Special Interrogatories and disk in Attachment H to the Joint Pretrial Order filed on February 8, 2002.

# II.

These Requested Special Interrogatories were included with the Joint Pretrial Order filed on July 18, 2001 and included in the disk submitted therewith.

**WHEREFORE PREMISES CONSIDERED,** Defendant prays for leave to supplement the Joint Pretrial Order.

Respectfully submitted,

By: _____

Tom Lockhart
Admissions ID No. 2257
Texas State Bar No. 12473500
Roger W. Hughes
Admissions ID No. 5950
Texas State Bar No. 10229500
**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant,
CITY OF HARLINGEN

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of February, 2002, a true and correct copy of the above and foregoing instrument was hand delivered to counsel of record for all parties, as indicated below.

Attorneys-in-Charge for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and ARTURO GUILLERMO SALINAS, et al:

Mr. Broadus A. Spivey
**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, Texas 78701-4320

Attorney-in-Charge for Plaintiff, RAUL RODRIGUEZ:

Ms. Sonia Lopez
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, Texas 78539

TOM LOCKHART

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, ET AL | { | JURY DEMANDED |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, ET AL | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN, ET AL | { | |

---

## DEFENDANT'S REQUESTED SPECIAL INTERROGATORIES

---

MEMBER OF THE JURY:

## QUESTION NO. 1

Do you find from the preponderance of the evidence that a custom, policy or decision made or adopted by the City of Harlingen with deliberate indifference caused a "state created" danger that was the proximate cause of Susan Rodriguez's death?

Answer "Yes" or "No": _____

---

# QUESTION NO. 2

Do you find from the preponderance of the evidence that a custom, policy or decision made or adopted by the City of Harlingen with deliberate indifference caused a "state created" danger that was the proximate cause of Ricardo Salinas' death?

Answer "Yes" or "No": _____

# QUESTION NO. 3

Do you find from the preponderance of the evidence that a custom, policy or decision made or adopted by the City of Harlingen with deliberate indifference caused a "state created" danger that was the proximate cause of injury to Raul Rodriguez?

Answer "Yes" or "No": _____

# QUESTION NO. 4

Do you find from a preponderance of the evidence that any negligent use of the Harlingen Police Department rifle by an employee of the City of Harlingen in the scope of his employment for the City was the proximate cause of:

      A     Susan Rodriguez's death?

Answer "Yes" or "No": _____

      B.     Ricardo Salinas' death?

Answer "Yes" or "No": _____

      C.     Injury to Raul Rodriguez?
      D.
Answer "Yes" or "No": _____

If you have answered Question No. 1 or 4A "yes," the answer Question No. 5; otherwise, do not answer Question No. 5.

# QUESTION NO. 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Gilbert Rodriguez, Megan Rodriguez, Stephen Williams and Robin Williams for their injuries, if any, resulting from the death of Susan Rodriguez?

Consider the following elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element.

Answer separately, in dollars and cents, for damages, if any.

      A.     Medical and funeral expenses paid or incurred by Gilbert Rodriguez.

Answer: _____

      B.     Gilbert Rodriguez' loss of support and services.

Answer: _____

      C.     Gilbert Rodriguez' loss of companionship.

Answer: _____

      D.     Gilbert Rodriguez' mental anguish in the past.

Answer: _____

      E.     Mental anguish that, in reasonable probability, Gilbert Rodriguez will suffer in the future.

Answer: _____

      F.     Megan Rodriguez' loss of support and services.

Answer: _____

      G.     Megan Rodriguez' loss of companionship.

Answer: _____

      H.     Megan Rodriguez' mental anguish in the past.

Answer: _____

I.      Mental anguish that, in reasonable probability, Megan Rodriguez will suffer in the future.

Answer: _____

J.      Stephen Williams loss of support and services.

Answer: _____

K.      Stephen Williams' loss of companionship.

Answer: _____

L.      Stephen Williams' mental anguish in the past.

Answer: _____

M.      Mental anguish that, in reasonable probability, Stephen Williams will suffer in the future.

Answer: _____

N.      Robin Williams loss of support and services.

Answer: _____

O.      Robin Williams' loss of companionship.

Answer: _____

P.      Robin Williams' mental anguish in the past.

Answer: _____

Q.      Robin anguish that, in reasonable probability, Stephen Williams will suffer in the future.

Answer: _____

If you have answered Question No. 2 or 4B "yes," the answer Question No. 6; otherwise, do **not** answer Question No. 6.

## QUESTION NO. 6

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs Arturo Salinas and Elisa Salinas for their injuries, if any, resulting from the death of Ricardo Salinas?

Consider the following elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element.

Answer separately, in dollars and cents, for damages, if any.

A.  Medical and funeral expenses paid or incurred by Arturo Salinas.

Answer: _____

B.  Arturo Salinas' loss of support and services.

Answer: _____

C.  Arturo Salinas' loss of companionship.

Answer: _____

D.  Arturo Salinas' mental anguish in the past.

Answer: _____

E.  Mental anguish that, in reasonable probability, Arturo Salinas will suffer in the future.

Answer: _____

F.  Elisa Salinas' loss of support and services.

Answer: _____

G.    Elisa Salinas' loss of companionship.

Answer: _____

H.    Elisa Salinas' mental anguish in the past.

Answer: _____

I.    Mental anguish that, in reasonable probability, Elisa Salinas will suffer in the future.

Answer: _____

If you have answered Question No. 3 or 4C "yes," the answer Question No. 5; otherwise, do **not** answer Question No. 7.

## QUESTION NO. 7

**What** sum of money, if paid now in cash, would fairly and reasonably compensate Raul Rodriguez for *his* injuries, if any, resulting from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include interest on any amount of damages you may find.

Answer separately, **in dollars and cents, for damages, if any.**

A.    Physical pain **and mental anguish sustained in the past.**

Answer: _____

B.    Physical pain **and mental anguish that, in reasonable probability, Raul** Rodriguez will
sustain in the **future.**

Answer: _____

C.    Loss of earning **capacity sustained in the past.**

Answer: _____

D.    Loss of earning capacity that, in reasonable probability, Raul Rodriguez will sustain in the future.

Answer: _____

E.    Physical impairment sustained in the past.

Answer: _____

F.    Physical impairment that, in reasonable probability, Raul Rodriguez will sustain in the future.

Answer: _____

G.    Medical care in the past.

Answer: _____

H.    Medical care that, in reasonable probability, Raul Rodriguez will incur in the future.