United States District Court
Southern District of Texas
FILED

MAR 27 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN | { | |
| and | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN | { | |
| and | { | |
| RAUL RODRIGUEZ | { | |
| V. | { | CIVIL ACTION NO. B-99-70 |
| CITY OF HARLINGEN | { | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JUDGMENT AND OBJECTIONS TO PROPOSED JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant CITY OF HARLINGEN and files this its Response to Plaintiffs' Motion for Judgment and Objections to Proposed Judgment and would show the Court as follows:

## I.

## Texas Tort Claims Act Limits Any State Law Recovery

For the reasons set out in Defendant's Renewed Motion for Judgment as a Matter of Law (to be filed on March 28, 2002), Plaintiffs are not entitled to recover on either their (1) federal claims under 42 U.S.C. § 1983, or (2) their state law claims.

However, if the Court determines Plaintiffs are entitled to recover on state law claims alone (which Defendant does not concede they can), then their recovery is limited to $500,000.00, to be apportioned between them based on the ratio of their individual damages compared to the total amount of actual damages found by the jury. TEX. CIV. PRAC. & REM. CODE ANN. §101.023( c) (Vernon Supp. 2002); *City of Austin v. Cooksey*, 570 S.W.2d 386, 389 (Tex. 1978).

Section 101.023( c) provides damages against a municipality are limited to money damages of $250,000.00 for each person and $500,000.00 for each single occurrence for bodily injury or death. "Each person" refers to each person who died or was injured. *Cooksey*, 570 S.W.2d at 389; *Madisonville I.S.D. v. Kyle*, 658 S.W.2d 149, 150 (Tex. 1983). Therefore, for example, the survivors of Agent Susan Rodriguez are treated as one "person" for the purposes of section 101.023. *Cooksey*, 570 S.W.2d at 389. Because the damages are capped for the wrongful death claimants, their recovery is apportioned within the limit based on the proportionate share of the claimant's damages to the total amount awarded all claimants. *Cooksey*, 570 S.W.2d at 389; *Kyle*, 658 S.W.2d at 150.

Defendant's Response to Plaintiffs' Motion for Judgment and Objections to Proposed Judgment
[18-rb] c:\files\h1023\post-trial\resp plfs mtn jdgmt
Page 2

Defendant urges that there is only one occurrence. The number of occurrences is not based on the number of wrongful acts; it is based on the cause for the injuries in question. *Texas Dept. of Mental Health v. Petty,* 817 S.W.2d 707, 720 (Tex. App.–Austin 1991), *aff'd* 848 S.W.2d 707 (Tex. 1992)(plaintiff who was wrongfully kept in mental hospital over many years, held to be one 'occurrence' for purposes of cap); *Tarrant County v. English*, 989 S.W.2d 368, 379 (Tex. App.–Fort Worth 1998, pet. denied)(damage to land caused by migrating pollution from county property over several years, held one 'occurrence' for purpose of cap).

Here, there is only one cause for all the injuries. There was only one city rifle involved and the shooting occurred in one place within a short period of time.

## II.

### Plaintiffs Fail to Correctly Set Out Interest Recovery

Plaintiffs submit a form judgment which imposes pre-judgment and post judgment interest, but leaves blanks for the court to determine the amount. Defendants urge that post-judgment interest must be calculated under 28 U.S.C. § 1961. The Court has discretion on whether and how to award prejudgment interest on the federal claims.[1] Federal prejudgment interest is not appropriate except for past economic loss, e.g., medical expenses and lost

---

1  Prejudgment interest on state law claims is moot. The section 101.023 cap on damages applies to recovering pre-judgment interest; interest cannot be added to take the damage award on above the cap. *Weller v. State*, 682 S.W.2d 234, 234-35 (Tex. 1984); *Canutillo I.S.D. v. Olivares*, 917 S.W.2d 494, 499 (Tex. App.–8th Dist. 1996, no writ). Because Plaintiffs' actual damages already exceed the cap, the statute eliminates awarding any additional amount for prejudgment interest.

wages. Even so, Plaintiffs requested their damages be submitted globally so that the jury did not segregate the award. The Court should deem pre-judgment waived for that reason.

A. <u>Post-Judgment Interest Set by Federal Law</u>

Post-judgment interest for all non-tax cases tried in federal court is governed by 28 U.S.C. § 1961. *Chapman & Cole v. Itel Container Int'l B.V.*, 865 F.2d 676, 689-90 (5th Cir. 1989), *cert. denied*, 493 U.S. 872 (1989). Under section 1961, interest begins to run on the date judgment is entered and is calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield, compounded annually. 28 U.S.C. § 1961(a, b). The Administrative Office of the United States Courts provides this information and it is posted on the website for the Southern District of Texas. The rate for March 18-24, 2002, is 2.58 %. See, www.txs.uscourts.gov/interest/interest.htm.

