United States District Court
Southern District of Texas
FILED

APR 0 9 2002

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| | § | |
| Vs. | § | |
| | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| GILBERTO M. RODRIGUEZ, ET AL. | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| RAUL RODRIGUEZ | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS. | § | |

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR JUDGMENT

**COME NOW** Gilberto M. Rodriguez, individually and on behalf of his minor daughter, Megan Suzanne Rodriguez and the Estate of his wife, Susan Lynn Rodriguez, deceased; Stephen L. Williams and Robyn S. Williams, surviving parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, individually and on behalf of the Estate of their son, Ricardo Guillermo Salinas, deceased; and Raul Rodriguez, Plaintiffs, and file this Reply to Defendant's Response to Plaintiffs' Motion for Judgment and Objections to Proposed Judgment in this case.

## I.
## INTRODUCTION

After Plaintiffs filed their Motion for Entry of Judgment upon the verdict of the jury in this case, Defendant filed its Response to Plaintiffs' Motion for Judgment and Objections to Proposed Judgment ("Response and Objections"). In the Response and Objections, Defendant makes the following incorrect arguments:

1.    That there is only one occurrence (for purposes of determining Plaintiffs' recovery under the Texas Tort Claims Act); and

2.    That Plaintiffs are not entitled to prejudgment interest.

## II.
## ARGUMENT AND AUTHORITIES

### A.    There are Three Occurrences

Based on *Texas Dept. of Mental Health v. Petty*, 817 S.W.2d 707, 720 (Tex. App. – Austin 1991), *aff'd* 848 S.W.2d 707 (Tex. 1992) and T*arrant County v. English*, 989 S.W.2d 368, 379 (Tex. App. – Fort Worth 1998, pet. denied), Defendant argues that there is only one occurrence in the present case for purposes of determining the cap on damages recoverable under the Texas Tort Claims Act. Tex. Civ. Prac. & Rem. Code §§101; 101.023. However, the cases mentioned above are not applicable to the present case. In these two cited cases, there was only one victim. In the present case, there were three victims: two Board Patrol Agents (Susan Lynn Rodriguez and Ricardo Guillermo Salinas) and one Deputy Sheriff of Cameron County, Texas (Raul Rodriguez).

In *H.E.B. v. National Union Fire Insurance Company of Pittsburgh*, 150 F.3d 526, 531 (5th Cir. 1998), the Fifth Circuit held that independent acts of sexual abuse of two separate children by an insured's employee amounted to separate "occurrences." The court reasoned that:

2

> As the opinion in *Catholic Church* [*Society of the Roman Catholic Church of the Doicese of Lafayette and Lake Charles, Inc. v. Interstate Fire & Cas. Co.*, 26 F.3d 1359 (5th Cir. 1994)] itself makes clear, the conclusion that multiple molestations of the same child is only one occurrence is easily distinguishable from the conclusion regarding separate acts of molestation of different children. Where an employee repeatedly molests the same child, each new act of abuse does not necessarily give rise to new liability for the employer. In the case at hand, however, HEB is exposed to new liability for each separate and independent act of molestation on a new child.

(emphasis ours). 150 F.3d at 532-33. In *Catholic Church*, two pedophilic priests molested thirty-one children over a period of seven years. Preferred was one of two primary carriers for the diocese. All of the diocese's insurance policies were occurrence-based policies. The Fifth Circuit interpreted the policy in favor of the insured holding that the molestation of each child is a separate occurrence. *Id.* at 1364-65. Based on this holding of the Fifth Circuit, it is clear that in the present case that the shooting deaths of two Board Patrol Agents and injury of a Deputy Sheriff constitutes three occurrences, not one occurrence.

