227

United States District Court
Southern District of Texas
FILED

JUN 14 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-163 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-99-70 |
| | { | |
| CITY OF HARLINGEN | { | |

---

**DEFENDANT'S RESPONSE TO COURT'S REQUEST FOR A PROPOSED JUDGMENT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant CITY OF HARLINGEN and files this its Response to Court's Request for A Proposed Judgment and would show the Court as follows:

I.

After reviewing the Court's request and Harlingen's prior response and objections to Plaintiff's initial proposal (Dkt # 208, 210, 215), Harlingen has difficulty fashioning any proposed judgment for Plaintiffs that would not waive those objections or its Renewed Motion for Judgment as a Matter of Law (Dkt # 217). Further, Harlingen has fundamental disagreements over how pre-judgment interest, if any, should or could be awarded. Harlingen does not believe there is any rational basis that would allow the court to segregate out, from the global findings, the pecuniary elements for which pre-judgment interest might be appropriate.

Therefore, Harlingen believes that the only judgment it can propose is a take nothing.

Alternatively, the Court may wish to consider waiting for guidance from the court of appeals. After trial, Harlingen's counsel (1) attended the May 21, 2002, *en banc* argument in *McClendon v. City of Columbia,* 258 F.3d 432 (5th Cir. 2001), *en banc reh. granted,* 285 F.3d 1078 (5th Cir. 2002), and (2) on June 3, 2002, argued a companion case to this one, *Morin v. City of Harlingen,* Case No. 01-40752 to the U.S. Fifth Circuit Court of Appeals. In the interests of judicial economy, Harlingen urges this Court wait for a ruling in those cases.

II.

No judgment should contain a clause that a writ of execution may issue. Rule 69(a) provides that the procedure on execution and the proceedings in aid of execution " . . . shall be in accordance with the practice and procedure of the state in which the district court is

held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent it is applicable." The Fifth Circuit has agreed that Rule 69 precludes a writ of execution issuing against a Texas city. *Leroy v. City of Houston,* 906 F.2d 1068, 1085 (5th Cir. 1990); *Specialty Healthcare Management, Inc. v. St. Mary Parish Hosp.,* 220 F.3d 650, 653 n.6 (5th Cir. 2000). The correct method is to issue a mandamus under Federal Rule of Civil Procedure 70, when mandamus relief is appropriate. *Leroy,* 906 F.2d at 1085-86; *Specialty Healthcare,* 220 F.3d at 653 n.6. There is no evidence that the City, in the absence of a mandamus, will refuse to honor any judgment if affirmed after an appeal.

III.

Any judgment entered on the federal claims must meet the following objections urged by the City:

A. Post-judgment interest, if any, governed by federal law. The rate is set by 28 U.S.C. §1961. The rate for June 14, 2002, is 2.32 %. See, www.txs.uscourts.gov/interest/interest.htm.

B. Any award of pre-judgment interest on any federal claim is governed by federal law. The court discretion to set an amount that will compensate for loss of use of the money. If any award is appropriate, the 2.32% for post-judgment interest is the higher figure the record could sustain.

C. Prejudgment interest in a civil rights claim can be awarded only for pecuniary losses, e.g., medical bills, lost wages, etc. Because Plaintiffs agreed to a global charge on damages, they waived specific findings on the amount of losses on

which any prejudgment interest could be calculated. There is no rational basis on which to do it apart from the verdict. Therefore, they have waived prejudgment interest.

Any judgment on the state law claims must meet the following objections:

A. There can be no prejudgment interest. Under Texas law, the Tort Claims Act caps all damages, including prejudgment; the amount of actual damages exceeds the state law caps.

B. The most the Tort Claims Act could allow would be the "per person" limit, allowing (1) $ 250,000.00 for Raul Rodriguez, (2) $250,000.00 apportioned between Gilbert Rodriguez [$62,500.00], Megan Rodriguez [$125,000.00], Stephen Williams [$31,250.00], and Robyn Williams [$31,250.00], and (3) $250,000.00 apportioned between Arturo Salinas [$125,000.00] and Elisa Salinas [$125,000.00].

C. However, the Tort Claim Act "per occurrence" limit should apply. Therefore, the maximum amount allowable, if any, under Texas law would be $500,000.00 apportioned between all Plaintiffs: (1) $ 142,500.00 for Raul Rodriguez, $71,250.00 for Gilbert Rodriguez, $142,500.00 for Megan Rodriguez, and $35,626.00 each for Stephen Williams, Robyn Williams, Arturo Salinas and Elisa Salinas.

D. Any post-judgment interest for state law claims is governed by 28 U.S.C. §1961.

Wherefore, Defendant City of Harlingen urges the Court sign and enter the attached take nothing judgment.

Respectfully submitted,

ADAMS & GRAHAM, L.L.P.
P. O. Drawer 1429
Harlingen, Texas 78551
956-428-7495; FAX: 956-428-2954
RHughes@adamsgraham.com

By: ______________________________
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant, CITY OF HARLINGEN, TEXAS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 14th day of June, 2002, to the following counsel of record and interested parties:

---

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and ARTURO GUILLERMO SALINAS, et al:

Mr. Broadus A. Spivey
**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, Texas 78701-4320

Via Facsimile: 512/474-1605
& Ordinary Mail

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

Mr. Ramon Garcia
Ms. Sonia Lopez
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, Texas 78539

Via Facsimile: 956/381-0825
& Ordinary Mail

TOM LOCKHART