

United States District Court
Southern District of Texas
ENTERED

JUN 2 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Arturo Guillermo Salinas, et al, Plaintiffs | § § § § | |
| v. | § § § § § § | CIVIL CASE NO. B-98-162 (consolidated with B-98-163 & B-99-70) |
| City of Harlingen, Defendant. | | |

## FINAL JUDGMENT

BE IT REMEMBERED that on June 28, 2002, the Court issued its **FINAL JUDGMENT** in this case.

### Background

The Court called this case for trial on February 11, 2002, and the jury returned a verdict in favor of Plaintiffs Gilberto Rodriguez, individually and on behalf of his minor daughter, Megan Suzanne Rodriguez and the estate of his wife, Susan Lynn Rodriguez, deceased; Stephen L. Williams and Robyn S. Williams, surviving parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, individually and on behalf of their son, Ricardo Guillermo Salinas, deceased; and Raul Rodriguez.

The jury returned a verdict for Plaintiffs and awarded money damages totaling $35,000,000.00 as follows:

1. Gilberto M. Rodriguez, Individually          $5,000,000.00
2. Gilberto M. Rodriguez, on behalf of his minor daughter,
   Megan Rodriguez                              $10,000,000.00
3. Stephen Williams                              $2,500,000.00
4. Robyn Williams                                $2,500,000.00

| | |
|---|---|
| 5. Arturo Salinas | $2,500,000.00 |
| 6. Elisa Salinas | $2,500,000.00 |
| 7. Raul Rodriguez | $10,000,000.00 |

**State Law Damages Cap Under the Texas Tort Claims Act**

The award was not segregated into amounts for state and federal damage claims. The Court notes that any damages awarded on state law claims under the Texas Tort Claims Act are capped at $250,000 per person and $500,000 per occurrence. See Tex. Civ. Prac. & Rem. Code Ann. § 101.023(c) (Vernon's Supp. 2002). The Parties do not dispute that "person" refers to each person killed or injured rather than each claimant. See City of Austin v. Cooksey, 570 S.W.2d 386, 389 (Tex. 1978). The state law damages are therefore capped at $250,000.00 per person for each of the three "person[s]" killed or injured: Raul Rodriguez, Susan Rodriguez, and Ricardo Salinas.

However, the Parties disagree on the number of occurrences. "[T]he number of occurrences is not based on the number of wrongful acts; it is based on the cause for injuries in question." Texas Dep't of Mental Health v. Petty, 817 S.W.2d 707, 720 (Tex. App. Austin 1991) aff'd 848 S.W.2d 707 (Tex. 1992). Here, the occurrence giving rise to liability was not the shooting, or the number of injuries sustained during the shooting, but the City's act of causing the weapon to become available to Ernest Moore. This was the one cause for all the injuries at issue, constituting one occurrence under the statute. Damages awarded on state law claims are therefore capped at $500,000.00 for the one occurrence.

**Prejudgment Interest**

Defendant argues that Plaintiffs waived entitlement to prejudgment interest when they requested that damages be submitted globally to the jury rather than segregating past from future economic losses.

Defendant is mistaken in arguing that Plaintiffs must segregate past from future economic losses to be entitled to prejudgment interest in this case.[1] The cases cited by Defendant are admiralty cases, and limitations on prejudgment interest for those types of cases are not applicable here.

In civil rights cases, prejudgment interest is calculated under state law. Pressey v. Patterson, 898 F.2d 1018, 1026 (5th Cir. 1990) ("[S]tate law governs the calculation of prejudgment interest in section 1983 claims.") see also Grandstaff v. City of Borger, 846 F.2d 1016 (5th Cir. 1988). The civil rights claim here is based on personal injury.

Under Texas law, prejudgment interest may be awarded on both past and future damages for personal injury claims. The governing statute states that "[a] judgment in a wrongful death, personal injury, or property damage case earns prejudgment interest." Tex. Fin. Code Ann § 304.102. The Texas Supreme Court has interpreted significantly similar language to include prejudgment interest on both past and future damages where, as here, the statute made "no distinction between damages awarded in the judgment for past damages and damages awarded for future damages." See C & H Nationwide, Inc. v. Thompson, 903 S.W.2d 315 (Tex. 1994).[2] Plaintiffs were therefore not required to segregate the past and future damage claims in order to be entitled to prejudgment interest.

---

[1] Although the Court here awards prejudgment interest on the entire award because the damage amounts for federal and state law claims were not segregated, the Court notes for purposes of any future appeal only that prejudgment interest does not accrue on the state law claims because the amount of the award exceeds the cap. Weller v. State, 682 S.W.2d 234, 234-35 (Tex. 1984); University of Texas at Austin v. Hinton, 744 S.W.2d 197 (App. 3 Dist. 1991).

[2] C & H discussed Tex. Rev. Civ. Stat. Ann. Art. 5069-1.05, § 6(a), which was repealed in 1997 see Acts 1997, 75th Leg., ch. 1008, § 6(a) eff. Sept. 1, 1997. Former Tex. Rev. Civ. Stat. Ann. Art 5069-1.05, § 6(a) stated: "Judgments in wrongful death, personal injury and property damage cases must include prejudgment interest." That statue, dealing with consumer credit, was superseded as stated in Samples v. Graham, 2002 WL 484879 (Tex. App.-Corpus Christi Mar 28, 2002).

The prejudgment interest rate is equal to the post judgment interest rate applicable at the time of judgment. See Tex. Fin. Code Ann § 304.103. Therefore prejudgment interest is payable on the entire award at a rate of 2.13% per annum.

The interest shall be calculated from November 9, 1998, the day the complaint was filed [Dkt. No. 1], to June 27, 2002, the day before this judgment issues. Tex. Fin. Code Ann § 304.104. ("Prejudgment interest accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending the day preceding the date judgment is rendered.")

**Post Judgment Interest**

Post Judgment interest is payable on all the above amounts allowable by law under 28 U.S.C. § 1961 at the rate of 2.13% (percent) per annum from the date the judgment is entered until the date the judgment is paid.

**Writ of Execution**

A federal judgment is normally enforced by a writ of execution. Fed. R. Civ. P. 69(a). However, Texas law controls execution against a municipality and no writs of execution or garnishment against a city may issue. Under Tex. Prop. Code Ann. 43.002 (Vernon Supp. 2002), city property and monies are exempt from garnishment or forced seizure. Id. The appropriate method under Texas law is a writ of mandamus to order city officials to pay the judgment from general funds or levy and collect taxes sufficient to pay the judgment. National Surety Corp. v. Friendswood I.S.D., 433 S.W.2d 690, 694 (Tex. 1968); Harris County v. Walsweer, 930 S.W.2d 659, 668 (Ct. App. Tx., Houston (1st Dist.).

The Court **ORDERS** a writ of mandamus to issue for this judgment.

The Court **DENIES** all relief not granted in this judgment.

4

This is a final judgment.

DONE this 28th day of June, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge