235

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-163 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-99-70 |
| | { | |
| CITY OF HARLINGEN | { | |

---

**DEFENDANT CITY OF HARLINGEN'S
MOTION TO VACATE WRIT OF MANDAMUS,
OBJECTIONS TO FINAL JUDGMENT (AS CLARIFIED), AND
MOTION FOR STAY OF EXECUTION PENDING RULING ON POST-
JUDGMENT MOTIONS**

---

TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. Certificate of Conference  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. Status of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. The grounds for this motion  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV. Argument and Authorities  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    Objections to form of Judgment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    Issuing The Writ of Mandamus Must be Vacated  . . . . . . . . . . . . . . . . . . 5

            1.    Issuance Violates Rule 62(a) Automatic Stay  . . . . . . . . . . . . . . . . 5

            2.    A Writ Of Mandamus Is Premature.  . . . . . . . . . . . . . . . . . . . . . . . 6

      C.    Defendant Entitled to Stay Without Bond Under Rule 62(f)  . . . . . . . . . . . 8

      D.    Defendant is Entitled to a Stay Without Bond Under Rule 62(b)  . . . . . . 11

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

<u>Cites</u>                                                                                     <u>Page</u>

*Baker v. Mercedes Benz of North America*, 114 F.3d 57
    (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Castillo v. Montelepre, Inc.*, 999 F.2d 931 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . 8-10

*City of Houston v. Hill*, 792 S.W.2d 176
    (Tex. App— Houston [1st Dist.] 1990,
    writ dism'd) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*City of West University Place v. Martin,* 132 Tex. 354,
    123 S.W.2d 638 (1939) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cozzo v. Parish of Tangipahoa*, 279 F.3d 273 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . 10

*Doctors Hosp. Facilities v. Fifth Court of Appeals,*
    750 S.W.2d 177 (Tex.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Elliott & Assoc., L.P. v. Banco de la Nacion*, 2000
    WL 1449862, *5 (SDNY 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

*Greanias v. City of Houston,* 841 S.W.2d 411
    (Tex. App.–Houston [1st Dist.] 1992, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Harris County v. Walsweer*, 930 S.W.2d 659
    (Tex. App.—Houston [1st Dist.]1996,
    writ denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Herring v. Houston Nat'l Exchange Bank*, 113 Tex. 264
    253 S.W. 813 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Dresser Industries, Inc.*, 972 F.2d 540
    (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Tarrant County*, 16 S.W.3d 914 (Tex.
    App.— Fort Worth 2000, orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Internat'l Wood Processors v. Power Dry, Inc.,*
    102 F.R.D. 212 (D.C.S.C. 1984) ..................................... 11

*KRW Sales, Inc. v. Kristel Corp.,* 154 F.R.D. 186
    (N.D. Ill. 1994) .................................................... 5

*National Surety Corp. v. Friendswood I.S.D.,* 433
    S.W.2d 690 (Tex. 1968) ........................................ 6, 10

*Professional Ins. Management v. Ohio Cas. Group,*
246 B.R. 47 (D.N.J. 2000), *rev'd on other grounds,*
    285 F.3d 268 (3rd Cir. 2000) ...................................... 5

*State ex rel. Wade v. Mays*, 689 S.W.2d 893
    (Tex. Crim. App.1985) ............................................ 6

*State Nat'l Bank of El Paso v. United States*, 488 F.2d 890
    (5th Cir.1974) .................................................... 4

*Taylor v. Sterrett*, 527 F.2d 856 (5th Cir.1976) ................................ 4

*U.S. ex rel Garibaldi v. Orleans Parish School Bd,*
    244 F.3d 486 (5th Cir. 2001), *reh. denied,*
    264 F.3d 1143 (5th Cir. 2001), *cert. denied,*
    122 S.Ct. 808 (2001) ............................................ 10

*Ward v. Chamberlain,* 67 U.S. 430 (1862) ................................... 8

*Whitehead v. K Mart Corp.*, 202 F.Supp.2d 525
    (S.D.Miss. 1999), *rev'd on other grounds,*
    277 F.3d 791 (5th Cir. 2002) ................................... 8, 9

