238

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**AUG 0 6 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-163 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | CIVIL ACTION NO. B-99-70 |
| | { | |
| V. | { | |
| | { | **AN ORAL HEARING** |
| CITY OF HARLINGEN | { | **IS REQUESTED** |

---

**DEFENDANT CITY OF HARLINGEN'S REPLY IN SUPPORT OF MOTION
FOR NEW TRIAL ON DAMAGES OR REMITTITUR**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **CITY OF HARLINGEN** and files this its Reply In

Support of Motion for New Trial on Damages or for Remittitur, and would show the Court

as follows:

## I. Status

Defendant City of Harlingen filed a Motion for New Trial on Damages or for

Remittitur (Dkt # 234). Plaintiffs Arturo Salinas, et al., have filed a Response (Dkt # 236).

Plaintiff Raul Rodriguez did not file a response within twenty days; under Local Rule 7.4

his failure is taken as a representation of no opposition. The City files this Reply under the

Court's Civil Procedure Rule 5.C.

## II. Summary of the Argument

Under the "maximum recovery rule" the "relevant" jurisdiction is federal law, not

Texas state law. Plaintiffs' right to damages under 42 U.S.C. §1983 is a federal right

measured by federal law in light of general common law rules. Plaintiffs argue that 42

U.S.C. §1988 adopts Texas law for the purpose of measuring the excessiveness of damages

under section 1983. Section 1988 assimilates only the forum's procedural rules to the extent

section 1983 is deficient. The Supreme Court and the Fifth Circuit have consistently

reviewed damages under federal law. Both have held section 1988 allows the federal court

only to borrow the forum's procedures concerning standing in death cases, contribution,

limitations, etc. It does not permit the federal court to apply Texas law concerning the

adequacy of evidence to support damages.

Plaintiffs' cases are therefore inapposite because they are Texas state court decisions.

Moreover, none of them support the award to Megan Rodriguez.

Federal cases concerning sufficiency of the evidence to support mental anguish require specific, concrete evidence. Hurt feelings, anger and frustration are not the type of emotional harm that will support an award for mental anguish or compensable emotional distress. Plaintiffs must present specific discernable injury to their emotional state, proven with evidence regard the nature and extent of the harm. Plaintiffs' conclusory testimony is insufficient.

### III.  Argument and Authorities

### A.    Damages under Section 1983 Are Measured By Federal Law

Plaintiffs Response, pp. 3-4, argues Texas is the "relevant jurisdiction" because Texas law governs damages recoverable in section 1983 death cases, citing *Grandstaff v. City of Borger, Tex.,* 767 F.2d 161, 172 (5th Cir. 1985), *cert. denied,* 480 U.S. 916 (1985). Section 1988 does not require wholesale importation of state law damage rules.

Section 1988, in pertinent part provides the vindication of civil rights:

> "... shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, ..."

A federal standard governs the standard for section 1983 compensatory damages as provided by section 1988. *Moor v. County of Alameda,* 411 U.S. 693, 703 (1973); *Sullivan v. Little*

*Hunting Park, Inc.,* 396 U.S. 229, 239 (1969). From whatever source derived, the right to damages is a federal rule responsive to the federal right. *Moor,* 411 U.S. at 703. The level of damages is ordinarily determined according to principles derived from the common law of torts. *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 306 (1986). General common law tort principles provide a starting point to analyze damages, but do not provide a complete solution to every section 1983 case. *Carey v. Piphus,* 435 U.S. 247, 257-58 (1978). The task of adapting common law damage rules is a complex one of tailoring them to redressing the constitutional rights violated. *Carey,* 435 U.S. at 258-59. This is delicate because the common law and the Constitution may protect different interests. *Id.*

Section 1988 authorizes federal courts to look to common law principles only when federal law is unsuited or insufficient. *Carey,* 435 U.S. at 258-59, n. 13; *Moor,* 411 U.S. at 703. The court may then look to common law principles, so long as they are not inconsistent with federal law. *Moor,* 411 U.S. at 703, 706. Section 1988 was never meant to authorize the wholesale importation of state actions into federal law, even state actions designed to protect the same rights. *Id.* at 703-4.

