United States District Court
Southern District of Texas
FILED

AUG 1 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-163 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | CIVIL ACTION NO. B-99-70 |
| | { | |
| V. | { | |
| | { | |
| CITY OF HARLINGEN | { | |

---

**DEFENDANT CITY OF HARLINGEN'S REPLY
IN SUPPORT OF MOTION FOR NEW TRIAL ON DAMAGES OR
REMITTITUR AS TO PLAINTIFF RAUL RODRIGUEZ**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **CITY OF HARLINGEN** and files this its Reply In Support of Motion for New Trial on Damages or for Remittitur as to Plaintiff Raul

Rodriguez, and would show the Court as follows:

## I. Status

Defendant City of Harlingen filed a Motion for New Trial on Damages or for Remittitur (Dkt # 234) on July 12, 2001. Plaintiff Raul Rodriguez did not file a response within twenty days (Aug. 1, 2002); under Local Rule 7.4 his failure is taken as a representation of no opposition.

On August 9, 2001, Plaintff Raul Rodriguez filed a late Response to Defendant City of Harlingen's Motion for New Trial (Dkt. # 240). The City files this Reply under the Court's Civil Procedure Rule 5.C.

## II. Argument and Authorities

Under Southern Dist. Local Rule 7.4 and this Court's Civil Procedures Rule 5.C., Plaintiff Raul Rodriguez's Response was due August 1, 2002. Under this Court's Civil Procedure Rule 5.F., any response file after that date needed to be accompanied by a motion for leave that explains why the document was filed late. Plaintiff Raul Rodriguez is late without either a request for leave or an excuse for this tardiness. The Court should disregard his Response or strike it.

Assuming *arguendo* the Court chooses to consider Raul Rodriguez's late-filed Response in the interests of justice, it suffers from the same deficiencies as that filed by the other Plaintiffs. Raul Rodriguez's Response (Dkt # 240) parrots verbatim Plaintiffs' Salinas, et al.'s Response, pp. 3-5 (Dkt #236) that damages are controlled by state law and federal

cases are not the "relevant jurisdiction." Raul Rodriguez received the City's Reply (Dkt # 238) that contained an extensive refutation of Plaintiffs Salinas, et al.'s, argument; instead of confronting these arguments and authorities, Raul Rodriguez simply copies the other Plaintiffs' briefing verbatim. This tacitly concedes the Plaintiffs' arguments have no merit and federal courts within the Fifth Circuit are the relevant jurisdiction.

### A. Damages under Section 1983 Are Measured By Federal Law

Rather then set out again the same argument on why Raul Rodriguez's damages are controlled by federal law, the City incorporates its arguments at pp. 3-7 of it Reply (Dkt # 238).

### B. Standards of Proof for Mental Anguish and Emotional Distress

Much of Raul Rodriguez's support for his $10 million damages was mental anguish, emotional distress, and physical disability. He does not dispute that his pecuniary losses for wages and medical is at best about $72,000.00; he does not point to any evidence of continuing physical pain, lost/diminished wages, or physical disability after returning to work in December 1998. This means that about $9,928,000.00 was awarded for past/future mental anguish, past/future disability, etc. Under the Fifth Circuit guidelines, his proof is insufficient to sustain that award.

The standard for proof of emotional distress damages is set out in the City's Reply, pp. 7-8 (Dkt # 238).

C.  **Raul Rodriguez's Damages**

Raul Rodriguez's caselaw support is a single Texas state court decision. Response, p. 5, citing *Olin Corp. v. Smith,* 990 S.W.2d 789, 798 (Tex. App.–Austin 1999, writ denied). *Olin* is easily distinguished. There, a 16 year old boy was injured when a .22 rifle misfired and the bullets went through his leg, severing a major artery. 990 S.W.2d at 791, 798. The jury awarded the boy $5,766,772 for pain and suffering, mental anguish, physical impairment, and disfigurement. *Id.* at 790, 798. Because his leg never healed, it had to be amputated below the knee and he had to be fitted with a prosthesis. *Id.* at 798. He underwent several surgeries while doctors tried to save the leg; there was extensive testimony about his pain and anguish sustained during those surgeries. *Id.* Evidence established that he would require future surgery. *Id.* The prosthesis would wear out every three years. *Id.* He continued to suffer severe blistering. *Id.* He often complained of "phantom pain" of his foot being injured and crunched. *Id.*

Assuming *arguendo* the "maximum recovery" rule permitted the court to consider Texas state decisions, this case falls far short of being factually similar. The Smith boy suffered the loss of a limb. He continued to need medical treatment and would continue throughout his life. He had continuing and probably permanent physical pain and disability. None of these factors are present here.

However, as the City's Response (Dkt # 238) established Texas state court decisions cannot be considered because federal law is the source of Rodriguez's right to recovery. It

is apparent that most of his damages after he returned to work are emotional distress type injuries. The problem is that his testimony about his mental anguish is the type of conclusory, unsupported testimony that the Fifth Circuit has found insufficient.

### III. Conclusion

Damages under section 1983 are a federal right governed and measured by federal standards. In *Carey*, the Supreme Court emphasized that plaintiffs must prove the fact and extent of emotional distress injuries. *Carey v. Piphus*, 435 U.S. 274, 263-64 (1978). The Fifth Circuit requires specific, concrete evidence of the nature and extent of harm. This level of proof does not exist in this case to sustain the award to Raul Rodriguez. He cannot cite a case within the Fifth Circuit sustaining awards of this magnitude for similar injuries.

The Court should grant a new trial on damages as to his damages. Alternatively, the court should order him to remit a portion of the damages awarded in the amounts suggested earlier.

Respectfully submitted,

By: _____
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500

ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant, CITY OF HARLINGEN, TEXAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 12th day of August, 2002, to the following counsel of record and interested parties:

---

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and ARTURO GUILLERMO SALINAS, et al:

| | |
|---|---|
| Mr. Broadus A. Spivey<br>Mr. Price Ainsworth<br>**SPIVEY & AINSWORTH, P.C.**<br>48 East Avenue<br>Austin, Texas 78701-4320 | **CMRRR #7001 2510 0004 2061 7318**<br>**& Fax: 512/474-1605** |

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

| | |
|---|---|
| Mr. Ramon Garcia<br>Ms. Sonia Lopez<br>**LAW OFFICES OF RAMON GARCIA, P.C.**<br>222 West University Drive<br>Edinburg, Texas 78539 | **CMRRR #7001 2510 0004 2061 7677**<br>**& Fax: 956/381-0825** |

_____
ROGER W. HUGHES