United States District Court
Southern District of Texas
FILED

SEP 27 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| Vs. | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| And | § | |
| GILBERTO M. RODRIGUEZ, ET AL | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN, TEXAS; | § | (Consolidated with B-98-162) |
| And | § | |
| RAUL RODRIGUEZ | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| CITY OF HARLINGEN, TEXAS. | § | (Consolidated with B-98-162) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

**COME NOW** Plaintiffs Gilberto M. Rodriguez, Individually and on Behalf of his minor Daughter, Megan Suzanne Rodriguez and the Estate of his Wife Susan Lynn Rodriguez, deceased; Stephen L. Williams and Robyn S. Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, Individually and on Behalf of the Estate of their Son Ricardo Guillermo Salinas, deceased; and Raul Rodriguez and file this response to Defendant's Motion to Reconsider Renewed Motion for Judgment as Matter of Law and in support thereof will respectfully show as follows:

# I.
# Introduction

On September 6, 2002, Defendant filed its Motion to Reconsider Renewed Motion for Judgment as Matter of Law based on the Fifth Circuit's en banc decision of *McClendon v. City of Columbia*, ___ F.3d ___ (5th Cir. September 5, 2002). The en banc decision does not change the applicability of the "state-created danger" theory of recovery in the present case. Therefore, Defendant's motion should be denied.

# II.
# Argument and Authorities

Nine circuits have unequivocally sanctioned the state-created danger theory as a viable means of pursuing a §1983 claim. The D.C., Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits "have each accepted the state-created danger theory as a viable means of protecting a citizen's substantive due process rights." *McClendon v. City of Columbia*, _____F.3d__ (5th Cir. September 5, 2002). On September 5, 2002, the 5th Circuit Court of Appeals in *McClendon v. City of Columbia*, F.3d__ (5th Cir. September 5, 2002), did not reject the state-created danger theory that has been overwhelmingly recognized throughout the Circuits across the United States. Unlike the Fifth Circuit Court's finding in *McClendon* that the actions by the defendant in that case did not amount to "deliberate indifference", a jury empanelled to hear the instant action has found that the Defendant City of Harlingen was deliberately indifferent to a certainty that a constitutional violation would result. Importantly, the jury was instructed that proof of simple or heightened negligence, alone, was not enough to prove deliberate indifference.

At the time Plaintiffs filed the present suits against Defendant under the "state-created danger" theory of recovery, Plaintiffs took the position that though the theory had not been expressly adopted,

the Fifth Circuit has repeatedly discussed the third-party exception based on a state-created danger though it has never sustained liability based on the state-created danger exception, because of each prior case's own factual deficiencies. *Doe v. Hillsboro I.S.D.*, 113 F. 3d 1412, 1414 (5th Cir. 1997)(en banc). As Fifth Circuit Judge Edith Jones observed, "The key to the state-created danger cases lies in the state actors' culpable knowledge and conduct in affirmatively placing an individual in a position of danger, effectively stripping a person of her ability to defend herself, or cutting off potential sources of private aid." (*quoting Wideman v. Shallowford Community Hospital, Inc.*, 826 F.2d 1030, 1035 (11th Cir. 1987). Judge Jones continued, "Thus, the environment created by the state actors must be dangerous; they must know it is dangerous; and, to be liable they must have used their authority to create an opportunity that would not otherwise have existed for the third-party's crime to occur." The Fifth Circuit has applied the state-created danger doctrine and has "assumed arguendo that it recognizes the claim," in *Leffall*. In subsequent cases quoting *Leffall*, it simply found that the facts of those cases did not to fall within the state-created danger exception. *Doe v. Hillsboro I.S.D.*, 153 F.3d 1412, 1414 (5th Cir. 1997); *Johnson v. Dallas I.S.D.*, 38 F.3d 198 (5th Cir. 1994); *Piotrowski*, 237 F.3d 585 at fn. 33. Here, however, the summary judgment evidence establishes facts that should warrant the application of the state-created danger doctrine and give rise to liability under 42 U.S.C. § 1983.

