United States District Court
Southern District of Texas
FILED

MAR 1 1 2003

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| | § | |
| Vs. | § | |
| | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| GILBERTO M. RODRIGUEZ, ET AL | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| RAUL RODRIGUEZ | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS. | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S THIRD SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO RECONSIDER RENEWED MOTION FOR JUDGMENT AS MATTER OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Gilberto M. Rodriguez, individually and on Behalf of his minor Daughter, Megan Suzanne Rodriguez and the Estate of his Wife Susan Lynn Rodriguez, deceased; Stephen L. Williams and Robyn S. Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, individually and on Behalf of the Estate of their Son Ricardo Guillermo Salinas, deceased; and Raul Rodriguez file this response to Defendant's Third Supplemental Brief in Support of Defendant's Motion to Reconsider Renewed Motion for Judgment as Matter of Law.

**I**

On March 3, 2003, Defendant filed its Third Supplemental Brief in Support of Defendant's Motion to Reconsider Renewed Motion for Judgment as a Matter of Law based on the U.S. Supreme Court's denial of certiorari to review the Fifth Circuit's en banc decision of *McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002). The U.S. Supreme Court's denial of certiorari does not change the applicability of the "state-created danger" theory of recovery in the present case.

**II**

In the en banc opinion of *McClendon* and the subsequent ruling on *McKinney v. Irving Independent School District*, 309 F.3d 308 (5th Cir. 2002) and *Morin v. Moore*, 309 F.3d 316 (5th Cir. 2002), the Fifth Court left open the question of whether a state-created danger is action in this circuit. *See McClendon*, 305 F.3d at 334 (Judge Parker pointed out in his dissenting opinion that "the majority opinion does not reject the state-created danger theory outright"); *McKinney*, 309 F.3d at 313 ("In our recent rehearing of *McClendon I* en banc, however, we neither adopted nor rejected the state-created danger theory"); significantly, *see also Morin*, 309 F.3d at 321 ("In our recent rehearing of *McClendon I* en banc, however, we neither adopted nor rejected the state-created danger theory").

This case squarely presents that issue on compelling facts which are far more egregious than those in *McClendon*. The McClendon situation of giving a gun to a known and previously reliable informant for the city police department, who had no criminal history and "needed the capability of self-defense" in a case he was working on with the officer borders on insignificant when compared with the present case, in which the city police department placed a Kevlar-piercing rapid fire assault rifle in the hands of a Nazi-crazed drug addict. This is the most

flagrant official conduct and it does "shock the conscience." That the Harlingen police department did not even sanction the officers responsible only adds to the shocking nature of their deliberate indifference to the Plaintiffs. *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir 1985). The disposition of the policymaker must be inferred circumstantially from conduct of the officer and the policymaker. *Id.* at 171. Following any catastrophic and incompetent performance, where there are no reprimands, no discharges, no admissions of error, and no changes made in policy, the court and jury can accept that this is "the way things are done" in that municipality. *Id.*

Because the U.S. Supreme Court's denial of certiorari does not change the opinion of the Fifth Circuit's en banc decision, the applicability of the "state-created danger" theory of recovery in the present case should not be changed.

### III. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that this Honorable Court deny Renewal of and Supplementation to Defendant's Second Motion for Summary Judgment. And grant any and all further relief that justice required.

Respectfully submitted,

**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, TX 78701
512+474-6061
512+474-1605 (fax)

By _____
Broadus A. Spivey
State Bar No. 00000076
Federal I.D. No. 11146
Price Ainsworth
State Bar No. 00950300
Federal I.D. No. 8065
Francis Pan
State Bar No. 15443300
Federal I.D. No. 26385

Richard Pena
Law Offices of Richard Pena, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747
512+327-6884
512+327-8354 (fax)

**ATTORNEYS–IN-CHARGE FOR PLAINTIFFS
ARTURO G. SALINAS, ET AL and GILBERTO M.
RODRIGUEZ, ET AL**


**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, TX 78539
956+383-7441
956+381-0825 (Fax)

By _____
    Ramon Garcia
    State Bar No. 07641800
    Federal I.D. No. 3936
    Sonia I. Lopez
    State Bar No. 24003862
    Federal I.D. No. 23501


**ATTORNEYS-IN-CHARGE FOR PLAINTIFF
RAUL RODRIGUEZ**

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded on March ___11___, 2003, to counsel of record for Defendant via facsimile and U.S. mail:

> Mr. Tom Lockhart
> Mr. Jim Denison
> Mr. Roger W. Hughes
> ADAMS & GRAHAM, L.L.P.
> 222 E. Van Buren, West Tower
> Harlingen, Texas 78551-1429
> ATTORNEYS-IN-CHARGE FOR
> DEFENDANT CITY OF HARLINGEN

Broadus A. Spivey

3163P.062