United States District Court
Southern District of Texas
FILED

JUL 0 3 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| Vs. | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| And | § | |
| GILBERTO M. RODRIGUEZ, ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS; | § | |
| And | § | |
| RAUL RODRIGUEZ | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS. | § | |

**PLAINTIFFS' SUBMISSION OF
PROPOSED AMENDED FINAL JUDGMENT**

TO THIS HONORABLE COURT:

COME NOW Plaintiffs, Gilberto M. Rodriguez, individually, on behalf of his minor daughter Megan Suzanne Rodriguez; Stephen L. Williams and Robyn S, Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, Surviving Parents of Ricardo Guillermo Salinas, deceased, in the above consolidated cases, and, pursuant to the Court's Order of June 26, 2003, submit the attached, proposed final judgment.

1

**I.**

On March 13, 2003, this Court entered an Order granting Defendant's Motion for Reconsideration of Motion for Renewed Judgment as a Matter of Law on the federal claims. (Op. at 21). The Order specifically stated that "[t]he jury's verdict on the state law claims stands. The Court, therefore, **VACATES** its earlier judgment and will enter an amended judgment consistent with this memorandum decision." (Op. at 21). The proposed amended final judgment is drafted, pursuant to said order and the earlier final judgment entered on June 28, 2002, and is attached hereto as *Exhibit "A."*

**II.**

Plaintiffs also urge reconsideration of their arguments that the judgment on the state law claims should be in the amount of $750,000 plus interest as outlined in Plaintiffs Reply to Defendants' Response to Plaintiffs' Motion for Judgment and Objections to Proposed Judgment. A proposed amended final judgment, pursuant to this argument, is drafted, and is attached hereto as *Exhibit "B."*

**III.**

Plaintiffs re-urge the Court to reinstate the Final Judgment entered on June 28, 2002 and the Writ of Mandamus and Clarification of Judgment entered on July 11, 2002 in accordance with the jury's verdict of $35 million.

**IV.**

Further, Plaintiffs do not waive any of their prior arguments and re-urge that the judgment should be entered in accordance with the jury's verdict of $35 million that has been briefed previously for this Court.

## CONCLUSION

FOR THESE REASONS, Plaintiffs request that this Court reinstate the Final Judgment entered on June 28, 2002 and the Writ of Mandamus and Clarification of Judgment entered on July 11, 2002, or alternatively enter an amended final judgment in the amount of $750,000.00 as proposed in *Exhibit B*, and grant any and all further relief that justice requires.

Respectfully submitted,

**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, TX 78701
512+474-6061
512+474-1605 (fax)

By: /s/ Broadus A. Spivey
Broadus A. Spivey
State Bar No. 00000076
Federal I.D. No. 11146
Price Ainsworth
State Bar No. 00950300
Federal I.D. No. 8065

Richard Pena
Law Offices of Richard Pena, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747
512+327-6884
512+327-8354 (fax)

**ATTORNEYS–IN-CHARGE FOR PLAINTIFFS
ARTURO G. SALINAS, ET AL and GILBERTO M.
RODRIGUEZ, ET AL**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded to following counsel of record via facsimile and United States mail on this 2nd day of July, 2003:

Mr. Tom Lockhart
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
ATTORNEYS-IN-CHARGE FOR
DEFENDANT CITY OF HARLINGEN

Mr. Ramon Garcia
Ms. Sonia I. Lopez
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, TX 78539
ATTORNEYS-IN-CHARGE FOR PLAINTIFF RAUL RODRIGUEZ

Broadus A. Spivey

3163P.066

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Arturo Guillermo Salinas, et al, <br> Plaintiffs | § <br> § <br> § | |
| v. | § <br> § <br> § | CIVIL ACTION NO. B-98-162 <br> (Consolidated with B-98-163 & B-99-70) |
| City of Harlingen, <br> Defendant | § <br> § <br> § | |

**AMENDED FINAL JUDGMENT**

Pursuant to the Order entered on March 13, 2003, the Court issues its **AMENDED FINAL JUDGMENT** in this case.

