

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-98-163 |
| | { | |
| CITY OF HARLINGEN | { | |
| | { | |
| and | { | |
| | { | |
| RAUL RODRIGUEZ | { | |
| | { | |
| V. | { | CIVIL ACTION NO. B-99-70 |
| | { | |
| CITY OF HARLINGEN | { | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS'
PROPOSED AMENDED FINAL JUDGMENT**

TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorneys-in-Charge for *Defendant*, CITY
OF HARLINGEN, TEXAS

# TABLE OF CONTENTS

Page:

TABLE OF CONTENTS ................................................... ii

LIST OF AUTHORITIES ................................................. iii

I. Fails to Comply with Requirement for Separate Document ................. 1

II. Only One "Occurrence" Under Texas Tort Claims Act ..................... 1

III. Plaintiffs Not Entitled to Order Issuing Writs of Mandamus ................ 3

    1. Texas Tort Claims Act Regulates Collection of Judgment .............. 4

    2. Issuing a Writ of Mandamus is Premature ......................... 5

    3. Issuing a Writ of Mandamus Would Violate Rule 62(a) ............... 7

    4. Mandamus Is Premature Because the City is Entitled to
       Appeal Without Security Under Rule 62(f) ........................ 8

IV. Interest Should Run From Date of New Judgment ........................ 11

CERTIFICATE OF SERVICE .............................................. 13

## LIST OF AUTHORITIES

Page:

Cites:

*Castillo v. Montelepre, Inc.*, 999 F.2d 931
    (5th Cir. 1993) .................................................. 8, 9

*City of Austin v. Cooksey*, 570 S.W.2d 386 (Tex. 1978) ........................ 1

*City of Houston v. Hill*, 792 S.W.2d 176
    (Tex. App— Houston [1st Dist.] 1990, writ dism'd) .................... 5, 6, 9

*City of West University Place v. Martin*, 132 Tex. 354,
    123 S.W.2d 638 (1939) ............................................. 9

*Cozzo v. Parish of Tangipahoa*, 2000 WL 224141
    (E.D.La. 2000) .................................................. 10

*Doctors Hosp. Facilities v. Fifth Court of Appeals*,
    750 S.W.2d 177 (Tex.1988) ........................................ 6

*Elliott & Assoc., L.P. v. Banco de la Nacion*,
    2000 WL 1449862, *5 (SDNY 2000) .................................. 8

*Fina, Inc. v. Travelers Indemn. Co.*, 184 F.Supp.2d 547
    (N.D.Tex. 2002) .................................................. 3

*Greanias v. City of Houston*, 841 S.W.2d 411
    (Tex. App.–Houston [1st Dist.] 1992, no writ) ........................ 9

*H.E.Butt Grocery Co. v. Nat'l Union Fire Ins. Co.*,
    150 F.3d 526 (5th Cir. 1998) ...................................... 2, 3

*Harris County Flood Control Dist. v. Mihelich*,
    525 S.W.2d 406 (Tex. 1975) ....................................... 4

*Harris County v. Walsweer*, 930 S.W.2d 659
    (Tex. App.—Houston [1st Dist.]1996,
    writ denied) ..................................................... 6

*Herring v. Houston Nat'l Exchange Bank*, 113 Tex. 264,
    253 S.W. 813 (1923) ............................................. 6

*In re Dresser Industries, Inc.*, 972 F.2d 540
    (5th Cir. 1992) ................................................ 5

*In re Tarrant County*, 16 S.W.3d 914
    (Tex. App.— Fort Worth 2000, orig. proceeding) ..................... 6

*Kaiser Aluminum & Chem. Co. v. Bonjorno*,
    494 U.S. 827 (1990) ......................................... 11, 12

*Kreiser v. Hobbs*, 166 F.3d 736 (5th Cir. 1999) ....................... 11, 12

*KRW Sales, Inc. v. Kristel Corp.*, 154 F.R.D. 186
    (N.D. Ill. 1994) ................................................ 7

