United States District Court
Southern District of Texas
FILED

AUG 0 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| | § | |
| Vs. | § | |
| | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| GILBERTO M. RODRIGUEZ, ET AL. | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| RAUL RODRIGUEZ | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO
PLAINTIFFS' PROPOSED AMENDED FINAL JUDGMENT**

TO THIS HONORABLE COURT:

COME NOW Plaintiffs, Gilberto M. Rodriguez, individually, on behalf of his minor daughter Megan Suzanne Rodriguez; Stephen L. Williams and Robyn S. Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, Surviving Parents of Ricardo Guillermo Salinas, deceased, in the above consolidated cases, and file this Plaintiffs' Response to Defendant's Objection to Plaintiffs' Proposed Amended Final Judgment.

1

**I.**

In Section IV of the Defendant's Objection to Plaintiffs' Proposed Amended Final Judgment, Defendant argues that the interest for Plaintiffs' state claims should run from the date of the new judgment because the damages under the state claims were not ascertainable in the original final judgment. The Defendant cited *Kaiser Aluminum & Chem. Co. v. Bonjorno*, 494 U.S. 827, 835-36(1990) and *Krieser v. Hobbs*, 166 F.3d 736, 746 (5th Cir. 1999) as supporting authority.

Defendant's argument is without merit because the cited cases do not support such an argument. The holdings of *Kaiser, Id.* and *Krieser, Id.* are not applicable to the present case because the factual situation in the present case is different from that in *Kaiser, Id.* and *Krieser, Id.* The holdings of *Kaiser, Id.* and *Krieser, Id.* support Plaintiffs' argument. Even assuming the holdings of *Kaiser, Id.* and *Krieser, Id.* are applicable to the present case, the postjudgment interest runs from the date that the original judgment was issued.

**II.**

In *Kaiser*, the plaintiffs brought their claims against defendants under federal antitrust law. The suit went through three trials. The district court, at the first trial, entered a directed verdict for Kaiser, which was reversed and remanded by the appellate court. A second trial resulted in a jury verdict for the plaintiffs in the trebled amount of $5,445,000. Judgment was entered on August 22, 1979 based on the verdict. The district court, later, granted Kaiser's motion for a new trial as to damages only. A limited retrial on damages resulted in a jury award on December 2, 1981 in the trebled amount of $9,567,939. Judgment was entered on December 4, 1981. On January 17, 1983, the

district court granted Kaiser's motion for judgment notwithstanding the verdict as to a portion of the damages awarded by the jury. The appellate court vacated the trial court's judgment entered on January 17, 1983, and reinstated and affirmed the judgment entered on December 4, 1981. *Kaiser*, 494 US at 829-830. The Supreme Court held that the Court of Appeals properly rejected plaintiffs' contention that the interest should be calculated from August 22, 1979 but erred in calculating the interest from December 2, 1981, rather than December 4, 1981. *Kaiser*, 494 US at 836. The postjudgment interest could not begin to accrue on August 22, 1979 because the judgment was completely reversed by the December 4, 1981 judgment. This holding is not dispositive of the present case.

In the present case, Plaintiffs brought their claims against the Defendant on two separate and independent statutes: one is under Texas Tort Claims Act (TTCA) and the other, under 42 USC § 1983. The jury found that the Defendant was liable for both statutes and found damages for Plaintiffs in the amount of $35,000,000.00. The Court noted that any damages awarded on state law claims under the TTCA are capped at $250,000 per person and $500,000 per occurrence. See Tex. Civ. Prac. & Rem. Code Ann. § 101.023(c). Because the Plaintiffs are entitled to recover the greatest relief under any theory that the verdict supports under *Tompkins v. Cy*, 202 F.3d 770, 786 (5th Cir. 2000), the Court issued its Final Judgment awarding Plaintiffs $35,000,000.00 under the federal damage claims on June 28, 2002. Even though on March 13, 2003, this Court entered an Order vacating its earlier judgment on Plaintiffs' federal claims, this Court also specifically stated that "[t]he jury's verdict on the state law claims stands." (Op. at 21).

3

The postjudgment interest for the Plaintiffs' state claims under TTCA should, therefore, run from June 28, 2002 because the Defendant's liability under TTCA was not reversed by the March 13, 2003 order. The June 28, 2002 judgment regarding the state law claims still stands.

