IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN | { | |
| and | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN | { | |
| and | { | |
| RAUL RODRIGUEZ | { | CIVIL ACTION NO. B-99-70 |
| V. | { | |
| CITY OF HARLINGEN | { | |

**CITY OF HARLINGEN'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **CITY OF HARLINGEN** and files this its Response to Plaintiffs' Notice of Supplemental Authority, and would show the Court as follows:

I.

Plaintiffs' Notice of Supplemental Authority (Dkt # 264) brought to this Court's attention *Scanlan v. Texas A & M University*, __ F.3d __, 2003 WL 21961422 (5th Cir. August 19, 2003). It ends by requesting the Court reinstate its earlier judgment.

II.

First, Texas A & M University has filed a petition for rehearing en banc in *Scanlan*. Harlingen believes there is a good chance this motion will be granted. *See e.g., McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002)(en banc), *cert. denied*, 123 S. Ct. 1355 (2003).

Second, Scanlan neither discussed nor modified the Fifth Circuit's decision in *Morin v. Moore*, 309 F.3d 316 (5th Cir. 2003). As this Court recognized, *Morin* is very nearly a "white horse" case. Dkt # 253. The Fifth Circuit held that, if the "state created danger" doctrine is ever to exist, it requires deliberate indifference; this means that the state actor must intentionally create a dangerous environment, must know that the environment is dangerous, and create a risk of harm that would not otherwise exist. 309 F.3d at 322. Further, the state actor must know the identity of the specific victim. *Id.*

The Morin's state created danger claim failed because there was no evidence that a city employee intentionally created a risk of harm for the Morin family or that the risk would not have existed but for the defendants' actions. *Id.* at 324.

Plaintiffs' evidence never became better than the allegations found insufficient in

*Morin*. They were even less egregious than *McClendon*, where the police officer handed the perpetrator the handgun; that was no more than negligence and therefore insufficient. 305 F.3d at 326.

Third, even if the Fifth Circuit does not agree to rehear *Scanlan*, en banc, its facts are considerably different. There, plaintiffs alleged the University knew the structure was dangerous, knew the identity of the students working on it, and encouraged them to work on the dangerous structure. *Scanlan, Id.* at *4. No one encouraged Ernest Moore to take the rifle. Likewise, the City did not encourage the Border Patrol agents or deputy Rodriguez to put themselves in harms way. Therefore, the case does not support entry of judgment for Plaintiffs on a claim under 42 U.S.C. § 1983.

### III.

Plaintiffs further asked the Court reinstate the earlier judgment and writ of mandamus. If the Court is inclined to reconsider the entire matter, Defendant asks to also consider all the grounds raised in (1) Defendant's Renewed Motion for Judgment as a Matter of Law (Dkt # 217), and (2) Defendant's Motion for New Trial on Damages and/or Remititure (Dkt # 234). With respect to the request for mandamus relief, the City re-urges the same grounds and authorities cited in its Motion to Vacate Writ of Mandamus (Dkt # 234).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Court deny the relief requested by Plaintiffs and any such relief to which it may show itself entitled.

                    Respectfully submitted,

By: _____
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
**ADAMS & GRAHAM, L.L.P.**
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant, CITY OF HARLINGEN, TEXAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 25 day of September, 2003, to the following counsel of record and interested parties:

---

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and ARTURO GUILLERMO SALINAS, et al:

Mr. Broadus A. Spivey                                                          *Via Ordinary Mail*
**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, Texas 78701-4320

Ms. Sydney K. Powell                                                 *CM/RRR 7002 0510 0004 1769 2620*
**LAW OFFICE OF SYDNEY POWELL**
1920 Abrams Parkway, Suite 369
Dallas, TX 75214

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

Mr. Ramon Garcia  
Ms. Sonia Lopez  
**LAW OFFICES OF RAMON GARCIA, P.C.**  
222 West University Drive  
Edinburg, Texas 78539

*CM/RRR 7002 2410 0002 3603 8628*

_____  
ROGER W. HUGHES

Defendant's Response to Plaintiffs' Notice of Supplemental Authority  
[10-fmg] C:\Files\H1023B\Federal Filings\Rsp2PltsNotSuppAuthority

Page 5 of 5