266

United States District Court
Southern District of Texas
FILED

OCT - 8 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| | § | |
| Vs. | § | |
| | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| GILBERTO M. RODRIGUEZ, ET AL. | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS; | § | |
| | § | |
| And | § | |
| | § | |
| RAUL RODRIGUEZ | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| | § | (Consolidated with B-98-162) |
| CITY OF HARLINGEN, TEXAS. | § | |

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

TO THIS HONORABLE COURT:

COME NOW Plaintiffs, Gilberto M. Rodriguez, individually, on behalf of his minor daughter Megan Suzanne Rodriguez; Stephen L. Williams and Robyn S. Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, Surviving Parents of Ricardo Guillermo Salinas, deceased, in the above consolidated cases, and file this Plaintiffs' Reply to Defendant's Response to Plaintiffs' Notice of Supplemental Authority.

1

## I.

On September 25, 2003, Defendant filed its Response to Plaintiffs' Notice of Supplemental Authority. In the Response, Defendant argued that the holding of *Morin v. Moore*, 309 F.3d 316 (5th Cir. 2003) requires a finding of deliberate indifference if the "state created danger" cause of action were held to exist. The Morin family did not have evidence to prove the element.

## II.

Morin case is a summary judgment case. The present case, however, resulted in a jury verdict. This Court submitted to the jury Question No. 2 concerning the "state-created" danger:

> Did a custom or policy made or adopted by the City of Harlingen with deliberate indifference cause a "state created" danger that was a proximate cause of the deaths of Susan Rodriguez and Ricardo Salinas and bodily injury to Raul Rodriguez?

This Court defined "deliberate indifference" as follows:

> To establish deliberate indifference, Plaintiffs must show:
>
> A.  The city officials created a dangerous environment;
> B.  The city officials knew it was dangerous; and
> C.  The city officials used their authority to create an opportunity that would otherwise not have existed for the third party's crime to occur.
>
> Put otherwise, the City must have been at least deliberately indifferent to the plight of Susan Lynn Rodriguez, Ricardo Salinas, and Raul Rodriguez; ...

After considering the question and definition for more than half a day, the jury answered "Yes" to Question No. 2.

## III.

The "Yes" answer indicates that Plaintiffs presented sufficient evidence to convince the jury to give such an answer. In the Final Jury Instruction, this Court gave the jury the following instruction:

> There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. <u>As a general rule, the law makes no distinction between direct and circumstantial evidence,</u> but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

(Emphasis added). (*See* page 3). In *Desert Palace, Inc. v. Costa*, 123 S.Ct. 2148, 2154, the U.S. Supreme Court held:

> The reason for treating circumstantial and direct evidence alike is both clear and deep- rooted: "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Rogers v. Missouri Pacific R. Co.,* 352 U.S. 500, 508, n. 17, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).

Thus, it was error for the Court to grant the Defendant's Motion for Judgment as a Matter of Law. The Final Judgment entered on June 28, 2002 and the Writ of Mandamus and Clarification of Judgment entered on July 11, 2002 should be reinstated.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court reinstate the Final Judgment entered on June 28, 2002 and the Writ of Mandamus and Clarification of Judgment entered on July 11, 2002.

Respectfully submitted,

**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, TX  78701
512+474-6061
512+474-1605 (fax)


By _____

Broadus A. Spivey
State Bar No. 00000076
Federal I.D. No. 11146
Price Ainsworth
State Bar No. 00950300
Federal I.D. No. 8065


Richard Pena
Law Offices of Richard Pena, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747
512+327-6884
512+327-8354 (fax)

**ATTORNEYS–IN-CHARGE FOR PLAINTIFFS
ARTURO G. SALINAS, ET AL and GILBERTO M.
RODRIGUEZ, ET AL**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded to following counsel of record via certified mail return receipt requested on this 3rd day of October, 2003:

Mr. Tom Lockhart        *Via Certified Mail RRR#7001 2510 0003 5028 7681*
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
ATTORNEYS-IN-CHARGE FOR
DEFENDANT CITY OF HARLINGEN

4

Mr. Ramon Garcia        *Via Certified Mail RRR#7001 2510 0003 5028 7674*
Ms. Sonia I. Lopez
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, TX 78539
ATTORNEYS-IN-CHARGE FOR PLAINTIFF RAUL RODRIGUEZ

Price Ainsworth

3163P.071

5