United States District Court
Southern District of Texas
FILED

DEC 0 1 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| Vs. | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| And | § | |
| GILBERTO M. RODRIGUEZ, ET AL. | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN, TEXAS; | § | (Consolidated with B-98-162) |
| And | § | |
| RAUL RODRIGUEZ | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| CITY OF HARLINGEN, TEXAS. | § | (Consolidated with B-98-162) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

TO THIS HONORABLE COURT:

COME NOW Plaintiffs, Gilberto M. Rodriguez, individually, on behalf of his minor daughter Megan Suzanne Rodriguez; Stephen L. Williams and Robyn S. Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, Surviving Parents of Ricardo Guillermo Salinas, deceased, in the above consolidated cases, and file this Plaintiffs' Response to Defendant's Notice of Supplemental Authority.

1

**I.**

On November 14, 2003, Defendant filed its Notice of Supplemental Authority. In the Notice, Defendant argued that the Fifth Circuit has not recognized the state-created danger doctrine based on the holding of *Rivera, et al. v. HISD*, --- F.3d ----, 2003 WL 22416062, No. 03-20098, (5th Cir.), issued on November 07, 2003 and *Scanlan v. Texas A&M University*, 343 F.3d 533 (5th Cir. 2003).

**II.**

Even though having not recognized the state-created danger doctrine, the Fifth Circuit has not rejected the doctrine outright as Judge Parker pointed out in his dissenting opinion in *McClendon v. City of Columbia*, 305 F.3d 314, 334 (5th Cir. 2002). This indicates that the holding of *Rivera* and *Scanlan* does not change the applicability of the "state-created danger" theory of recovery in the present case.

At the time, Plaintiffs filed the present suits against Defendant under the state-created danger doctrine. Plaintiffs took the position that though the theory had not been expressly adopted, the Fifth Circuit has repeatedly discussed the third-party exception based on a state-created danger without sustaining liability because of each prior case's own factual deficiencies. *Doe v. Hillsboro I.S.D.*, 113 F. 3d 1412, 1414 (5th Cir. 1997)(en banc). On July 26, 2001, the theory was formally adopted by the Fifth Circuit in *McClendon v. City of Columbia*, 258 F.3d 432 (5th Cir. 2001). However, not long after the jury verdict rendered in the suits in favor of Plaintiffs on February 28, 2002, the Fifth Circuit granted rehearing en banc in *McClendon* on March 13, 2002. *McClendon v. City of Columbia*, 285 F.3d 1078 (5th Cir. 2002). Fully aware of the granting en banc rehearing automatically vacated the panel opinion and the state-created danger was

restored to the pre-*McClendon* status, this Court rendered final judgment in favor of Plaintiffs and against Defendant on the state-created danger doctrine on June 28, 2002.

### III.

More importantly, there are clear distinction between this case and *Rivera* and *Scanlan*. *Rivera* is a summary judgment case. Six separate lawsuits in the *Scanlan* case were dismissed without a trial. The present case, however, resulted in a jury verdict. This Court submitted to the jury Question No. 2 concerning the state-created danger:

> Did a custom or policy made or adopted by the City of Harlingen with deliberate indifference cause a "state created" danger that was a proximate cause of the deaths of Susan Rodriguez and Ricardo Salinas and bodily injury to Raul Rodriguez?

After considering the question for more than half a day, the jury answered "Yes" to Question No. 2. The "Yes" answer indicates that Plaintiffs presented sufficient evidence to convince the jury to give such an answer. Thus, The Final Judgment entered on June 28, 2002 and the Writ of Mandamus and Clarification of Judgment entered on July 11, 2002 should be reinstated.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court reinstate the Final Judgment entered on June 28, 2002 and the Writ of Mandamus and Clarification of Judgment entered on July 11, 2002.

Respectfully submitted,

**SPIVEY & AINSWORTH, P.C.**
48 East Avenue
Austin, TX 78701
512+474-6061
512+474-1605 (fax)

By /s/ Broadus A. Spivey
Broadus A. Spivey
State Bar No. 00000076
Federal I.D. No. 11146
Price Ainsworth
State Bar No. 00950300
Federal I.D. No. 8065

Richard Pena
Law Offices of Richard Pena, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747
512+327-6884
512+327-8354 (fax)

**ATTORNEYS-IN-CHARGE FOR PLAINTIFFS ARTURO G. SALINAS, ET AL and GILBERTO M. RODRIGUEZ, ET AL**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded to following counsel of record via certified mail return receipt requested on this 26th day of November, 2003:

Mr. Tom Lockhart            *Via Certified Mail RRR#7001 1140 0000 1141 5123*
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
ATTORNEYS-IN-CHARGE FOR
DEFENDANT CITY OF HARLINGEN

Mr. Ramon Garcia          ***Via Certified Mail RRR#7001 1140 0000 1141 5109***
Ms. Sonia I. Lopez
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, TX 78539
ATTORNEYS-IN-CHARGE FOR PLAINTIFF RAUL RODRIGUEZ

_____
Broadus A. Spivey

3163P.072

5