United States District Court
Southern District of Texas
FILED

JAN 1 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-162 |
| CITY OF HARLINGEN | { | |
| and | { | |
| GILBERTO M. RODRIGUEZ, ET AL | { | |
| V. | { | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN | { | |
| and | { | |
| RAUL RODRIGUEZ | { | CIVIL ACTION NO. B-99-70 |
| V. | { | |
| CITY OF HARLINGEN | { | |

**MOTION TO RECONSIDER DENIAL OF JUDGMENT AS A MATTER
OF LAW ON STATE LAW CLAIMS IN LIGHT OF NEW TEXAS SUPREME
COURT DECISION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, **CITY OF HARLINGEN** and files this its Motion to

Reconsider Denial of Judgment as a Matter of Law on State Law Claims in Light of New

Texas Supreme Court Decision.

## I. Certificate of Conference

Harlingen's counsel has conferred with counsel for all Plaintiffs; they oppose this motion.

## II. Status

After a verdict favorable to Plaintiffs, the Court entered a judgment for them on the federal claims. Dkt # 228, 232, 247. The court vacated its judgment and indicated it will issue a judgment granting relief only on the state law claims. Dkt # 253.

## III. Relief Requested

The Texas Supreme Court recently issued an opinion that "use" of personal property by a third party is not a "use" that waives sovereign immunity under the Texas Tort Claims Act. *See San Antonio State Hospital v. Cowan,* Case No. 03-0348 (Tex., January 8, 2004)[attached as Exh. A]. Harlingen requests the court reconsider its prior motions as to the state law claims and enter a judgment that Plaintiffs take nothing on the state law claims on immunity grounds.

## IV. Issues Presented

1. Whether allegedly failing to secure the City's rifle from use by or permitting its use by a third party is a "use" of personal property under Texas Civil Practice & Remedies Code section 101.021(2)[TTCA].

## V. Argument and Authorities

It was Plaintiff's theory that Det. R.D. Moore either failed to secure the HPD rifle or permitted his son, Ernest, to take it. The jury found negligent entrustment. Dkt # 207. It is undisputed that Ernest Moore was not employed by Harlingen.

At trial, Harlingen moved for judgment as a matter of law on the state law claims that sovereign immunity had not been waived under TTCA section 101.021(2). Dkt # 193, pp. 3, 16-17. It was denied. See docket note of oral ruling on 2/22/02. Harlingen raised the same issue again in its renewed motion for judgment as a matter of law. Dkt # 217, pp. 43-44. The Court denied that motion. Dkt # 224. The Texas Supreme Court has now issued a definitive ruling that the City's immunity is not waived by section 101.021(2) by Ernest's use of the rifle.

In *Cowan,* James Cowan was involuntarily committed to a state hospital for suicidal tendencies. Opinion, p. 1. The hospital took his clothing and personal effects, and then returned his suspenders and walker; he then used them to committed suicide. *Id.* There was no claim the suspenders or walker were otherwise defective. *Id.* His survivors sued, claiming the giving the property to a suicidal patient was a "use" of personal property within section 101.021(2). *Id.* at *2. The trial court denied the State's plea to the jurisdiction; the Texas Supreme Court reversed and dismissed for lack of jurisdiction. *Id.* at *1-2.

The waiver for "use" is use by the government's employees, not private persons.

"Thus, the Hospital's immunity can be waiver only for its own use of Cowan's

> walker and suspenders, and not by Cowan's use of them."

*Id.* at *2.

> A governmental unit does not "use" personal property merely allowing someone else to use it and nothing more. If all "use" meant were "to make available", the statutory restriction would have very little force. . . . By providing Cowan his walker and suspenders, the Hospital did not "use" them within the meaning of section 101.021(2).

*Id.*

The application to this case is direct and clear. Even if Det. Moore gave, furnished, or permitted Ernest's use of the HPD rifle, that was not a "use" within section 101.021(2).

In *Cowan,* the Texas Supreme Court clearly rejects the Fifth Circuit's construction of section 101.021 in *Morin v. Moore,* 309 F.3d 316 (5th Cir. 2002). There, in construing section 101.021(2), the 5th Cir stated: "Because we have determined that there are adequate allegations of negligent entrustment against Officer Moore, who obtained the gun from the police department, and because the plaintiffs have alleged that Officer Moore was acting within the scope of his employment, a claim under the TTCA has been properly alleged against the City." 309 F.3d at 328. Short of it is, *Cowan* holds instead that an entrustment claim cannot support a negligent use of property claim under the TTCA since entrustment (allowing access) is not "use." Because there is an intervening decision from Texas' highest court that makes *Morin* incorrect about section 101.021(2), this Court is not bound by *Morin*'s holding on that issue. *See Lee v. Frozen Food Expr., Inc.,* 592 F.2d 271, 272 (5th Cir. 1979).

