United States District Court
Southern District of Texas
FILED

OCT 15 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | § | CIVIL ACTION NO. B-98-162 |
| Vs. | § | |
| CITY OF HARLINGEN, TEXAS; | § | |
| And | § | |
| GILBERTO M. RODRIGUEZ, ET AL | § | |
| Vs. | § | CIVIL ACTION NO. B-98-163 |
| CITY OF HARLINGEN, TEXAS; | § | (Consolidated with B-98-162) |
| And | § | |
| RAUL RODRIGUEZ | § | |
| Vs. | § | CIVIL ACTION NO. B-99-70 |
| CITY OF HARLINGEN, TEXAS. | § | (Consolidated with B-98-162) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to this Court's Order of September 30, 2004, Plaintiffs Gilberto M. Rodriguez, individually and on Behalf of his minor Daughter, Megan Suzanne Rodriguez and the Estate of his Wife Susan Lynn Rodriguez, deceased; Stephen L. Williams and Robyn S. Williams, Surviving Parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, individually and on Behalf of the Estate of their Son Ricardo Guillermo Salinas, deceased file this Supplemental Brief in support of Plaintiffs' Response to Defendant City of Harlingen's Motion to Reconsider Denial of

Judgment as a Matter of Law on State Law Claims in Light of a New Texas Supreme Court Decision and Plaintiffs' Motion to Reconsider the Court's Order of March 13, 2003. [Dkt. No. 270]

## I.

The law in the Fifth Circuit is still open on the issue of state-created danger. No Fifth Circuit decision since Plaintiff's last brief has changed the status of the jurisprudence in this circuit. *See Scanlan v. Texas A & M University*, 343 F.3d 533 (5th Cir. 2003)(allowing case to proceed to trial on state-created danger). The Fifth Circuit has recognized, however, that the great weight of authority of the other circuits recognizes liability for state-created danger. As this jury found, the City of Harlingen is and should be liable for creating the danger to the officers killed and injured under the facts presented in this case.

The Fifth Circuit has catalogued the decisions of the DC, Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits, each of which has accepted the state-created danger theory as a viable means of protecting a citizen's substantive due process rights. *McClendon v. City of Columbia*, 305 F.3d 314, 324 n.6 (5th Cir. 2002). Egregious action–shocking to the conscience–from which it is reasonable to infer, or it is foreseeable, that a particular injury will eventually occur, creates a relationship sufficient to trigger liability under the state-created danger theory. *See Rivas v. City of Passaic*, 365 F.3d 181, 196-97 (3rd Cir. 2004). The conduct of the City in this case on these facts "shocks the conscience" at every turn, and the jury here so found.

This Court's decision of March 13, 2003, setting aside the jury's verdict, wrongly did so on the premise that:

Any precaution the officers did or did not take, therefore, was not the result of Chief Scheopner's failure to warn, or mitigate a dangerous situation affirmatively created by the City. Therefore, assuming that Chief Scheopner possessed at least the knowledge that E. Moore had criminal intent based on the previous shootings, the evidence does not suggest that Chief Scheopner's failure to warn affirmatively placed the officers in a position of danger that they would not have otherwise faced. As a result of the officers' knowledge of the dangerous circumstances facing them at the Moore residence, Scheopner's actions did not strip the officers of their ability to defend themselves or cut off potential sources of private aid. [citations omitted].

The analysis in this order is too narrow and misses critical facts and circumstances that supported the jury's verdict. The City of Harlingen wrongly and with deliberate indifference created a foreseeable harm to the Plaintiffs in multiple ways. *Inter alia*, its practices and policies allowed R.D. Moore to take the AR-15 rifle home and teach his drug-addicted son to use it, thereby violating nationally accepted law enforcement standards for handling this weapon. The City compounded this harm when it called in the assistance of these Border Patrol agents and others to apprehend Ernest Moore, without fully informing or protecting them from the extreme danger he posed. Chief Scheopner, whom the jury could reasonably infer knew exactly how dangerous Ernest Moore was with this weapon, did nothing to countermand R.D. Moore's decision which forced the officers to remain outside the "safe haven" of Officer Moore's residence, rendering them "sitting ducks" for the crazed Ernest Moore. Scheopner made no effort to protect them despite his and R. D. Moore's full knowledge at that time of the specific, extreme risk posed to these particular officers by Ernest Moore's possession and trained use of this extremely powerful weapon that would pierce the officers' "bullet proof" vests.

