IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
DEC 21 2004
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Arturo Guillermo Salinas, et al, | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | CIVIL CASE NO. B-98-162 |
| | § | (consolidated with B-98-163 & B-99- |
| | § | 70) |
| | § | |
| City of Harlingen, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION ACCOMPANYING FINAL JUDGMENT**

BE IT REMEMBERED that on December 21, 2004, the Court issued this memorandum opinion. The Court will enter its Final Judgment for this case in a separate document.

**I. Background**

The Court called this case for trial on February 11, 2002, and the jury returned a verdict that was not segregated into amounts for state and federal damage claims. The jury's verdict was in favor of Plaintiffs Gilberto Rodriguez, individually and on behalf of his minor daughter, Megan Suzanne Rodriguez and the estate of his wife, Susan Lynn Rodriguez, deceased; Stephen L. Williams and Robyn S. Williams, surviving parents of Susan Lynn Rodriguez, deceased; Arturo Guillermo Salinas and Elisa Herrera Salinas, individually and on behalf of their son, Ricardo Guillermo Salinas, deceased; and Raul Rodriguez.

The jury returned a verdict for Plaintiffs and awarded money damages totaling $35,000,000.00 as follows:

1. Gilberto M. Rodriguez, Individually                                $5,000,000.00
2. Gilberto M. Rodriguez, on behalf of his minor daughter,
   Megan Rodriguez                                                    $10,000,000.00
3. Stephen Williams                                                   $2,500,000.00
4. Robyn Williams                                                     $2,500,000.00

1

| | |
|---|---|
| 5. Arturo Salinas | $2,500,000.00 |
| 6. Elisa Salinas | $2,500,000.00 |
| 7. Raul Rodriguez | $10,000,000.00 |

Although the Court originally issued its final judgment in this case on June 28, 2002, it later considered Defendant's Motion for Reconsideration of its Motion for Renewed Judgment as a Matter of Law on the federal claims [Dkt. No. 246]. The Court granted this motion, and set aside the jury's verdict on the federal claims only. The Court noted in its March 2003 order that Defendant based its Motion for Reconsideration on the federal claims only, and the Court had previously determined the state claims survived Defendant's original Motions for Judgment as a Matter of Law. The Court did not, therefore, revisit arguments concerning the state claims. As a result, the Court noted the jury verdict remained valid on the state law claims. After requesting that Plaintiffs submit a proposed judgment in light of the Court's grant of Defendant's Motion for Reconsideration, but before the Court issued the final judgment, the parties filed various motions for reconsideration. The Court recently denied the last motion for reconsideration on September 30, 2004.

## II. State Law Damages Cap Under the Texas Tort Claims Act

Pursuant to Texas law, any damages awarded on state law claims under the Texas Tort Claims Act are capped at $250,000 per person and $500,000 per occurrence. See Tex. Civ. Prac. & Rem. Code Ann. § 101.023(c) (Vernon 1997). Section 101.023(c) limits the municipality's liability "to money damages in a maximum amount of $250,000 for each person and $500,000 for each single occurrence for bodily injury or death . . . ." The Parties do not dispute that "person" refers to each person killed or injured rather than each claimant. See City of Austin v. Cooksey, 570 S.W.2d 386, 389 (Tex. 1978). The state law damages are therefore capped at $250,000.00 per person for each of the three "person[s]" killed or injured: Raul Rodriguez, Susan Rodriguez, and Ricardo Salinas. The Parties disagree, however, on the number of occurrences for the purpose of capping the damages. The number of occurrences is not based on the number of wrongful acts; it is based on the cause for injuries in question. Texas Dep't of Mental Health v. Petty, 817 S.W.2d 707, 720 (Tex.

App,–Austin 1991), aff'd 848 S.W.2d 707 (Tex. 1992). Here, the occurrence giving rise to liability was not the actual shootings, or the number of injuries sustained during the shootings, but the City's act of causing the weapon to become available to Ernest Moore. Moreover, all the shootings occurred using the same gun on the same day, by the same person, in the same geographic vicinity. As in Petty, Plaintiffs alleged one, indivisible injury. The negligent entrustment of the AR-15 rifle to Detective R.D. Moore by Police Chief Schoepner was the proximate cause of the death and injury in this case. See Petty, 817 S.W.2d at 720 (holding "a single, ongoing, indivisible injury . . . resulting from the totality and orchestration of numerous negligent acts and omissions on the party of Department employees over many years . . . are not separable according to which caused a particular part of Ms. Petty's total injury, and no evidence purported so to distinguish her injuries."). Here, Plaintiffs allege one cause for all the injuries at issue, which constitutes one occurrence under the statute.

Damages awarded on state law claims are therefore capped at $500,000.00 for the one occurrence, even though there were three persons killed or injured. A total amount of $500,000 will be apportioned to each Plaintiff according to the jury's verdict on the federal claims:

| | |
|---|---|
| 1. Gilberto M. Rodriguez, Individually | $62,500.00 |
| 2. Gilberto M. Rodriguez, on Behalf of his minor daughter, Megan Rodriguez | $125,000.00 |
| 3. Stephen Williams | $31,250.00 |
| 4. Robyn Williams | $31,250.00 |
| 5. Raul Rodriguez | $166,666.00 |
| 6. Arturo Salinas | $41,667.00 |
| 7. Elisa Salinas | $41,667.00 |

### III. Prejudgment Interest

The Court cannot award prejudgment interest on the damage amounts for the state law claims because prejudgment interest does not accrue when the amount of the award exceeds the cap. Weller v. State, 682 S.W.2d 234, 234-35 (Tex. 1984); University of Texas at Austin v. Hinton, 8224 S.W.2d 197, 205 (Tex. App.–Austin, 1991,

reh'g overruled). Any award of prejudgment interest would exceed the cap in this case, and thus the Court awards no prejudgment interest.

