United States District Court
Southern District of Texas
FILED

AUG 2 2 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL | { | |
| | { | |
| V. | { | CIVIL ACTION NOS. B-98-162, |
| | { | |
| | { | B-98-163, B-98-164 |
| CITY OF HARLINGEN | { | |
| | { | |

**EMERGENCY JOINT MOTION FOR EXPEDITED HEARING
TO DETERMINE FAIRNESS OF MINOR SETTLEMENT**

--and--

**EMERGENCY JOINT MOTION TO AMEND FINAL JUDGMENT
TO EFFECTUATE SETTLEMENT AGREEMENT**

The parties have settled this case conditioned upon this Court's approval of the fairness of the settlement for the benefit of the minor plaintiff, Megan Rodriguez. Currently, the final judgment entered December 21, 2005 is on appeal, and the Fifth Circuit has abated the appeal to enable the parties to obtain this Court's approval of the settlement.[1/] All plaintiffs and the defendant City of Harlingen ("City") jointly request this Court to set and hold a fairness hearing on an expedited basis. In addition, all parties appear pursuant to FED. R. CIV. P. 60(b)(5) and/or 60(b)(6) to request the Court to vacate the December 21, 2004 judgment and enter a new final take-nothing judgment which effectuates the parties'

---

1   On July 1, 2005, in No. 05-40196, *Salinas et al v. City of Harlingen*, the 5th Circuit stayed the appeal and requested the parties to report on the progress of proceedings to consummate the settlement. On August 11, 2005, the parties filed a joint motion requesting the Court to extend the stay. That motion has been granted; a copy is attached as Ex. 3.

settlement. In support of this requested relief, the parties would respectfully show the Court the following:

I.  **BACKGROUND.**

1.   On December 21, 2004, the Court issued its final judgment in this case. (See Docket # 277). The total award to the plaintiffs is $500,000, plus post-judgment interest. The judgment awards a specific sum to each plaintiff, including $125,000, plus post-judgment interest, for Gilberto Rodriguez for the benefit of his minor daughter, Megan Rodriguez (hereinafter, "Megan"). The judgment also awards $62,500.00 to Gilberto Rodriguez in his personal capacity.

2.   On January 18, 2005, the plaintiffs appealed from the final judgment to the Fifth Circuit. (See Docket # 281). On January 24, 2005, the City cross-appealed. ( See Docket # 283). These appeals have been docketed by the Fifth Circuit as Nos. 05-40196, 05-40743, *Salinas et al v. City of Harlingen.*

3.   During the pendency of the appeal, the parties settled this case conditioned on this Court's approval of the settlement of Megan's claims. Essentially, the settlement agreement calls for a full release by all parties in exchange for payment by the City, through its self-insurance fund,[2] of $1,000,000.00, plus taxable costs in the agreed-upon amount of $14,361.21. The portion of the settlement for Megan's benefit calls for the City to fund a structured settlement by paying $241,076.11 to PASSCORP, for the use and benefit of

---

2   The self-insurance funds of the City are administered by the Texas Municipal League Intergovernmental Risk Pool (TML Risk Pool).

Megan.[3/] The settlement with all of the other plaintiffs will involve a cash payment to each, including $171,173.89 to Gilberto Rodriguez.[4/] The proposed payment structure can be held only through September 15, 2005; after that date, the structured payments available for the proposed sum may change. If the Court were to approve the settlement, this would need to be done well in advance of September 15, 2005, so that Fifth Circuit could remand to this Court for entry of a judgment.

4.      Having reached this conditional settlement, the parties requested the Fifth Circuit to stay the appeal pending this Court's approval of the minor settlement. On August 16, 2005, the Fifth Circuit abated the appeal indefinitely so that this Court may consider this request. *See* **Ex. 3**. The parties have request expedited consideration so that the proposed structured settlement for the minor, Megan Rodriguez, need not be recalculated.

## II.   DISCUSSION.

### A.   Motion for Court Approval of Minor Settlement.

5.      Under Texas law, court approval is required to compromise and settle a minor's claims. *St. John Stevedoring Co. v. Wilfred*, 818 F.2d 397 (5th Cir.) (citing TEX. R. CIV. P. 44), *cert. denied*, 484 U.S. 976 (1987). A parent prosecuting in the dual capacity of next friend of a minor and as a plaintiff in his own right may settle a case on behalf of the minor child, provided the parent's interest is not unfairly preferred to the detriment of the

---

3       Exhibit 1 details the terms of the structure.

4       Exhibit 2 details the specific amounts to be payable to each of the other plaintiffs.

*Woodfin v. Coleman*, 931 S.W.2d 383, 385 (Tex. App.—Austin 1996, writ denied); *Wilson v. Fisher*, 105 S.W.2d 304, 310 (Tex. Civ. App.—Austin 1937, writ ref'd), *cert. denied*, 302 U.S.746 (1937). Plaintiff Gilberto Rodriguez, who is prosecuting this suit in his own right and as next friend of his daughter, Megan, will share in the overall recovery offered by the City. Therefore, to the extent the Court determines that an attorney ad litem is necessary to ensure that the apportionment of the settlement funds between Gilberto and Megan is fair to Megan's interest, the parties request that such ad litem attorney be appointed forthwith. TEX. R. CIV. P. 173 (a guardian ad litem must be appointed when a minor is represented by a next friend or guardian who appears to the court to have an interest potentially adverse to the minor's).

6.   Accordingly, the parties jointly request that the Court (1) appoint as necessary an attorney ad litem to review the fairness of the settlement for the benefit of Megan Rodriguez, and (2) examine the settlement for the benefit of Megan Rodriguez and enter a decree approving such settlement as honest, fair, and forever binding upon her. *See Wilson*, 105 S.W.2d at 310 (citing *Thompson v. Maxwell Land Grant & Ry.*, 168 U.S. 451, 465-66 (1897)).

**B.   Motion for Vacatur and Entry of New Final Judgment.**

7.   Although a district court cannot *grant* a Rule 60(b) motion during the pendency of an appeal, a district court may *consider* such a motion; and if the court indicates that it is inclined to grant it, application can be made to the appellate court for a remand in order that

the district court may grant such motion. *See, e.g., Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); 11 Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 2873, at p. 432 & n.6 (West 1995) (citing cases).

8. Rule 60(b)(5) may be utilized to seek the vacatur of a judgment on the ground that the case has been settled and that the judgment is inequitable were it to remain in effect. 11 Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE: CIVIL 2d § 2863, at p. 349. Alternatively, the parties invoke the power of the Court under sub-section (6) of rule 60(b). "The broad language of clause (6) gives the court ample power to vacate judgments whenever such action is appropriate to accomplish justice." *Menier v. United States*, 405 F.2d 245, 248 (5th Cir. 1968). The Fifth Circuit has recognized and implemented wide equitable force and effect for Rule 60(b)(6). *Id.*

9. The final judgment awards money damages. While such an award sounds in the past, rather than the future, no judgment has yet been paid, and "in practical effect [the Court] is dealing with the prospective application of the judgment, not the unscrambling of the past. Relief may be available for this." *See Bros, Inc. v. W. E. Grace Manufacturing Co.*, 320 F.2d 594, 609 (5th Cir. 1963) (citing FED. R. CIV. P. 60(b)(5)).

10. The existing final judgment of December 21, 2004, if allowed to stand, would be inequitable. The parties have agreed that the City, through its self insurance fund, pay each claimant *more* than the amount awarded to each by the December 21 judgment. Thus, the judgment is superfluous and does not reflect the agreed upon liability of the City.

Furthermore, and more importantly, the judgment is contrary to the intent of the parties to create a structured settlement for Megan Rodriguez, into which TML Risk Pool will pay $241,076.11. The structure is expected to pay Megan $674,531.82 over the next thirty years, with payments beginning in 2014. See Ex. 1. The December 21 judgment, by contrast, authorizes Gilbert Rodriguez, as next friend for Megan, to recover a cash payment from the City in the amount of $125,000.00. If the current judgment were allowed to stand, therefore, only $116,076.11 would remain of Megan's share for a structured payout, and Megan would thus be deprived of the full benefit of the settlement she desires. Accordingly, the parties request the Court to vacate the December 21 judgment and enter an amended final judgment, to be tendered by the parties after that settlement has been funded, which provides that plaintiffs take nothing further from the City.

### III. Conclusion.

Accordingly, the parties request the Court, to the extent it deems necessary, appoint a guardian ad litem for Megan Rodriguez and, upon hearing, determine the fairness of the parties' settlement for the benefit of the minor plaintiff, Megan Rodriguez. The parties further request the Court, at the conclusion of such hearing, to approve the settlement as honest and fair to the minor's interests. The parties further request the Court to enter a tentative order indicating its intent to vacate the existing December 21, 2004 final judgment and to replace it with a final judgment in accord with the parties' settlement agreement, to be submitted by the parties after the settlement has been fully funded. The parties further

request the Court, upon remand of the case by the Fifth Circuit, to enter a take nothing judgment for the City.

Respectfully submitted,

By: /s/ *[signature]*
BROADUS A. SPIVEY
State Bar No. 00000076
PRICE AINSWORTH
State Bar No. 00950300
SPIVEY & AINSWORTH
48 East Avenue
Austin, Texas 78701-4320
(512) 474-6061
Fax: (512) 474-1605

Attorneys for Plaintiffs Arturo G. Salinas, Elisa H. Salinas, Gilberto M. Rodriguez, Stephen Williams, Robyn Williams

By: *[signature]*
RAMON GARCIA
State Bar No. 07641800
SONIA LOPEZ
State Bar No. 24003862
LAW OFFICES OF RAMON GARCIA, P.C.
222 West University Drive
Edinburg, Texas 78539
(956) 383-7441
Fax: (956) 381-0825

Attorneys for Plaintiff Raul Rodriguez

By: *[signature]*
TOM LOCKHART
State Bar No. 12473500

                                  ROGER W. HUGHES
                                  State Bar No. 10229500
                                  ADAMS & GRAHAM, L.L.P.
                                  P.O. Drawer 1429
                                  Harlingen, Texas 78551-1429
                                  (956) 428-7495
                                  Fax: (956) 428-2954

                                  Attorneys for the City of Harlingen

## CERTIFICATE OF SERVICE

      I hereby certify that two true and correct copies of this joint motion were served on counsel of defendants/appellees, by first class mail, postage prepaid, this 22 day of August, 2005.

Mr. Broadus A. Spivey
Mr. Price Ainsworth
**SPIVEY & AINSWORTH**
48 East Avenue
Austin, TX 78701
**Attorney in charge for Plaintiffs**

Mr. Ramon Garcia
Ms. Sonia Lopez
**LAW OFFICES OF RAMON GARCIA, P.C.**
222 West University Drive
Edinburg, TX 78539
**Attorneys in charge for Plaintiffs**

M. Barry Abrams
Mr. Ramon G. Viada, III
**ABRAMS, SCOTT & BICKLEY, L.L.P.**
700 Louisiana, Suite 4000
Houston, TX 77002-2727
**Attorneys in charge for Defendant**
**City of Harlingen, Texas**

Ms. Sidney Powell
**POWELL & PEARCE**
1854 A. Hendersonville Rd., No. 228
Asheville, NC 28803
**Attorneys in charge for Plaintiffs**

_____
Roger W. Hughes