# APPENDIX A
## TO COMPROMISE, RELEASE, AND SETTLEMENT AGREEMENT

1.1 <u>Payments</u>

In consideration of the release set forth above the minor Plaintiff Megan Rodriguez shall receive the sums outlined below:

Periodic payments to minor Plaintiff Megan Rodriguez made according to the Schedule of Payments as follows:

> Beginning 07/01/2014, $12,500.00 semi-annually for 4 years certain only (8 guaranteed payments).
> $62,155.00 guaranteed lump sum on 06/10/2020.
> $94,194.00 guaranteed lump sum on 06/10/2023.
> $75,000.00 guaranteed lump sum on 06/10/2026.
> $75,000.00 guaranteed lump sum on 06/10/2029.
> $100,000.00 guaranteed lump sum on 06/10/2032.
> $168,100.82 guaranteed lump sum on 06/10/2035.

All the payments set forth herein constitute damages on account of personal physical injuries, arising from an occurrence within the meaning of Section 104(a)(2) of the IRS Code of 1986, as amended.

1.2. <u>Qualified Assignment</u>

The parties hereto acknowledge and agree that the Defendant and/or the Insurer may make a qualified assignment within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the Defendant's and/or Insurer's liability to make the periodic payments required herein. Any such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant and the Insurer from such obligation hereunder as are assigned to *PASSCorp,* (the "Assignee"). The Plaintiff recognizes that, in the event of such an assignment, the Assignee shall be their sole obligor with respect to the obligations assigned, and that all other releases that pertain to the liability of the Defendant and the Insurer shall thereupon become final, irrevocable and absolute.

If the liability to make the periodic payments is assigned by way of a Qualified Assignment:

Exhibit 2

A) Periodic payments from the Assignee cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee;

B) The Assignee's obligation for payment of the periodic payments is no greater than the obligation of the person originally liable (whether by suit or agreement) for payment and from whom the obligation was assigned.

### 1.3. Plaintiff's Rights to Payments

Said payments cannot be accelerated, deferred, increased or decreased by the Plaintiff or any Payee, nor shall the Plaintiff or any Payee have the power to sell or mortgage or encumber same, or any part thereof, nor anticipate the same, or any part hereof, by assignment or otherwise.

### 1.4. Right to purchase an Annuity

The Defendant, the Insurer and/or the Assignee reserves the right to fund its liability to make periodic payments through the purchase of an annuity policy from **Prudential Insurance Company of America**. The Defendant, the Insurer and/or the Assignee shall be the owner of the Annuity policy and shall have all the rights of ownership. The Defendant, the Insurer and/or the Assignee may have **Prudential Insurance Company of America** mail payments directly to the Payee. The Plaintiff shall be responsible for maintaining the currency of the proper mailing address and mortality information to the **Prudential Insurance Company of America**.

### 1.5. Payee's Beneficiary

Any payments to be made after the death of the Payee pursuant to the terms of this Settlement Agreement and Release shall be made to such person or entity as shall be designated in writing by the said Payee, upon reaching the age of majority, to the Defendant, the Insurer or the Assignee. If no such person or entity is so designated by said Payee, such payments shall be made to the Estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Defendant, the Insurer or the Assignee. The designation must be in a form acceptable to the Defendant, the Insurer or the Assignee, but in no event shall the request of the Payee be unreasonably withheld or denied.

1.6. <u>Discharge of Obligation</u>

The obligation of the Defendant, the Insurer or the Assignee to make each installment payment shall be discharged upon the mailing by the Payor of a valid check in the amount of such payment to the address designated by the party to whom the payment is required to be made under this Settlement Agreement.

1.7. <u>Nature of Payments</u>

All sums paid pursuant to this Structured Settlement constitute damages on account of personal injuries or sickness arising from physical injuries that resulted from the allegations made in the Lawsuit and no portion of the proceeds paid under this Structured Settlement represent exemplary or punitive damages nor pre-judgment or post-judgment interest.

1.8. <u>Future Cooperation</u>

All parties agree to cooperate fully and execute any and all supplementary documents and take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement, which are not inconsistent with its terms.