B. <u>Prejudgment Interest Claim Was Waived and Should be Limited to Past Economic Loss</u>

Prejudgment interest on federal claims is governed by federal law. *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores*, 15 F.3d 1275, 1288 (5th Cir. 1994), *cert. denied*, 513 U.S. 1126 (1995). The court should award prejudgment interest where the federal act creating the cause of action does not preclude the award of prejudgment interest and its award would further the congressional policies of the federal act. *Carpenters Dist. Council*, 15 F.3d at 1288. The court has discretion in setting the amount of interest and may look to the judgment creditor's actual cost of borrowing money or to other other reasonable guideposts indicating a fair level of compensation. *United States v. Central Gulf Lines, Inc.*, 974 F.2d 621, 630 (5th Cir. 1992), *cert. denied*, 507 U.S. 917 (1993). Whether

to award prejudgment interest in section 1983 cases is entirely discretionary with the district court. *Hale v. Fish,* 899 F.2d 390, 404 (5th Cir. 1990)(trial court did not abuse discretion in failing to award prejudgment interest in section 1983 false arrest case).

It has been said that prejudgment interest on section 1983 claims should be calculated under state law. *Pressey v. Patterson,* 898 F.2d 1018, 1026 (5th Cir. 1990), *citing Grandstaff v. City of Borger,* 846 F.2d 1016, 1017 (5th Cir. 1988). However, the court in *Grandstaff* had remanded to consider the issue of prejudgment interest; the parties *agreed* state law controls prejudgment interest and disputed only how to apply state law. 846 F.2d at 1017. Defendant urges that *Pressey* is departure from both the authority it cites and prevailing Fifth Circuit authority concerning prejudgment interest on federal claims.[2]

First, most circuits apply the federal law on prejudgment interest to section 1983 cases. *See discussion in Murphy v. City of Elko,* 976 F.Supp. 1359, 1363 (D. Nev. 1997); *Golden State Transit Corp. v. City of Los Angeles,* 773 F.Supp. 204, 209-10 (C.D. Cal. 1991).

Second, the Fifth Circuit in *Hale* applied the general federal rule in a section 1983 case and held that prejudgment interest on a section 1983 case was entirely within the district court's discretion. 899 F.2d at 404. If the federal rule permits completely denying prejudgment interest altogether in section 1983 cases, then it must apply in calculating it.

---

2 However, if the court were to apply state law, Plaintiff Raul Rodriguez is not entitled to prejudgment interest from November, 1998, as he claims. Under Texas law, prejudgment interest begins to run from either the date his suit was filed or 180 days from any written notice of claim, whichever is *earlier*. TEX. FINANCE CODE ANN. §304.104 (Vernon Supp. 2002). Raul Rodriguez filed suit on April 23, 1999. His Complaint shows he gave written notice of claim on October 14, 1998; the 180th day would be April 12, 1999.

The greater power includes the lesser. Cases in the Fifth Circuit after *Hale* have held the discretionary federal rule applies rather than state law. *See, e.g., Frere v. Lee,* 2000 WL 64297, * 2-3 (E.D. La. 2000)(prejudgment interest calculated based on coupon issue yield equivalent as determined by Secretary of Treasury of auction price of Treasury bills); *Breaux v. City of Garland,* 1997 WL 726447, *1 (N.D. Tex. 1997)(court exercised discretion to deny prejudgment interest as most of actual damages were either intangible or future damages). This is the sounder view so that section 1983 claimants will enjoy a uniform remedy in each venue. There is no reason section 1983 claims should be treated differently than those under other federal statutes.

The purpose of prejudgment interest is to compensate plaintiff for the lost time value of money. *Gore, Inc. v. Glickman,* 137 F.3d 863, 868 (5th Cir. 1998); *Connor v. Ulrich,* 153 F.Supp.2d 199, 204 (E.D.N.Y. 2001). However, it should not overcompensate plaintiff. *Connor,* 153 F.Supp.2d at 204. It is appropriate in section 1983 cases to award prejudgment interest for economic damages, e.g., lost wages, medical bills. *Gierlinger v. Gleason,* 160 F.3d 858, 874 (2nd Cir. 1998); *Connor,* 153 F.Supp.2d at 204. The court has discretion not to award prejudgment interest on intangible damages (e.g., mental anguish, etc.) or future damages. *Gierlenger,* 160 F.3d at 875; *Blackburn v. Snow,* 771 F.2d 556, 573 (1st Cir. 1985); *Connor,* 153 F.Supp.2d at 204; *Frere,* 2000 WL 64297 at *1. In such cases, the award for intangible and future injuries is sufficient to fully compensate plaintiff; awarding prejudgment interest on such damages is essentially punitive. *Connor,* 153 F.Supp.2d at 204.

Here Plaintiffs did not request the jury segregate the damages; they requested and did not object to a charge that globally submitted all damages. The court has discretion to deny prejudgment interest in such cases and is not compelled to speculate on how much of their award was for past damages. *Brister v. A.W.I., Inc.*, 946 F.2d 350, 362 (5th Cir. 1991), *reh. denied*, 949 F.2d 1160 (5th Cir. 1991). Failure to segregate damages can be deemed to be a waiver of prejudgment interest. *McDill v. VSSI Tokyo, Inc.*, 920 F.Supp. 727, 730 (S.D. Tex. 1996). The trial court has discretion to attempt to segregate damages to calculate prejudgment interest if the evidence permits this. *McDill*, 920 F.Supp. at 729.

Here, the court should exercise its discretion to deny prejudgment interest altogether. Plaintiffs requested global submission. It is apparent from the evidence and their argument to the jury that the bulk of the recovery was for intangible loss, e.g., mental anguish, loss of companionship, etc. Plaintiffs motion for judgment does not attempt to marshall the evidence to show what part of the award represents economic loss, i.e., lost wages, medical expenses, etc.

The court should not be forced to speculate how much of each finding was for such losses. Still, if the court chooses to attempt segregating past economic damages from the global findings, prejudgment interest should be awarded only on that part of the recovery that represents past medical expenses, past lost wages, and past lost financial support.

## III.

### Plaintiffs Not Entitled to Order for Writs of Execution

The draft judgment provides that execution should issue to enforce the judgment. Defendant objects to this provision as contrary to the law and premature.

A federal judgment is normally enforced by a writ of execution. FED. R. CIV. P. 69(a). However, Rule 69(a) provides that the procedure on execution and the proceedings in aid of execution " . . . shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent it is applicable."

Therefore Texas law controls execution against a municipality and it is clear that no writs of execution or garnishment against a city may issue. City property and monies are exempt from garnishment or forced seizure under a writ of execution. TEX. PROP. CODE ANN. §43.002 (Vernon Supp. 2002). Under Texas law, it is against public policy to execute judgment on property held by a governmental unit. *National Surety Corp. v. Friendswood I.S.D.*, 433 S.W.2d 690, 694 (Tex. 1968); *Delta County Levee Improvement Dist. #2 v. Leonard*, 516 S.W.2d 911, 912 (Tex. 1974). It is fundamental error for a state court judgment to provide for execution against city property. *City of Houston v. Hamons*, 496 S.W.2d 662, 665 (Tex. Civ. App. – Houston [14th Dist.] 1973, writ ref'd n.r.e.). The appropriate method under Texas law is a writ of mandamus to order city officials to pay the judgment from general funds or levy and collect taxes sufficient to pay the judgment. *Nat'l Surety*, 433 S.W.2d at 694.

The Fifth Circuit has agreed that Rule 69 precludes a writ of execution issuing against a Texas city. *Leroy v. City of Houston,* 906 F.2d 1068, 1085 (5th Cir. 1990); *Specialty Healthcare Management, Inc. v. St. Mary Parish Hosp.,* 220 F.3d 650, 653 n.6 (5th Cir. 2000). The correct method is to issue a mandamus under Federal Rule of Civil Procedure 70. *Leroy,* 906 F.2d at 1085-86; *Specialty Healthcare,* 220 F.3d at 653 n.6.

Ordering a writ of mandamus is premature at this time. First, the *total* amount due under any judgment for actual damages has yet to be determined. The court cannot determine until later the amounts due, if any, for costs, postjudgment interest, and attorneys fees. There is no reason to issue mandamus orders piecemeal.

Second, there is no reason to issue mandamus orders now. The City is not like other judgment debtors that can disappear or hide assets. Because the means to pay the judgment is an order to levy and collect taxes, Plaintiffs lose no security if that tax is not levied until after the case has finally concluded.

Third, prudence dictates that mandamus relief await the outcome of any appeal. The local taxpayers should not be burdened with a new tax to raise the amount of the judgment until the appeal process has runs its course.

**WHEREFORE, PREMISES CONSIDERED**, Defendant City of Harlingen prays Plaintiffs' Motion be denied, that its objections be sustained, and it receive any other relief to which it is entitled.

Respectfully submitted,

By: _____
    TOM LOCKHART
    Admissions ID No. 2257
    Texas State Bar No. 12473500
    ROGER W. HUGHES
    Admissions ID No. 5950
    Texas State Bar No. 10229500
    ADAMS & GRAHAM, L.L.P.
    P.O. Drawer 1429
    Harlingen, Texas 78551-1429
    956/428-7495; FAX: 956/428-2954

    Attorney-in-Charge for Defendant, CITY OF HARLINGEN, TEXAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 27th day of March, 2002, to the following counsel of record and interested parties:

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and

ARTURO GUILLERMO SALINAS, et al:

| | |
|---|---|
| Mr. Broadus A. Spivey<br>**SPIVEY & AINSWORTH, P.C.**<br>48 East Avenue<br>Austin, Texas 78701-4320 | CMRRR # 7000 1670 0005 2566 8982 |

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

Mr. Ramon Garcia  
Ms. Sonia Lopez  
**LAW OFFICES OF RAMON GARCIA, P.C.**  
222 West University Drive  
Edinburg, Texas 78539

CMRRR # 7000 1670 0005 2566 8951

TOM LOCKHART