**B.    Plaintiffs Are Entitled to Prejudgment Interest without Separating Past Damages from Future Damages**

In asking this Court to deny Plaintiffs' entitlement to prejudgment interest, Defendant argues:

> Here Plaintiffs did not request the jury segregate the damages; they requested and did not object to a charge that globally submitted all damages. The court has discretion to deny prejudgment interest in such cases and is not compelled to speculate on how much of their award was for past damages. *Brister v. A.W.I., Inc.*, 946 F.2d 350, 362 (5th Cir. 1991), *reh. Denied,* 949 F.2d 1160 (5th Cir. 1991). Failure to segregate damages can be deemed to be a waiver of prejudgment interest. *McDill v. VSSI Tokyo, Inc.*, 920 F.Supp. 727, 730 (S.D. Tex. 1996).

(Response and Objections at 7). This argument is without merit. The two cases cited in the argument are admiralty cases. Under *Brister*, a seaman may receive prejudgment interest for past, but not future, damages. *Id.,* at 362. The present case is a civil rights

3

case. Prejudgment interest on the civil rights case should be calculated under state law. *Pressey v. Patterson*, 898 F.1018, 1026 (5th Cir. 1990).

Texas law allows the Court to award prejudgment interest on past damages as well as on future damages at the rate of ten percent. Tex. Fin. Code Ann. § 304.101 (Vernon Supp. 2001); *C & H Nationwide v. Thompson*, 903 S.W.2d 315, 334-35 (Tex. 1994). Accordingly, prejudgment interest should be awarded on the full amount of the judgment whether or not damages are segregated. *C & D Robotics, Incorporated v. Mann*, 47 S.W.3d 194, 202 (Tex. App. – Texarkana 2001, no pet.); *Wal-Mart Stores, Inc. v. Berry*, 833 S.W.2d 587, 596-97 (Tex. App. – Texarkana 1992, writ denied).

**C.    Plaintiffs Are Entitled to Prejudgment Interest on the Full Amount of the Judgment without Separating Economic Damages from Intangible Damages**

Defendant also attempts to deprive Plaintiffs of their entitlement to prejudgment interest on the full amount of the judgment on the grounds that Plaintiffs did not object to the global submission of the damages. Defendant's claim is contrary to the law set forth by the Fifth Circuit. In *Pressey, supra,* the plaintiff was awarded the following damages: pain, anguish, disfigurement, physical impairment, medical expenses, value of personal care, lost earning capacity, guardianship expenses, and property damage. *Id.* 898 F.2d at 1024. The Court, in its discretion, allowed prejudgment interest on those damages. *Id.* 898 F.2d at 1026.

Plaintiffs are entitled to prejudgment interest on the full amount of the damages awarded by the jury to each Plaintiff respectively.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Plaintiffs' Motion for Judgment be granted and that Plaintiffs have all other relief to which they are entitled.

4

Respectfully submitted,

**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, TX  78701
512+474-6061
512+474-1605 (fax)

By _____
    Broadus A. Spivey
    State Bar No. 00000076
    Federal I.D. No. 11146
    Price Ainsworth
    State Bar No. 00950300
    Federal I.D. No. 8065

    Richard Pena
    Law Offices of Richard Pena, P.C.
    2028 E. Ben White, Suite 220
    Austin, Texas 7741
    512+327-6884
    512+327-8354 (fax)

**ATTORNEYS–IN-CHARGE FOR PLAINTIFFS
ARTURO G. SALINAS, ET AL and GILBERTO M.
RODRIGUEZ, ET AL**

**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, TX 78539
956+383-7441
956+381-0825 (Fax)

By_____
    Ramon Garcia
    State Bar No. 07641800
    Federal I.D. No. 3936
    Sonia I. Lopez
    State Bar No. 24003862
    Federal I.D. No. 23501

**ATTORNEYS-IN-CHARGE FOR PLAINTIFF
RAUL RODRIGUEZ**

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded to counsel of record for Defendant via facsimile and United States mail on this 8th day of April, 2002:

Mr. Tom Lockhart
Mr. Jim Denison
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
ATTORNEYS-IN-CHARGE FOR
DEFENDANT CITY OF HARLINGEN

Broadus A. Spivey

3163VJA.007

6