Texas Rules of Civil Procedure

Rule 627 ................................................... 2, 7, 9

Texas Civil Practices & Remedies Code

§ 6.002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

§ 6.002(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


Federal Rules of Civil Procedure

Rule 58 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

Rule 59 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Rule 59(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 59(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

Rule 59(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 6(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Rule 62(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6, 12

Rule 62(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 11

Rule 62(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8-10

Rule 69(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **CITY OF HARLINGEN** and files this its Motion for Stay of Execution Pending Ruling on Post-Judgment Motions, and would show the Court as follows:

## I. Certificate of Conference

Defense counsel has conferred with counsel for all plaintiffs and no agreement could be reached.

## II. Status of the Case

On June 28, 2002, the court entered a Final Judgment [Dkt # 228]. On July 11, 2002, the court entered a "Writ of Mandamus [sic] and Clarification of Judgment" [Dkt # 232]. On July 12, 2002, Defendant filed a motion for new trial and/or remittitur under Federal Rule of Civil Procedure 59.

## III. The grounds for this motion

1.    Both the Final Judgment and the Clarification of Judgment conclude by stating that "[t]his is a final judgment." However, Federal Rule of Civil Procedure 58 requires the judgment be set forth in "a separate document." The June 28 Final Judgment [dkt# 228] is in effect a memorandum opinion without a separate document. The July 11 Clarification of Judgment [dkt # 232] appears to combine a writ of mandamus with the judgment. Neither is proper under Rule 58.

2.    Under Federal Rule 59(e) the court should modify the June 28 Final Judgment and/or the July 11 Clarification of Judgment to vacate the language concerning the issuance of a writ or modify it to specify what is to be done and when. First, Plaintiffs have failed to

1

prove their entitlement to a writ of mandamus; it is premature to issue mandamus. Second, the issuance of a writ now violates the automatic stay under Federal Rule of Civil Procedure 62(a). Third, the July 11 Writ of Mandamus is vague and does not tell the City what it is to do or when.

3.      Defendant moves for a stay of execution (in this case, the writ of mandamus) pending a ruling on the parties' post-judgment motions, under Federal Rule of Civil Procedure 59(b) and 59(f). Defendant should not be required to post a supersedeas bond. Under state law, it is entitled to a stay without bond. FED. R. CIV. PROC. 62(f); TEX. CIV. PRAC. & REM. CODE ANN. § 6.002 (Vernon Supp. 2002); TEX. R. CIV. PROC. 627.

Alternatively, the court should exercise its discretion to stay execution without posting a bond pending a ruling on the post-judgment motions. FED. R. CIV. PROC. 62(b). Defendants have moved to remit the damages or for a new trial on damages alone and to vacate the mandamus relief. Defendant has confidence the court may very well grant the relief it seeks. For these reasons, the Court should exercise its discretion to grant Defendant a stay during the period these motions are pending, without requiring a supersedeas bond.

### III. Factual Background

On June 28, 2002, the court entered a Final Judgment [Dkt # 228]. On July 11, 2002, the court entered a Writ of Mandamus [sic] and Clarification of Judgment [Dkt # 232]. On July 12, 2002, Defendant filed a motion for new trial and/or remittitur under Federal Rule of Civil Procedure 59.

On Monday, July 15, 2002, the City's Commission adopted a resolution that states its intent to pursue its post-judgment and appellate remedies. Exh. 1. However, that

2

resolution also states its resolve that, if and to the extent liability imposed under the judgment is affirmed and it thus becomes final and indisputable, it will take action to satisfy that liability.

### IV.  Argument and Authorities

#### A.      Objections to form of Judgment

FED. R. CIV. P. 58 requires the Court to enter any final judgment on a separate document following the form required by that Rule. The Court's June 28 Final Judgment [dkt #228] is a memorandum opinion in which the Court has thoughtfully set out its reasoning for the prejudgment interest rate, the method for any eventual enforcement, and the applicable Tort Claims Act cap.  However, as the plaintiffs have noted in their motion for clarification, the Court's actual decree is unclear.  Putting aside the City's challenges to the substance of any judgment to be entered — all of which challenges are reserved and not waived — the proper form for a judgment on a jury verdict that complies with the separate document rule of Rule 58 can be found at FED. R. CIV. P. APP. of Forms, Form 31.

FED. R. CIV. P. 58 requires, *inter alia*, that "[e]very judgment shall be set forth on a separate document."   In its judgment of June 28, 2002, this Court has written a lengthy memorandum opinion setting out the method for interest calculations, the method for eventual enforcement of the judgment, and the decree that any relief not granted is hereby denied. The Court has concluded the judgment with the sentence, "This is a final judgment." The judgment is potentially confusing because the Court's memorandum opinion does not appear to correspond with the Court's actual decree.

It is well established that an extensive written opinion concluding with the sentence, "This is a final judgment" does not satisfy the separate judgment rule. *Baker v. Mercedes Benz of North America*, 114 F.3d 57, 59-60 (5th Cir. 1997); *see also State Nat'l Bank of El Paso v. United States*, 488 F.2d 890 (5th Cir.1974) (holding that a document entitled "Opinion and Judgment" did not comply with Rule 58); *Taylor v. Sterrett*, 527 F.2d 856 (5th Cir.1976).

In the appendix to Federal Rules of Civil Procedure is a form for a judgment on a jury verdict that complies with the separate document rule of Rule 58. *See* FED. R. CIV. P. APP. of Forms, Form 31. Although the City will here reiterate its position that the substance of any final judgment to be entered in this case should be in the form of a take nothing judgment for the City, to the extent this Court disagrees with the City's position — and the City acknowledges that the Court has made its disagreement with the City's position abundantly clear from the Court's previous rulings on the City's dispositive motions — the same Form 31 in the Appendix also provides guidance for the form of judgment on a jury verdict for the plaintiff which complies with Rule 58. The City objects to the June 28 judgment and the July 11 clarification pursuant to Rule 58 since it has not been entered in the form of a separate document in compliance with this form.

The Clarification of Judgment [dkt # 232] states that it is "pursuant to" the Judgment entered on June 28, 2002. If it is "pursuant to" and a clarification of the prior judgment, it cannot be the separate document required by Rule 58. If the July 11 Clarification of

Judgment is contemplated to be the "separate document" required by Rule, then it should not be combined with the actual writ of mandamus.

Moreover, the Clarification of Judgment leaves new issues for resolution. First, the order does not specify who will issue the writ or when. Second, the order is unclear on the timing of the City's obligation to pay. Because no date is specified, the City could interpret the order to not require payment until the appeal process is over and the debt is indisputable. If the order were interpreted to mean instantly, the writ is premature and the court should stay enforcement as argued below.

**B.      Issuing The Writ of Mandamus Must be Vacated**

**1.      Issuance Violates Rule 62(a) Automatic Stay**

Rule 62(a) provides, in pertinent part, that " . . . no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." The 10 day period of the automatic stay is calculated under Federal Rule of Civil Procedure 6(a). *KRW Sales, Inc. v. Kristel Corp.,* 154 F.R.D. 186, 188 (N.D. Ill. 1994); *Professional Ins. Management v. Ohio Cas. Group,* 246 B.R. 47, 73 (D.N.J. 2000), *rev'd on other grounds,* 285 F.3d 268 (3rd Cir. 2000). Rule 6(a) provides that when the period is less than 11 days, the period excludes Saturday, Sundays, and legal holidays; if the last day falls on Saturday, the period runs until the next business day. Rule 6(a) defines "holiday" to include Independence Day, i.e., July 4, 2002.

Here, the first Final Judgment [dkt # 228] was entered on June 28, 2002. Excluding weekends [June 29-30 and July 6-7] and holidays [July 4], the 10th day of the stay falls on

5

July 13, 2002- a Saturday. Under Rule 6(a) the period is extended until the next day not a weekend day or holiday, i.e., Monday, July 15, 2002.

However, the Writ of Manadamus [sic] and Clarification of Judgment [dkt # 232] substantially altered the earlier Final Judgment. As Plaintiffs' motion to clarify conceded, they needed a modification under Rule 59(e) to have a judgment that specified how much they were awarded and what the mandamus was for. Therefore the July 11 order is, in effect, an amendment. A substantial change or amendment starts the Rule 62(a) "automatic" 10 day stay again. *Elliott & Assoc., L.P. v. Banco de la Nacion*, 2000 WL 1449862, *5 (SDNY 2000). Therefore, the Rule 62(a) stay now ends on July 25, 2002, and the court can take action to enforce until then.

In either case, the issuance of a writ of mandamus is a violation of the stay.

### 2.    A Writ Of Mandamus Is Premature.

In its final judgment of June 28, 2002, this Court correctly determined that the procedural law of the forum state, Texas, applies in proceedings supplementary to and in aid of the judgment (*see* FED. R. CIV. P. 69(a), and that Texas law provides that a writ of mandamus the appropriate method for enforcing a money judgment against a city. *See* Judgment, at p.4 (citing *National Surety Corp. v. Friendswood I.S.D.*, 433 S.W.2d 690, 694 (Tex. 1968)).

Under the procedural law of the state of Texas, mandamus is an extraordinary remedy. Mandamus will issue only when relief sought is "clear and indisputable" such that the merits are "beyond dispute." *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim.

App.1985); *see also City of Houston v. Hill*, 792 S.W.2d 176, 179-80 (Tex. App— Houston [1st Dist.] 1990, writ dism'd) (where city alleges that judgment was invalid on grounds that would support a bill of review, plaintiff in a mandamus proceeding to enforce the judgment against the city must show that the city's bill of review is not colorable). The same burden applies in federal mandamus procedures. *See In re Dresser Industries, Inc.*, 972 F.2d 540, 543 (5th Cir. 1992) (petitioner must establish clear and "indisputable" right to be entitled to mandamus). In addition, to be entitled to mandamus in aid of a judgment, there must be a demand for compliance with the judgment, and an unjustifiable refusal. *See Harris County v. Walsweer*, 930 S.W.2d 659, 668 (Tex. App.—Houston [1st Dist.]1996, writ denied) (citing *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 178 (Tex.1988)).

The party seeking to enforce judgment against a municipality by mandamus bears burden of proof. *City of Houston,* 792 S.W.2d at 180. In this case, plaintiffs cannot show that the City currently has a clear and *undisputable* duty to satisfy the judgment. Pending the resolution of post-judgment motions and eventual appeal, the City has no clear and indisputable duty to pay. TEX. R. CIV. P. 627 (writ of execution cannot issue until 30 days after court has overruled motion for new trial); TEX. CIV. PRAC. & REM. CODE ANN. § 6.002 (if a city files a timely appeal, no supersedeas bond will be required to suspend the City's obligation to pay the judgment during the pendency of the appeal); *Herring v. Houston Nat'l Exchange Bank*, 113 Tex. 264, 253 S.W. 813 (1923) (appeal supercedes mandamus compelling payment); *In re Tarrant County*, 16 S.W.3d 914 (Tex. App.— Fort Worth 2000,

orig. proceeding) (county has absolute right to supercede judgment by filing notice of appeal).

Accordingly, plaintiffs' request for a writ of mandamus is not ripe. As the Court has correctly noted, under the governing Texas procedure a city may be commanded via writ of mandamus to pay a money judgment. However, a plaintiff's right to enforce such a judgment by mandamus will ripen only if, as and when the judgment becomes final in the sense of being no longer disputable on appeal, and when demand for payment of the final, indisputable judgment has been refused. Neither of these prerequisites for mandamus relief have been met in this case. Thus, plaintiffs' petition for a mandamus should be denied.

### C.    Defendant Entitled to Stay Without Bond Under Rule 62(f)

Federal Rule 62(f) provides:

> "In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state."

The purpose of Rule 62(f) is to allow the judgment debtor who appeals in a federal forum the same treatment he would receive in the state forum. *Castillo v. Montelepre, Inc.,* 999 F.2d 931, 942 (5th Cir. 1993); *Whitehead v. K Mart Corp.*, 202 F.Supp.2d 525, 531 (S.D.Miss. 1999), *rev'd on other grounds,* 277 F.3d 791 (5th Cir. 2002). The Supreme Court said of the Rule 62(f)'s predecessor that it was Congress's intent to prevent a creditor suing in federal court from obtaining an advantage over another creditor suing in state court. *Ward v. Chamberlain,* 67 U.S. 430, 441 (1862).

8

Under state law, the City's motion for new trial would suspend execution until 30 days after the motion is overruled. TEX. R. CIV. PROC. 627; *see also, Whitehead*, 202 F. Supp.2d at 531-32. (recognizing Rule 62(f) gave federal defendant benefit of state procedural rule staying execution while motion for new trial was pending).

Also, Texas permits a city to suspend execution on appeal without giving a supersedeas bond. TEX. CIV. PRAC. & REM. CODE ANN. § 6.002(b) (Vernon Supp. 2002); *City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939)(appeal suspended writ of mandamus over building permit). This applies to appeals from mandamus actions to pay judgments against the city. *Greanias v. City of Houston*, 841 S.W.2d 411, 413 (Tex. App.–Houston [1st Dist.] 1992, no writ)(city clerk's appeal stayed writ of mandamus ordering clerk to approve issuance of bond to pay payment settlements); *City of Houston*, 792 S.W.2d at 179 (rule recognized).

The second prong under Rule 62(f) is that the judgment operate as a lien on the debtor's property. As this court's Final Judgment recognized, the judgment would not act as a literal lien under state law. However, the Fifth Circuit takes a functional approach, emphasizing that the purpose of this prong is to provide creditors with security while the debtor appeals. *Castillo*, 999 F.2d at 942. In *Castillo*, plaintiff obtained a judgment against the Louisiana Patient's Compensation Fund, a fund created to pay that part of judgments against doctors that exceeded statutory caps on personal liability. *Id.* at 933. Under state law, the Fund could appeal without supersedeas; if affirmed, the Fund would pay judgments in semi-annual payments, with any deficiency being carried over each year until paid. *Id.* at 942. The Fifth Circuit held this statutory scheme satisfied Rule 62(f). *Id.* First, the

provision for payment of judgments was "sufficient security" to satisfy the purpose behind Rule 62(f). *Id.* Second, "great deference" must be given to the state legislature's manifest desire to allow the Fund to appeal without bond. *Id.*

This rationale has been applied to suits against state law officials who are entitled under state law to appeal without bond. *U.S. ex rel Garibaldi v. Orleans Parish School Bd,* 1998 WL 774177 (E.D.La. 1998)($23 million false claims judgment against school board stayed without bond under Rule 62(b) pending ruling on post-judgment motions based on state statute permitting it to appeal without bond)[1]; *Cozzo v. Parish of Tangipahoa,* 2000 WL 224141 (E.D.La. 2000)(sheriff and his deputies entitled to stay without bond based on state statute even though judgment was not technically a lien on their property, citing *Castillo*).[2]

State law provides Plaintiffs with security pending the outcome of the appeal, the "functional" equivalent of Rule 62(f)'s second prong. State law would allow them to mandamus the City to levy taxes or issue bonds to raise the funds. *Nat'l Surety Corp.,* 433 S.W.2d at 694. The power to tax is effectively substituted for a city's real or personal property. That power is the functional equivalent of a lien, or is even better. It does not fluctuate in value with markets or diminish with time; the city cannot dispose of it during

---

[1]    The $23 million judgment was reversed and rendered for the school district. *U.S. ex rel Garibaldi v. Orleans Parish School Bd,* 244 F.3d 486 (5th Cir. 2001), *reh. denied,* 264 F.3d 1143 (5th Cir. 2001), *cert. denied,* 122 S.Ct. 808 (2001).

[2]    The judgment against the sheriff was reversed on appeal. *Cozzo v. Parish of Tangipahoa,* 279 F.3d 273, 290, 295 (5th Cir. 2002).

the appeal's pendency. In short, a municipal creditor's power to recover is preserved under state law despite the lack of a supersedeas bond.

Therefore, the court should grant a stay of execution or compliance with the writ of mandamus until 30 days after all post-judgment motions are decided.

### D.    Defendant is Entitled to a Stay Without Bond Under Rule 62(b)

Federal Rule 62(b) provides in pertinent part:

> "In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59 ..."

Proper security is not equivalent to a full bond for the entire amount of the judgment. *Internat'l Wood Processors v. Power Dry, Inc.,* 102 F.R.D. 212, 215 (D.C.S.C. 1984). The court may waive requiring a bond during the pendency of post trial motions if the creditor is still protected against the risk of an adverse change in the debtor's assets or a decrease in the debtor's ability to pay during the pendency of the motions. *Id.* at 215.

As discussed above, Plaintiffs sole remedy is a writ of mandamus. There is no risk that remedy will be diminished during the pendency of the post-judgment motions. There is no reason to believe that if performance of a writ of mandamus is postponed until the court rules, the City will be unable to raise the same amount compared to performing it now. In short, the "collateral" for this judgment will not be impaired during the short period while these motions are pending.

Moreover, it is wasteful to force the City to post security while the court considers the motion for new trial and this motion. Because the court has amended the judgment, this

started the Rule 62(a) "automatic" 10 day stay again. *Elliott & Assoc., L.P. v. Banco de la Nacion*, 2000 WL 1449862, *5 (SDNY 2000). Also, the court may grant the new trial or remittiturs requested by the City. In either case, it is wasteful to require the city post security only to have revisit the stay issue all over again shortly.

WHEREFORE, PREMISES CONSIDERED, Defendant prays this motion be considered and the Court sustain its objections, vacate or modify the writ of mandamus, order that enforcement of the judgment, including the writ of mandamus, be stayed without bond until the post-judgment motions are decided or until 30 days after they are decided, and for such further relief to which the City may show itself entitled.

Respectfully submitted,

By: _____

ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant, CITY OF HARLINGEN, TEXAS

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this ⌐⌐ day of July, 2002, to the following counsel of record and interested parties:

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and

ARTURO GUILLERMO SALINAS, et al:

      Mr. Broadus A. Spivey          **CMRRR #7001 2510 0004 2061 2702**
      Mr. Price Ainsworth               **& Fax: 512/474-1605**
      **SPIVEY & AINSWORTH, P.C.**
      48 East Avenue
      Austin, Texas  78701-4320

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

      Mr. Ramon Garcia            **CMRRR #7001 2510 0004 2061 2696**
      Ms. Sonia Lopez               **& Fax: 956/381-0825**
      **LAW OFFICES OF RAMON GARCIA, P.C.**
      222 West University Drive
      Edinburg, Texas  78539

ROGER W. HUGHES

13

## RESOLUTION 02R-<u>12</u>

**STATE OF TEXAS**

**COUNTY OF CAMERON**

**WHEREAS,** the City Commission has been apprised that the Court has granted a motion filed by the Plaintiffs in the *Salinas* case requesting the Federal District Court to issue a Writ of Mandamus commanding the City of Harlingen to pay the amount of the Jury's verdict;

**WHEREAS,** the City Commission further understands that one of the requirements for the issuance of a Writ of Mandamus for enforcement of a judgment against the City is a showing that demand has been made on the City for payment of a final and indisputable judgment and that the City has refused to honor such demand; and

**WHEREAS,** the judgment remains disputable and will be in dispute so long as the City pursues its legal right to challenge the final judgment;

**NOW THEREFORE,** be it resolved that:

The City Commission has authorized its legal counsel to contest the judgment through appropriate post judgment motions and through the appeals process, as it is the City's right to do;

The City Commission remains confident that the City will be vindicated in its challenge to the judgment;

The members of the City Commission nevertheless acknowledge without reservation the supremacy of federal law and further acknowledge in good faith that if and to the extent that any liability imposed by the judgment were to be affirmed and thus become both final and indisputable, the Commission will take such necessary and appropriate action to cause the City to satisfy such liability.

**CONSIDERED AND ADOPTED THIS** ___15th___ day of _____July_____, 2002 at a special meeting of the Elective Commission of the City of Harlingen, Texas at which a quorum was present and which was held in accordance with TEXAS GOVERNMENT CODE, TITLE 5, SUBTITLE A., CHAPTER 551.



CITY OF HARLINGEN