The Fifth Circuit clearly holds that section 1983 damages are governed by federal standards. *Baskin v. Parker,* 602 F.2d 1205, 1209 (5th Cir. 1979), *citing Sullivan,* 396 U.S. at 239. The ultimate rule adopted under section 1988 is a federal rule response to the needs of the federal right impaired. *Delesma v. City of Dallas,* 770 F.2d 1334, 1337 (5th Cir. 1985). *Grandstaff* addressed only the issue of whether a father had standing to seek

emotional distress damages for the death of an adult child.  767 F.2d at 172, citing *Brazier v. Cherry,* 293 F.2d 401 (5th Cir. 1961), *cert. denied,* 368 U.S. 921 (1961).  In *Grandstaff,* the issue was standing, not the excessiveness of recovery.  *See discussion in Rhyne v. Henderson County,* 973 F.2d 386, 390 (5th Cir. 1992).   The Fifth Circuit noted that *Grandstaff* "suggested" state law controlled the damages that may be recovered.  *Delesma,* 770 F.2d at 1337, n.5 (further noting commentators suggesting that section 1988 was authority for developing a federal common law).  Thus *Grandstaff* is not authority that Texas law controls whether Plaintiffs' damages are excessive.

When reviewing section 1983 cases for excessiveness of damages, the Fifth Circuit looks to federal cases resting on federal rights.  *See, e.g., Hitt v. Connell,* ___ F.3d ___, 2002 WL 1764149, *7 (5th Cir. July 31, 2002); *Baskin,* 602 F.2d at 1210.  In *Hitt,* a San Antonio constable recovered $224,000.00 for mental anguish in a section 1983 claim for terminating his job.  2002 WL 1764149 at *7.  The majority found there was no evidence of mental anguish; the dissent would have reduced the award to $20,000.00.  *Id.* at *7, 8-9.  In reviewing the sufficiency of the evidence, the majority cited no Texas state case and relied only on Fifth Circuit cases arising under Title VII[1] employment discrimination or section 1983.  *Id.* at *7, citing *Vadi v. Miss. State Univ.,* 218 F.3d 365, 376 (5th Cir. 2000), *cert.*

[1]  42 U.S.C. §2000e.  This also disproves Plaintiffs' argument that the Fifth Circuit is the "relevant jurisdiction" only in Title VII cases, citing *Salinas v. O'Neill,* 286 F.3d 827, 831 (5th Cir. 2002), *reh. denied,* ___ F.3d ___ (5th Cir. 2002).  *Hitt* cites both Title VII and section 1983 cases interchangeably; if section 1983 damages were determined by state law, the Fifth Circuit would have considered only decisions in federal diversity cases from Texas and Texas state decisions.

*denied*, 531 US 1113 (2000) (Title VII); *Brady v. Fort Bend County*, 145 F.3d 691, 718-20 (5th Cir. 1998), *cert. denied*, 525 US 1105 (1998) (§1983); *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 940 (5th Cir. 1996), *cert. denied*, 519 US 1091 (1996) (Title VII and 42 U.S.C. §1981). The dissent likewise relied solely on Title VII and section 1983 cases from the Fifth Circuit. *Id.* at *8-9, citing *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 470 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 258 (2001) (Title VII and §1981); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1046 (5th Cir. 1998), (Title VII); *Williams v. Trader Pub. Co.*, 218 F.3d 481 (5th Cir. 2000)(Title VII); *Forsyth v. City of Dallas, Tex.*, 91 F.3d 769, 774 (5th Cir. 1996), *cert. denied*, 522 US 816 (1996) (§1983).

In *Baskin*, property owners sued a Louisiana sheriff for an illegal search; the judge awarded only $263.85 property damages, apparently concluding emotional distress damages were not authorized. 602 F.2d 1207. After surveying both federal and Louisiana law, the Fifth Circuit found that both supported recovery for emotional distress for wrongful searches. *Id.* at 1209-10. However, in determining whether there was "some evidence" of mental anguish, the Fifth Circuit looked only to federal cases, citing *Carey v. Piphus*, 435 U.S. 247 (1978); *Duncan v. Barnes*, 592 F.2d 1336 (5th Cir. 1979)(§1983). It did not cite Louisiana cases to test the sufficiency of the evidence.

Thus, section 1988 does not adopt wholesale the forum's law on damages. When the section 1983 scheme is defective, it permits the court to examine state law on issues of standing to seek damages or the types of damages available. It does not import the forum's

state's case law on excessiveness of damages. Because the right is always a federal one, the Fifth Circuit looks to federal cases to test the evidence's sufficiency to support the amount awarded.

**B.    Standards of Proof for Mental Anguish and Emotional Distress**

Much of Plaintiffs' support for their damages was mental anguish, emotional distress, and loss of consortium. In turn, much of their support are inferences from Dr. Silverman's testimony and their indignation of the alleged "cover up." Under the Fifth Circuit guidelines, their proof is insufficient to sustain these awards.

Hurt feelings, anger and frustration are not the type of emotional harm that will support mental anguish or emotional distress. *Hitt,* 2002 WL 1764179 at *7; *Patterson,* 90 F.3d at 940. Plaintiffs must present *specific* proof of emotional damage; there must be a specific discernable injury to the emotional state proven with evidence regarding the nature and extent of harm. *Hitt, Id.* at *7; *Brady,* 145 F.3d at 718. The specificity standard is unequivocal. *Id,* at 718.

The plaintiff's own testimony may be sufficient if it detailed and specific; vague, conclusory testimony cannot legally support mental anguish damages. *Hitt, Id.* at *8; *Brady,* 145 F.3d at 720. Corroborating medical testimony is not necessarily required. *Hitt, Id.* at *7; *Brady,* 145 F.3d at 718. However, the court may consider that plaintiff

    a.    offers no medical testimony,

b.    offers no independent evidence of crying spells, emotional outbursts, sleeplessness, excessive sleeping

c.    does not detail the length or severity of physical symptoms or emotional effects, or

d.    describes the existence of emotional distress only in brief or vague answers.

*See, e.g., Hitt, Id.* at *8; *Brady,* 145 F.3d at 719-20; *Patterson,* 90 F.3d at 940-41.

Plaintiffs' Response, pp. 12-13, emphasizes Dr. Silverman's testimony. However, it suffers from twin problems. First, Dr. Silverman was generalizing about what happens in many cases; she has not examined or interviewed the Plaintiffs. For example, she describes the general problems a widower with a small child might face. 4 R.R. 762(l. 14)- 762(l. 14), 765(l. 20)- 766 (l. 19). This did not describe Gilberto Rodriguez specifically or what he actually has felt or probably will feel. Therefore, it does not meet the specificity standard; she did not describe any of plaintiff's specific suffering. It is like a doctor giving a prognosis for an illness without reading the patient's medical records, taking a history, or examining a patient.

Second, the emotional states she describes are not necessarily legal injuries. For example, she describes an acute sadness and depression that may last from six months to 2 years. 4 R.R. 764 (l. 5-18). This corresponds to mental anguish. However, a "sense of loss" that may continue thereafter may not rise to the level of mental anguish. As Plaintiffs Response, p. 13, concedes, she describes "a certain sadness" that returns "from time to time"

or "a loss that goes on forever." 4 R.R. 772 (l. 13-20). It is not clear that this describes what is legally mental anguish or loss of consortium. An undefined sadness that may return at irregular, unpredictable times does not meet the specificity standard necessary to support millions of dollars for an emotional injury.

### C.   Damages

1.   <u>Megan Rodriguez</u>

Plaintiffs do not challenge the City's claim that the evidence could at best support only $360-720,000.00 for pecuniary losses to Megan. Therefore they seek to support the remaining $9.2-9.6 million based on mental anguish and loss of society.

First, they cite no federal case finding a $9.2 million award to a young child for emotional distress and loss of consortium for the death of one parent. The court should disregard the Texas court decision[2] they cite because (1) it is not from the relevant jurisdiction, and (2) it does not support this award.

Next, the Response, p. 7, argues "unique facts" not reflected by the controlling case law support the award, citing *Lebron v. U.S.,* 279 F.3d 321, 326 (5th Cir. 2002). Plaintiffs cite as unique facts that this was a close family, they took trips together, and the family has moved so that Megan may have the benefits of an extend family. Response, p. 7. Even a cursory exam of the cases the City cited in its motion show that most of them involved

---

[2] *Atchison, Topeka, & Santa Fe Ry Co. v. Cruz,* 9 S.W.3d 173 (Tex. App.–El Paso 1999, vacated by agreement).

families as closely knit as Gilberto and Susan's family. Such facts are not unique.

Next, the Response, p. 7, that as Dr. Silverman testified Megan has problems and acts out showing she misses her mother, citing 4 R.R. 825 (l. 16-24). There, Gilberto Rodriguez simply gave a "yes" answer to the question whether he has observed the problems Dr. Silverman described. He did not describe the behavior, its frequency, etc. This is the sort of brief, conclusory testimony that is insufficient. *Compare, Hitt, Id.* at \*8; *Brady,* 145 F.3d at 420.

### 2.    Gilberto Rodriguez

The Response, pp. 8-10, justifies the major portion of Gilberto Rodriguez's $5 million award upon loss of society and mental anguish. The Texas state court decision must be disregarded as not from the relevant jurisdiction.

There is not a serious dispute about the events he describes. The problems is the lack of specificity necessary to justify over $4 million. He describes bitterness and frustration over losing his life's companion, as well as the inability to be both mother and father to Megan. However, there was no testimony as to frequency, severity, physical symptoms, etc. While this may support some award for these elements, it does not support over $4 million.

### 3.    Arturo and Elisa Salinas; Stephen and Robyn Williams

Again, there is not much dispute as to what the parents said. Ricardo Salinas and Susan Rodriguez grew up in close-knit, loving families. The parents's testimony may

support some award for mental anguish, etc., but it is too conclusory and unspecific to support $2.5 million for each parent.

For example, the total testimony on Mr. Williams' grief takes up about one page. 4 R.R. 804 (1.21-25), 806 (l. 13)- 807 (l.6), 809 (l. 15-21), 823 (l. 1-6). The description of Mr. Salinas' emotional reaction takes up less than a page. 4 R.R. 786 (l. 8-16), 795 (l. 21-25).

Mrs. Williams has consulted a psychologist and is under medication. 4 R.R. 809-10. However, her treatment records were not offered. No details of when and how long she consulted the psychologist, the frequency of treatment, what is the medication, or what were the symptoms. Mr. Salinas stated his wife, though normally reserved, cries at night. 4 R.R. 785-86. Again, there was nothing about when and how often this occurred.

## IV. Conclusion

Damages under section 1983 are a federal right governed and measured by federal standards. In *Carey*, the Supreme Court emphasized that plaintiffs must prove the fact and extent of emotional distress injuries. 435 U.S. at 263-64. The Fifth Circuit requires specific, concrete evidence of the nature and extent of harm. This level of proof does not exist in this case to sustain the verdict. Plaintiffs cannot cite a case within the Fifth Circuit sustaining awards of this magnitude in death cases.

The Court should grant a new trial on damages as to some or all of Plaintiffs' damages. Alternatively, the court should order Plaintiffs to remit a portion of the damages awarded in the amounts suggested above in order to avoid a new trial.

Respectfully submitted,

By: _____
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant, CITY
OF HARLINGEN, TEXAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this ___ day of August, 2002, to the following counsel of record and interested parties:

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and
ARTURO GUILLERMO SALINAS, et al:

Mr. Broadus A. Spivey                    **CMRRR #7001 2510 0004 2061 2580**
Mr. Price Ainsworth                      **& Fax: 512/474-1605**
**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, Texas 78701-4320

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

Mr. Ramon Garcia                          **CMRRR #7001 2510 0004 2061 2597**
Ms. Sonia Lopez                                    **& Fax: 956/381-0825**
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, Texas  78539

ROGER W. HUGHES