On July 26, 2001, the theory was formally adopted by the Fifth Circuit in *McClendon v. City of Columbia*, 258 F.3d 432 (5th Cir. 2001). However, not long after the jury verdict rendered in the suits in favor of Plaintiffs on February 28, 2002, the Fifth Circuit granted rehearing en banc in *McClendon* on March 13, 2002. *McClendon v. City of Columbia*, 285 F.3d 1078 (5th Cir. 2002).

Fully aware of the granting en banc rehearing automatically vacated the panel opinion and the "state-created danger" was restored to the pre-*McClendon* status, this Court rendered final judgment in favor of Plaintiffs and against Defendant on the "state-created danger" theory of recovery on June 28,

2002.

Further, while the Fifth Circuit in *McClendon* found that there was no "bright-line policy" regarding the state-created danger in 1993, at the time that Ernest Moore shot to death Susan Lynn Rodriguez and Ricardo Salinas and severely injured Raul Rodriguez, all but two Circuits had adopted the "state-created danger" theory. In fact, at the time this case was tried the "state-created danger" theory had been adopted and recognized by the Fifth Circuit. *McClendon v. City of Columbia*, 258 F.3d 432, 441-43 (5th Cir. 2001). It was clearly established law at the time of the events in question that a great majority of the Circuits had expressly adopted the "state-created danger" theory of substantive due process liability. Accordingly, the jury's decision should not be second-guessed or reversed.

Defendant's motion to vacate the final judgment based on the en banc opinion is without merit. In *McClendon*, the original panel held that it explicitly adopted and enforced the "state-created danger" theory of recovery, *McClendon*, 258 F.3d at 436, and that under this theory, Detective Carney was not entitled to qualified immunity, *McClendon*, 258 F.3d at 441 but the city was not liable for McClendon's injuries because there were no evidence to support, *McClendon*, 258 F.3d at 442-443. In the en banc opinion, the Fifth Court did not discuss the "state-created danger" theory of recovery at all but only reversed the panel's decision that Detective Carney was not entitled to qualified immunity, in that the en banc opinion states:

> Because under the facts established by the summary judgment record, viewed in the light most favorable to McClendon, there is no constitutional violation, we find that detective Carney is entitled to qualified immunity because his conduct was not objectively unreasonable in light of the law that was clearly established at the time of his actions.

(Op. at 2). Therefore, Defendant has no new grounds for this Court to vacate the judgment already entered and Defendant's Motion to Reconsider Renewed Motion for Judgment as Matter of Law should be denied.

### III.

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court deny Defendant's Motion to Reconsider Renewed Motion for Judgment As Matter of Law. And grant any and all further relief that justice requires.

Respectfully submitted,

LAW OFFICE OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, TX 78539
(956) 383-7441
(956) 381-0825 Fax

By _____
RAMON GARCIA
State Bar No. 07641800
Federal Id. No. 3936

Of Counsel

SONIA I. LOPEZ
State Bar No. 24003862
Federal Id. No. 23501

**ATTORNEYS FOR PLAINTIFF
RAUL RODRIGUEZ**

SPIVEY & AINSWORTH, P.C.
48 East Avenue
Austin, Texas 78701
(512) 474-6061
(512) 474-1605 Fax

By _____
Broadus Spivey
State Bar No. 00000076
Federal Id. No. 11146
Price Ainsworth
State Bar No. 00950300

Federal Id. No. 8065
Francis Pan
State Bar No. 15443300
Federal Id. No. 26385

**ATTORNEYS FOR PLAINTIFFS ARTURO G. SALINAS, ET AL and GILBERTO M. RODRIGUEZ, ET AL**

## CERTIFICATE OF SERVICE

I, SONIA I. LOPEZ, do hereby certify that on this 26th day of September, 2002, a true and correct copy of the above and foregoing Plaintiffs' Response to Defendant's Motion to Reconsider Renewed Motion for Judgment As Matter of Law was sent to the following:

Mr. Tom Lockhart                              CM R/R/R   7001 1140 0002 5107 7167
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
***ATTORNEYS FOR DEFENDANT CITY OF HARLINGEN***

_____
SONIA I. LOPEZ