**Background**

The Court called this case for trial on February 11, 2002, and the jury returned a verdict in favor of Plaintiffs Gilberto M. Rodriguez, individually, on behalf of his minor daughter Megan Suzanne Rodriguez; Stephen L. Williams and Robyn S, Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, Surviving Parents of Ricardo Guillermo Salinas, deceased; and Raul Rodriguez,

The jury returned a verdict for Plaintiffs in both the federal claims and the state law claims and awarded money damages totaling $35,000,000.00 as follows:

1. Gilberto M. Rodriguez, Individually                               $5,000,000.00
2. Gilberto M. Rodriguez, on Behalf of his minor daughter,
   Megan Rodriguez                                                   $10,000,000.00
3. Stephen Williams                                                  $2,500,000.00
4. Robyn Williams                                                    $2,500,000.00
5. Arturo Salinas                                                    $2,500,000.00
6. Elisa Salinas                                                     $2,500,000.00
7. Raul Rodriguez                                                    $10,000,000.00

The award was not segregated into amounts for state and federal damage claims. The Court notes that any damages awarded on state law claims under the Texas Tort Claims Act are capped at $250,000 per person and $500,000 per occurrence. See Tex. Civ. Prac. & Rem. Code Ann. § 101.023(c).

The Plaintiffs are entitled to recover the greatest relief under any theory that the verdict supports. *Tompkins v. Cy,* 202 F.3d 770, 786 (5th Cir. 2000). Accordingly, the Court issued its Final Judgment on June 28, 2002 and Writ of Mandamus and Clarification of Judgment on July 11, 2002, ordering the Defendant City of Harlingen to pay Plaintiffs money damages on their federal claims brought pursuant to 42 U.S.C. § 1983 in accordance with the damages awarded by the jury. However, On March 13, 2003, this Court entered an Order granting Defendant's Motion for Reconsideration of Motion for Renewed Judgment as a Matter of Law on the federal claims which vacated the Court's earlier judgment on the federal claims but let the jury's verdict on the state law claims stand. Now, the Court enters an amended judgment consistent with this memorandum decision.

**Plaintiffs' Damages Under State Law Claims**

There were three occurrences in this case. *H.E.B. v. National Union Fire Insurance Company of Pittsburgh,* 150 F.3d 526, 531 (5th Cir. 1998), The term "per person" in the statute refers to each person injured or killed rather than each claimant. *City of Austin v. Cooksey,* 570 S.W.386, 389 (Tex. 1978). The damages awarded on the state law claims are therefore capped at $250,000.00 for each of the three "person[s]" killed or injured: Susan Rodriguez, Ricardo Salinas, and Raul Rodriguez.

The Court hereby ORDERS the Defendant City of Harlingen to pays $250,000.00 to Plaintiffs Gilberto M. Rodriguez, Individually, Gilberto M. Rodriguez, on Behalf of

2

his minor daughter, Megan Rodriguez, Stephen Williams, and Robyn Williams for money damages on their state claims in proportion to the jury's verdict on the federal claims as follows:

1. Gilberto M. Rodriguez, Individually  $62,500.00 (250,000 X 5/20)
2. Gilberto M. Rodriguez, on Behalf of his minor daughter,
   Megan Rodriguez  $125,000.00 (250,000 X 10/20)
3. Stephen Williams  $31,250.00 (250,000 X 2.5/20)
4. Robyn Williams  $31,250.00 (250,000 X 2.5/20)

The Court further ORDERS the Defendant City of Harlingen to pays $250,000.00 to Plaintiffs Arturo Salinas and Elisa Salinas for money damages on their state claims resulting from the death of Ricardo Guillermo Salinas and in proportion to the jury's verdict on the federal claims as follows:

1. Arturo Salinas  $125,000.00 (250,000 X 1/2)
2. Elisa Salinas  $125,000.00 (250,000 X 1/2)

The Court further ORDERS the Defendant City of Harlingen to pays $250,000.00 to Plaintiff Raul Rodriguez for money damages on his state claim resulting from his own injury.

**Post Judgment Interest**

The Court further ORDERS the Defendant City of Harlingen to pays Post Judgment interest on all the above amounts allowable by law under 28 U.S.C. § 1961 at the rate of 2.13% (percent) per annum from June 28, 2002 (the date the original final judgment entered) until the date the judgment is paid.

3

**Writ of Mandamus**

The Court hereby ORDERS that a writ of mandamus issue for this judgment.

**This is a final judgment.**

Done this _____ day of _____, 2003, at Brownsville, Texas

_____
Honorable Hilda G. Tagle
United States District Judge

3163P.068

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Arturo Guillermo Salinas, et al, <br> Plaintiffs | § <br> § <br> § | |
| v. | § <br> § <br> § | CIVIL ACTION NO. B-98-162 <br> (Consolidated with B-98-163 & B-99-70) |
| City of Harlingen, <br> Defendant | § <br> § <br> § | |

**AMENDED FINAL JUDGMENT**

Pursuant to the Order entered on March 13, 2003, the Court issues its **AMENDED FINAL JUDGMENT** in this case.

**Background**

The Court called this case for trial on February 11, 2002, and the jury returned a verdict in favor of Plaintiffs Gilberto M. Rodriguez, individually, on behalf of his minor daughter Megan Suzanne Rodriguez; Stephen L. Williams and Robyn S, Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, Surviving Parents of Ricardo Guillermo Salinas, deceased; and Raul Rodriguez,

The jury returned a verdict for Plaintiffs in both the federal claims and the state law claims and awarded money damages totaling $35,000,000.00 as follows:

1. Gilberto M. Rodriguez, Individually                             $5,000,000.00
2. Gilberto M. Rodriguez, on Behalf of his minor daughter,
   Megan Rodriguez                                                $10,000,000.00
3. Stephen Williams                                                $2,500,000.00
4. Robyn Williams                                                  $2,500,000.00
5. Arturo Salinas                                                  $2,500,000.00
6. Elisa Salinas                                                   $2,500,000.00
7. Raul Rodriguez                                                 $10,000,000.00

1

The award was not segregated into amounts for state and federal damage claims. The Court notes that any damages awarded on state law claims under the Texas Tort Claims Act are capped at $250,000 per person and $500,000 per occurrence. See Tex. Civ. Prac. & Rem. Code Ann. § 101.023(c).

The Plaintiffs are entitled to recover the greatest relief under any theory that the verdict supports. *Tompkins v. Cy,* 202 F.3d 770, 786 (5th Cir. 2000). Accordingly, the Court issued its Final Judgment on June 28, 2002 and Writ of Mandamus and Clarification of Judgment on July 11, 2002, ordering the Defendant City of Harlingen to pay Plaintiffs money damages on their federal claims brought pursuant to 42 U.S.C. § 1983 in accordance with the damages awarded by the jury. However, On March 13, 2003, this Court entered an Order granting Defendant's Motion for Reconsideration of Motion for Renewed Judgment as a Matter of Law on the federal claims which vacated the Court's earlier judgment on the federal claims but let the jury's verdict on the state law claims stand. Now, the Court enters an amended judgment consistent with this memorandum decision.

**Plaintiffs' Damages Under State Law Claims**

There was only one occurrence in this case. *Texas Dep't of Mental Health v. Petty,* 817 S.W.2d 707, 720 (Tex. App. – Austin, 1991), *aff'd* 848 S.W.2d 707 (Tex. 1992). The term "per person" in the statute refers to each person injured or killed rather than each claimant. *City of Austin v. Cooksey,* 570 S.W.386, 389 (Tex. 1978). The damages awarded on the state law claims are therefore capped at $500,000.00 for the one occurrence even though there were three "person[s]" killed or injured.

The Court hereby ORDERS the Defendant City of Harlingen to pay $250,000.00 to Plaintiffs Gilberto M. Rodriguez, Individually, Gilberto M. Rodriguez, on Behalf of his minor daughter, Megan Rodriguez, Stephen Williams, and Robyn Williams for money damages on their state claims resulting from the death of Susan Rodriguez in proportion to the jury's verdict on the federal claims as follows:

1. Gilberto M. Rodriguez, Individually       $62,500.00 (250,000 X 5/20)
2. Gilberto M. Rodriguez, on Behalf of his minor daughter,
   Megan Rodriguez                           $125,000.00 (250,000 X 10/20)
3. Stephen Williams                          $31,250.00 (250,000 X 2.5/20)
4. Robyn Williams                            $31,250.00 (250,000 X 2.5/20)

The Court further ORDERS the Defendant City of Harlingen to pay $250,000.00 to Plaintiffs Raul Rodriguez, Arturo Salinas, and Elisa Salinas for money damages on their state claims resulting from Raul Rodriguez's own injury and the death of Ricardo Guillermo Salinas and in proportion to the jury's verdict on the federal claims as follows:

1. Raul Rodriguez          $166,666.00 (250,000 X 10/15)
2. Arturo Salinas          $41,667.00 (250,000 X 2.5/15)
3. Elisa Salinas           $41,667.00 (250,000 X 2.5/15)

**Post Judgment Interest**

The Court further ORDERS the Defendant City of Harlingen to pay Post Judgment interest on all the above amounts allowable by law under 28 U.S.C. § 1961 at the rate of 2.13% (percent) per annum from the June 28, 2002 (the date the original final judgment entered) until the date the judgment is paid.

3

**Writ of Mandamus**

The Court further ORDERS that a writ of mandamus issue for this judgment.

**This is a final judgment.**

Done this _____ day of _____, 2003, at Brownsville, Texas

_____
Honorable Hilda G. Tagle
United States District Judge

3163P.067

4