*Leroy v. City of Houston*, 906 F.2d 1068 (5th Cir. 1990) ................. 4

*National Surety Corp. v. Friendswood I.S.D.*,
    433 S.W.2d 690 (Tex. 1968) .................................. 4, 10

*Norris v. Bullock*, 580 S.W.2d 812 (Tex. 1979) ......................... 5

*Professional Ins. Management v. Ohio Cas. Group*,
    246 B.R. 47 (D.N.J. 2000), *rev'd on other grounds*,
    285 F.3d 268 (3rd Cir. 2000) .................................... 7

*Specialty Healthcare Management, Inc. v. St. Mary Parish Hosp.*,
    220 F.3d 650 n.6 (5th Cir. 2000) ................................ 4

*State ex rel. Wade v. Mays*, 689 S.W.2d 893
    (Tex. Crim. App. 1985) .......................................... 5

*Tarrant County v. English*, 989 S.W.2d 368
    (Tex. App.-Fort Worth 1998, pet. denied) ......................... 2

*Texas Dept. of Mental Health v. Petty*, 817 S.W.2d 707
    (Tex. App.-Austin 1991), *aff'd*
    848 S.W.2d 707 (Tex. 1992) ..................................... 2

*U.S. ex rel Garibaldi v. Orleans Parish School Bd*,
    1998 WL 774177 (E.D.La. 1998) .................................. 10

*Ward v. Chamberlain*, 67 U.S. 430 (1862) .................................. 8

*Whitehead v. K Mart Corp.*, 202 F.Supp.2d 525
    (S.D.Miss. 1999), *aff'd*, 332 F.3d 796,
    *3 (5th Cir. 2003)(en banc) .................................. 8

Federal Rules of Civil Procedure:

Rule 58(a)(1) .................................. 1

Rule 58(a)(1)(D) .................................. 1

Rule 58(d) .................................. 1

Rule 6(a) .................................. 7

Rule 62(a) .................................. 7, 8

Rule 62(b) .................................. 10

Rule 62(f) .................................. 8-10

Rule 69 .................................. 1, 4

Rule 69(a) .................................. 4

Rule 70 .................................. 4

Texas Civil Practice & Remedies Code Annotated:

§101.001 .................................. 4

§101.023(c) .................................. 1, 3

§101.107 .................................. 5, 10

§101.107(a) .................................................... 4

§101.107(b) .................................................. 4, 5

§101.108 ..................................................... 10

§6.002 ........................................................ 6

§6.002(b) ..................................................... 9

Texas Rules of Civil Procedure:

Rule 627 .................................................... 6, 8

Federal Statutes:

28 U.S.C. § 1961 ............................................... 11

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant CITY OF HARLINGEN and files this its Objections to Plaintiffs' Proposed Amended Final Judgment (Dkt # 261) and would show the Court as follows:

### I. Fails to Comply with Requirement for Separate Document

Federal Rule of Civil Procedure 58(a)(1) requires every judgment and "amended judgment" be set forth in a separate document. However, it may contain an order disposing of a motion for new trial under Rule 59. FED. R. CIV. P. 58(a)(1)(D). Defendant City is entitled to (and does) request the judgment be set forth in a separate document. FED. R. CIV. P. 58(d).

Much of Plaintiffs' proposed judgment sets out the reasoning. Any such reasoning should be set out in a separate memorandum order; this is to prevent confusion over whether (and when) the court has entered a final and appealable judgment.

### II. Only One "Occurrence" Under Texas Tort Claims Act

Plaintiffs persist with their argument that there are three "occurrences" for calculating the cap under state law. The Court properly rejected this argument before. See Dkt # 228.

Plaintiffs' recovery is limited to $ 500,000.00, to be apportioned between them based on the ratio of their individual damages compared to the total amount of actual damages found by the jury. TEX. CIV. PRAC. & REM. CODE ANN. §101.023(c) (Vernon Supp. 2003); *City of Austin v. Cooksey,* 570 S.W.2d 386, 389 (Tex. 1978).

There is only one occurrence. The number of occurrences is not based on the number of wrongful acts; it is based on the cause for the injuries in question. *Texas Dept. of Mental Health v. Petty,* 817 S.W.2d 707, 720 (Tex. App.–Austin 1991), *aff'd* 848 S.W.2d 707 (Tex. 1992)(plaintiff who was wrongfully kept in mental hospital over many years, held to be one 'occurrence' for purposes of cap); *Tarrant County v. English,* 989 S.W.2d 368, 379 (Tex. App.–Fort Worth 1998, pet. denied)(damage to land caused by migrating pollution from county property over several years, held one 'occurrence' for purpose of cap).

Plaintiffs cite *H.E. Butt Grocery Co. v. Nat'l Union Fire Ins. Co.,* 150 F.3d 526 (5th Cir. 1998) as support for arguing that there were three "occurrences," not one. This was an insurance policy case in which an HEB employee sexually molested two children, each on two different days a week apart. *Id.* at 528. The HEB's liability insurance policy defined "occurrence" as "an event, including continuous or repeated exposure to conditions, which result[s] in Personal Injury or Property Damage during the policy period, neither expected nor intended from the standpoint of the Insured." *Id.* at 529. The policy has a $1 million "per occurrence" limit. *Id.* at 528. The insurer argued there was only one occurrence because the root cause was HEB's negligent supervision. *Id.* The Fifth Circuit decision upheld a ruling that there were two "occurrences," although there was no clear agreement on the reasoning. Judges Garza and Benavides agreed that Texas insurance law focused on the number of events that cause injury and give rise to liability. *Id.* at 530, 535. They sharply disagreed over whether this meant examining the "immediate cause" of injury or the number of liability producing events. *Id.* at 530, n. 2, 535-536. However, they both agreed that

molesting two different children on two different days were independent injuries caused by separate acts. *Id.* at 534, 535.

*H.E.Butt Grocery* is distinguishable on its facts. First, it involved two different assaults on two different days. Under either test, in this case there is only one immediate cause or liability producing event from the standpoint of the City's liability. There was only one entrustment of the rifle and there was only one rifle. The City is not liable for Ernest Moore's acts, but rather only for the acts of its employees; the "liability producing event" for *the City* is the entrustment found by the jury. If all of the injuries stem from one, continuous cause, then there is only one occurrence; if the injuries stem from multiple causes, then there are multiple occurrences. *Fina, Inc. v. Travelers Indemn. Co.,* 184 F.Supp.2d 547, 551-552 (N.D.Tex. 2002)(finding that asbestos exposure to several workers at the same location at about the same time would be one "occurrence"; number of "occurrences" based on the number of different locations).

Second, the insurance policy had a definition of "occurrence." The section 101.023(c) does not define occurrence, much less define it in the same way.

### III. Plaintiffs Not Entitled to Order Issuing Writs of Mandamus

The proposed judgments provide that a writ of mandamus shall issue. Defendant objects to any provision on mandamus as contrary to the law and premature. The court vacated its earlier order to issue a mandamus. Dkt# 232, 235. The court should maintain its earlier ruling.

1.   <u>Texas Tort Claims Act Regulates Collection of Judgment</u>

In its judgment of June 28, 2002 [Dkt # 228], this Court correctly determined that the procedural law of the forum state, Texas, applies in proceedings supplementary to and in aid of the judgment (*see* FED. R. CIV. P. 69(a), and that Texas law provides that a writ of mandamus is the appropriate method for enforcing a money judgment against a city. *See* Judgment, at p.4 (citing *National Surety Corp. v. Friendswood I.S.D.*, 433 S.W.2d 690, 694 (Tex. 1968)). Rule 69 precludes issuing a writ of execution against a Texas city. *Leroy v. City of Houston,* 906 F.2d 1068, 1085 (5th Cir. 1990); *Specialty Healthcare Management, Inc. v. St. Mary Parish Hosp.,* 220 F.3d 650, 653 n.6 (5th Cir. 2000). Ordinarily, if a city declines to pay the judgment, the proper tool for collection is to issue a mandamus under Federal Rule of Civil Procedure 70. *Leroy,* 906 F.2d at 1085-86; *Specialty Healthcare,* 220 F.3d at 653 n.6.

However, the court is rendering judgment only under state law in accord with the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. §101.001, et seq. (Vernon 1997). A judgment in a suit under the TTCA may be enforced in the same manner as other judgments against the governmental unit are enforceable. TEX. CIV. PRAC. & REM. CODE ANN. §101.107(a) (Vernon 1997).[1] However, the judgment "need not be paid" by the governmental unit until the fiscal year following the fiscal year in which the judgment is final. TEX. CIV. PRAC. & REM. CODE ANN. §101.107(b) (Vernon 1997). A judgment is not "final" until after any appeal has run its course. *See Harris County Flood Control Dist. v.*

---

1  Section 101.107 codified the former Texas Revised Civil Statutes article 6252-19 §11 [repealed].

*Mihelich,* 525 S.W.2d 406, 511 (Tex. 1975)(after affirming judgment for plaintiff, Supreme Court noted that under prior version of section 101.107, district was entitled to make payments in "subsequent fiscal years"); *Norris v. Bullock,* 580 S.W.2d 812, 814 (Tex. 1979)(Supreme Court issued mandamus against comptroller to pay judgment that court of appeals affirmed in 1977).

Therefore, no writ of mandamus is available (1) until after any appeal runs its course, and (2) then only in the following fiscal year.

2.   Issuing a Writ of Mandamus is Premature

Plaintiffs have failed to show they are currently entitled to mandamus. First, they have not shown the prerequisites for mandamus. Second, if it is ever necessary, it is not available until the fiscal year after the fiscal year in which the judgment becomes final. TEX. CIV. PRAC. & REM. CODE ANN. §101.107(b) (Vernon 1997).

First, under the procedural law of the state of Texas, mandamus is an extraordinary remedy. Mandamus will issue only when relief sought is "clear and indisputable" such that the merits are "beyond dispute." *State ex rel. Wade v. Mays,* 689 S.W.2d 893, 897 (Tex. Crim. App.1985); *see also City of Houston v. Hill,* 792 S.W.2d 176, 179-80 (Tex. App— Houston [1st Dist.] 1990, writ dism'd) (where city alleges that judgment was invalid on grounds that would support a bill of review, plaintiff in a mandamus proceeding to enforce the judgment against the city must show that the city's bill of review is not colorable). The same burden applies in federal mandamus procedures. *See In re Dresser Industries, Inc.,* 972 F.2d 540, 543 (5th Cir. 1992) (petitioner must establish clear and "indisputable" right to be

entitled to mandamus). In addition, to be entitled to mandamus in aid of a judgment, there must be a demand for compliance with the judgment, and an unjustifiable refusal. *See Harris County v. Walsweer*, 930 S.W.2d 659, 668 (Tex. App.—Houston [1st Dist.]1996, writ denied) (citing *Doctors Hosp. Facilities v. Fifth Court of Appeals*, 750 S.W.2d 177, 178 (Tex.1988)).

The party seeking to enforce judgment against a municipality by mandamus bears the burden of proof. *City of Houston,* 792 S.W.2d at 180. In this case, plaintiffs have not [and cannot] show that the City currently has a clear and *undisputable* duty to satisfy the judgment. Pending the resolution of post-judgment motions and eventual appeal, the City has no clear and indisputable duty to pay. TEX. R. CIV. P. 627 (writ of execution cannot issue until 30 days after court has overruled motion for new trial); TEX. CIV. PRAC. & REM. CODE ANN. §6.002 (if a city files a timely appeal, no supersedeas bond will be required to suspend the City's obligation to pay the judgment during the pendency of the appeal); *Herring v. Houston Nat'l Exchange Bank*, 113 Tex. 264, 253 S.W. 813 (1923) (appeal supercedes mandamus compelling payment); *In re Tarrant County*, 16 S.W.3d 914 (Tex. App.— Fort Worth 2000, orig. proceeding) (county has absolute right to supersede judgment by filing notice of appeal).

On Monday, July 15, 2002, the City's Commission adopted a resolution that states its intent to pursue its post-judgment and appellate remedies. A certified copy of that resolution was attached as exh. 1 to the City's Motion to Vacate the Writ of Mandamus [Dkt 232]. However, that resolution also states its resolve that, if and to the extent liability imposed

under the judgment is affirmed and it thus becomes final and indisputable, it will take action to satisfy that liability.

While the resolution does not address the proposed judgments, it does demonstrate the City's intent to honor any judgment once appellate remedies are exhausted.

For these two reasons, plaintiffs' request for a writ of mandamus is not ripe. Their right, if any, to enforce such a judgment by mandamus will ripen only if, as and when the judgment becomes final in the sense of being no longer disputable on appeal, and when demand for payment of the final, indisputable judgment has been refused. Neither of these prerequisites for mandamus relief has been met in this case.

3.   Issuing a Writ of Mandamus Would Violate Rule 62(a)

Rule 62(a) provides, in pertinent part, that " . . . no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." The 10 day period of the automatic stay is calculated under Federal Rule of Civil Procedure 6(a). *KRW Sales, Inc. v. Kristel Corp.,* 154 F.R.D. 186, 188 (N.D. Ill. 1994); *Professional Ins. Management v. Ohio Cas. Group,* 246 B.R. 47, 73 (D.N.J. 2000), *rev'd on other grounds,* 285 F.3d 268 (3rd Cir. 2000). Rule 6(a) provides that when the period is less than 11 days, the period excludes Saturdays, Sundays, and legal holidays; if the last day falls on Saturday, the period runs until the next business day. Rule 6(a) defines "holiday" to include Independence Day, i.e., July 4, 2002.

Here, the first Final Judgment [Dkt # 228] was entered on June 28, 2002. It was vacated on March 13, 2003 [Dkt # 253]. The proposed judgments will substantially alter the

relief provided in the first Final Judgment. A substantial change or amendment starts the Rule 62(a) "automatic" 10 day stay again. *Elliott & Assoc., L.P. v. Banco de la Nacion*, 2000 WL 1449862, *5 (SDNY 2000). Therefore, the Rule 62(a) stay will recommence as soon as the proposed judgment is entered. The issuance of a writ of mandamus is a violation of the stay.

4. Mandamus Is Premature Because the City is Entitled to Appeal Without Security Under Rule 62(f)

Federal Rule 62(f) provides:

"In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded the judgment debtor had the action been maintained in the courts of that state."

The purpose of Rule 62(f) is to allow the judgment debtor who appeals in a federal forum the same treatment he would receive in the state forum. *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993); *Whitehead v. K Mart Corp.*, 202 F.Supp.2d 525, 531 (S.D.Miss. 1999), *aff'd*, 332 F.3d 796, *3 (5th Cir. 2003)(en banc). The Supreme Court said of the Rule 62(f)'s predecessor that it was Congress's intent to prevent a creditor suing in federal court from obtaining an advantage over another creditor suing in state court. *Ward v. Chamberlain*, 67 U.S. 430, 441 (1862).

Under state law, the City's motion for new trial would suspend execution until 30 days after the motion is overruled. TEX. R. CIV. PROC. 627; *see also, Whitehead*, 202 F. Supp.2d at 531-32. (recognizing Rule 62(f) gave federal defendant benefit of state procedural rule staying execution while motion for new trial was pending).

Also, Texas permits a city to suspend execution on appeal without giving a supersedeas bond. TEX. CIV. PRAC. & REM. CODE ANN. §6.002(b) (Vernon Supp. 2002); *City of West University Place v. Martin,* 132 Tex. 354, 123 S.W.2d 638 (1939)(appeal suspended writ of mandamus over building permit). This applies to appeals from mandamus actions to pay judgments against the city. *Greanias v. City of Houston,* 841 S.W.2d 411, 413 (Tex. App.–Houston [1st Dist.] 1992, no writ)(city clerk's appeal stayed writ of mandamus ordering clerk to approve issuance of bond to pay payment settlements); *City of Houston,* 792 S.W.2d at 179 (rule recognized).

The second prong under Rule 62(f) is that the judgment operates as a lien on the debtor's property. As this court's Final Judgment recognized, the judgment would not act as a literal lien under state law. However, the Fifth Circuit takes a functional approach, emphasizing that the purpose of this prong is to provide creditors with security while the debtor appeals. *Castillo,* 999 F.2d at 942. In *Castillo,* plaintiff obtained a judgment against the Louisiana Patient's Compensation Fund, a fund created to pay that part of judgments against doctors that exceeded statutory caps on personal liability. *Id.* at 933. Under state law, the Fund could appeal without supersedeas; if affirmed, the Fund would pay judgments in semi-annual payments, with any deficiency being carried over each year until paid. *Id.* at 942. The Fifth Circuit held this statutory scheme satisfied Rule 62(f). *Id.* First, the provision for payment of judgments was "sufficient security" to satisfy the purpose behind Rule 62(f). *Id.* Second, "great deference" must be given to the state legislature's manifest desire to allow the Fund to appeal without bond. *Id.*

This rationale has been applied to suits against state law officials who are entitled under state law to appeal without bond. *U.S. ex rel Garibaldi v. Orleans Parish School Bd*, 1998 WL 774177 (E.D.La. 1998)($23 million false claims judgment against school board stayed without bond under Rule 62(b) pending ruling on post-judgment motions based on state statute permitting it to appeal without bond)[2]; *Cozzo v. Parish of Tangipahoa*, 2000 WL 224141 (E.D.La. 2000)(sheriff and his deputies entitled to stay without bond based on state statute even though judgment was not technically a lien on their property, citing *Castillo*).[3]

State law provides Plaintiffs with security pending the outcome of the appeal, the "functional" equivalent of Rule 62(f)'s second prong. State law would allow them to mandamus the City to levy taxes or issue bonds to raise the funds. *Nat'l Surety Corp.*, 433 S.W.2d at 694; TEX. CIV. PRAC. & REM. CODE ANN., §101.107 - .108 (Vernon 1997). The power to tax is effectively substituted for a city's real or personal property. That power is the functional equivalent of a lien, or is even better. It does not fluctuate in value with markets or diminish with time; the city cannot dispose of it during the appeal's pendency. In short, a municipal creditor's power to recover is preserved under state law despite the lack of a supersedeas bond.

Therefore, there is no purpose to an order that mandamus may presently issue. The City is entitled to a stay without security under Rule 62(f).

---

2   The $23 million judgment was reversed and rendered for the school district. *U.S. ex rel Garibaldi v. Orleans Parish School Bd*, 244 F.3d 486 (5th Cir. 2001), *reh. denied*, 264 F.3d 1143 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 808 (2001).

3   The judgment against the sheriff was reversed on appeal. *Cozzo v. Parish of Tangipahoa*, 279 F.3d 273, 290, 295 (5th Cir. 2002).

## IV. Interest Should Run From Date of New Judgment

28 U.S.C. § 1961 provides that post-judgment interest shall be calculated "from the date of the entry of the judgment." The court may judicially note from its website that the current interest rate is 1.07%. Plaintiffs urge that interest run from the date of the July 2002 judgment at 2.13% (the rate at that time). Defendant urges that it must be calculated (1) at the current rate, and (2) from the date of the new judgment.

The purpose of post-judgment interest is to compensate the successful plaintiff for being deprived for the loss of time between the ascertainment of damage and payment by the defendant. *Kaiser Aluminum & Chem. Co. v. Bonjorno,* 494 U.S. 827, 835-36 (1990). The "ascertainment" is in a judgment. *Kreiser v. Hobbs,* 166 F.3d 736, 746 (5th Cir. 1999). The applicable rate is the rate at the time judgment is entered. *Kaiser,* 494 U.S. at 838. Damages under the TTCA were not "ascertained" or awarded in the July 2002 judgment; the federal law damages cannot be used as an ascertainment because they were significantly larger and the federal claims were later dismissed.

In *Kaiser,* Bonjorno recovered a judgment against Kaiser in August 1979 for $5.4 million; the district court granted a new trial on damages in 1981. *Id.* at 830. After a new trial on damages, the court entered a judgment for $9.5 million in December 1981. *Id.* In January 1983 the district court granted a motion to modify and reduced the damages; the court of appeals reversed and gave Bonjorno the entire 1981 judgment. *Id.* A dispute then arose over which judgment triggered section 1961 post-judgment interest; the lower court held interest ran from the 1981 judgment. *Id.* at 832.

The Supreme Court agreed. *Id.* at 836. Where the judgment for damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way. *Id.*

The Fifth Circuit's decision in *Kreiser* does not require interest run from July 2002. There, the jury found for plaintiff in March 1995; the trial court entered judgment for $100,000.00 in July 1995. 166 F.3d at 738. The defendant moved to modify, claiming the judgment should be reduced to $0 due based on settlement monies from a co-defendant. *Id.* In December 1995, the court entered an amended judgment rejecting the settlement credit and awarding post-judgment interest on the $100,000.00 from the date of trial, March 1995. *Id.* at 739. The Fifth Circuit modified the interest to run from July 1995, the date of the first judgment. 166 F.3d at 746. It was in that judgment that liability for $100,000.00 was first and "fully ascertained." *Id.*

*Kaiser* rather than *Kreiser* controls this case. The July 2002 judgment was based on a claim that was latter found unsupported by the law and/or the evidence. Damages under the TTCA were neither awarded nor apportioned; they were not "fully ascertained" in July 2002. Even if reducing damages from $35 million to $500,000.00 is viewed as a modification, the original judgment did apportion them; no one knew how much damages would be awarded to each plaintiff if actual damages were capped under state law.

**WHEREFORE, PREMISES CONSIDERED**, Defendant City of Harlingen prays that its objections to the proposed judgments be sustained, and it receive any other relief to which it is entitled.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for *Defendant*, CITY OF HARLINGEN, TEXAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this ____ day of July, 2003, to the following counsel of record and interested parties:

---

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and ARTURO GUILLERMO SALINAS, et al:

| | |
|---|---|
| Mr. Broadus A. Spivey<br>**SPIVEY & AINSWORTH, P.C.**<br>48 East Avenue<br>Austin, Texas 78701-4320 | *CMRRR 7002 2410 0002 3598 0720* |
| Ms. Sydney K. Powell<br>**LAW OFFICE OF SYDNEY POWELL**<br>1920 Abrams Parkway, Suite 369<br>Dallas, TX 75214 | *CMRRR 7002 2410 0002 3598 0737* |

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

Mr. Ramon Garcia  
Ms. Sonia Lopez  
**LAW OFFICES OF RAMON GARCIA, P.C.**  
222 West University Drive  
Edinburg, Texas 78539

*CMRRR 7002 2410 0002 3598 0744*

_____  
TOM LOCKHART