### III.

In *Krieser*, Krieser brought a medical malpractice action against Baptist Memorial Hospital and Drs. Rogness and Hobbs. The case was tried in early 1995. On the third day of the eight-day trial, Krieser settled with Dr. Rogness for $650,000. Dr. Rogness was dismissed from the action that day. On March 8, 1995, the jury assessed no fault against Dr. Hobbs. It found Dr. Rogness and Baptist Memorial at fault, assessed total damages at $200,000, and apportioned 50% of the damages to the fault of Dr. Rogness and 50% to the fault of Baptist Memorial. The judgment, prepared pursuant to Fed R. Civ. P. 58 by the district court clerk, was dated March 8, 1995, the same day as the verdict. Pursuant to the district judge's instructions, the judgment was not entered until July 3, 1995. An amended judgment was entered on December 16, 1997, which provided for postjudgment interest from the date of the verdict, March 8, 1995. *Krieser*, 166 F.3d at 738-39. In the appeal, Baptist Memorial argued that postjudgment interest ran from the entry of the amended judgment on December 16, 1997. *Krieser*, 166 F.3d at 746. The Fifth Circuit rejected Baptist Memorial's argument and held that "the proper such entry was that of July 3, 1995, at which time Baptist Memorial's liability for $100,000 was fully ascertained," *Krieser*, 166 F.3d at 746, on the following reason:

> Along this line, § 1961 is silent as to which judgment, if there are amendments, triggers the interest. For this case, upon the entry of the original judgment, the damages were *fully ascertained.* That amount did *not* change upon entry of the amended judgment. The latter only deleted

the reference to the settling/dismissed defendant. Accordingly, the first entry of judgment, 3 July 1995, is the appropriate date from which such interest runs. *Accord Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2nd Cir.1998).

In the present case, as discussed above, the jury found that Defendant was liable for Plaintiffs' damages under the federal statute and the state statute in the amount of $35,000,000.00 and the Court noted that any damages awarded on state law claims under the TTCA are capped at $250,000 per person and $500,000 per occurrence. Now this Court took away Plaintiffs' federal law claims, but let Plaintiffs' state law claims stand. The damages recoverable under the state law are only a fraction of Plaintiffs' damages found by the jury

Accordingly, Defendant's liability under TTCA was fully ascertained at the time the Final Judgment was issued on June 28, 2002. *Krieser,* 166 F.3d at 746.

## IV.

It accords with the law to calculate the postjudgment interest for the Plaintiffs' state claims under TTCA from June 28, 2002. In *Brooks v. United States*, 757 F.2d 734 (5th Cir. 1985), an action was brought for damages to an airplane caused by construction work on the runway. The Fifth Circuit held that the district court properly awarded the plaintiff interest on the modified judgment from the date of original judgment when the judgment for plaintiff was reduced after remand from the appellate court for reapportionment of fault. *Brooks v. United States*, 757 F.2d at 741.

In the present case, the March 13, 2003 order vacating the federal law claims and sustaining the state law claims, reduced Plaintiffs' recovery from $35,000,000.00 to $750,000.00 or $500,000.00. Therefore, the postjudgment interest for the Plaintiffs' state claims under TTCA from June 28, 2002.

## PRAYER

Plaintiffs request that the postjudgment interest on Plaintiffs' state law claims allowable by law under 28 U.S.C. § 1961 be calculated at the rate of 2.13% (percent) per annum from the June 28, 2002 (the date the original final judgment entered) until the date the judgment is paid and grant any and all further relief that justice requires.

Respectfully submitted,

**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, TX 78701
512+474-6061
512+474-1605 (fax)

By *(signature)*
Broadus A. Spivey
State Bar No. 00000076
Federal I.D. No. 11146
Price Ainsworth
State Bar No. 00950300
Federal I.D. No. 8065


Richard Pena
Law Offices of Richard Pena, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747
512+327-6884
512+327-8354 (fax)

**ATTORNEYS–IN–CHARGE FOR PLAINTIFFS
ARTURO G. SALINAS, ET AL and GILBERTO M. RODRIGUEZ, ET AL**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded to following counsel of record via certified mail return receipt requested on this 31st day of July, 2003:

Mr. Tom Lockhart     *Via Certified Mail RRR#70020860000649205126*
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
ATTORNEYS-IN-CHARGE FOR
DEFENDANT CITY OF HARLINGEN

Mr. Ramon Garcia     *Via Certified Mail RRR#70020860000649205133*
Ms. Sonia I. Lopez
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, TX 78539
ATTORNEYS-IN-CHARGE FOR PLAINTIFF RAUL RODRIGUEZ

Ms. Sidney K. Powell
LAW OFFICE OF SIDNEY POWELL
1920 Abrams Parkway, Suite 369
Dallas, TX 75214

Mr. Richard Pena
LAW OFFICES OF RICHARD PENA, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747

                                        */s/ Francis Pan for*
                                        Broadus A. Spivey

3163P.069