At this time, the Court still has power to reconsider its earlier rulings. There is no judgment in place so Rules 59 and 60 do not apply. Prior to entering a final judgment, the Court has power to reconsider its interlocutory rulings. *American Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514-16 (4th Cir. 2003); *Technical Resource Servs., Inc. v. Dornier Med. Sys., Inc.,* 134 F.3d 1458, 1465 n. 9 (11th Cir. 1998); *Langevine v. Dist. of Columbia,* 106 F.3d 1018, 1023 (D.C.Cir. 1997). Good cause exists because there is now a definitive ruling from the highest state court on a jurisdictional issue, i.e., waiver of immunity.

## VI. Conclusion

The court should reconsider and grant Defendant City of Harlingen's Motion for Judgment as a Matter of Law and the Renewed Motion on the state law claims, grant the motion, dismiss the state law claims because immunity is not waived, or enter judgment that Plaintiffs take nothing.[1]

Respectfully submitted,

By: _____
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500

---

[1] However, the Court must still rule on the remittitur request. FED. R. CIV. P. 50(c)(1).

ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorney-in-Charge for Defendant, CITY OF HARLINGEN, TEXAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this _13_ day of January, 2004, to the following counsel of record and interested parties:

---

Attorneys of record for Plaintiffs, GILBERTO M. RODRIGUEZ, et al and ARTURO GUILLERMO SALINAS, et al:

| | |
|---|---|
| Mr. Broadus A. Spivey<br>**SPIVEY & AINSWORTH, P.C.**<br>48 East Avenue<br>Austin, Texas 78701-4320 | *Via Facsimile: 512/474-1605*<br>*& Ordinary Mail* |
| Ms. Sydney K. Powell<br>**LAW OFFICE OF SYDNEY POWELL**<br>1920 Abrams Parkway, Suite 369<br>Dallas, TX 75214 | *Via Facsimile: 214/319-2502*<br>*& Ordinary Mail* |

Attorney of record for Plaintiff, RAUL RODRIGUEZ:

| | |
|---|---|
| Mr. Ramon Garcia<br>Ms. Sonia Lopez<br>**LAW OFFICES OF RAMON GARCIA, P.C.**<br>222 West University Drive<br>Edinburg, Texas 78539 | *Via Facsimile: 956/381-0825*<br>*& Ordinary Mail* |

_____
ROGER W. HUGHES

# IN THE SUPREME COURT OF TEXAS

NO. 02-0348

SAN ANTONIO STATE HOSPITAL, PETITIONER

v.

KIMBERLY COWAN, ET AL., RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

**Argued February 12, 2003**

JUSTICE HECHT delivered the opinion of the Court.

Section 101.021(2) of the Texas Tort Claims Act waives governmental immunity for death caused by a use of tangible personal property.[1] The issue here is whether merely providing someone with personal property that is not itself inherently unsafe is a "use" within the meaning of the Act. We hold that it is not and accordingly reverse the judgment of the court of appeals[2] and dismiss the action against petitioner.

The probate court ordered James Roy Cowan, Jr. involuntarily committed to the San Antonio State Hospital because of his psychotic behavior, acute depression, and suicidal tendencies. As required by the order, the Hospital took possession of Cowan's personal effects, including his suspenders and walker, but allowed him to keep these latter items with him. Two days later, Cowan used his suspenders and a piece of pipe from the walker to commit suicide. His wife and children, respondents in this Court, sued the Hospital, petitioner here, for wrongful death. The trial court denied the Hospital's plea to the jurisdiction based on sovereign immunity, and the Hospital appealed.[3] A divided court of appeals affirmed, holding that "the Hospital employees misused the suspenders and walker by providing them to Cowan in view of his suicidal state",[4] and therefore its immunity from liability is waived by section

101.021(2) of the Tort Claims Act. We granted the Hospital's petition for review.[5]

Section 101.021(2) waives the State's immunity for death "so caused by a condition or use of tangible personal or real property".[6] Respondents do not complain of the condition of Cowan's walker and suspenders. They do not assert, for example, that the walker and suspenders were defective or that they lacked some safety feature. Rather, respondents contend, as the court of appeals held, that the Hospital misused the walker and suspenders by allowing Cowan to have them. Respondents concede that section 101.021(2) waives immunity for a use of personal property only when the governmental unit is itself the user. This limitation is not expressly stated in section 101.021, but we have read it into section 101.021(1),[7] which waives immunity for the use of motor-driven vehicles and equipment,[8] and there is no reason to construe "use" differently in section 101.021(2).[9] Thus, the Hospital's immunity can be waived only for its own use of Cowan's walker and suspenders, and not by Cowan's use of them.

Respondents argue, and the court of appeals concluded, that the Hospital used Cowan's walker and suspenders by giving them to him to use. But since 1973 we have consistently defined "use" to mean "'to put or bring into action or service; to employ for or apply to a given purpose'".[10] A governmental unit does not "use" personal property merely by allowing someone else to use it and nothing more. If all "use" meant were "to make available", the statutory restriction would have very little force. As difficult as the restriction has been to construe,[11] it was clearly intended as a real limit on the waiver of sovereign immunity.[12] Respondents assert only that the Hospital gave Cowan his walker and suspenders; they do not allege that the Hospital put the suspenders and walker into service or employed them for a given purpose. By providing Cowan his walker and suspenders, the Hospital did not "use" them within the meaning of section 101.021(2).

Respondents rely on *Overton Memorial Hospital v. McGuire*, but in that case the hospital was alleged to have used a bed without rails in a patient's post-operative treatment.[13] The hospital did not merely allow the patient access to the bed; it actually put the patient in the bed as part of his treatment. The use of property respondents allege does not rise to this level. Respondents also cite *Lowe v. Texas Tech University*[14] and *Robinson v. Central Texas MHMR Center*.[15] In *Lowe*, a football coach was alleged to have required a player to wear a uniform without a knee brace.[16] The allegation was that the

coach prescribed the uniform to be worn, not merely that he allowed the player to choose what to wear. Similarly, in *Robinson*, employees of a mental health center gave a patient swimwear without a life preserver.[17] As we explained in *Kerrville State Hospital v. Clark*: "The precedential value of [*Lowe* and *Robinson*] is . . . limited to claims in which a plaintiff alleges that a state actor has provided property that lacks an integral safety component and that the lack of this integral component led to the plaintiff's injuries."[18] As already noted, respondents make no such claim in this case.

While we continue to be troubled by the difficulties in construing section 101.021(2) that are intrinsic to its language and history, today's decision is rather clearly required by our long-standing definition of the word "use" in the statute. Because respondents failed to allege that Cowan's death was caused by the Hospital's use of property, its immunity is not waived by section 101.021(2). Accordingly, the judgment of the court of appeals is reversed, and respondents' action against the Hospital is dismissed.

 

Nathan L. Hecht
Justice

Opinion delivered: January 9, 2004

---

[1] TEX. CIV. PRAC. & REM. CODE § 101.021(2) ("A governmental unit in the state is liable for: . . . (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.").

[2] 75 S.W.3d 19 (Tex. App.—San Antonio 2001).

[3] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) ("A person may appeal from an interlocutory order of a district court . . . that: . . . grants or denies a plea to the jurisdiction by a governmental unit . . . .").

[4] 75 S.W.3d at 23.

[5] 46 Tex. Sup. Ct. J. 192 (Nov. 21, 2002); *see* TEX. GOV'T CODE §§ 22.001(a)(1), 22.225(b)(3), (c).

[6] TEX. CIV. PRAC. & REM. CODE § 101.021(2).

[7] *LeLeaux v. Hamshire-Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992) ("While the statute [section 101.021(1)] does not specify whose operation or use is necessary — the employee's, the person who suffers injury, or some third party — we think the more plausible reading is that the required operation or use is that of the employee. This

requirement is consistent with the clear intent of the Act that the waiver of sovereign immunity be limited.").

[8] TEX. CIV. PRAC. & REM. CODE § 101.021(1) ("A governmental unit in this state is liable for: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law . . . .").

[9] *Texas Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 869 n.2 (Tex. 2001); *see also DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995) ("Consistent with subsection 1, we construe subsection 2 of section 101.021 to predicate the governmental unit's respondeat superior liability upon the liability of its employee."); *cf. Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 612 (Tex. 2000) (distinguishing liability for "use", which must be based on the government's use, from liability for a "condition", which need not be).

[10] *Beggs v. Texas Dep't of Mental Health & Mental Retardation*, 496 S.W.2d 252, 254 (Tex. Civ. App.—San Antonio 1973, writ ref'd); *see also Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003); *Texas Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001); *White*, 46 S.W.3d at 869; *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996); *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989).

[11] *See Miller*, 51 S.W.3d at 589 (Hecht, J., concurring).

[12] *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998) ("If only involvement were required, the waiver of immunity would be virtually unlimited, since few injuries do not somehow involve tangible personal or real property. Requiring only that a condition or use of property be involved would conflict with the Act's basic purpose of waiving immunity only to a limited degree.").

[13] 518 S.W.2d 528, 528 (Tex. 1975) (per curiam).

[14] 540 S.W.2d 297 (Tex. 1976).

[15] 780 S.W.2d 169 (Tex. 1989).

[16] 540 S.W.2d at 298.

[17] 780 S.W.2d at 169.

[18] 923 S.W.2d 582, 585 (Tex. 1996).