This act meets even the Fifth Circuit's most narrow view of state-created danger. *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392 (5th Cir. 1999). These victims and the extreme danger they faced immediately before their deaths and injuries from the AR-15 in Moore's hands were specifically known to the City of Harlingen that night, the officers were there only because the City requested their help to apprehend Moore, and the danger to the officers existed and was increased because of the City's deliberate indifference. *Id.* (liability exists only if the state actor is aware of an immediate danger to a known victim). In addition, as briefed previously, the City ratified each of these wrongs by failing to take any disciplinary action against Moore or Schoepner.

In addition, foreseeing that a particular injury to "a limited and specifically definable group," which the injured person belongs to, is enough to trigger liability under the state-created danger theory. *Uhlrig v. Harder*, 64 F.3d 567, 574 (10th Cir. 1995). In *Rivas v. City of Passaic*, 365 F.3d at 197, the Third Circuit held:

> The third element in the *Kneipp* test inquires whether there existed some relationship between the state and the plaintiff. The relationship requirement under the state-created danger theory contemplates a degree of contact such that the plaintiff was a foreseeable victim of the defendant's acts in a tort sense. *See Kneipp,* 95 F,3d at 1209 n 22.
>
> In *Morse v. Lower Merion School District*, 132 F.3d 902 (3d Cir. 1997), we explained that the relationship must be sufficiently close to exclude "those instances where the state actor creates only a threat to the general population," but not so restrictive as to limit "the scope of § 1983 to those instances where a specific individual is placed in danger." *Id.* at 913. Attempting to find a workable medium between those two ends of the spectrum, we held in *Morse* that the plaintiff must be "a member of a discrete class of persons subjected to the potential harm brought about by the state's actions." *Id.*

The City in this case had a special relationship with both the perpetrator and the victims: It's deliberate indifference placed the AR-15 in the hands of Ernest Moore, and its

4

deliberate indifference called in the victims, placing them in harm's way, and forced them to remain outside the Moore residence where they made easy targets for Ernest Moore's vicious assault.

## II.

The jury was properly instructed, and the evidence, both direct and circumstantial, supports its verdict. In *Desert Place, Inc. v. Costa*, 539 U.S. 90, 100, 123 S.Ct. 2148, 2154 (2003), the Supreme Court directly held that "[t]he reason for treating circumstantial and direct evidence alike is both clear and deep-rooted: 'Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.' *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 508 (1957)." Unlike the other Fifth Circuit cases where the court has declined to squarely address the issue of state created danger, in this case, there is a full trial record of the state actor's conduct, evaluated by a jury that saw the witnesses, judged their credibility, and drew the reasonable inferences from that evidence.

This Court and the Fifth Circuit should settle the law in this circuit by affirming the jury's verdict in its entirety, consistent with the law of other circuits. The City of Harlingen was deliberately indifferent to the foreseeable and known consequences of its multiple outrageous actions. Its conduct shocks the conscience of everyone who hears these facts. It not only wrongly put this assault rifle in the hands of a madman, it also called in the assistance of these officers, then forced them to remain outside as ready targets.

Accordingly, for these reasons and all of those in our prior briefs, Plaintiffs request that the jury's verdict be affirmed in this Court's final judgment for $35 million

and state tort damages of $750,000.00

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court reinstate the Final Judgment entered on June 28, 2002 and the Writ of Mandamus and Clarification of Judgment entered on July 11, 2002.

        Respectfully submitted,

        **SPIVEY & AINSWORTH, P.C.**
        48 East Avenue
        Austin, TX 78701
        512+474-6061
        512+474-1605 (fax)

        By _____
        Broadus A. Spivey
        State Bar No. 00000076
        Federal I.D. No. 11146
        Price Ainsworth
        State Bar No. 00950300
        Federal I.D. No. 8065

        Richard Pena
        Law Offices of Richard Pena, P.C.
        Barton Oaks Plaza Two
        901 MoPac, Suite 325
        Austin, Texas 7746-5747
        512+327-6884
        512+327-8354 (fax)

        **ATTORNEYS–IN-CHARGE FOR**
        **PLAINTIFFS ARTURO G.**
        **SALINAS, ET AL and GILBERTO**
        **M. RODRIGUEZ, ET AL**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the above and foregoing document was forwarded on October 14, 2004, to counsel of record for parties via facsimile and U.S. mail:

Mr. Tom Lockhart
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
ATTORNEYS-IN-CHARGE FOR
DEFENDANT CITY OF HARLINGEN

Mr. Ramon Garcia
Ms. Sonia I. Lopez
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, TX 78539
ATTORNEYS-IN-CHARGE FOR
PLAINTIFF RAUL RODRIGUE

Broadus A. Spivey

3163P.077