### IV. Post Judgment Interest

Post Judgment interest is payable on the damage awards under 28 U.S.C. § 1961 at the rate of 2.13% (percent) per annum until the date the judgment is paid. The Court determines the date on which the Court first entered judgment on the state claims, June 28, 2002, and the corresponding rate of interest on that date, applies in this case. In Kreiser v. Hobbs, the Fifth Circuit held that under the specific circumstances of that case, post judgment interest should be applied from the date of the first judgment, rather than from the amended judgment, which was entered over two years after the date of the original judgment. 166 F.3d 736, 746 (5th Cir. 1999). The Fifth Circuit noted that generally section 1961 permits post judgment interest to run from the *entry* of judgment. The proper date of entry will run from the original judgment if liability was "fully ascertained." See id.

In this case, the delayed entry of judgment was through no fault of the parties and resulted from the Court's determination first to grant Defendant's Motion for Reconsideration of its Renewed Motion for Judgment as a Matter of Law and then the Court's determination of several motions for reconsideration, the most recent of which the Court disposed of on September 30, 2004. The Court noted in its order granting Defendant's Motion for Reconsideration of its Renewed Motion for Judgment as a Matter of Law that the state law claims and jury verdict remained valid, as determined in the Court's original final judgment. Thus, Defendant's liability on the state law claims was "fully ascertained" on the date of the first entry of judgment, June 28, 2002. Because the entry of the original judgment was delayed while the Court disposed of the various motions for reconsideration, Plaintiffs should not be penalized. See id. (citing Louisiana & Arkansas Railway Co. v. Pratt, 142 F.2d 847, 849 (5th Cir. 1944)). Thus, as in Kreiser, the Court makes an exception to the rule under section 1961 and allows post judgment interest to accrue from the date of the original entry of judgment, June 28, 2002.

## V. Writ of Mandamus

A federal judgment is normally enforced by a writ of execution. See Fed. R. Civ. P. 69(a). However, Texas law controls execution of a judgment against a municipality and no writs of execution or garnishment against a city may issue. Under Tex. Prop. Code Ann. 43.002 (Vernon Supp. 2002), city property and monies are exempt from garnishment or forced seizure. Id. The appropriate method under Texas law to enforce judgment is through a writ of mandamus to order city officials to pay the judgment from general funds or levy and collect taxes sufficient to pay the judgment. National Surety Corp. v. Friendswood I.S.D., 433 S.W.2d 690, 694 (Tex.1968); Harris County v. Walsweer, 930 S.W.2d 659, 668 (Tex. App.–Houston [1st Dist.] 1996); see also Leroy v. City of Houston, 906 F.2d 1068, 1085 (5th Cir. 1990) (noting that Federal Rule of Civil Procedure 69(a) execution against the City was improper and any enforcement of judgment should be by mandamus or under Fed.R.Civ.P. 70 as interpreted by the Fifth Circuit in *Gates v. Collier,* 616 F.2d 1268 (5th Cir.1980)).

Defendant makes several points concerning the issuance of a writ of mandamus against the City–most notably that such a writ of mandamus is premature. The Court agrees. Several main points convince the Court the issuance of a mandamus is not proper at this time. First, Plaintiffs have not complied with the prerequisites for mandamus relief because they have not made demands on the City, through the proper officials, for payment of the judgment. See Walsweer, 930 S.W.2d at 668 (citing Doctors Hosp. Facilities v. Fifth Court of Appeals, 750 S.W.2d 177, 178 (Tex. 1988)). Second, the City has not refused to pay the judgment, and to the contrary indicates it will pay the judgment if the judgment is upheld on appeal.[1] See id. Finally, if an appeal is filed, mandamus may be appropriate after the Fifth Circuit renders its final decision on appeal. See, e.g., Norris v. Bullock, 580 S.W.2d 812, 814 (Tex. 1979) (Court

---

[1] Defendant notes that under section 101.107(b) of the Texas Tort Claims Act, the City may pay the judgment in the first fiscal year following the fiscal year in which the judgment becomes final, which lends support to Defendant's argument that mandamus is premature. See Tex. Civ. Prac. & em. Code Ann. § 101.107(b).

conditionally granted mandamus if comptroller failed to comply with judgment after lower court judgment affirmed on appeal).

In short, Plaintiffs have not sustained their burden of demonstrating mandamus relief is necessary or appropriate at this time.  See, e.g., In re Dresser Indus., Inc., 972 F.2d 540, 543 (5th Cir. 1992) (discussing movant's burden to show clear and "indisputable" right to mandamus relief); City of Houston v. Hill, 792 S.W.2d 176, 179-80 (Tex. App.–Houston [1st Dist.] 1990, writ dism'd) (discussing Plaintiff's burden).

## VI. Conclusion

The Court will issue its final judgment in this case contemporaneously with this memorandum opinion.

DONE this 21st day of December, 2004 at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge